

*Matin Emouna*
*Admitted in NY, NJ & CT*
memouna@emiklaw.com

### REQUEST FOR PRE-MOTION CONFERENCE

February 20, 2024

Honorable Orelia E. Merchant
Honorable Steven L. Tiscione
United States District Court, Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re: *AutoExpo Ent. Inc., et al. v. Elyahou, et al.,*
Case No.: 23-cv-9249

Dear Honorable Judge Merchant and Magistrate Tiscione:

Hope this correspondence finds you well. Please be advised that this firm has been retained and now represents, Omid Elyahou, (hereinafter "Elyahou"), in the aforementioned matter. Pursuant to your Honor's Individual Practices, I write to request a Pre-Motion Conference seeking leave to file a Motion to Remand to Nassau County Supreme Court, where there are currently two dockets, and several motions pending before the Honorable Sharon M.J. Gianelli, or in the alternative a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) of all claims against Elyahou. This letter summarizes the bases for such a motion.

This action is a classic business divorce action between two former relatives who operate a used car business. By way of background, Elyahou is a twenty percent (20 %) and his former brother in law, Michael Shahkoohi, ("Shahkoohi"), is an eighty percent (80 %) shareholder of AutoExpo Ent, Inc. ("AutoExpo" or the "Company") that operates as a used car business. Ownership and management disputes between partners in business are bad enough. If you add in the complex emotional relationships of related shareholders, the disputes can get even more complicated. The emotional overlay to what may otherwise be a garden-variety family business dispute within a privately-owned company presents unique challenges requiring jurists to analyze the issues from both a professional legal standpoint and a human perspective. In a futile attempt to bully the defendant into submission, the plaintiffs[1] have commenced this instant action in federal court alleging misappropriation of trade secrets.

### NASSAU COUNTY INDEX NO.: 617795/2023

On October 30, 2023, Elyahou as a twenty percent (20%) shareholder of AutoExpo commenced a Special Proceeding in Nassau County Supreme Court, under Index No.: 617795/2023, pursuant to New York Business Corporation Law (BCL) §624 to inspect books and records of the Company.

On November 27, 2023 Respondents Michael Shahkoohi ("Shahkoohi') and Ramin Baratian ("Baratian") appeared by counsel, Michael C. Mulè, Esq. and Emanuel Kataev, Esq of the law firm Milman Labuda Law Group, PLLC filed a Cross Motion for an Order: (i) dismissing this petition due

---

[1] Shahkoohi and Baratian are both high net worth individuals, owning several car dealerships.

to a prior pending action, or alternatively, dismissing this petition for failure to state a claim upon which relief can be granted; (ii) compelling the Petitioner to produce AutoExpo's books and records in his possession and turn over all AutoExpo property, customer lists, customer information, financial information, and any other information, confidential or otherwise, obtained during his relationship with AutoExpo, as well as all login, password and administration rights for all platforms used for business accounts and licensing such as marketing, financial and accounting; and (iii) for sanctions against Petitioner for engaging in frivolous litigation, together with such other and further relief this Court may deem just, equitable, and proper. This Special Proceeding, under Index No.: 617795/2023 was assigned to the Honorable Sharon M. J. Gianelli, and was fully briefed and awaiting decision.

### NASSAU COUNTY INDEX NUMBER 617486/2023

AutoExpo commenced an action in Nassau Supreme Court under Index Number 617486/2023 by filing a Summons with Notice on October 26, 2023. Defendants Omid Elyahou ("Elyahou") and SimpSocial LLC ("SimpSocial") appeared and made a demand for the complaint on November 6, 2023. The parties stipulated to extend Plaintiff's time to file a complaint through December 18, 2023. On December 18, 2023, rather than filing a Complaint in Nassau Country Supreme Court, where they commenced the instant action, Plaintiffs filed the instant lawsuit, and further made a motion in Nassau County pursuant to (i) § 3217(b) of the New York Civil Practice Law and Rules (hereinafter the "CPLR") dismissing this action without prejudice in favor of a case filed in the United States District Court for the Eastern District of New York; or alternatively, (ii) §§ 2004, 2005, and 3012(d) of the CPLR, extending the time within which the Plaintiff may serve a complaint in this action; and (iii) granting the Plaintiff such other and further relief as this honorable Court deems just, proper, and equitable.

