# Steven Cohn, P.C.
COUNSELOR AT LAW
One Old Country Road - Suite 420
Carle Place, New York 11514

STEVEN COHN

SUSAN E. DANTZIG
MITCHELL R. GOLDKLANG
ALAN S. ZIGMAN
JEFFREY H. WEINBERGER
PETER CHATZINOFF
MATTHEW T. FEINMAN

Tel. (516) 294-6410
Fax (516) 294-0094

February 28, 2024

<u>Via ECF Filing</u>
Honorable Orelia E. Merchant
Honorable Steven L. Tiscione, U.S.M.J.
United States District Court, Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re: *AutoExpo Ent. Inc., et al. v. Elyahou, et al.,*
Case No.: *23-cv-9249*, Request for Pre-Motion Conference

Judge Merchant and Magistrate Judge Tiscione:

  We, representing defendants Avi Eitan, Fifty Seven Consulting Corp. d/b/a Certified Auto Group a/k/a Certified Performance Motors and Fazeeda Kassim (collectively, "Defendants"), in the above-captioned action seek a Pre-Motion Conference regarding our planned Motion to Dismiss the complaint filed by plaintiffs' Autoexpo Ent. Inc., Peace Properties LLC, Network Reinsurance Company Inc., Auto Exchange Center, LLC, and Chrome Insurance Agency LLC (collectively, "Plaintiffs") Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6). As Plaintiffs have failed to state a claim under the Defend Trade Secrets Act (DTSA) Plaintiffs' First and Second Causes of Action should be dismissed, resulting in the absence of a viable federal law claim.

  Under the DTSA, "[a]n owner of a trade secret that is misappropriated may bring a civil action under this subsection if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." 18 U.S.C.A. § 1836(b)(1). To have standing, a plaintiff must be the "owner" of the alleged trade secret, as defined in § 1839(4) as "the person or entity in whom or in which rightful legal or equitable title to, or license in, the trade secret is reposed." The DTSA defines the "owner" as "the person or entity in whom or in which rightful legal or equitable title to, or license in, the trade secret is reposed." *Id.* § 1839(4). To plead the existence of a trade secret, a plaintiff must allege that "the owner thereof has taken reasonable measures to keep such information secret . . . ." 18 U.S.C.A. § 1839 (3)(A).

  Throughout the Complaint, AutoExpo is identified as the owner of the alleged trade secrets. (*See* Compl. (¶¶ 11-216, 240, 250, 260, 280). However, Plaintiffs' own allegations suggest that AutoExpo disclosed these secrets to other dealerships, defeating a claim for protection under the DTSA.

1

It is alleged that "*Plaintiffs* have made and make reasonable efforts to maintain the secrecy of this information, including limiting its disclosure to those who owe a fiduciary duty to the *dealerships*. . . ." (¶ 280)   Critically, AutoExpo is a single dealership.  The reference to *dealerships* apparently therefore references the multiple dealerships which plaintiff Shahkoohi alleges to operate. (¶¶ 37, 71, 254).  Thus, by Plaintiff's own allegations, AutoExpo's Trade Secrets were voluntarily disclosed to dealerships other than AutoExpo. This is fatal to Plaintiffs' claims under the Defend Trade Secrets Act. *See Zabit v. Brandometry, LLC*, 540 F. Supp. 3d 412, 425 (S.D.N.Y. 2021)(" Courts regularly deny trade secret protection if the owner voluntarily discloses the alleged secret.")

Furthermore, Plaintiff's claims under the Defendant Trade Secret Act are pleaded by all Plaintiffs, but it is AutoExpo only who is alleged to be the owner of the alleged trade secrets. Plaintiffs' allegations as to trade secret protection are too broad, too vague and fail to adequately inform Defendants of the nature of Plaintiffs' claims under the Defend Trade Secrets Act.

Since there is no viable federal claim, the Court should decline to exercise supplemental jurisdiction over Plaintiffs' state-law claims.

 

                                              Respectfully submitted,
                                              /s/ Steven Cohn
                                              Steven Cohn, Esq.