Steven Cohn, P.C.<br>
One Old Country Road - Suite 420<br>
Carle Place, New York 11514

TEL. (516) 294-6410
FAX: (516) 294-0094

STEVEN COHN
SUSAN E. DANTZIG
MITCHELL R. GOLDKLANG
ALAN S. ZIGMAN
JEFFREY H. WEINBERGER
PETER CHATZINOFF
MATTHEW T. FEINMAN

May 2, 2024

<u>Via ECF Filing</u>
Honorable Steven Tiscione
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re: *AutoExpo Ent. Inc., et al. v. Elyahou, et al.,*
<u>Case No.: 23-cv-9249</u>, Request for Pre-Motion Conference

Magistrate Judge Tiscione:

On behalf of the defendants Avi Eitan, Fifty Seven Consulting Corp. d/b/a Certified Auto Group a/k/a Certified Performance Motors, and Fazeeda Kassim (collectively, "Certified Defendants"), we hereby move for a stay discovery under Rule 26(c) pending a decision on our motion to dismiss the Complaint of the plaintiffs Autoexpo Ent. Inc., Peace Properties LLC, Network Reinsurance Company Inc., Auto Exchange Center, LLC, and Chrome Insurance Agency LLC (collectively, "Plaintiffs") under Fed. R. Civ. P. 12(b)(1) and (6) ("Motion to Dismiss"). A copy of the Complaint is submitted herewith as Exhibit A.

## **PROCEDURAL HISTORY**

On April 12, 2024, a pre-motion conference concerning the Certified Defendant's Motion to Dismiss was held before Judge Merchant. During the conference, during which it became evident that Plaintiffs' Defense Trade Secrets Act ("DTSA") claim was deficient. Despite numerous opportunities offered by Judge Merchant to amend their Complaint, Plaintiffs declined to do so, clinging to their flawed DTSA claim while attempting to hedge their refusal by suggesting they were exploring other claims unrelated to any DTSA claim that could invoke Federal Subject Matter Jurisdiction. Consequently, Judge Merchant established a briefing schedule for the Certified Defendants' Motion to Dismiss. (*See* Dkt. No. 23.)

Subsequently, Plaintiffs' counsel initiated a purported Rule 26(f) conference, asking defendants for broad categories of documents under the pretext of facilitating settlement discussions. It is apparent that Plaintiffs are engaging in a fishing expedition to conjure a basis for Federal Subject Matter Jurisdiction, well aware of their DTSA claim deficiencies.

The Certified Defendants, therefore, hereby move for a stay of discovery under Rule 26(c).

## ARGUMENT

Pursuant to Fed. R. Civ. P. 26 (c), a court may issue a protective order staying discovery pending the outcome of a dispositive motion upon a showing of "good cause." In determining whether good cause exists, "a case-by-case analysis is required, since such an inquiry is necessarily fact-specific and depends on the particular circumstances and posture of each case." *Thomas v. New York City Dep't of Educ.*, No. 09-CV-5167 SLT, 2010 WL 3709923, at *3 (E.D.N.Y. Sept. 14, 2010).

"In addition to taking into account the nature and complexity of the particular case, courts consider the following factors in determining whether a stay is appropriate: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Id.* (quoting *Rivera v. Inc. Vill. of Farmingdale*, No. CV 06–2613(DRH)(ARL), 2007 WL 3047089, at *1 (E.D.N.Y. Oct. 17, 2007).)"

With regard to the first factor, Plaintiffs' DTSA claim is facially deficient. Under the DTSA, "[a]n owner of a trade secret that is misappropriated may bring a civil action under this subsection if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." 18 U.S.C.A. § 1836(b)(1). To plead the existence of a trade secret, a plaintiff must allege that "the owner thereof has taken reasonable measures to keep such information secret . . . ." 18 U.S.C.A. § 1839 (3)(A).

Throughout the Complaint, it is alleged that AutoExpo is the owner of the alleged trade secrets. (*See* Complaint ¶¶ 11, 216, 240, 250.) Yet Plaintiffs' allegations show that AutoExpo, the alleged owner of the Trade Secrets, did not take reasonable measure to keep secret its alleged trade secrets. Plaintiffs' allege that "Plaintiffs have made and make reasonable efforts to maintain the secrecy of this information, including limiting its disclosure to those who owe a fiduciary duty to the dealerships. . . ." (¶ 280.)

Critically, AutoExpo is a single dealership. The reference to dealerships presumably therefore references the multiple dealerships which plaintiff Shahkoohi alleges to operate. (¶¶ 37, 71, 254) Thus, by Plaintiff's own allegations, AutoExpo's Trade Secrets were voluntarily disclosed to dealerships other than AutoExpo and not kept secret. This is fatal to Plaintiffs' claims under the Defend Trade Secrets Act. *Zabit v. Brandometry, LLC*, 540 F. Supp. 3d 412, 425 (S.D.N.Y. 2021)(" Courts regularly deny trade secret protection if the owner voluntarily discloses the alleged secret.") In fact, Plaintiffs' DTSA claim is pleaded in the name of Plaintiffs but it is only AutoExpo who could have standing under the Defend Trade Secrets Act. Thus, as to a showing that Plaintiffs' claim is unmeritorious: Plaintiffs' DTSA claim is deficient on its face.

Regarding the second factor, Plaintiffs' discovery demands are wide-ranging and unduly burdensome, particularly considering Plaintiffs' stated objective of facilitating a potential settlement conference. Plaintiffs are seeking a broad array of information, including the

identification of "All banks and accounts," key personnel details, and communication records such as emails and phone numbers of defendants. Additionally, they are requesting extensive financial documentation, encompassing all transactions between co-defendants and their affiliated entities. Furthermore, Plaintiffs are demanding access to sensitive communications, such as text messages discussing various business matters like "business strategy," "dealer agreement with banks," and "corporate records." (*See* Dkt. No. 24 at Ex.A.) These wide-ranging discovery demands seek sensitive business information, to which Plaintiffs lack a legitimate basis for access.

Consequently, as to the third factor, granting a stay of discovery until the Motion to Dismiss is decided presents no risk of unfair prejudice to Plaintiffs.

In conclusion, Plaintiffs have clung to their flawed DTSA claim while expressing their intent to seek out other federal claims. Plaintiffs should not be permitted to use their DTSA claim as a pretext for exploring different bases for federal subject matter jurisdiction. Accordingly, the Court should stay discovery until Plaintiffs' Motion to Dismiss is decided.

Prior to bringing this motion, counsel for defendants conferred in good faith with counsel for Plaintiffs to stay discovery. However, Plaintiffs refused.

Respectfully submitted,

/s/ Matthew Feinman
Matthew Feinman, Esq.

MF/mf
Cc: All parties via ECF