

Matin Emouna
*Admitted in NY, NJ & CT*
memouna@emiklaw.com

May 2, 2024

Honorable Orelia E. Merchant
Honorable Steven L. Tiscione
United States District Court, Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

                Re: *AutoExpo Ent. Inc., et al. v. Elyahou, et al.,*
                Case No.: 23-cv-9249

Dear Honorable Judge Merchant and Magistrate Tiscione[1]:

    As you are aware this firm represents, Omid Elyahou, and Simpsocial LLC in the aforementioned matter. The purpose of this correspondence is twofold.

    On behalf of the defendants Omid Elyahou, and Simpsocial LLC, I hereby respectfully move for a stay discovery under Rule 26(c) pending a decision on our motion to dismiss the Complaint of the plaintiffs Autoexpo Ent. Inc., Peace Properties LLC, Network Reinsurance Company Inc., Auto Exchange Center, LLC, and Chrome Insurance Agency LLC (collectively, "Plaintiffs") under Fed. R. Civ. P. 12(b)(1) and (6) ("Motion to Dismiss").

## PROCEDURAL HISTORY

    On April 12, 2024, a pre-motion conference concerning all Defendants' Motion to Dismiss was held before Honorable Orelia E. Merchant. During the conference, it became evident that Plaintiffs' Defense Trade Secrets Act ("DTSA") claim was deficient. Despite numerous opportunities offered by Judge Merchant to amend their Complaint, Plaintiffs declined to do so, clinging to their flawed DTSA claim while attempting to hedge their refusal by suggesting they were exploring other claims unrelated to any DTSA claim that could invoke Federal Subject Matter Jurisdiction. Consequently, Judge Merchant established a briefing schedule for the Certified Defendants' Motion to Dismiss, as set forth: Defendants' papers are to be served on or before May 13, 2024; Plaintiffs' opposition papers are to be served on or before June 10, 2024; Defendants' reply, if any, and the entire bundled motion is to be filed on or before June 24, 2024. (*See* Dkt. No. 23).

    Subsequently, Plaintiffs' counsel initiated a purported Rule 26 conference, asking defendants for broad categories of documents under the pretext of facilitating settlement discussions. It is apparent that Plaintiffs are engaging in a fishing expedition to conjure a basis for Federal Subject Matter Jurisdiction, despite the glaring deficiencies in their DTSA claim.

---

[1] In the interest of respect for the integrity of this Court, I respectfully address both Honorable Judge Merchant and Magistrate Tiscione as I am unclear who will preside over the instant request to stay discovery. Pursuant to the statements made on the record during oral arguments on Friday, April 12, 2024, before The Honorable Orelia E. Merchant, her Honor provided that this is her case. Furthermore, to date, there has been no Consent Order or Referral Order on this docket.

Omid Elyahou, and Simpsocial LLC, therefore, hereby respectfully move for a stay of discovery under Rule 26(c).

## ARGUMENT

"Upon a showing of good cause[,] a district court has considerable discretion to stay discovery" pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (citation and alterations omitted). "In deciding whether to stay discovery pending the resolution of a dispositive motion, courts assess the particular circumstances and posture of each case." *Al Thani v. Hanke*, No. 20cv4765 (JPC), 2021 WL 23312, at *1 (S.D.N.Y. Jan. 4, 2021) (internal quotation marks and citations omitted). In general, courts consider "the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for [a] stay." *Republic of Turkey*, 316 F. Supp. 3d at 677, *In re Currency Conversion Fee Antitrust Litig.*, No. MDL 1409, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002); *see also*, (granting a motion to stay "burdensome" discovery "consist[ing] of an extensive set of interrogatories … that asks for information covering a span of more than five years" pending the resolution of a motion to dismiss.); *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09-CV-5874, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (delaying "the commencement of discovery for only a few months . . . will . . . not prejudice the Plaintiff to any degree").

Furthermore, "allowing the plaintiff to conduct discovery in order to piece together a claim would undermine the purpose of Federal Rule of Civil Procedure 12(b)(6), which is to streamline litigation by dispensing with needless discovery and factfinding where the plaintiff has failed to state a claim under the law." *KBL Corp. v. Arnouts*, 646 F. Supp. 2d 335, 346 n.6 (S.D.N.Y. 2009) (alteration and quotation omitted); *see also Podany v. Robertson Stephens, Inc.*, 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004) ("[D]iscovery is authorized solely for parties to develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out whether he has such a claim, and still less to salvage a lawsuit that has already been dismissed for failure to state a claim.").

