# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**

_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

May 7, 2024

**VIA ECF**
Honorable Steven L. Tiscione, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    **AutoExpo Ent. Inc., et al. v. Omid Elyahou et al.**
             **Case No.: 2:23-cv-09249 (OEM) (ST)**

Dear Magistrate Judge Tiscione:

We represent Plaintiffs in the above-action. We submit this letter in opposition to the May 2, 2024 letters from Defendants, which seek a stay of discovery pursuant to Fed. R. Civ. P. 26(c) pending a decision on Defendants' Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6). (Dkt. 25, 26.) As set forth below, the Court should reject Defendants' request for a stay.

Preliminarily, Defendants utterly mischaracterize the April 12, 2024 pre-motion conference before Judge Merchant concerning Defendants' anticipated motions to dismiss. Contrary to Defendants' allegations, at no time during the pre-motion conference did it "bec[o]me evident that Plaintiffs' Defense Trade Secrets Act ("DTSA") claim was deficient." (Dkt. 25, 26.) Similarly, Defendants seem to suggest that Judge Merchant tried to convince Plaintiffs to amend the Complaint, when Judge Merchant simply asked Plaintiffs a routine question as to whether they intended to amend the Complaint. Further, Defendants misrepresent the parties' Rule 26 conference; in fact, Plaintiffs were following the Court's rules in requesting information that was relevant to facilitating settlement discussions, and not engaging in a fishing expedition.

It is well-established that "[t]he filing of a dispositive motion in and of itself does not halt discovery obligations. That is, a stay of discovery is not warranted, without more, by the mere pendency of a dispositive motion." Daly v. Inc. Vill. of Port Jefferson, 2024 U.S. Dist. LEXIS 30748 at \*\*2-3 (E.D.N.Y. Feb. 21, 2024) (citations omitted). Instead, a court may stay discovery during the pendency of a motion to dismiss for "good cause shown". Chesney v. Valley Stream Union Free Sch. Dist. No. 24, 26 F.R.D. 113, 115 (E.D.N.Y. 2006). "Factors that courts have considered when determining whether or not a stay is appropriate include: (1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." Id.

    **1. Defendants have not made a strong showing that Plaintiffs' claims are unmeritorious**

The party "seeking a stay must present substantial arguments for dismissal." Sharma v. Open Door NY Home Care Servs., 2024 U.S. Dist. LEXIS 54145 at \*7 (E.D.N.Y. March 26, 2024). Here, in

May 7, 2024
Page 2

seeking to dismiss the DTSA claim, Defendants argue that the Complaint fails to allege that the owner of the trade secret took reasonable measures to maintain the secrecy of the trade secret because Plaintiffs alleged, in a singular paragraph, that "Plaintiffs" made reasonable efforts to maintain the secrecy of the trade secret, while identifying AutoExpo as the owner of the trade secret. (Dkt. 25, 26.) As set forth below, it is Defendants' argument, and not Plaintiffs' claims, that are unmeritorious and clearly far from the requisite standard of substantial.

First, the Complaint sufficiently alleges that Plaintiffs are under a common ownership, wherein Michael Shahkoohi ("Shahkoohi") and Defendant Omid Elyahou ("Elyahou") are owners of each entity. (¶¶ 15-26, 54). Moreover, the Complaint alleges that pursuant to the 2008 Agreement, wherein Elyahou was to be made AutoExpo Ent. Inc. ("AutoExpo")'s "Operating Partner", Elyahou also agreed that he would not be permitted to enter into any other partnership or any other business (directly or indirectly) other than AutoExpo **& its subsidiaries**." (¶¶ 59-60) (emphasis added). Thus, the Complaint alleges that both Shahkoohi and Elyahou, as directors of AutoExpo, owed a duty of loyalty to AutoExpo and its subsidiaries. See Roselink Investors, L.L.C. v. Shenkman, 386 F. Supp. 2d 209, 218 (S.D.N.Y. Apr. 12, 2004) (internal citations omitted).

Furthermore, the Complaint alleges that Plaintiffs took appropriate measures to keep this information secret by limiting access to this information to only employees who owed AutoExpo a fiduciary duty, such as Elyahou himself, who was and is an owner, and at all relevant times was the "Operating Partner." (¶¶ 54, 261, 280). It was Elyahou himself who was charged with the responsibility to set up the appropriate measures of protection to maintain secrecy, if any measures were lacking. (¶¶ 63, 67-69). Elyahou was required to maintain the information in a secured computer system protected by firewalls and other safeguards. (¶ 261). Ordinary employees did not have access to the information entrusted to Elyahou. (Id.). Thus, Plaintiffs' allegation that "Plaintiffs have made and make reasonable efforts to maintain the secrecy" of its trade secrets is sufficient to withstand a motion to dismiss. See Fabkom, Inc. v. R.W. Smith & Assocs., 1996 U.S. Dist. LEXIS 13686, *20 (S.D.N.Y. Sept. 19, 1996) ("Distribution to clients of a computer program through a licensing agreement requiring confidentiality does not destroy secrecy of a trade secret, but rather reinforces it.")[1]

Accordingly, Plaintiffs' DTSA claims are meritorious.

