UNITED STATES DISTRICT COURT        HON. ORELIA E. MERCHANT
EASTERN DISTRICT OF NEW YORK     M. J. STEVEN L. TISCIONE
------------------------------------------------------------------X

AUTOEXPO ENT INC., PEACE PROPERTIES LLC,
NETWORK REINSURANCE COMPANY INC., AUTO      Case No.: 2:23 cv 9249
EXCHANGE CENTER, LLC, and CHROME
INSURANCE AGENCY LLC,

<em>Plaintiffs</em>

    <em>against</em>

OMID ELYAHOU, SIMPSOCIAL LLC, FIFTY
SEVEN CONSULTING CORP. d/b/a CERTIFIED
AUTO GROUP a/k/a CERTIFIED PERFORMANCE
MOTORS AVI EITAN, and FAZEEDA KASSIM,

<em>Defendants.</em>

------------------------------------------------------------------X

**MEMORANDUM OF LAW OF DEFENDANTS**
**OMID ELYAHOU AND SIMPSOCIAL LLC**
**IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT**

MATIN EMOUNA, ESQ.
EMOUNA & MIKHAIL, PC
*Attorneys for Omid Elyahou, and Simpsocial*
100 Garden City Plaza, Suite 520
Garden City, New York 11501
Tel (516) 877-9111
memouna@emiklaw.com

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ....................................................1

**FACTUAL AND PROCEDURAL BACKGROUND** ........................1

**STATE COURT ACTIONS**.............................................................1

    **NASSAU COUNTY COMMERCIAL DIVISION
    INDEX NO.: 617795/2023** ......................................................1

    **NASSAU COUNTY COMMERCIAL DIVISION
    INDEX NUMBER 617486/2023**...............................................2

**INSTANT MATTER EDNY CASE NO.: 2:23 CV 9249**.................3

**THE COMPLAINT** ......................................................................4

**POINT I** ......................................................................................4

**THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FRCP 12 (b)(6)**....4
    **A. STANDARD** ......................................................................4

    **B. PLAINTIFF'S DTSA CLAIM AGAINST OMID ELYAHOU, AND SIMPSOCIAL LLC
SHOULD BE DISMISSED**............................................................6

        **1. THE COMPLAINT FAILS TO PLAUSIBLY ALLEGE THAT THE MATERIAL AT
        ISSUE QUALIFIES AS TRADE SECRETS**...................6

        **2. THE COMPLAINT FAILS TO PLAUSIBLY ALLEGE ITS OWN MEMBERS**...13

**POINT II**.....................................................................................14

**SUPPLEMENTAL JURISDICTION** ..............................................14

**POINT III**...................................................................................15

**RULE 12(F) ISSUES RESOLVED**.................................................15

**CONCLUSION** ..........................................................................16

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                         **Page No.**

*24 Seven, LLC v. Martinez,*
No. 19-cv-07320 (VSB), 2021 WL 276654, at *7 (S.D.N.Y. Jan. 26, 2021).............................. 12

*Accenture LLP v. Trautman,*
No. 21-cv-02409 (LJL), 2021 WL 6619331, at *9 (S.D.N.Y. June 8, 2021).............................. 11

*Arista Records, LLC v. Doe 3,*
604 F.3d  110, 2010 WL 1729107, *8 (2d Cir.). ..................................................... 14

*Ashcroft v. Iqbal,*
556 U.S. 662, 678 (2009)............................................................................. 5

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 570 (2007)............................................................................. 4,5

*Carnegie-Mellon Univ. v. Cohill*,
484 U.S. 343, 350 n.7 (1988).......................................................................... 14

*Catalyst Advisors, v.* Catalyst Advisors *Inv'rs Glob.*
602 F. Supp. 3d 663 at 672............................................................................ 10

*Charles Ramsey Company, Inc. v Fabtech-NY, LLC*,
No. 18-CV-0546, 2020 WL 352614 (N.D.N.Y. January 21, 2020): ............................................ 6

*Danping Li v. Gelormino*,
No. 18-CV-442, 2019 WL 1957539, at *8 (D. Conn. May 2, 2019)............................................ 6

*Elsevier v. Doctor Evidence, LLC*,
No. 17-CV-5540, 2018 WL 557906 (S.D.N.Y. 2018).................................................... 7

*Expert Connect v. Fowler*
2019 WL 3004161, at *4............................................................................. 10

