Steven Cohn, P.C.
One Old Country Road - Suite 420
Carle Place, New York 11514

TEL. (516) 294-6410
FAX: (516) 294-0094

STEVEN COHN
SUSAN E. DANTZIG
MITCHELL R. GOLDKLANG
ALAN S. ZIGMAN
JEFFREY H. WEINBERGER
PETER CHATZINOFF
MATTHEW T. FEINMAN

June 6, 2024

Via ECF Filing
Honorable Orelia E. Merchant
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
Courtroom: 6C South

Re: *AutoExpo Ent. Inc., et al. v. Elyahou, et al.,*
Case No.: 23-cv-9249, Request for Pre-Motion Conference

Judge Merchant:

On behalf of the defendants Avi Eitan, Fifty Seven Consulting Corp. d/b/a Certified Auto Group a/k/a Certified Performance Motors, and Fazeeda Kassim (collectively, "Certified Defendants"), we write in opposition to Plaintiffs' June 5, 2024 Letter-Motion.

**A. Plaintiffs should be denied any extension of time.**

Plaintiffs' counsel puts forth no legitimate grounds to alter the Court-ordered briefing schedule. Initially, they cited "intervening vacation" as the reason for needing more time without explaining why such vacation was scheduled to intervene with the Court-ordered briefing schedule. Yet Plaintiffs' counsel made no mention of any such vacation when the Court set the briefing schedule during the April 12, 2024 Pre-Motion conference, or in the weeks that followed. It was not until 48 days later, and 10 days before their opposition was due, that Defendants stated for the first time the need for more time, citing "intervening vacation."

However, just hours before filing their letter-motion yesterday, Plaintiffs' counsel stated that they would adhere to the original briefing schedule, thereby indicating that the extension was

1

unnecessary all along. (Ex. A.) In their Letter-Motion, Plaintiffs state that they "have been diligently working to meet the original June 10, 2024 deadline for opposition," but then claim in contradictory fashion that "it is clear that a brief extension is necessary." (Dkt. No. 32 n. 1.) If they needed the extension due to "intervening vacation," how can they claim to have been diligently working towards the original deadline? Furthermore, how can the extension not have been necessary as of yesterday, the same day that they filed their Letter-Motion claiming the extension to be necessary? Again, what happened to "intervening vacation?" Plaintiffs have demonstrated their request for an enlargement of time is a tactic rather than a genuine need for more time.

While Plaintiffs' counsel downplays their request as "a brief extension," it is significantly disruptive, pushing Defendants' reply time into the Fourth of July holiday weekend and Defendants' counsels' planned vacations and workload, all of which was arranged around the Court-ordered briefing schedule. Plaintiffs insistence that Defendants bear the brunt of these disruptions, due to "intervening vacation" which Plaintiffs apparently planned to conflict with the Court-ordered briefing schedule, highlights the absence of any legitimate grounds for their request and the gamesmanship at play.

Accordingly, Plaintiff's request for an extension should be denied. Plaintiffs put forth no legitimate grounds to alter the agreed-upon and Court-ordered briefing schedule.

**B. Plaintiffs should not be permitted file a consolidated brief or receive a page-limit enlargement.**

The Certified Defendants' moving brief is less than fourteen pages long. There is no basis for Plaintiffs to need a five-page enlargement of the page limit. Nor should Plaintiffs be permitted "to file one consolidated opposition to Defendants' two separate motions to dismiss," as they request. (Dkt. No. 32.) This request underscores Plaintiffs' improper group and vague pleading, which are bases of the Certified Defendants' Motion to Dismiss. In responding to the argument

2

that Plaintiffs have improperly grouped pleaded, Plaintiffs now request to group those same Defendants' arguments together and treat them as one. There are no grounds for this, and it would be problematic, prejudicial, and confusing to have to guess which arguments are supposed to address the Certified Defendants' points and which address the other defendants' points. Indeed, as Defendants acknowledge, the different defendants "raise some different arguments . . . ." (Dkt. No. 32.)

Accordingly, Plaintiffs should not be permitted to file a consolidated brief in response to the two separate Motions, and their request for a page-limit enlargement to oppose the Certified Defendants' fourteen-page moving memorandum of law should be denied.

We thank the Court.

Respectfully submitted,

/s/ Matthew Feinman
Matthew Feinman, Esq.