

**Matin Emouna**
*Admitted in NY, NJ & CT*
memouna@emiklaw.com

June 6, 2024

Honorable Orelia E. Merchant
United States District Court,
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re:  AutoExpo Ent. Inc., et al. v. Elyahou, et al.,
Case No.:  23-cv-9249

Dear Honorable Judge Merchant:

Hope this correspondence finds you well.  As you are aware this firm represents, Omid Elyahou, and Simpsocial LLC, and Law Offices of Steven Cohn PC represent, Avi Eitan, Fifty Seven Consulting Corp. d/b/a Certified Auto Group a/k/a Certified Performance Motors, and Fazeeda Kassim, in the aforementioned matter.

I write in Opposition to Plaintiffs' Letter Motion filed on June 5, 2024, (*See* Dkt. No. 32) requesting (1) a one-week extension for their time to submit their opposition to Defendants' respective motions to dismiss, *i.e.*, from the current deadline of June 10, 2024 to June 17, 2024; and (2) because the arguments on the motions to dismiss largely overlap, a five (5) page enlargement of the page limit so that Plaintiffs may file one consolidated memorandum of law in opposition to the both motions to dismiss, rather than submitting a separate (largely repetitive) memorandum of law in opposition to each.

**PROCEDURAL HISTORY**

On December 18, 2023, Plaintiffs commenced this action, against Defendants

On February 20, 2024, the Defendants herein filed a Pre-Motion Conference.  (Dkt. No. 15).

On April 12, 2024, a pre-motion conference concerning all Defendants' Motion to Dismiss was held before Honorable Orelia E. Merchant. During the conference, it became evident that Plaintiffs' Defense Trade Secrets Act ("DTSA") claim was deficient. Despite numerous opportunities offered by Judge Merchant to amend their Complaint, Plaintiffs declined to do so, clinging to their flawed DTSA claim while attempting to hedge their refusal by suggesting they were exploring other claims unrelated to any DTSA claim that could invoke Federal Subject Matter Jurisdiction. Consequently, Judge Merchant established a briefing schedule for the Certified Defendants' Motion to Dismiss, as set forth: Defendants' papers are to be served on or before May 13, 2024; Plaintiffs' opposition papers are to be served on or before June 10, 2024; Defendants' reply, if any, and the entire bundled motion is to be filed on or before June 24, 2024.  (*See* Dkt. No. 23).

On May 2, 2024, Defendants by their respective counsel filed a Letter Motion for a stay discovery under Rule 26(c) pending a decision on our motion to dismiss the Complaint of the

plaintiffs Autoexpo Ent. Inc., Peace Properties LLC, Network Reinsurance Company Inc., Auto Exchange Center, LLC, and Chrome Insurance Agency LLC (collectively, "Plaintiffs") under Fed. R. Civ. P. 12(b)(1) and (6) ("Motion to Dismiss"). (*See* Dkt. No. 24 and Dkt. No. 25).

On May 5, 2024 Magistrate Judge Steven Tiscione Ordered, deferring ruling (Dkt. No. 25) Motion for Discovery, and further that a motion hearing will be held at 2:00 p.m. on May 9, 2024.

On May 9, 2024, Hearing was held before Magistrate Judge Steven Tiscione, whereby the Court granted Defendants' Motions to Stay Discovery (Dkt. No. 25 and Dkt. No. 26) and Discovery is stayed pending a decision on the Motion to Dismiss.

## PLAINTIFFS' REQUEST FOR ADJOURNMENT

Plaintiffs are surreptitiously mischaracterizing Defendants response to their request for an adjournment.  By way of background, on or about May 30, 2024 at approximately 6:01 EST, Plaintiffs' Counsel Michael C. Mulè, Esq. requested Defendants' consent to a one-week extension to serve opposition to the motion to dismiss due to intervening vacation and other commitments.

Contrary to Plaintiffs' self-serving allegations, all Defendants were willing to accommodate and consent to the adjournment and informed Mr. Mulè that "*the adjournment then pushes our time to reply into vacations on our end and then the Fourth of July weekend, and the week after the Fourth is full.  If you're ok with pushing our time out to reply to beyond that second week of July then we're agreeable to the extension*".  I further provided that "*the Opposition for June 24 really does not work for me as I will be engaged in federal criminal matters on June 24 June 25 and June 26.  I am then scheduled to travel out of the country from June 27 until July 7.  Upon my return I am fully booked the week of July 8 and July 15.*"  Please see attached **Exhibit A**, Email Chain.

As set forth above Plaintiff's request for "*a brief extension,*" it is significantly prejudicial, pushing Defendants' reply time into the July 4 holiday weekend, planned family vacations, and engagements on time sensitive federal criminal matters.  Despite a reasonable alternative proposed by Defendants, June 17 for Plaintiffs' opposition, and July 18 for reply, it is in fact the Plaintiffs who are unwilling to accommodate Defendants' previous engagements.  Accordingly, Plaintiffs' request for an extension should be denied.

## PLAINTIFFS' REQUEST FOR ONE CONSOLIDATED MEMORANDUM OF LAW

By way of background, on February 20, 2024, Omid Elyahou, and Simpsocial LLC, filed their Request for Pre-Motion Conference which summarized their bases for their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  (Dkt. No. 15).  Pursuant to the Order of the Court on April 12, 2024, on May 13, 2024, Defendants timely filed Motion to Dismiss, which simply expanded on the Pre-Motion Conference letter with no new novel arguments.

Plaintiffs should not be permitted "to file one consolidated opposition to Defendants' two separate motions to dismiss," as they request. (Dkt. No. 32) and there is no basis for Plaintiffs to need an enlargement of the page limit.

As provided in oral arguments on April 12, 2024, the Complaint lists five (5) Plaintiffs Autoexpo Ent. Inc., Peace Properties LLC, Network Reinsurance Company Inc., Auto Exchange

Center, LLC, and Chrome Insurance Agency LLC. The DTSA and common law trade secrets causes of action are group pleaded by all Plaintiffs. (*See* Complaint. ¶¶ 278-319, 328-334.) Yet throughout the Complaint, it is alleged that only AutoExpo is the owner of the alleged trade secrets. In responding to the argument that Plaintiffs have yet again improperly grouped pleadings. There are clearly no grounds for this, and it would be problematic, prejudicial, and confusing to have to guess which arguments address Omid Elyahou, and Simpsocial LLC points and which address the Certified Defendants' points.

By virtue of the foregoing, Omid Elyahou, and Simpsocial LLC respectfully request that the Plaintiffs should not be permitted to file a consolidated brief in response to the two (2) separate motions, and their request for a page-limit enlargement to oppose Omid Elyahou, and Simpsocial LLC moving memorandum of law should be denied.

The Court's time and attention to this matter are greatly appreciated.

Respectfully submitted,

*Matin Emouna*

MATIN EMOUNA

TO:   ALL COUNSEL OF RECORD
      VIA ECF