UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

AUTOEXPO ENT INC., PEACE PROPERTIES, LLC,
NETWORK REINSURANCE COMPANY INC.,
AUTO EXCHANGE CENTER, LLC, and CHROME
INSURANCE AGENCY LLC,

                                  Plaintiffs,

                      v.

OMID ELYAHOU, SIMPSOCIAL LLC, FIFTY SEVEN
CONSULTING CORP. d/b/a CERTIFIED AUTO GROUP
a/k/a CERTIFIED PERFORMANCE MOTORS, AVI
EITAN and FAZEEDA KASSIM,
                                  Defendants.

Hon. Orelia E. Merchant
M. J. Steven L. Tiscione

Civil Action No.
2:23-cv-9249

------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS AVI EITAN, FIFTY SEVEN CONSULTING CORP. D/B/A CERTIFIED AUTO GROUP A/K/A CERTIFIED PERFORMANCE MOTORS AND FAZEEDA KASSIM'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. RULE 12(b)(1) AND (6)

**THE LAW OFFICE OF STEVEN COHN, P.C.**
*Attorneys for Defendants Avi Eitan, Fifty Seven Consulting Corp. d/b/a Certified Auto Group a/k/a Certified Performance Motors and Fazeeda Kassim*
One Old Country Road, Suite 420
Carle Place, NY 11514
(516) 294-6410

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT............................................................ 1

STANDARDS.................................................................................. 2

FACTUAL BACKGROUND ............................................................. 2

ARGUMENT................................................................................... 1

      POINT I...................................................................... 5
      *PLAINTIFFS' CLAIMS ARE IMPROPER GROUP PLEADING*

      POINT II..................................................................... 7
      *PLANTIFFS HAVE NOT PLEADED REASONABLE*
      *SECRECY MEASURES*

      POINT III.................................................................... 11
      *PLAINTIFFS HAVE NOT SUFFICIENTLY*
      *IDENTIFIED THEIR ALLEGED TRADE SECRETS*

CONCLUSION................................................................................ 13

# TABLE OF AUTHORITIES

Cases:

*Zabit v. Brandometry, LLC*
540 F. Supp. 3d 412 (S.D.N.Y. 2021) ................................................................. 2, 8

*Plusgrade L.P. v. Endava Inc.*
No. 1:21-CV-1530 (MKV), 2023 WL 2402879 (S.D.N.Y. Mar. 8, 2023).................... 3, 5

*Elsevier Inc. v. Dr. Evidence, LLC*
No. 17-CV-5540 (KBF), 2018 WL 557906 (S.D.N.Y. Jan. 23, 2018) ........................ 7

*UrthTech LLC v. GOJO Indus., Inc.*
No. 22-CV-6727 (PKC), 2023 WL 4640995 (S.D.N.Y. July 20, 2023) ...................... 8

*See Rodney v. United Masters*
No. 21 CV 5872 (DG)(LB), 2023 WL 2184865 (E.D.N.Y. Feb. 10, 2023) ................. 8

*Turret Labs USA, Inc. v. CargoSprint, LLC*
No. 21-952, 2022 WL 701161 (2d Cir. Mar. 9, 2022) ............................................ 8

*Art & Cook, Inc. v. Haber*
416 F. Supp. 3d 191, 197 (E.D.N.Y. 2017) ............................................................ 9

*Core SWX, LLC v. Vitec Grp. US Holdings, Inc.*
No. 21CV1697JMAJMW, 2022 WL 3588081 (E.D.N.Y. July 14, 2022) .................... 9

*See Sapir v. Rosen*
No. 20-CV-6191 (RA), 2021 WL 4482277 (S.D.N.Y. Sept. 30, 2021) ..................... 10

*Garvey v. Face of Beauty LLC*
634 F. Supp. 3d 84, 97 (S.D.N.Y. 2022) ............................................................... 12

*My Mavens, LLC v. Grubhub, Inc.*
No. 20 CIV. 4657 (PGG), 2023 WL 5237519 (S.D.N.Y. Aug. 14, 2023) .................. 12

*Statutes:*

18 U.S.C.A. § 1839 .................................................................... *passim*


Defendants Avi Eitan, Fifty Seven Consulting Corp. d/b/a Certified Auto Group a/k/a Certified Performance Motors and Fazeeda Kassim (collectively, the "Certified Defendants") hereby move pursuant to Fed. R. Civ. P. 12(b)(1) and (6) to dismiss Plaintiffs' Autoexpo Ent. Inc., Peace Properties LLC, Network Reinsurance Company Inc., Auto Exchange Center, LLC, and Chrome Insurance Agency LLC (collectively, "Plaintiffs") First, Second, Third, Fourth and Sixth Causes of Action of the Complaint, and, thereby, in the absence of a viable Federal claim, the Complaint in its entirety.

