UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

AUTOEXPO ENT INC., PEACE PROPERTIES, LLC, NETWORK REINSURANCE COMPANY INC., AUTO EXCHANGE CENTER, LLC, and CHROME INSURANCE AGENCY LLC,

                            Plaintiffs,

    v.

OMID ELYAHOU, SIMPSOCIAL LLC, FIFTY SEVEN CONSULTING CORP. d/b/a CERTIFIED AUTO GROUP a/k/a CERTIFIED PERFORMANCE MOTORS, AVI EITAN and FAZEEDA KASSIM,

                            Defendants.

-------------------------------------------------------------------X

Hon. Orelia E. Merchant
M. J. Steven L. Tiscione

Civil Action No.
2:23-cv-9249

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS AVI EITAN, FIFTY SEVEN CONSULTING CORP. D/B/A CERTIFIED AUTO GROUP A/K/A CERTIFIED PERFORMANCE MOTORS AND FAZEEDA KASSIM'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. RULE 12(b)(1) AND (6)

**THE LAW OFFICE OF STEVEN COHN, P.C.**
*Attorneys for Defendants Avi Eitan, Fifty Seven Consulting Corp. d/b/a Certified Auto Group a/k/a Certified Performance Motors and Fazeeda Kassim*
One Old Country Road, Suite 420
Carle Place, NY 11514
(516) 294-6410

i

# TABLE OF CONTENTS

| | |
|---|---|
| PRELIMINARY STATEMENT………………………………………… | 1 |
| ARGUMENT…………………………………………………………… | 1 |
| POINT I…………………………………………………………………… PLAINTIFFS' ALLEGATIONS ARE NOT ORIGINAL PLEADING | 1 |
| POINT II………………………………………………………………… PLAINTIFFS DO NOT REFUTE DISCLOSURE OF AUTOEXPO'S ALLEGED TRADE SECRETS | 3 |
| POINT III………………………………………………………………… PLAINTIFFS FURTHER DEMONSTRATE THE ABSENCE OF REASONABLE SECRECY MEASURES | 4 |
| POINT IV………………………………………………………………… PLAINTIFFS' UNEXPLAINED GROUP PLEADING VIOLATES RULE 8(a) | 6 |
| POINT V………………………………………………………………… PLAINTIFFS HAVE NOT SUFFICIENTLY IDENTIFIED THEIR ALLEGED TRADE SECRETS | 7 |
| POINT VI ……………………………………………………………… PLAINTIFFS COMMON LAW TRADE SECRET CLAIMS FAIL FOR THE SAME REASONS | 9 |
| CONCLUSION………………………………………………………… | 10 |

# **TABLE OF AUTHORITIES**

Cases:                                                                                                          page

*Art & Cook, Inc. v. Haber,*
416 F. Supp. 3d 191, 197 (E.D.N.Y. 2017)......................................................... 5

*Dreamcatcher Software Dev., LLC v. Pop Warner Little Scholars, Inc.,*
298 F. Supp. 2d 276, 284 (D. Conn. 2004)......................................................... 8

*Garvey v. Face of Beauty LLC,*
634 F. Supp. 3d 84, 97 (S.D.N.Y. 2022)............................................................. 8

*Holmes v. Allstate Corp.,*
No. 11 CIV. 1543 LTS DF, 2012 WL 627238, at *22 (S.D.N.Y. Jan. 27, 2012)..... 6

*Kyros Law P.C. v. World Wrestling Ent., Inc.,*
78 F.4th 532, 540 (2d Cir 2023)........................................................................ 3

*Mikhlin v. HSBC*
No. 08-CV-1302 (CPS), 2009 WL 485667, at *1, n. 4 (E.D.N.Y. Feb. 26, 2009).... 7

*My Mavens, LLC v. Grubhub, Inc.,*
No. 20 CIV. 4657 (PGG), 2023 WL 5237519, at *20 (S.D.N.Y. Aug. 14, 2023).... 8

