# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**

_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

September 25, 2024

**VIA ECF**
Honorable Steven L. Tiscione, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    **AutoExpo Ent. Inc., et al. v. Omid Elyahou et al.**
             **Case No.: 2:23-cv-09249 (OEM) (ST); Joint Status Report**

Dear Judge Tiscione:

      This firm represents Plaintiffs in the above-action. Pursuant to Your Honor's directive at the May 9, 2024 oral arguments, Plaintiffs respectfully submit this status report and renew their April 25, 2024 request for a scheduling conference for the commencement of discovery.[1] Simultaneously, Plaintiffs are filing a separate motion for leave to amend the Complaint to add a related party and assert new causes of action for violations of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*[2] That motion is incorporated herein.

Status

      On April 12, 2024, Judge Merchant granted the Elyahou Defendants and Certified Defendants leave to file separate motions to dismiss the Complaint in the above-action. Defendants argued that Plaintiffs' federal claims asserted under the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836 ("DTSA") were not sufficiently stated, and that the Court lacked jurisdiction and should not assert supplemental jurisdiction of claims under state law. Plaintiffs opposed Defendants' motions to dismiss. Those motions were submitted on July 1, 2024 (Dkt. 37-39). No decision has yet been rendered on those motions.

---

[1] Plaintiffs sought to submit this jointly with Defendants Omid Elyahou and SimpSocial, LLC (collectively the "Elyahou Defendants") and Defendants Avi Eitan, Fifty Seven Consulting Corp. d/b/a Certified Auto Group a/k/a Certified Performance Motors and Fazeeda Kassim (collectively the "Certified Defendants," collectively, the "Defendants"), and with that aim, emailed a draft letter that included a section for both sets of Defendants to insert their respective positions. (*See* emails, collectively annexed hereto as Ex. "A"). The Elyahou Defendants and Certified Defendants both "object[ed]" to the joint status report, and nonsensically, suggested a "meet and confer". Ex. "A".

[2] On April 12, 2024, the undersigned advised the Hon. Orelia E. Merchant that "I have to research them. But I anticipate there may be claims under ERISA, so that's an additional federal claim." (Dkt. 28-1, pp. 24-25). We also advised Your Honor of the same on May 9, 2024.

September 25, 2024
Page 2

<u>Plaintiffs' Renewed Request For A Scheduling Conference</u>

       On April 25, 2024, before the motions to dismiss were submitted, Plaintiffs requested a scheduling conference. (Dkt. 24). In response, Defendants moved to stay discovery (Dkt. 25-26) and Plaintiffs opposed on May 7, 2024 (Dkt. 27). The parties appeared for a telephonic conference before Your Honor on May 9, 2024. On that date, Your Honor stayed discovery on this case for a period of 90-days (i.e. until August 7, 2024). (Ex. "B"; Dkt. 29). The Court's reasoning was as follows:

> I don't think there's any huge prejudice here by delaying discovery <u>for a little bit</u> to accommodate the motion practice and potentially saving ourselves a lot of work if the motion ends up being successful. So I'm going to stay discovery for a period of 90 days. If the parties want to kind of give me a report on where things stand at that point and whether or not it makes sense to exchange even some information discovery for settlement discussions, you know, <u>we can revisit the issue if it starts dragging out too long. That way there won't be too long of a delay</u> but you know, if this is going to get resolved quickly, better to hold off and not get into some of these fights that I think would be better served to wait and see a district court's take on this first before we wade into some of the disputes.

(Ex. "B", p. 20).

       In light of the time that has passed, the Court's willingness to revisit the issue, and the fact that Plaintiffs seek to add ERISA claims for which this Court has subject matter jurisdiction, Plaintiffs respectfully request that the stay on discovery be lifted. Plaintiffs respectfully refer to their arguments as set forth in their May 7, 2024 letter (Dkt. 27) and as set forth in the simultaneous motion for leave to amend the Complaint.

       We thank the Court for its attention to this matter.

                                Respectfully submitted,

                                *Michael C. Mulè*
                                Michael C. Mulè

Encl.

cc: All Counsel of Record