**MILMAN LABUDA LAW GROUP PLLC**
3000 MARCUS AVENUE
SUITE 3W8
LAKE SUCCESS, NY 11042

TELEPHONE (516) 328-8899
FACSIMILE (516) 328-0082

**VIA ECF**  September 25, 2024
The Honorable Steven L. Tiscione
United States Magistrate Judge
U.S. District Court, Eastern District of New York
225 Cadman Plaza East, Brooklyn, NY 11201

      **Re: AutoExpo Ent. Inc. et al v. Elyahou et al, 2:2023-cv-09249-OEM-ST**

Dear Judge Tiscione:

      We represent Plaintiffs AutoExpo Ent. Inc. ("AutoExpo"), Peace Properties LLC, Network Reinsurance Company Inc., Auto Exchange Center, LLC and Chrome Insurance Agency LLC (collectively, "Plaintiffs") in the above-action. In accordance with the individual practices and rules of the Hon. Orelia E. Merchant (III.A.2.), we write to respectfully request this Court to grant Plaintiffs leave to amend their complaint to add one additional party defendant, United Citizens Warranty LLC, and assert new causes of action for violations of and breaches under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*[1]

      Pursuant to Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." We sought opposing counsels' consent, but they have refused to consent (*see* Dkt. 41, Ex. "A" thereto). Plaintiffs seek leave for an amendment at this juncture because, as a result of further investigation since the filing of the original complaint, Plaintiffs have discovered significantly more information regarding the Defendants' actions, particularly the actions of Defendants Omid Elyahou ("Elyahou") and Fazeeda Kassim ("Kassim"), that support multiple causes of action under ERISA as well as an additional claim against United Citizens Warranty LLC, an entity wholly-owned by Elyahou.[2] (Clean and redlined copies of the draft First Amended Complaint are, respectively, annexed hereto as Exhibits "A" and "B").

      "When considering whether to grant leave pursuant to Rule 15(a), a court looks to factors such as undue prejudice to the opposing party, undue delay, bad faith or dilatory motive, and futility." *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)).

---

[1] It is also contemplated that Plaintiffs would correct typos that appeared in the original Complaint and make other minor edits.

[2] We note further that on April 12, 2024, the undersigned advised Judge Merchant that "I have to research them. But I anticipate there may be claims under ERISA, so that's an additional federal claim." (Dkt. 28-1, pp. 24-25). We also advised your Honor of the same on May 9, 2024. (*See* Dkt. 41, Ex. "B" thereto). The proposed additional ERISA causes of action may impact Defendants' pending Motion to Dismiss.

September 25, 2024
Page 2

"Leave to amend should be denied when an amendment would be 'futile' because the amendment fails to state a claim upon which relief can be granted." *See Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012).

"Here, there is no evidence of undue prejudice or delay, bad faith or dilatory motive. The only question [before this court] is whether amendment would be futile because Plaintiff cannot state a claim under ERISA." (*Jeffrey Farkas M.D., LLC v Group Health, Inc.*, 2019 US Dist LEXIS 17756, at *11-12 [SDNY Feb. 1, 2019])

The facts in *Jeffrey Farkas M.D., LLC v Group Health, Inc* are nearly identical to those of the case at bar. Here, the Plaintiffs have discovered significantly more information than they were aware of at the time of the initial filing and as such, have included over 100 additional paragraphs of allegations related to this newly found information. Plaintiffs do not seek to create a delay or act in bad faith, rather solely seek the ability to bring forth all known and newly discovered facts before the Court.

As set forth in the proposed First Amended Complaint, among other facts, Plaintiff Auto Expo established a 401(k) Plan (the "Plan") in 2006. As set forth therein, at relevant times until the beginning of 2024, Elyahou and/or Kazeem were fiduciaries of the Plan. Among other conduct, Elyahou, without ownership's approval, purported to amend the Plan with a falsified board resolution, creating unauthorized company matches to ingratiate himself to Kassim and others, and with the complicity of Kassim, moved the Plan from its previous Administrator to a new Administrator, all without authority. Then, in November 2022, shortly before Elyahou agreed to relinquish management of AutoExpo, Elyahou, with Kassim's assistance, engaged in a tax evasion scheme by having over $500,000 withdrawn from Plan so that he could purchase a $2 ½ million home, without having any proper documentation. These acts, and others, were in gross violation of ERISA, have damaged AutoExpo and must be rectified.

Therefore, based on the foregoing, Plaintiffs respectfully request this Court to grant Plaintiffs leave to amend their complaint.

Respectfully submitted,
**MILMAN LABUDA LAW GROUP PLLC**
*/ s / Michael C. Mulè*
Michael C. Mulè

Encl.
cc:     All counsel (via ECF)