Here, the Plaintiff who chose Nassau County as the proper venue, commenced an action in Nassau Supreme Court on October 26, 2023, and filed their motion for removal, although they did not call it that on December 18, 2023.   This motion has been fully briefed in Nassau County and pending a decision.  The burden of establishing that a case has been properly removed is solely on the removing party. *See Varela v. Flintlock Construction, Inc*., 148 F. Supp.2d 297, 298 (S.D.N.Y. 2001); *Steinberg v. Nationwide Mutual Ins. Co*., 91 F. Supp.2d 540, 543 (E.D.N.Y. 2000); *Nicola Prod. Corp. v. Showart Kitchens, Inc*., 682 F. Supp. 171, 173 (E.D.N.Y. 1998). Clearly, the Plaintiff has failed its burden, as o**nly defendants have the authority to remove an action to federal court**. While several sections of the United States Code permit defendants to remove actions brought against them in state court, see 28 U.S.C. § 1441, 1446(a), no section gives plaintiffs herein that authority. *See Hamilton*, 5 F.3d at 643 (**affirming an order to remand to state court because the plaintiff lacked the authority to remove his own action**). The plaintiff in the federal action is the plaintiff in the state-court case, and therefore, they lack the authority to remove the action. *See* 28 U.S.C. § 1441(a), (b), 1443(a); *Hamilton*, 5 F.3d at 64.

### I.     Legal Standard for 12(b)(6) Motions to Dismiss

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *See Holmes v. Grubman,* 568 F.3d 329, 335 (2d Cir. 2009). The plaintiff, however, must plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  Here, Plaintiffs' Complaint is rife with the "blanket assertions of entitlement to relief" against which the *Twombly* standard guards. *Twombly,*

550 U.S. at 544. When the Complaint is stripped of its legal conclusions and recitations of the statutory language, as required, it is apparent that Plaintiff has offered no factual content that would allow a fact-finder to conclude Elyahou liable for the Trade Secret violations claims alleged. Accordingly, Plaintiffs' complaint fails to state a claim upon which relief may be granted and must be dismissed.

II. **Plaintiff Has Not Adequately Alleged the Requisite Elements of Defend Trade Secrets Act (DTSA)**

Both state and federal claims for misappropriation of trade secrets require the plaintiff to at least "generally identify the trade secrets at issue." *See Alexander Interactive, Inc. v. Leisure Pro Ltd.*, 2014 WL 4651942, at *5 (S.D.N.Y. Sept. 16, 2014); *see also MSCI Inc. v. Jacob*, 945 N.Y.S.2d 863, 865 (Sup. Ct. 2012). Plaintiffs fail to identify the alleged trade secret at issue, Plaintiffs further fail to allege the requisite "reasonable measures" it took to keep anything secret, *see* 18 U.S.C. § 1839(3)(A), or that Defendants "misappropriated" within the meaning of 18 U.S.C. § 1839(5). Further, trade secret claims premised on fraudulent misrepresentations are subject to Rule 9(b)'s particularity requirements, *Foam Supplies, Inc. v. Dow Chem. Co.*, 2006 WL 2225392, at *14 (E.D. Mo. Aug. 2, 2006), and the Complaint fails to allege such particularity. *See also* secrets at issue." *See Alexander Interactive, Inc. v. Leisure Pro Ltd.*, 2014 WL 4651942, at *5 (S.D.N.Y. Sept. 16, 2014); *see also MSCI Inc. v. Jacob*, 945 N.Y.S.2d 863, 865 (Sup. Ct. 2012). *See also MCSI*, 945 N.Y.S.2d at 865 (requiring identification of trade secrets with reasonable particularity under New York law). (requiring identification of trade secrets with reasonable particularity under New York law).

The plaintiffs' allegations in the complaint fail to state a claim for trade secret misappropriation under the DTSA for two reasons. First, the plaintiffs' description of the allegedly misappropriated material was insufficiently precise to demonstrate the existence of a trade secret under the DTSA. Second, Plaintiff further fails to allege the requisite "reasonable measures" it took to keep anything secret, *se*18 U.S.C. § 1839(3)(A), or that Defendants "misappropriated" within the meaning of 18 U.S.C. § 1839(5).

III. **Conclusion**

By virtue of the foregoing, Elyahou respectfully requests that the Court grant permission to file a Motion to Remand to Nassau County Supreme Court, where there are currently two dockets, and several motions pending or in the alternative a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) of all claims against Elyahou. We look forward to addressing these issues at the Pre-Motion Conference.

Respectfully submitted,

*Matin Emouna*
Matin Emouna