1. **Defendants have made a strong showing that Plaintiffs' claims are unmeritorious**

With regard to the first factor, Plaintiffs' DTSA claim is facially deficient. Under the DTSA, "[a]n owner of a trade secret that is misappropriated may bring a civil action under this subsection if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." 18 U.S.C.A. § 1836(b)(1). To plead the existence of a trade secret, a plaintiff must allege that "the owner thereof has taken reasonable measures to keep such information secret . . . ." 18 U.S.C.A. § 1839 (3)(A).

Throughout the Complaint, it is alleged that AutoExpo is the owner of the alleged trade secrets.   (*See* Complaint ¶¶ 11, 216, 240, 250.)  Yet Plaintiffs' allegations show that AutoExpo, the alleged owner of the Trade Secrets, did not take reasonable measure to keep secret its alleged trade secrets.  Plaintiffs' allege that "Plaintiffs have made and make reasonable efforts to maintain the secrecy of this information, including limiting its disclosure to those who owe a fiduciary duty to the dealerships. . . ." (¶ 280)

Critically, AutoExpo is a single dealership.  The reference to dealerships presumably therefore references the multiple dealerships which plaintiff Shahkoohi alleges to operate.  (¶¶ 37, 71, 254)

Thus, by Plaintiff's own allegations, AutoExpo's Trade Secrets were voluntarily disclosed to dealerships other than AutoExpo. This is fatal to Plaintiffs' claims under the Defend Trade Secrets Act. *Zabit v. Brandometry, LLC*, 540 F. Supp. 3d 412, 425 (S.D.N.Y. 2021)(" Courts regularly deny trade secret protection if the owner voluntarily discloses the alleged secret.") In fact, Plaintiffs' DTSA claim is pleaded in the name of Plaintiffs but it is only AutoExpo who could have standing under the Defend Trade Secrets Act. Thus, as to a showing that Plaintiffs' claim is unmeritorious: Plaintiffs' DTSA claim is deficient on its face.

2. **The breadth and burden of discovery on the Defendants warrant the imposition of a stay**

Regarding the second factor, Plaintiffs' discovery demands are wide-ranging and unduly burdensome, particularly considering Plaintiffs' stated objective of facilitating a potential settlement conference. Plaintiffs are seeking a broad array of information, including the identification of "All banks and accounts," key personnel details, and communication records such as emails and phone numbers of defendants. Additionally, they are requesting extensive financial documentation, encompassing all transactions between co-defendants and their affiliated entities. Furthermore, Plaintiffs are demanding access to sensitive communications, such as text messages discussing various business matters like "business strategy," "dealer agreement with banks," and "corporate records." (*See* Dkt. No. 24 at Ex.A.) These wide-ranging discovery demands seek sensitive business information, to which Plaintiffs lack a legitimate basis for access, particularly in the absence of a viable DTSA cause of action. *See Rivera v. Heyman*, No. 96 Civ. 4489 (PKL), 1997 WL 86394, at *1 ("Given that disposition of the dismissal motion may significantly narrow, if not eliminate, the issues remaining in the case, proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on defendants.").

3. **Plaintiff would suffer no prejudice if discovery was temporarily stayed pending a ruling on the Defendants' Motion to Dismiss**

There would be no prejudice to Plaintiffs if discovery is stayed. Any delay to Plaintiffs' case would be minimal. "'A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue.'" *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (quoting Rivera, 1997 WL 86394, at *1).

Consequently, as to the third factor, granting a stay of discovery until the Motion to Dismiss is decided presents no risk of unfair prejudice to Plaintiffs.

Prior to bringing this motion, counsel for defendants conferred in good faith with counsel for Plaintiffs to stay discovery. However, Plaintiffs refused.

## CONCLUSION

By virtue of the foregoing, Omid Elyahou, and Simpsocial LLC respectfully request that the Court grant permission to move for a stay of discovery under Rule 26(c) pending a decision on Defendants motion to Motion to Dismiss. The Court's time and attention to this matter are greatly appreciated.

Respectfully submitted,

*Matin Emouna*

Matin Emouna

T: 516-877-9111 - F: 516-877-9112 - 100 Garden City Plaza, Suite 520, Garden City, NY 11530