## 2. The breadth and burden of discovery on Defendants does not warrant a stay

Courts will decline to issue a stay when a defendant fails to show why discovery would be burdensome. See, e.g., Nielsen Co. (US) LLC v. TVSquared LTD, 2023 U.S. Dist. LEXIS 116211 at **6-7 (S.D.N.Y. July 6, 2023) (denying motion for a stay, as "Defendant does not adequately explain why discovery will be burdensome or wide-reaching. Instead, Defendant relies on broad, conclusory complaints that the discovery will involve 'a bevy of technical and financial topics' and 'a vast number of documents'…and has not stated how long it expects discovery to take, the costs associated with discovery, or any other indicator that might demonstrate why discovery will be overly burdensome").

Similarly, in the instant matter, Defendants complain, without providing much detail, that "Plaintiffs' discovery demands are wide-ranging and unduly burdensome"; "Plaintiffs are seeking a broad array

---

[1] We also refer the Court to the February 27, 2024 transcript of the pre-motion conference and order denying permission to file a motion to dismiss DTSA claims in *SiteOne Landscape Supply, LLC v. Giordano et al.*, No. 23-cv-2084 (GRB)(ST), Ex. "A" hereto, where the Complaint's allegations of trade secrets (SiteOne Dkt. 55) were much less robust.

May 7, 2024
Page 3

of information"; "extensive financial documentation"; and "access to sensitive communications". (Dkt. 25, 26.) However, Defendants simply do not state how long they expect this discovery to take, the costs associated with said discovery or anything else to demonstrate why the discovery will be overly burdensome.

Further, Defendants' assertion that Plaintiffs' demands "seek sensitive business information, to which Plaintiffs lack a legitimate basis for access, particularly in the absence of a viable DTSA cause of action" (Dkt. 25, 26) is utterly false.  Besides the DTSA claim, Plaintiffs have brought claims for: misappropriation; unfair competition; tortious interference with contracts, business relations, and prospective economic advantage; conversion; civil conspiracy; declaratory judgment; unjust enrichment; breach of duty of loyalty; breach of fiduciary duty; permanent injunction; piercing the corporate veil; accounting; fraud; and faithless servant.  (Dkt. ¶¶ 309-200 [sic].) Of these claims, none of which Defendants have sought to dismiss, at least some would entitle Plaintiffs to access to the information that they requested from Defendants.

Finally, even if Defendants' motions to dismiss the DTSA claims were granted (which they should not be), and the Court chose not to exercise supplemental jurisdiction, discovery on the remaining claims (which, as noted above, is similar to that of the DTSA claims) would still proceed in state court - likely, in the action previously filed by AutoExpo in Supreme Court, Nassau County (Index No.: 617486/2023). This fact alone completely negates Defendants' argument that the requested discovery is a burden. See Windserve Marine v. Workboats, 2021 U.S. Dist. LEXIS 233265 at *3 (E.D.N.Y. March 2, 2021) (denying motion to stay discovery during pendency of defendants' motion to dismiss, holding that defendants could not establish "undue burden in the absence of a stay, since the discovery sought by [plaintiff] will undoubtedly occur - if not here, then in the litigation in [another court]-regardless of the outcome of defendants' motion to dismiss").

   3. **Plaintiffs would suffer prejudice if discovery was stayed pending adjudication of Defendants' Motions to Dismiss**

Defendants make the conclusory argument that "any delay to Plaintiffs' case would be minimal," if a stay were granted pending adjudication of the motions to dismiss. (Dkt. 25, 26.)  However, Defendants do not actually know when the motions to dismiss will be decided.  In fact, there is a distinct possibility that Plaintiffs will be prejudiced by the stay, as witnesses' memories may fade and there is a risk that documents, including ESI, may be inadvertently destroyed by Defendants.  See, e.g., Kirschner v. J.P. Morgan Chase Bank, N.A., 2020 U.S. Dist. LEXIS 8977 at **9-10 (S.D.N.Y. Jan. 15, 2020); Thomas v. L. Offs. of Steven Cohen, LLC, 2024 U.S. Dist. LEXIS 425 at **10-11 (W.D.N.Y. Jan. 2, 2024). Finally, Plaintiffs and Defendants are direct marketplace competitors, which means that there is an increased likelihood that a stay would result in undue prejudice.  See Nielsen Co. (US) LLC, 2023 U.S. Dist. LEXIS 116211 at *7.

Based on the above, Defendants' motions to stay discovery pending a decision on their motions to dismiss must be denied.  We thank the Court for its attention to this matter.

                                    Respectfully submitted,

                                    *Michael C. Mulè*

cc: Counsel of Record                Michael C. Mulè