*Garvey v. Face of Beauty, LLC*,
634 F. Supp. 3d 84, 96 (S.D.N.Y. 2022) ............................................................. 10,11

*In Core SWX, LLC v. Vitec Grp. US Holdings, Inc*.,
2022 U.S. Dist. LEXIS 125198, at *13 (E.D.N.Y. 2022)  ....................................................... 10

*Intrepid Fin. Partners, LLC v. Fernandez,* No. 20-CV-9779 (LTS),
2020 WL 7774478, at *4 (S.D.N.Y. Dec. 30, 2020) ................................................. 7,8

*Jusino v. Fed'n of Cath. Tchrs., Inc.,*
54 F.4th 95, 107 (2d Cir. 2022) ........................................................................ 14

*Kraus USA,* 2020
WL 2415670, at *5 ........................................................................................ 12

*Marietta Corp. v. Fairhurst,*
754 N.Y.S.2d 62, 67 (3d Dep't 2003) ................................................................ 12

*Medidata Sols., Inc. v. Veeva Sys. Inc.*,
No. 17-cv-00589 (LGS), 2018 WL 6173349, at *1, *3 (S.D.N.Y. Nov. 26, 2018) ..................... 13

*McCarthy v. Dun & Bradstreet Corp.*,
482 F.3d 184, 191 (2d Cir. 2007)....................................................................... 5

*Next Commc'ns, Inc. v. Viber Media, Inc.*,
No. 14-CV-8190, 2016 WL 1275659, at *3 (S.D.N.Y. Mar. 30, 2016) ........................................ 7

*N. Atl. Instruments, Inc. v. Haber*,
188 F.3d 38, 46 (2d Cir. 1999) CPLR § 3217(b) ...................................................... 12

*Poller v. BioScrip, Inc.,*
974 F. Supp. 2d 204, 216 (S.D.N.Y. 2013) ............................................................ 12

*Tesla Wall Sys., LLC v. Related Cos.*,
No. 17-cv-05966 (JSR), 2017 WL 6507110, at *9 (S.D.N.Y. Dec. 18, 2017)............................. 13

*TRB Acquisitions LLC v. Yedid*,
No. 20-cv-00552 (JMF), 2021 WL 293122, at *2 (S.D.N.Y. Jan. 28, 2021) ......................... 10,11

*Universal Processing LLC v. Weile Zhuang,*
No. 17-CV-10210-LTS, 2018 WL 4684115, at *3 (S.D.N.Y. Sept. 28, 2018) ........................... 7

*Zabit v. Brandometry, LLC,*
540 F. Supp. 3d 412, 425 (S.D.N.Y. 2021) ......................................................... 9,10

FRCP Rule 12 (b)(6) ...................................................................................... 1,5
FRCP Rule 12(f) .............................................................................................. 15
FRCP Rule 26(c) ............................................................................................... 7

Defend Trade Secrets Act of 2016 ("DTSA") ................................. 7,8,9,10,11,12
18 U.S.C.A. § 1839(3). ...................................................................................... 4
18 U.S.C.A. §1839(3)(A). ............................................................................... 4,8
18 U.S.C.A. §1839(3)(B). ................................................................................. 7
18 U.S.C.A. § 1839(5). ...................................................................................... 6
18 U.S.C.A. § 1836(b)(1). .............................................................................. 4,8
18 U.S.C.A. § 1839(4) ....................................................................................... 8
18 U.S.C.A. § 1839 (3)(A) ................................................................................. 6
28 U.S.C.A  § 1367(c)(3) .................................................................................. 14

New York Business Corporation Law (BCL) §624 ............................................ 1

CPLR § 2004 ..................................................................................................... 3
CPLR § 2005 ..................................................................................................... 3
CPLR § 3012(d) ................................................................................................ 3
CPLR § 3217(b) ................................................................................................ 2

## **EXHIBITS**

EXHIBIT **A**    Complaint.

EXHIBIT **B**    Transcript of the oral argument on April 12, 2024.

## PRELIMINARY STATEMENT

Defendants Omid Elyahou, and Simpsocial LLC respectfully submit this memorandum of law in support of the instant motion to dismiss the Complaint, attached hereto as **Exhibit A**, that has been filed by Plaintiffs Autoexpo Ent. Inc., Peace Properties LLC, Network Reinsurance Company Inc., Auto Exchange Center, LLC, and Chrome Insurance Agency LLC (collectively, "Plaintiffs") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").