## PRELIMINARY STATEMENT

Plaintiffs' improper group pleading of trade secret claims under the Defend Trade Secrets Act ("DTSA") and common law, despite AutoExpo's alleged sole ownership, is a dispositive pleading failure in itself. Their allegation that disclosure was limited to fiduciary duty holders fails to establish reasonable secrecy measures—a prerequisite for trade secret classification under the DTSA. Their acknowledgment of disclosure beyond AutoExpo, the alleged sole owner of any trade secrets, constitutes voluntary disclosure, nullifying any possibility of trade secret protection. Additionally, Plaintiffs' vague identification of their alleged trade secrets is an additional ground for dismissal.

It's evident that Plaintiffs' strategy is to obscure dispositive facts that contradict any possibility of trade secret protection with muddled, imprecise and inconsistent allegations. However, a close examination of these allegations reveals their facial defects, and thereby, the absence of viable DTSA or common law trade secret claims. Considering the absence of a viable DTSA claim, the Court should abstain from exercising supplementary jurisdiction over Plaintiffs' remaining claims.

## STANDARDS

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' To survive a motion to dismiss, 'a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Zabit v. Brandometry, LLC*, 540 F. Supp. 3d 412, 419 (S.D.N.Y. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).) "Although Rule 8 of the Federal Rules of Civil Procedure 'does not demand that a complaint be a model of clarity or exhaustively present the facts alleged, it requires, at a minimum, that a complaint give each defendant 'fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Plusgrade L.P. v. Endava Inc.*, No. 1:21-CV-1530 (MKV), 2023 WL 2402879, at *3 (S.D.N.Y. Mar. 8, 2023) (quoting *Atuahene v. City of Hartford*, 10 F. App'x 3, 34 (2d Cir. 2001.) "In deciding a motion to dismiss, a court must 'accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor, but is 'not bound to accept as true legal conclusions couched as factual allegations.'" *Zabit*, 540 F. Supp. 3d at 419 (quoting *LaFaro v. N.Y. Cardiothoracic Grp.*, 570 F.3d 471, 475 (2d Cir. 2009).

## FACTUAL BACKGROUND

### PLAINTIFFS' COMPAINT

Plaintiffs assert five trade secret causes of action. Plaintiffs' First Cause of Action (Violation of Defend Trade Secrets Act of 2016, 18 U.S.C. §1836) and Second Cause of Action (Injunctive Relief under the DTSA (18 U.S.C. § 1836, et seq.) are pleaded under the DTSA. Plaintiffs' Third Cause of Action, (Misappropriation), Fourth Cause of Action (Unfair Competition) and Sixth Cause of Action (Conversion) are pleaded under the common law. (See Ex. A. ¶¶ 278-319, 328-334.)

A. <u>Improper Group Pleading</u>

Plaintiffs' DTSA and common law trade secrets causes of action are group pleaded by all Plaintiffs. (*See* Ex. A. ¶¶ 278-319, 328-334.) Yet throughout the Complaint, it is alleged that only AutoExpo is the owner of the alleged trade secrets.

- "*AutoExpo's* confidential information and trade secrets . . . ." (¶ 11 (emphasis added).)

- "Elyahou is liable *to AutoExpo* for violations of the Defend Trade Secrets Act." (¶ 216(emphasis added).)

- "Eitan and Certified clearly participated and joined in Elyahou's scheme to divert trade secrets and business *from AutoExpo* to Certified." (¶ 240 (emphasis added).)

- Defendants Kassim, Eitan and Elyahou acted together in setting up Competition as a competing dealership built with the stolen trade secrets and confidential information *of AutoExpo*. (¶ 250 (emphasis added).)