*Plusgrade L.P. v. Endava Inc.,*
No. 1:21-CV-1530 (MKV), 2023 WL 2402879, at *5 (S.D.N.Y. Mar. 8, 2023)...... 4

*Rodney v. United Masters,*
No. 21 CV 5872 (DG)(LB), 2023 WL 2184865, at *6 (E.D.N.Y. Feb. 10, 2023)..... 5

*Superb Motors Inc. v. Deo,*
No. 2:23-cv-6188, 2023 US Dist LEXIS 198355 (EDNY Sep. 29, 2023)............... 1

*Turret Labs USA, Inc. v. CargoSprint, LLC,*
No. 21-952, 2022 WL 701161, at *3 (2d Cir. Mar. 9, 2022)................................ 5

*Zabit v. Brandometry, LLC*
540 F. Supp. 3d 412, 426–27 (S.D.N.Y. 2021)..................................................... 4

Statutes:

18 U.S.C.A. § 1839 ............................................................................................ 7

Defendants Avi Eitan, Fifty Seven Consulting Corp. d/b/a Certified Auto Group a/k/a Certified Performance Motors and Fazeeda Kassim (collectively, the "Certified Defendants") hereby submit this reply memorandum of law in further support of their motion pursuant to Fed. R. Civ. P. 12(b)(1) and (6) to dismiss Plaintiffs' Autoexpo Ent. Inc., Peace Properties LLC, Network Reinsurance Company Inc., Auto Exchange Center, LLC, and Chrome Insurance Agency LLC (collectively, "Plaintiffs") First, Second, Third, Fourth and Sixth Causes of Action of the Complaint, and, thereby, in the absence of a viable Federal claim, the Complaint in its entirety.

**PRELIMINARY STATEMENT**

At every turn, Plaintiffs demonstrate that this action is a baseless attempt to claim trade secret protection for information that is outdated, was never kept secret, and was freely disclosed to Shahkoohi's other dealerships. Worse yet, Plaintiffs' trade secret claims are verbatim copies of allegations from another action filed by Plaintiffs' counsel.

**ARGUMENT**

**I.    PLAINTIFFS' ALLEGATIONS VERBATIM COPY *SUPERB* ALLEGATIONS**

Plaintiffs' Opposition refers to *Superb Motors Inc. v. Deo*, No. 2:23-cv-6188, 2023 US Dist LEXIS 198355 (EDNY Sep. 29, 2023) eighteen times, emphasizing "strikingly similar DTSA claims," but remarkably omitting that their counsel drafted the Complaint in *Superb*—and verbatim copied those "strikingly similar" allegations when drafting the Complaint in this action (Opp. at 9). For instance, *comparing* Exhibit A *with* Exhibit C:

| *AutoExpo et al. v. Elyahou et al.* | *Superb Motors Inc.* et al. *v. Deo* et al. |
|---|---|
| 171. Elyahou illegally imparted the confidential know-how Shahkoohi imparted to him, as well as the proprietary information AutoExpo had | 218. Deo illegally imparted the confidential know-how Urrutia imported to him, as well as the proprietary information Superb had in |