This action is a classic business divorce action between two former relatives who operate a used car business. By way of background, Elyahou is a twenty percent (20 %) and his former brother-in-law, Michael Shahkoohi, ("Shahkoohi"), is an eighty percent (80 %) shareholder of AutoExpo Ent, Inc. ("AutoExpo" or the "Company") that operates as a used car business. Ownership and management disputes between partners in business are bad enough. If you add in the complex emotional relationships of related shareholders, the disputes can get even more complicated. The emotional overlay to what may otherwise be a garden-variety family business dispute within a privately-owned company presents unique challenges requiring jurists to analyze the issues from both a professional legal standpoint and a human perspective. In a futile attempt to bully the defendant into submission, the plaintiffs have commenced this instant action in federal court alleging misappropriation of trade secrets.

## FACTUAL AND PROCEDURAL BACKGROUND

## STATE COURT ACTIONS

## NASSAU COUNTY COMMERCIAL DIVISION    INDEX NO.: 617795/2023

On October 30, 2023, Elyahou as a twenty percent (20%) shareholder of AutoExpo commenced a Special Proceeding in Nassau County Supreme Court, under Index No.: 617795/2023, pursuant to New York Business Corporation Law (BCL) §624 to inspect books and records of the Company.

On November 27, 2023 Respondents Michael Shahkoohi ("Shahkoohi') and Ramin Baratian ("Baratian") appeared by counsel, Michael C. Mulè, Esq. and  Emanuel Kataev, Esq of the law firm Milman Labuda Law Group, PLLC filed a Cross Motion for an Order: (i) dismissing this petition due to a prior pending action, or alternatively, dismissing this petition for failure to state a claim upon which relief can be granted; (ii) compelling the Petitioner to produce AutoExpo's books and records in his possession and turn over all AutoExpo property, customer lists, customer information, financial information, and any other information, confidential or otherwise, obtained during his relationship with AutoExpo, as well as all login, password and administration rights for all platforms used for business accounts and licensing such as marketing, financial and accounting; and (iii) for sanctions against Petitioner for engaging in frivolous litigation, together with such other and further relief this Court may deem just, equitable, and proper. This Special Proceeding, under Index No.: 617795/2023 was assigned to the Honorable Sharon M. J. Gianelli, and was fully briefed January 8, 2024 and awaiting decision.

**NASSAU COUNTY COMMERCIAL DIVISION    INDEX NUMBER 617486/2023**

AutoExpo commenced an action in Nassau Supreme Court under Index Number 617486/2023 by filing a Summons with Notice on October 26, 2023. Defendants Omid Elyahou ("Elyahou") and SimpSocial LLC ("SimpSocial") appeared and made a Demand for the Complaint on November 6, 2023. The parties stipulated to extend Plaintiff's time to file a complaint through December 18, 2023.  On December 18, 2023, rather than filing a Complaint in Nassau Country Supreme Court, where they commenced the instant action Plaintiffs filed the instant Complaint in United States District Court for the Eastern District of New York, and further made a motion in Nassau County pursuant to (i)§ 3217(b) of the New York Civil Practice Law and Rules (hereinafter the "CPLR") dismissing this action without prejudice in favor of a case filed in the United States

District Court for the Eastern District of New York; or alternatively, (ii) §§ 2004, 2005, and 3012(d) of the CPLR, extending the time within which the Plaintiff may serve a complaint in this action; and (iii) granting the Plaintiff such other and further relief as this honorable Court deems just, proper, and equitable.   This action, under Index No.: 617486/2023 was assigned to the Honorable Sharon M. J. Gianelli, and was fully briefed on January 3, 2024, and awaiting decision.

**INSTANT MATTER EDNY CASE NO.: 2:23 CV 9249**

On December 18, 2023, Plaintiffs commenced this action, against Defendants

On February 20, 2024, the Defendants herein filed a Pre-Motion Conference.

On April 12, 2024, Pre-Motion Conference was held before Honorable Orelia E. Merchant. Whereby upon hearing oral arguments the Court set the following briefing schedule with regards to Defendants' Motion to Dismiss: Defendants' papers are to be served on or before May 13, 2024; Plaintiffs' opposition papers are to be served on or before June 10, 2024; Defendants' reply, if any, and the entire bundled motion is to be filed on or before June 24, 2024. A copy of said transcript is attached hereto as **Exhibit B**.