- *AutoExpo's trade secrets*, including but not limited to its customer lists, employees, processes, and unique inventory system are vital to its business; possession of that information, which Defendants, as set forth herein, misappropriated in contravention of their fiduciary duty to Plaintiff and in violation of the law, provided Plaintiff a unique competitive advantage in the dealership industry, a competitive advantage it has been stripped of by Defendants' unlawful acts. (¶ 260 (emphasis added).)

B. <u>Failure to Allege Reasonable Secrecy Measures</u>

Plaintiffs attempt to demonstrate reasonable secrecy measures by alleging that they limited disclosure to those who "owed a fiduciary duty." In some places, they allege the fiduciary duty was owed to dealerships, even though AutoExpo is a single dealership:

- "Plaintiffs have made and make reasonable efforts to maintain the secrecy of this information, including limiting its disclosure to those who owe a fiduciary duty to the *dealerships*." (Ex. A ¶ 280 (emphasis added).)

Elsewhere, they do not specify to who the fiduciary duty was owed:

- Defendants improperly acquired AutoExpo's trade secrets, including information regarding its business, operations, services, customers, pricing, sales, and marketing strategies, and other confidential business and/or financial information that was secret, valuable in the industry, and had not been disclosed to anyone *except those with a fiduciary*

3

*duty* who were obligated to keep this information confidential. (Ex. A ¶ 295 (emphasis added).)

In other instances, they allege that the duty was owed to "Plaintiffs," even though AutoExpo is the only dealership among Plaintiffs:

- *"Plaintiffs* make reasonable efforts to maintain the secrecy of this information, including limiting its disclosure to those who have *a fiduciary duty to them*." (Ex. A ¶ 313 (emphasis added).)

Elsewhere, Plaintiffs allege that AutoExpo undertook to "restricting access" to employees on a computer system with "appropriate safeguards, such as usernames and passwords":

- "AutoExpo took many reasonable measures to keep its confidential information secret, including restricting access to this information only to employees who have a fiduciary duty to AutoExpo, all of whom are required to maintain it in a secured computer system protected by firewalls and other appropriate safeguards, such as usernames and passwords." (Ex. A ¶ 261.)

C. **Plaintiffs' Voluntary Disclosure of the Alleged Trade Secrets**

AutoExpo is a single car dealership and the only dealership among Plaintiffs. However, Plaintiffs' plead disclosure beyond AutoExpo, to other non-party dealerships:

- "Plaintiffs have made and make reasonable efforts to maintain the secrecy of this information, including limiting its disclosure to those who owe a fiduciary duty to the *dealerships*." (Ex. A ¶ 280 (emphasis added).)

This reference to "dealerships," in the plural, corresponds to Plaintiffs' references to non-party dealerships independently operated by plaintiff Shahkoohi:

- "Shahkoohi has been in the automobile dealership business for over three (3) decades and operates several dealerships." (Ex. A ¶ 37.)

- "So, for instance, Shahkoohi was always the 'buyer' for AutoExpo *and other affiliated dealerships in which Shahkoohi had an ownership interest* to purchase vehicles for resale." (Ex. A ¶ 71 (emphasis added).)

4

- "Shahkoohi went through painstaking efforts, time, and money to build the group of dealerships he owns to what it is today." (Ex. A ¶ 254 (emphasis added).)

Therefore, by alleging that disclosure was made to "dealerships" beyond AutoExpo, Plaintiffs acknowledge the voluntary disclosure of their alleged trade secrets.

### D. Plaintiffs' Failure to Adequately Identify their Alleged Trade Secrets

Plaintiffs identify their alleged trade secrets in conclusory form. Plaintiffs allege that their "confidential information and trade secrets" are made up of:

- "the identity of all of its customers, contact information, financial information, and AutoExpo's customized inventory system information." (Ex. A ¶ 279)

- "operations, services, customers, pricing, sales, and marketing strategies, including financial, business, and economic information, plans, methods, techniques, procedures, formulas, and processes." (Ex. A ¶ 297)

- "The Proprietary Business Information Memorandum, which includes information regarding Plaintiffs' trade secrets, confidential, proprietary, and valuable business information." (Ex. A ¶ 268)