1

| | |
|---|---|
| in its possession, i.e., AutoExpo's customer lists with contact information of its customers, customized inventory system, and other sensitive information, to these employees for the purpose of setting up Elyahou's own group of dealerships at Certified and, upon information and belief, elsewhere. | its possession, i.e., Superb's customer lists with contact information of its customers, customized Tekion DMS system, and other sensitive information to these employees for the purpose of setting up Deo's own group of dealerships. |
| 172. Elyahou and the employees he poached misappropriated AutoExpo's customer list and used it to divert AutoExpo's customers to other dealerships, including those in which Elyahou had an interest. | 219. Deo and the employees he poached misappropriated Superb's customer list and used it to divert Superb's customers to other dealerships, including those in which Deo had an interest. |
| 261. AutoExpo took many reasonable measures to keep its confidential information secret, including restricting access to this information only to employees who have a fiduciary duty to AutoExpo, all of whom are required to maintain it in a secured computer system protected by firewalls and other appropriate safeguards, such as usernames and passwords. (Ex. A.) | 248. Superb took many reasonable measures to keep its confidential information secret, including restricting access of this information only to employees who have a fiduciary duty to Superb, all of whom are required to maintain it in a secured computer system protected by firewalls and other appropriate safeguards, such as usernames and passwords. (Ex. B.) |
| 280. Plaintiffs have made and make reasonable efforts to maintain the secrecy of this information, including limiting its disclosure to those who owe a fiduciary duty to the dealerships. (*Id.*) | 337. Plaintiffs have made and make reasonable efforts to maintain the secrecy of this information including limiting its disclosure to those who owe a fiduciary duty to the dealerships, i.e., Deo. (*Id.*) |
| 295. Defendants improperly acquired AutoExpo's trade secrets, including information regarding its business, operations, services, customers, pricing, sales, and marketing strategies, and other confidential business and/or financial information that was secret, valuable in the industry, and had not been disclosed to anyone except those with a fiduciary duty who were obligated to keep this information confidential. (*Id.*) | 351. Defendants improperly acquired Superb's trade secrets, including information regarding its business, operations, services, customers, pricing, sales and marketing strategies, and other confidential business and/or financial information that was secret, valuable in the industry, and had not been disclosed to anyone except those with a fiduciary duty who were obligated to keep this information confidential. (*Id.*) |
| 313. Plaintiffs make reasonable efforts to maintain the secrecy of this information, including limiting its | 353. Superb has taken reasonable measures to keep such information secret by, among other things, limiting |

2

| disclosure to those who have a fiduciary duty to them. (*Id.*) | highly sensitive information to those who have a fiduciary duty to Superb. (*Id.*) |
|---|---|
| 288. Defendants have used AutoExpo's confidential information and trade secrets to sell vehicles, through interstate commerce, and to compete with Plaintiffs, causing substantial loss of sales to them and damage to its relationships with its clients and the potential obliteration of the Plaintiffs' dealerships. (*Id.*) | 345. Defendants have used Superb's confidential information and trade secrets to sell vehicles, through interstate commerce, and compete with Plaintiffs, causing substantial loss of sales to Plaintiffs and damage to its relationships with its clients and the potential obliteration of the Plaintiffs' dealerships. (*Id.*) |
| 282. Indeed, Defendants utilized this very information as a road map to open a competing group of dealerships and to unfairly compete against AutoExpo in dastardly fashion. (*Id.*) | 340. Indeed, Defendants utilized this very information as a road map to open a competing group of dealerships and to unfairly compete against Superb in dastardly fashion. (*Id.*) |

Plaintiffs' repeated references to *Superb*, emphasizing "strikingly similar DTSA claims," is misleading given that Plaintiffs' own counsel verbatim copied the crucial DTSA allegations from *Superb* when drafting the Complaint in this Action. (*Compare* Ex. A *with* Ex. C.) This verbatim copying severely calls into question Plaintiffs' ability to demonstrate that its allegations meet the evidentiary support requirements of Rule 11. *See, e.g., Kyros Law P.C. v. World Wrestling Ent., Inc.*, 78 F.4th 532, 540 (2d Cir 2023) (upholding Rule 11 sanctions where, *inter alia*, plaintiff "indiscriminately cut and pasted from a complaint filed in the National Football League ('NFL') concussion litigation".)

Furthermore, in *Superb*, the Court observed that that the Complaint "does not set out an exemplar of a DTSA claim . . . ." 2023 US Dist. LEXIS, at *37-38. Plaintiffs' verbatim copying of those allegations, and thus their failure to set forth original pleadings of crucial allegations, immediately falls short of stating plausible grounds for trade secret protection. The absence of

3

original pleadings of crucial fact-specific allegations alone justifies dismissal, compounded by other deficiencies in Plaintiffs' claims warranting dismissal with prejudice.