On May 2, 2024, Defendants by their respective counsel filed a Letter Motion for a Stay Discovery under Rule 26(c) pending a decision on our motion to dismiss the Complaint of the Plaintiffs under Fed. R. Civ. P. 12(b)(1) and (6) ("Motion to Dismiss"). (*See* Dkt. No. 24 and Dkt. No. 25).

On May 9, 2024, hearing and oral arguments were held before Magistrate Judge Honorable Steven L. Tiscione. Whereby upon hearing oral arguments the Court Ordered that Discovery is stayed for ninety (90) days pending a decision on the Motion to Dismiss.

**THE COMPLAINT**

The factually baseless Complaint assert five (5) trade secret causes of action.  Plaintiffs' First Cause of Action (Violation of Defend Trade Secrets Act of 2016 ("DTSA") 18 U.S.C. §1836) and Second Cause of Action (Injunctive Relief under the DTSA (18 U.S.C. § 1836, et seq.) are pleaded under the DTSA.   Plaintiffs' Third Cause of Action, (Misappropriation), Fourth Cause of Action (Unfair Competition) and Sixth Cause of Action (Conversion) are pleaded under the common law.  (See Ex. A. ¶¶ 278-319, 328-334.)  Each claim fails as a matter of law.

The Complaint lists five (5) Plaintiffs Autoexpo Ent. Inc., Peace Properties LLC, Network Reinsurance Company Inc., Auto Exchange Center, LLC, and Chrome Insurance Agency LLC. The DTSA and common law trade secrets causes of action are group pleaded by all Plaintiffs.  (*See* Ex. A. ¶¶ 278-319, 328-334.)  Yet throughout the Complaint, it is alleged that only AutoExpo is the owner of the alleged trade secrets.

For additional legal arguments in support for the instant motion, the Court's attention is respectfully directed to co-defendant's Avi Eitan, Fifty Seven Consulting Corp. d/b/a Certified Auto Group a/k/a Certified Performance Motors, and Fazeeda Kassim, Memorandum of Law, dated May 13, 2024. In the interest of brevity, those legal arguments are not repeated herein. The contents of said Memorandum of Law is therefore respectfully incorporated herein and made a part hereof.

## POINT I
## THE COMPLAINT SHOULD BE DISMISSED
## PURSUANT TO FRCP 12 (b)(6)

**A.  Standard**

To survive a motion to dismiss under FRCP 12(b)(6), "a complaint must contain sufficient factual matter ... 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility

standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Put another way, a claim is plausible if it is supported by "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." *Twombly*, 550 U.S. at 556.

In deciding a motion to dismiss pursuant to FRCP Rule 12(b)(6), the court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." *McCarthy v. Dun & Bradstreet Corp*., 482 F.3d 184, 191 (2d Cir. 2007) (citations omitted). Although detailed factual allegations are not required, the pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' ... Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id*. Instead, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 678, 129 S.Ct. 1937 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotations and citations omitted).

### B.  Plaintiff's DTSA Claim Against Omid Elyahou, and Simpsocial LLC Should Be Dismissed

The first cause of action leveled against Omid Elyahou, and Simpsocial LLC (alleges that they violated the DTSA by misappropriating Plaintiff's purported "trade secrets." Complaint, at ¶¶ 278-291.  The claim should be dismissed.

The DTSA imposes civil liability for the "acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means [, or] disclosure or use of a trade secret of another without express or implied consent by a person who ... used improper means to acquire knowledge of the trade secret." 18 U.S.C. § 1839(5). Thus, as this Court stated in *Charles Ramsey Company, Inc. v Fabtech-NY, LLC*, No. 18-CV-0546, 2020 WL 352614 (N.D.N.Y. January 21, 2020): "[a] plaintiff asserting claims under the DTSA must show[:] (1) the existence of a trade secret, defined broadly as information with independent economic value that the owner has taken reasonable measures to keep secret[;] and (2) misappropriation of that secret, defined as the knowing improper acquisition and use or disclosure of the secret." *Id*., at * 11 (quoting *Danping Li v. Gelormino*, No. 18-CV-442, 2019 WL 1957539, at *8 (D. Conn. May 2, 2019)).