## ARGUMENT

### I. PLAINTIFFS' CLAIMS ARE IMPROPER GROUP PLEADING

Plaintiffs' improper group pleading is fatal in itself to their DTSA and common-law trade secret claims. "A complaint fails to give fair notice when it 'lump[s] all the defendants together in each claim and provid[es] no factual basis to distinguish their conduct.' Such a deficient pleading is called improper 'group pleading.'" *Plusgrade L.P. v. Endava Inc.*, No. 1:21-CV-1530 (MKV), 2023 WL 2402879, at *3 (S.D.N.Y. Mar. 8, 2023) (quoting *Ferro v. Ry. Express Agency, Inc.*, 296 F.2d 847, 851 (2d Cir. 1961) (alterations in original).)

Important to the group pleading analysis in this context is that under the DTSA, "[a]n owner of a trade secret that is misappropriated may bring a civil action under this subsection if the trade

5

secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." 18 U.S.C.A. § 1836(b)(1). To have standing, a plaintiff must be the "owner" of the alleged trade secret, as defined in § 1839(4) as "the person or entity in whom or in which rightful legal or equitable title to, or license in, the trade secret is reposed." The DTSA defines the "owner" as "the person or entity in whom or in which rightful legal or equitable title to, or license in, the trade secret is reposed." Id. § 1839(4).

Throughout the Complaint, Plaintiffs identify AutoExpo as the owner of the alleged trade secrets. Yet the DTSA claims are pleaded by all Plaintiffs. *(Compare* Ex. A ¶¶ 11-216, 240, 250, 260, 280 *with* 278-319; 328-334.)   As Plaintiffs' counsel admitted at the pre-motion conference "[i]f it says plaintiffs at certain spots where it should say plaintiff, the only with auto proprietary inventory system for auto dealerships is the auto dealership. The other entity, one is a real estate entity, one is an insurance agency. *They have nothing to do with auto dealership.*" (Ex. B. 21:8-21:12 (emphasis added.)

Plaintiffs' counsel further stated that even though Plaintiffs' claims are pleaded by all Plaintiffs, they "didn't mean to make any allegation that those entities had a trade secret access." (Ex. B. 21:8-21:14) Plaintiffs' counsel further stated that "I put plaintiffs, or my associate who was working on it at the time, put plaintiffs in certain the spots, *I'll clarify* that that he's making a claim where it says plaintiffs, *it should* say plaintiff AutoExpo." (Ex. B. 25:7-25:11 (emphasis added).)

Yet Plaintiffs' counsel repeatedly refused to amend the Complaint to allege what it "should say":

> THE COURT: If you know, as you stand there, that there is something wrong with the pleading the way it stands, this is the opportunity to do something about it; otherwise, we go to briefing and everything falls where it falls.

6

> MR. MULE: Right, okay. If I may respond to that, your Honor?
>
> THE COURT: Sure.
>
> MR. MULE: So at this point I believe the pleading is satisfactory.

(Ex. B. 24:11-24:19.)

Plaintiffs' improper group pleading is on its own fatal to its DTSA and common law trade secret claims. *See Plusgrade L.P. v. Endava Inc.*, No. 1:21-CV-1530 (MKV), 2023 WL 2402879, at *3 (S.D.N.Y. Mar. 8, 2023) ("The Court begins (and ends) its analysis with the group pleading defect . . . .")

## II.  **PLANTIFFS HAVE NOT PLEADED REASONABLE SECRECY MEASURES**

Plaintiffs' trade secret claims fail due to their failure to undertake reasonable measures to keep their information secret. "Trade secrets are a narrow category of confidential information . . . ." *Elsevier Inc. v. Dr. Evidence, LLC*, No. 17-CV-5540 (KBF), 2018 WL 557906, at *4 (S.D.N.Y. Jan. 23, 2018). For information to qualify for trade secret classification under the DTSA, it must be shown that (i) "the owner thereof has taken reasonable measures to keep such information secret; and" it must also be shown that (ii) "the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information . . . ." 18 U.S.C.A. § 1839 (3) (A) (B).