## II. PLAINTIFFS DO NOT REFUTE DISCLOSURE OF AUTOEXPO'S ALLEGED TRADE SECRETS

Plaintiffs conspicuously avoid contesting the disclosure of AutoExpo's purported trade secrets to Shahkoohi's other dealerships and businesses. They provide no declaration, no amended allegations and they do not otherwise affirmatively contend that there was no disclosure outside of AutoExpo—a telling omission under the circumstances.

As a direct response to having disclosed AutoExpo's purported trade secrets to Shahkoohi's other dealerships and businesses, Plaintiffs assert that AutoExpo is both a "subsidiary" and a "related entity" of Shahkoohi's other dealerships and businesses, which only further demonstrates that disclosure occurred. (*See* Opp. Br. at 16-17; Ex. B 21:8-21:12.) Absent disclosure to these entities, these arguments would be irrelevant since there would simply be no disclosure beyond AutoExpo itself.

Furthermore, Plaintiffs fail to allege that AutoExpo qualifies as either a subsidiary or a related entity of Shahkoohi's other dealerships and businesses. Courts adhere to legal separateness. *Plusgrade L.P. v. Endava Inc.*, No. 1:21-CV-1530 (MKV), 2023 WL 2402879, at *5 (S.D.N.Y. Mar. 8, 2023) ("The existence of some overlapping officers and directors does not meet the mark.") Nevertheless, Plaintiffs cite no case supporting the notion that disclosure to a subsidiary is excused based solely on a subsidiary or related entity relationship.

In sum, AutoExpo's disclosure of its alleged secrets is substantiated by its own allegations, the absence of a failure to clarify that there was no disclosure beyond AutoExpo, and Plaintiffs' unsupported contention of AutoExpo's relationship as a "related entity" or "subsidiary" of Shahkoohi's other dealerships and businesses.

4

### III. PLAINTIFFS FURTHER DEMONSTRATE THE ABSENCE OF REASONABLE SECRECY MEASURES

Plaintiffs argue that it "cannot be determined as a matter of law on a pleadings motion, that the measures taken by Plaintiffs were unreasonable" (Opp. Br. 15). This is clearly not the case. Plaintiffs fail to reconcile this argument with the array of case law cited by Defendants (in which it was determined on a pleadings motion that the plaintiff failed to state reasonable secrecy measures. (*See* MOL at 7-11.)

Plaintiffs also claim that "the Complaint alleges reasonable measures taken by limiting access to this information to only employees who owed AutoExpo a fiduciary duty." This argument is insufficient as a matter of law. As explained in *Zabit v. Brandometry, LLC*, a duty of loyalty "does not somehow transform this freely-shared information into a secret. To hold otherwise would risk expanding the limited category of 'trade secrets' to cover any confidential information. But it is well-settled that trade secrets 'are a narrow category of confidential information.'" 540 F. Supp. 3d 412, 426–27 (S.D.N.Y. 2021). Thus, "merely having a duty of loyalty does not qualify," as a reasonable secrecy measure. *Id.*

Furthermore, Plaintiffs' disconnected references to an alleged 2008 agreement do not demonstrate reasonable secrecy measures. *See Rodney v. United Masters*, No. 21 CV 5872 (DG)(LB), 2023 WL 2184865, at *6 (E.D.N.Y. Feb. 10, 2023) ("Plaintiff provides no case law, and this Court is unaware of any, to support the proposition that an implied contract of confidentiality constitutes a 'reasonable measure' to protect a trade secret."). Plaintiffs do not plead the essential terms of this alleged 2008 agreement and thus fail to plead the existence of any binding terms of that alleged agreement. Nevertheless, they do not demonstrate its relevance in establishing reasonable secrecy measures.