### 1.  The Complaint Fails to Plausibly Allege that the Material at Issue Qualifies as Trade Secrets

The DTSA specifically defines a "trade secret" as information that "derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information." 18 U.S.C.A. § 1839(3)(B). In order to qualify as a trade secret, the owner must have "taken reasonable measures to keep such information secret." *Id.* § 1839(3)(A). "

"While a trade secret claimant need not "disclose every detail of an alleged trade secret in a complaint, the pleading standard set forth in *Twombly* and *Iqbal* requires that the complaint allege facts sufficient to identify the information for which protection is claimed and sufficient information about its nature, value, and measures taken to safeguard it to support an inference that the information qualifies as a trade secret[.]"" *Id.,* at *4 (quoting *Universal Processing LLC v. Weile Zhuang*, No. 17-CV-10210-LTS, 2018 WL 4684115, at *3 (S.D.N.Y. Sept. 28, 2018)); see *Next Commc'ns, Inc. v. Viber Media, Inc.*, No. 14-CV-8190, 2016 WL 1275659, at *3 (S.D.N.Y. Mar. 30, 2016) ("New York and Second Circuit law ... requires the trade secret claimant to describe the secret with sufficient specificity that its protectability can be assessed....").

The Complaint has failed to plausibly allege that the above information qualifies for trade secret protection. A DTSA claim is subject to dismissal where it merely "references categories of information concerning . . . ordinary business operations, and conclusorily alleges that such information is not readily available and affords [the plaintiff] economic value." *Intrepid, Intrepid Fin. Partners, LLC v. Fernandez,* 2020 WL 7774478, at *4. As explained by the Southern District:

> "[Plaintiff] does not plead any specific facts demonstrating that [it] has such unique [pricing information] that is organized or used in a way that is unique to Intrepid. Instead, Plaintiff focuses on emphasizing the "confidential" and "highly sensitive" nature of the information it seeks to protect, without providing specific insight into or context for its confidentiality designations. . . . Indeed, the [amended complaint] "conflates the concept of a 'trade secret' with 'confidential information.' These are not one and the same—trade secrets are a subset of confidential information" and alleging their existence "requires much more specificity as to the information owned by the claimant."" (quoting existence "requires much more specificity as to the information owned by the claimant.""*Id*., at *6(quoting *Elsevier v. Doctor Evidence, LLC*,No. 17-CV-5540, 2018 WL 557906 (S.D.N.Y. 2018)).

In *Elsevier v. Doctor Evidence, LLC*, *supra*, the court dismissed a DTSA counter claim that impermissibly confused "trade secrets" with "confidential information":

"Throughout its pleading, DRE refers principally to "confidential information." The term "trade secrets" is used several times—but in a manner interchangeable with the general category of confidential information. As discussed below, "confidential information" is note equivalent to "trade secrets." For good reason, the law requires that before information or processes may be accorded trade secret status, it must be shown that it is truly trade secret—a standard far greater than the standard for confidentiality of business information. Here, it is evident from the pleading that DRE has not come close to alleging sufficient facts that support trade secret status."*Id.*, at *5.

Here, even taking the Complaint at its word, the Complaint does not allege how the collection of this generic business information has been compiled, organized or used in a way that is unique to Plaintiffs. The DTSA claim should therefore be dismissed. *See Intrepid*, 2020 WL 7774478, at *6.

As Plaintiffs have failed to state a claim under the DTSA Plaintiffs' First Cause[1] of Action and Second Cause of Action[2] should be dismissed, resulting in the absence of a viable federal law claim.

Under the DTSA, "[a]n owner of a trade secret that is misappropriated may bring a civil action under this subsection if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." 18 U.S.C.A. § 1836(b)(1). To have standing, a plaintiff must be the "owner" of the alleged trade secret, as defined in § 1839(4) as "the person or entity in whom or in which rightful legal or equitable title to, or license in, the trade secret is reposed." The DTSA defines the "owner" as "the person or entity in whom or in which rightful legal or equitable title to, or license in, the trade secret is reposed." Id. § 1839(4). To plead the existence of a trade secret, a plaintiff must allege that "the owner thereof has taken reasonable measures to keep such information secret . . ." 18 U.S.C.A. § 1839 (3)(A).

---

[1] Violation of Defend Trade Secrets Act of 2016 ("DTSA") 18 U.S.C. §1836
[2] Injunctive Relief under the DTSA (18 U.S.C. § 1836, et seq.

Throughout the Complaint, it is alleged that AutoExpo is the owner of the alleged trade secrets.   (*See* Complaint ¶¶ 11, 216, 240, 250.)  Yet Plaintiffs' allegations show that AutoExpo, the alleged owner of the Trade Secrets, did not take reasonable measure to keep secret its alleged trade secrets.