### A. Plaintiffs Fall Far Short of Pleading Reasonable Measures to Maintain Secrecy

Under the DTSA, information qualifies as a trade secret only "if the owner thereof has taken reasonable measures to keep such information secret . . . ." 18 U.S.C.A. § 1839 (3)(A). If the owner fails to take such measures, the information does not meet the definitional requirements of a trade secret under the DTSA and therefore the owner does not possess any trade secret. *See*

7

*UrthTech LLC v. GOJO Indus.*, Inc., No. 22-CV-6727 (PKC), 2023 WL 4640995, at *13 (S.D.N.Y. July 20, 2023) (finding that because plaintiff "has not plausibly alleged that it took reasonable measures to protect the secrecy of the information at issue, it has failed to allege ownership of a trade secret").

The "'most important consideration' in determining whether information is a trade secret is 'whether the information was secret.'" *Zabit v. Brandometry, LLC*, 540 F. Supp. 3d 412, 421 (S.D.N.Y. 2021) (quoting *Broker Genius, Inc. v. Zalta*, 280 F. Supp. 3d 495, 514 (S.D.N.Y. 2017.) "In evaluating reasonable secrecy measures, courts in this Circuit generally look to whether confidentiality or nondisclosure agreements are in place and whether the information is guarded by physical- or cyber-security protections." *Turret Labs USA, Inc. v. CargoSprint, LLC*, No. 19CV6793EKRML, 2021 WL 535217, at *4 (E.D.N.Y. Feb. 12, 2021), aff'd, No. 21-952, 2022 WL 701161 (2d Cir. Mar. 9, 2022).

Merely alleging a "duty of loyalty" owed "does not somehow transform this freely-shared information into a secret." *Zabit v. Brandometry, LLC*, 540 F. Supp. 3d 412, 426–27 (S.D.N.Y. 2021). Yet, here, Plaintiffs attempt to plead reasonable measures to maintain the secrecy of their alleged trade secrets by pleading that disclosure was limited to those who owed a duty. This is insufficient. *See Rodney v. United Masters*, No. 21 CV 5872 (DG)(LB), 2023 WL 2184865, at *6 (E.D.N.Y. Feb. 10, 2023) ("Plaintiff provides no case law, and this Court is unaware of any, to support the proposition that an implied contract of confidentiality constitutes a 'reasonable measure' to protect a trade secret."); *see also Turret Labs USA, Inc. v. CargoSprint*, LLC, No. 21-952, 2022 WL 701161, at *3 (2d Cir. Mar. 9, 2022) ("In the absence of nonconclusory allegations that it took reasonable measures to keep its information secret, Turret Labs has not plausibly alleged that Defendants-Appellees misappropriated a 'trade secret' under the DTSA.")

Furthermore, Plaintiffs' allegation that AutoExpo "restrict[ed] access . . . only to employees who have a fiduciary duty to AutoExpo, all of whom are required to maintain it in a secured computer system protected by firewalls and other appropriate safeguards, such as usernames and passwords" fails to plead adequate secrecy measures. (Ex. A ¶ 261.) *See, e.g., Art & Cook, Inc. v. Haber*, 416 F. Supp. 3d 191, 197 (E.D.N.Y. 2017) (denying injunctive relief and noting that "given the lack of a likelihood of success on the merits as to the DTSA claim, Plaintiff's only federal cause of action may be susceptible to a motion to dismiss," where, ""absent more," it was alleged that "Plaintiff took other steps to secure its information, such as utilizing a password-protected server, password-protected folders, and a third-party internet security company to protect its servers from outside hacking").

To the contrary, this allegation demonstrates AutoExpo's failure to allege adequate secrecy measures. It is devoid of any specification regarding who within AutoExpo had access through login credentials and, critically, Plaintiffs do not allege any other secrecy measure as is required to plead reasonable secrecy measures. *See Core SWX, LLC v. Vitec Grp. US Holdings, Inc.*, No. 21CV1697JMAJMW, 2022 WL 3588081, at *8 (E.D.N.Y. July 14, 2022), *report and recommendation adopted*, No. 21CV1697JMAJMW, 2022 WL 3586570 (E.D.N.Y. Aug. 22, 2022) ("The paucity of information is telling and, as such, Defendants' counterclaims do not adequately plead that Defendants took sufficient measures to keep the alleged trade secrets confidential.") The absence of such critical allegations is telling, and fatal to Plaintiffs' DTSA and common law trade secret claims.