Regarding Plaintiffs' argument that access was protected by firewalls and other safeguards like usernames and passwords, they only merely repeat the conclusory allegations of the Complaint—which are verbatim copied from *Superb*. *See Turret Labs USA, Inc. v. CargoSprint, LLC*, No. 21-952, 2022 WL 701161, at *3 (2d Cir. Mar. 9, 2022) ("In the absence of nonconclusory allegations that it took reasonable measures to keep its information secret, Turret Labs has not plausibly alleged that Defendants-Appellees misappropriated a 'trade secret' under the DTSA.") Nevertheless, absent more, Plaintiffs conclusory allegations do not state reasonable secrecy measures. *See, Art & Cook, Inc. v. Haber*, 416 F. Supp. 3d 191, 197 (E.D.N.Y. 2017) (observing that plaintiff's trade secret cause of action "may be susceptible to a motion to dismiss," where, ""absent more," it was alleged that "Plaintiff took other steps to secure its information, such as utilizing a password-protected server, password-protected folders, and a third-party internet security company to protect its servers from outside hacking"). In merely repeating their conclusory allegations copied from *Superb*, Plaintiffs have not plausibly stated reasonable secrecy measures.

## IV. PLAINTIFFS' UNEXPLAINED GROUP PLEADING VIOLATES RULE 8(a)

Plaintiffs do not explain why they have group pleaded their trade secrets claims or why they have refused to amend them. Defendants only argue in response that "[C]ourts have typically held that group pleading only becomes an issue where a complaint pleads 'defendants' collectively, as opposed to 'plaintiffs' collectively'" (Opp. 19.) This argument disregards the plain fact that Plaintiffs' trade secret causes of action are pleaded by all plaintiffs *and* all defendants. In all events, it entirely sidesteps the point that Rule 8(a) is violated when a plaintiff, by engaging in group pleading, fails to give each defendant fair notice of the claims against them. *See Holmes v. Allstate Corp.*, No. 11 CIV. 1543 LTS DF, 2012 WL 627238, at *22 (S.D.N.Y. Jan. 27, 2012).

Plaintiffs continue to obscure central allegations by lumping all Plaintiffs together and referencing fiduciary duties owed to unspecified Plaintiffs as the basis of Plaintiffs' trade secret claims, thereby failing to give each defendant fair notice of the claims against them. Plaintiffs curiously cite *Holmes v. Allstate Corp.*, where the Court found that the Amended Complaint failed to meet the pleading requirements of Rules 8(a) and 9(b), stating that "[t]he most glaring defect, under both rules, is Plaintiffs' pervasive 'group pleading,' which included plaintiffs' allegations concerning 'the injuries sustained by *"plaintiffs" (referred to collectively)*...'" 2012 WL 627238, at *25 (emphasis added). The Court noted that regarding the lumping of plaintiffs, "the Amended Complaint fails to specify whether [plaintiff] Holmes entrusted any of his own money to any defendant, and, if not, the nature of the consideration he may have provided for any promises made to him personally." *Id.* Furthermore, the Court advised "that Plaintiffs and their counsel be strongly cautioned by the Court that, if they choose to proceed with a further amendment, [] they take care to plead the claims of the [plaintiff] Church and of [plaintiff] Holmes individually, with allegations that show a basis for each claim, as to the plaintiff asserting it." *Id.*, at 26 (emphasis added).

Thus, Plaintiffs contention that Rule 8(a) does not apply when plaintiffs are lumped together is refuted by the very case law which Plaintiffs cite. In *Mikhlin v. HSBC*, for example, the Court dismissed RICO claims pursuant to Rule 12(b)(6), with prejudice, explaining, in part, that plaintiffs' "Complaint, however, does not differentiate among the parties, frequently lumping all plaintiffs or all defendants together, which, in part, gives rise to some of the issues discussed below." No. 08-CV-1302 (CPS), 2009 WL 485667, at *1, n. 4 (E.D.N.Y. Feb. 26, 2009).

Here, all of Plaintiffs' trade secrets claims lump all Plaintiffs and all Defendants together. Having chosen not to amend their Complaint despite ample opportunity and having verbatim

7

copied their crucial trade secret allegation from *Superb*, Plaintiffs' trade secret claims should be dismissed with prejudice.