Plaintiffs' allege that "Plaintiffs have made and make reasonable efforts to maintain the secrecy of this information, including limiting its disclosure to those who owe a fiduciary duty to the dealerships. . . ."  (¶ 280).

Critically, AutoExpo is a single dealership.  The reference to dealerships presumably therefore references the multiple dealerships which plaintiff Shahkoohi alleges to operate.[3]  (¶¶ 37, 71, 254) Thus, by Plaintiffs' own allegations, AutoExpo's Trade Secrets were voluntarily disclosed to dealerships other than AutoExpo.  This is fatal to Plaintiffs' claims under the Defend Trade Secrets Act.  *Zabit v. Brandometry, LLC*, 540 F. Supp. 3d 412, 425 (S.D.N.Y. 2021)(" Courts regularly deny trade secret protection if the owner voluntarily discloses the alleged secret.")  In fact, Plaintiffs' DTSA claim is pleaded in the name of Plaintiffs but it is only AutoExpo who could have standing under the Defend Trade Secrets Act.  Thus, as to a showing that Plaintiffs' claim is unmeritorious: Plaintiffs' DTSA claim is deficient on its face.

"[A]lthough there is no heightened pleading requirement on actions brought under the DTSA, . . . district courts in this circuit routinely require that plaintiffs plead their trade secrets with sufficient specificity to inform the defendants of what they are alleged to have

---

[3] Shahkoohi, is the owner, manager, member and officer of the following dealerships: (1) Masterz (2) Automotive Intl (3) Auto Gallery Imports (4) Elegant Motors (5) Pristine Auto Group (6) Pristine Mitsubishi (7) Global Motor Cars dba Masters Motor Cars (8) Wisdom Financial Corp. and (9) Auto Exchange Center LLC

misappropriated."  Catalyst Advisors, 602 F. Supp. 3d at 672 (quoting *Zabit*, 540 F. Supp. 3d at 422); *accord Expert Connect*, 2019 WL 3004161, at *4.

The Eastern District has similarly abided by the standard requiring particularized pleading of trade secrets. In C*ore SWX, LLC v. Vitec Grp. US Holdings, Inc*., 2022 U.S. Dist. LEXIS 125198, at *13 (E.D.N.Y. 2022) (citations omitted), the court held that the defendants' counterclaims did not adequately identify the alleged trade secrets. As Judge James M. Wicks explained, "district courts in this circuit routinely require that plaintiffs plead their trade secrets with sufficient specificity to inform the defendants of what they are alleged to have misappropriated

 "[T]he pleading standard set forth in Twombly and Iqbal requires that the complaint allege facts sufficient to identify the information for which protection is claimed and sufficient information about its nature, value and measures taken to safeguard it to support an inference that the information qualifies as a trade secret." *Garvey v. Face of Beauty, LLC*, 634 F. Supp. 3d 84, 96 (S.D.N.Y. 2022) (citation omitted).  Although "a DTSA plaintiff has no obligation to reveal its secrets in the complaint simply to prove that they exist," "that does not mean a party can get away with nebulous descriptions at the highest level of generality." *TRB Acquisitions LLC v. Yedid*, No. 20-cv-00552 (JMF), 2021 WL 293122, at *2 (S.D.N.Y. Jan. 28, 2021) (brackets and citations omitted).  "To the contrary, a complaint that only claims general categories of information and data as trade secrets does not state a claim under the DTSA because it does not adequately put the defendant on sufficient notice of the contours of the claim for misappropriation." *Id.* (brackets, quotation marks, and citation omitted).[4]

---

[4] To the extent that a Plaintiffs bringing a DTSA claim cannot meet this standard without revealing the trade secrets, the Plaintiffs could have requested leave to "file[] a description of the alleged trade secrets under seal." *Elsevier Inc. v. Dr. Evidence, LLC*, No. 17-cv-05540 (KBF), 2018 WL

Applying these standards, the Plaintiffs clearly fail to plausibly allege that it possessed a trade secret because the Complaint describes little more than general categories of information and data.  Plaintiff identifies its trade secrets as simply "customer lists, financial information, details about customers, proprietary inventory system, and financial information" Compl. ¶¶ 171, 252, 253, 260, 264, and 273;  This description of Plaintiff's trade secrets is too general to state a DTSA claim. See, *e.g., Garvey*, 634 F. Supp. 3d at 95, 98 (allegations of "trade secrets, including information about running a business, advertising and promotional strategies, a customer and supplier list, and pricing information that [the former employer] had acquired through great expense and labor" were insufficient to allege existence of a trade secret (quotation marks omitted)); *TRB Acquisitions*, 2021 WL 293122, at *2 (description of "core brand and marketing plan strategy" was "far too general to state a DTSA claim").  Plaintiffs "does not, for example, offer any particulars of how its strategies and plans function or any other basis for the Court to discern exactly what information it alleges [that Defendants] misappropriated, let alone whether that information is protectable." *TRB Acquisitions*, 2021 WL 293122, at *2.