### B. Plaintiffs Voluntarily Disclosed Their Alleged Trade Secrets

Plaintiffs' allegation demonstrate that they voluntarily disclosed any alleged trade secrets, thereby defeating any possible trade secret protection. "If an individual discloses his trade secret

9

to others who are under no obligation to protect the confidentiality of the information, or otherwise publicly discloses the secret, his property right is extinguished." *Zabit v. Brandometry, LLC*, 540 F. Supp. 3d 412, 422 (S.D.N.Y. 2021).

Plaintiffs reveal that they voluntarily disclosed their alleged trade secrets to other car dealerships, despite AutoExpo being a single dealership. This is evident in their reference to "dealerships" in the plural form. This plural reference corresponds to the multiple dealerships independently operated by plaintiff Shakooi. Thus, by alleging that disclosure was made to "dealerships," Plaintiffs plead the voluntary disclosure of the alleged trade secrets.

At the pre-motion conference, Plaintiffs' counsel argued that even through plaintiff Shakooi's other dealerships had access, they "are related entities":

> Now, different dealerships are going to have access to their own system. Some fiduciaries, because they are including Mr. Elyahou, had access to be able to see different things for *different dealerships* because he was basically part of this whole group, and same with Mr. Shakewy. These are related entities.

(Ex. B 21:17-21:22.) However, plaintiff Shakooi's other dealership are not parties to this action, there are no allegations whatsoever to support Plaintiffs' counsel assertion that they are "related entities," nor would that allow for disclosure to those entities. The access of plaintiff Shakooi's other dealerships defeats any possible trade secret protection. *See Sapir v. Rosen*, No. 20-CV-6191 (RA), 2021 WL 4482277, at *6 (S.D.N.Y. Sept. 30, 2021) ("Yet another deficiency to Plaintiffs' trade secret allegations is that many of the documents listed in the Complaint—including all the 'loans,' 'agreements,' and other contracts—are documents that were necessarily shared with at least one other party.")

Additionally, since the other Plaintiffs are not dealerships, Plaintiffs' allegations that disclosure of their trade secrets was limited to those who owed a duty to these other Plaintiffs further demonstrates voluntary disclosure by expanding disclosure beyond AutoExpo. At the pre-

motion conference, Plaintiffs' counsel explained that other Plaintiffs "have nothing to do with auto dealership." (Ex. B 21:8-21:14.) Yet in the Complaint, it's alleged that "Plaintiffs make reasonable efforts to maintain the secrecy of this information, including limiting its disclosure to those who have a fiduciary duty *to them*. (Ex. A ¶ 313 (emphasis added).)

Thus, Plaintiffs own allegations make plain that they did not take reasonable measures to maintain their secrecy and that they in fact voluntarily disclosed their alleged trade secrets. *See Zabit v. Brandometry, LLC*, 540 F. Supp. 3d 412, 424 (S.D.N.Y. 2021) ('In fact, Plaintiffs' own allegations in the Second Amended Complaint make plain that they failed to take reasonable measures to protect the secrecy of the BTW50 Index and the underlying algorithm.")

Accordingly, Plaintiffs' DTSA claims and common law state claims should be dismissed with prejudice. *See My Mavens, LLC v. Grubhub, Inc.*, No. 20 CIV. 4657 (PGG), 2023 WL 5237519, at *24 (S.D.N.Y. Aug. 14, 2023) ("The Court concludes that the Amended Complaint does not adequately plead a misappropriation claim under the DTSA or New York law."); *see also Turret Labs USA, Inc. v. CargoSprint, LLC*, No. 21-952, 2022 WL 701161, at *3 (2d Cir. Mar. 9, 2022) ("In the absence of nonconclusory allegations that it took reasonable measures to keep its information secret, Turret Labs has not plausibly alleged that Defendants-Appellees misappropriated a "trade secret" under the DTSA. See § 1839(3)(A). Turret Labs' common-law misappropriation claim is inadequately pled for the same reason.")