## V.  PLAINTIFFS HAVE NOT SUFFICIENTLY IDENTIFIED THEIR ALLEGED TRADE SECRETS

Plaintiffs' do nothing but repeat their conclusory allegations, which are copied from *Superb*, to identify their alleged trade secrets while completely avoiding their own counsel's explanation which demonstrates that there is no alleged independent value of not being publicly known of AutoExpo's alleged trade secrets because, "[n]ow a lot of people have heard of Dealer Track, these are off-the-rack type products that exist now. But at the time, this was a specific system that was developed by them." (Ex. B 5:7-5:20 (emphasis added).)   This description of past tense independent value, long having been superseded by "Dealer Track" and other "off-the-rack type products that exist now," is contrary to pleading that "the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means," as is required under  18 U.S.C.A. § 1839 (3) (B). Plaintiffs completely avoid this critical fact, and in fact further demonstrate it by explaining that the inventory system was developed "between 2009 and 2014," further suggesting that they are attempting to recycle outdated information that was never kept secret.

Indeed, Plaintiffs yet still do not identify any components, features, any unique algorithms, software functionalities, database structures, or other elements which allegedly differentiate AutoExpo's inventory system from that which is widely available "off-the rack" to other used car dealerships. *See My Mavens, LLC v. Grubhub, Inc.*, No. 20 CIV. 4657 (PGG), 2023 WL 5237519, at *20 (S.D.N.Y. Aug. 14, 2023) ("Here, the Amended Complaint does not allege that Defendants misappropriated source code or any other "internal processes of the software [that] are not readily

8

identifiable, nor obvious and easily duplicated. (quoting *Dreamcatcher Software Dev., LLC v. Pop Warner Little Scholars, Inc.*, 298 F. Supp. 2d 276, 284 (D. Conn. 2004).)

With respect to Plaintiffs' listing of other alleged trade secrets, they do nothing but repeat the listing of them in wholly conclusory form, which does not demonstrate that any of the information derives independent economic value from being kept secret. *See Garvey v. Face of Beauty LLC*, 634 F. Supp. 3d 84, 97 (S.D.N.Y. 2022) ("Defendants' bare-bones pleading is bereft of non-conclusory allegations that could demonstrate that its customer lists, pricing, and other general business information are trade secrets.") Especially given Plaintiffs' improper group pleading of its DTSA and common law trade secret claims and verbatim copying from *Superb*, Plaintiffs' description would not allow for a determination as to the sufficiency of any secrecy measures—had Plaintiff adequately alleged any. Nor would it allow for any analysis of whether the information derives independent economic value from being kept secret.

Plaintiffs' descriptions lack the required specificity to qualify any of the information as alleged trade secrets and to the extent that any level of specificity has been provided by Plaintiffs', it contradicts any possibility of trade secret protection by demonstrating that Plaintiffs' alleged trade secrets are devoid of independent economic value from not being generally known.

## VI. PLAINTIFFS COMMON LAW TRADE SECRET CLAIMS FAIL FOR THE SAME REASONS

Given the deficiencies in Plaintiffs' allegations outlined above, the Court should dismiss both Plaintiffs' DTSA claims and common law trade claims with prejudice. (*See* MOL at 11; *see also* Opp. at 20, n. 8 (noting, "[a]s this Court observed in *Superb Motors*, 'the requirements for showing a misappropriation of a trade secret are similar under state and federal law'").)

## CONCLUSION

For the foregoing reasons, Plaintiffs' DTSA and common law trade secret claims, their First, Second, Third, Fourth and Sixth Causes of Action of the Complaint, should be dismissed with prejudice. Since there is no viable federal claim, the Court should decline to exercise supplemental jurisdiction over Plaintiffs' state-law claims and dismiss the Complaint in its entirety.

Dated: Carle Place, NY
July 1, 2024

**STEVEN COHN, P.C.**
*Attorneys for Defendants Avi Eitan, Fifty Seven Consulting Corp. d/b/a Certified Auto Group a/k/a Certified Performance Motors and Fazeeda Kassim*

By: */s/ Matthew Feinman*
　　Steven Cohn
　　Matthew Feinman
One Old Country Road, Suite 420
Carle Place, NY 11514
(516) 294-6410