Even if Plaintiffs had alleged sufficiently specific categories of trade secrets to provide notice to Defendants, it has not pleaded information to suggest that its operational strategies derive "independent economic value . . . from not being generally known."  18 U.S.C. § 1839(3).  "As a general matter, and except where the alleged secret conveys a competitive advantage and cannot be readily duplicated from generally available information, 'marketing strategies[]' or 'mere knowledge of the intricacies of a business' do not rise to the level of a trade secret." *Accenture LLP v. Trautman,* No. 21-cv-02409 (LJL), 2021 WL 6619331, at *9 (S.D.N.Y. June 8, 2021)

557906, at *6 (S.D.N.Y. Jan. 23, 2018).  Here, Plaintiffs did not seek such leave, and further denied the request to Amend their Complaint both before Honorable Orelia E. Merchant, and Magistrate Judge Steven L. Tiscione.

(*quoting Marietta Corp. v. Fairhurst*, 754 N.Y.S.2d 62, 67 (3d Dep't 2003)).  At various points in the Complaint, Plaintiffs refers to its "marketing" strategies," as proprietary, but does not otherwise state what makes them so.  See, e.g., Compl. ¶¶ 255, 297.  Plaintiffs' conclusory allegations are insufficient. ; *see Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  So is Plaintiffs 'assertion that Defendants are using these alleged trade secrets to poach Plaintiffs' clients without any detail as to how that information is being used.  That Plaintiffs "developed" and "sourced" these unspecified techniques over "thirty years in the automobile dealership industry.  See, e.g., Compl. ¶ 251.

Plaintiffs similarly fail to plead sufficient allegations to demonstrate that its customer lists, financial information, details about customers, proprietary inventory system, and financial information are trade secrets. Compl. ¶¶ 171, 252, 253, 260, 264, and 273. "The *sine qua non* of whether a customer list constitutes a trade secret lies in whether 'the customers are readily ascertainable outside the employer's business as prospective users or consumers of the employer's services or products,' or, by contrast, 'the customers are not known in the trade or are discoverable only by extraordinary efforts and the customers' patronage had been secured by years of effort and advertising effected by the expenditure of substantial time and money.'"  *24 Seven, LLC v. Martinez,* No. 19-cv-07320 (VSB), 2021 WL 276654, at *7 (S.D.N.Y. Jan. 26, 2021) (brackets omitted) (quoting *Poller v. BioScrip, Inc.,* 974 F. Supp. 2d 204, 216 (S.D.N.Y. 2013)).  "Where it 'would be difficult to duplicate a customer list because it reflected individual customer preferences, trade secret protection should apply.'"  Id. (*quoting N. Atl. Instruments, Inc. v. Haber*, 188 F.3d 38, 46 (2d Cir. 1999)).  In short, the Complaint lacks any nonconclusory allegations that could demonstrate that its business contacts are trade secrets.

Plaintiff's Complaint stands in contrast to other cases where courts have found a protectable trade secret sufficiently pleaded.  See, *e.g., Kraus USA*, 2020 WL 2415670, at *5

(pleading "several specific categories of information that were misappropriated, including technical product specifications, information on upcoming designs, sales data, e-commerce data, and other commercially sensitive information including customer lists, vendor relationships, the identity of contractual counterparties, internal cost structure and operating expenses, and ecommerce knowledge" was sufficient; noting allegations that "vendor relationships required 'significant effort' to develop" and that the defendant "used the customer list to further his lighting business by building on [the plaintiff's] longstanding relationships with these retailers"); *Medidata Sols., Inc. v. Veeva Sys. Inc.*, No. 17-cv-00589 (LGS), 2018 WL 6173349, at *1, *3 (S.D.N.Y. Nov. 26, 2018) (allegations of "[c]linical trial software solutions," "[s]ales and marketing activities," and "[s]hort- and long-term business plans," with examples for each category, were sufficient); *Tesla Wall Sys., LLC v. Related Cos*., No. 17-cv-05966 (JSR), 2017 WL 6507110, at *9 (S.D.N.Y. Dec. 18, 2017) (noting that the plaintiff's "highly specific" complaint "pleads numerous specific categories of information, such as 'technical data, internal pricing information, work product, research, engineering designs,' etc."). Because Plaintiffs do not "nudge[]" its DTSA claim "across the line from conceivable to plausible," it is dismissed. *Twombly*, 550 U.S. at 570.