### III. PLAINTIFFS HAVE NOT SUFFICIENTLY IDENTIFIED THEIR ALLEGED TRADE SECRETS

Plaintiffs' description of its alleged trade secrets lack the specificity necessary to plead the existence of a trade secret.

Plaintiffs claim, that their trade secrets are made up of "operations, services, customers, pricing, sales, and marketing strategies, including financial, business, and economic information, plans, methods, techniques, procedures, formulas, and processes", do not suffice to sufficiently identify any alleged trade secret." (Ex. A ¶ 297.) Plaintiffs also claim as a trade secret "AutoExpo's customized inventory system information." (Ex. A ¶ 279.)

However, this cursory description does not demonstrate that any of this information qualifies as a trade secret. *See Garvey v. Face of Beauty LLC*, 634 F. Supp. 3d 84, 97 (S.D.N.Y. 2022) ("Defendants' bare-bones pleading is bereft of non-conclusory allegations that could demonstrate that its customer lists, pricing, and other general business information are trade secrets.") Especially given Plaintiffs' improper group pleading of its DTSA and common law trade secret claims, Plaintiffs' description would not allow for a determination as to the sufficiency of any secrecy measures—had Plaintiff adequately alleged any. Nor does it allow for any analysis of whether the information derives independent economic value from being kept secret.

Critically, Plaintiffs do not identify any components, features, any unique algorithms, software functionalities, database structures, or other elements which allegedly differentiate AutoExpo's inventory system from that which is widely available "off-the rack" to other used car dealerships. *See My Mavens, LLC v. Grubhub, Inc.*, No. 20 CIV. 4657 (PGG), 2023 WL 5237519, at *20 (S.D.N.Y. Aug. 14, 2023) ("Here, the Amended Complaint does not allege that Defendants misappropriated source code or any other "internal processes of the software [that] are not readily identifiable, nor obvious and easily duplicated. (quoting *Dreamcatcher Software Dev., LLC v. Pop Warner Little Scholars, Inc.*, 298 F. Supp. 2d 276, 284 (D. Conn. 2004).) To the contrary, at the pre-motion conference, Plaintiffs' counsel explained that AutoExpo's inventory system was developed fifteen years ago, suggesting that whatever components AutoExpo is alleging as trade

12

secrets are now widely available in "off-the-rack type products that exist now" such as "Dealer Track." Plaintiffs' counsel explained:

> Shortly after that agreement was signed *in 2009*, AutoExpo invests its own money approximately $50,000 to develop a proprietary, for itself, inventory system. Now a lot of people have heard of Dealer Track, *these are off-the-rack type products that exist now. But at the time*, this was a specific system that was developed by them,

(Ex. B 5:7-5:20 (emphasis added).) This description contradicts the notion that "the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information," an essential proof of trade secret protection under the DTSA. 18 U.S.C.A. § 1839 (3) (B).

With regards to Plaintiffs' alleged Proprietary Business Information Memorandum, although a document name is provided, the description lacks any detail whatsoever in defining the information contained within the memorandum. (Ex. A ¶ 268.) Giving a document a title that includes the word "Proprietary" does not create trade secret protection.

In summary, for each item, Plaintiffs descriptions lack the required specificity to qualify any of the information as alleged trade secrets and to the extent that any level of specificity has been provided by Plaintiffs' counsel at the pre-motion conference, it contradicts any possibility of trade secret protection.

## CONCLUSION

For the foregoing reasons, Plaintiffs' DTSA and common law trade secret claims, their First, Second, Third, Fourth and Sixth Causes of Action of the Complaint, should be dismissed with prejudice. Since there is no viable federal claim, the Court should decline to exercise

supplemental jurisdiction over Plaintiffs' state-law claims and dismiss the Complaint in its entirety.

Dated: Carle Place, NY
        May 13, 2024

                              **STEVEN COHN, P.C.**
                              *Attorneys for Defendants Avi Eitan, Fifty Seven Consulting Corp. d/b/a Certified Auto Group a/k/a Certified Performance Motors and Fazeeda Kassim*

                              By: *Matthew Feinman*
                                   Steven Cohn
                                   Matthew Feinman
                              One Old Country Road, Suite 420
                              Carle Place, NY 11514
                              (516) 294-6410