## 2. The Complaint Fails to Plausibly Allege Its Own Members

Plaintiffs' Complaint contains various and intertwined allegations, failing to properly enumerate two (2) of the Plaintiffs, and rather lists the members upon information and belief, as set forth:

22. Upon information and belief, the members of AEC are Shahkoohi and Elyahou.

25. Upon information and belief, the members of Chrome are Shahkoohi and Elyahou.

The Second Circuit has set out treat facts alleged based on "information and belief." "The *Twombly* plausibility standard … does not prevent a plaintiff from pleading facts alleged

'upon information and belief' [1] where the facts are peculiarly within the possession and control

of the defendant, or [2] where the belief is based on factual information that makes the inference

of culpability plausible." *Arista Records, LLC v. Doe 3*, 604 F.3d  110, 2010 WL 1729107, *8 (2d

Cir.).

It is one thing for the Plaintiffs to refer to the Defendants membership and management

"upon information and belief", as that information is peculiarly within the possession and control

of the defendants. In the case at hand, Plaintiffs are unable to support those simple allegations to

provide for its own members, which is entirely in its possession.

**POINT II**
**SUPPLEMENTAL JURISDICTION**

A court "may decline to exercise supplemental jurisdiction over a claim . . . [once] the

district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. §

1367(c)(3); see *Jusino v. Fed'n of Cath. Tchrs., Inc.*, 54 F.4th 95, 107 (2d Cir. 2022) ("In general,

where the federal claims are dismissed before trial, the state claims should be dismissed as well."

(brackets and citation omitted)).  Indeed, "in the usual case in which all federal-law claims are

eliminated before trial, the balance of factors to be considered under the pendent jurisdiction

doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to

exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484

U.S. 343, 350 n.7 (1988).

Here, since there is no viable federal claim, the Court should decline to exercise

supplemental jurisdiction over Plaintiffs' state-law claims.

## POINT III
## RULE 12(F) ISSUES RESOLVED

The Legal Standards Governing a Rule 12(f) Motion Fed. R. Civ. P. Rule 12(f) provides, in pertinent part, that the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

Since the oral arguments on April 12, 2024, and prior to the filing of the instant motion the parties have met and conferred, whereby the Plaintiffs have consented to strike the following from the Complaint as set forth:

~~Elyahou's Affair/Divorce,~~ **AutoExpo's Investment, and Elyahou's Lack of Productivity**

74. As time went on, Elyahou made withdrawals for his own benefit on, approximately,
a monthly basis.

~~75. He bought a sizable house in Roslyn Heights, took frequent (sometimes monthly) vacations, and began living a rather lavish lifestyle.~~

~~77. In 2012, Neda claimed that Elyahou was having an affair with her best friend, Sharona Hebroni ("Hebroni").~~

~~78. Shortly thereafter, Neda served Elyahou with divorce papers.~~

82. From 2012 until approximately, 2017, Elyahou's work on behalf of the AutoExpo dealership suffered, ~~but Shahkoohi remained supportive of Elyahou because he knew that the divorce was emotionally tough during what was understandably a difficult time for him.~~

~~84. In 2017, Elyahou's divorce action was finally resolved, and Elyahou seemed recommitted to work.~~

**CONCLUSION**

For the foregoing reasons, Omid Elyahou, and Simpsocial LLC respectfully request that

the Complaint be dismissed as against them pursuant to FRCP Rules 12(b)(6).

Dated: May 12, 2024
       Garden City, New York

Respectfully Submitted,
EMOUNA & MIKHAIL, PC

*Matin Emouna*

MATIN EMOUNA, ESQ.
*Attorneys for Omid Elyahou, and Simpsocial LLC*
100 Garden City Plaza, Suite 520
Garden City, New York 11501
Tel (516) 877-9111
memouna@emiklaw.com