Steven Cohn, P.C.<br>
One Old Country Road - Suite 420<br>
Carle Place, New York 11514

TEL. (516) 294-6410
FAX: (516) 294-0094

STEVEN COHN
SUSAN E. DANTZIG
MITCHELL R. GOLDKLANG
ALAN S. ZIGMAN
JEFFREY H. WEINBERGER
PETER CHATZINOFF
MATTHEW T. FEINMAN

October 11, 2024

Via ECF Filing
Honorable Steven Tiscione
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re: *AutoExpo Ent. Inc., et al. v. Elyahou, et al.*,
<u>Case No.: 23-cv-9249</u>, Opposition to Plaintiffs' Motions

Magistrate Judge Tiscione:

On behalf of the defendants Avi Eitan, Fifty Seven Consulting Corp. d/b/a Certified Auto Group a/k/a Certified Performance Motors, and Fazeeda Kassim (collectively, "Certified Defendants"), we hereby oppose Plaintiffs Autoexpo Ent. Inc., Peace Properties LLC, Network Reinsurance Company Inc., Auto Exchange Center, LLC, and Chrome Insurance Agency LLC (collectively, "Plaintiffs") Motions to Amend the Complaint and to Renew Discovery. (Dkt. Nos. 41, 42, 42-1).

As for Plaintiffs' Motion to Renew Discovery, there is no change in circumstances to lift the stay. The outcome of Defendants' Motions to Dismiss significantly affects federal subject matter jurisdiction, and the scope of discoverable information. For the same reasons discovery is currently stayed, it should remain stayed.

With respect to Plaintiffs' Motion to Amend the Complaint, it should be considered after a decision on Defendants' Motion to Dismiss. Alternatively, any proposed amendment should be considered with Defendants' pending Motion to Dismiss and applied to Plaintiffs' First, Second, Third, Fourth and Sixth Causes of Action, without prejudice to Defendants' right to seek move to dismiss Plaintiffs' proposed amended claims.

"Leave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962).) If a plaintiff amends its complaint as of right "while a motion to dismiss is pending, the court then has a variety of ways in which it may deal with the pending motion to dismiss, from denying the motion as moot to considering the

1

merits of the motion in light of the amended complaint." *Jackson v. Caribbean Cruise Line, Inc.*, No. 14-cv-2485 (ADS) (AKT), 2015 U.S. Dist. LEXIS 18783, 2015 WL 667862, at *1 (E.D.N.Y. Feb. 17, 2015) (quoting *Sussman-Automatic Corp. v. Spa World Corp.*, 15 F. Supp. 3d 258 (E.D.N.Y. 2014).)

Considering the procedural posture at hand, Plaintiffs' Motion for leave to Amend the Complaint should not render Defendants' Motions to Dismiss moot. During the April 12, 2024, Pre-Motion Conference, Defendants were offered an opportunity to seek leave to amend their Complaint to add any ERISA claims before the Court set a briefing schedule on Defendants' Motions:

> MR. FEINMAN: Yes, your Honor. Certainly, giving Mr. Mule more time to see if he has potentially other claims, we would certainly object to this. . . . His response was: I want to see if we have additional claims. So we would object to any sort of giving Mr. Mule more time to see if he has more claims.
>
> THE COURT: I agree on that. Because this conference was set to discuss what was pending before the Court. And now you've introduced something really an hour into this conference and you could have opened with: In addition to everything that I've said, I also have additional claims that I'd like to add, actually, I'd like to have more time. And you could have asked then, notwithstanding whatever arguments defense counsel might have made, appeal to the Court to ask for time to amend the complaint and to say that this might all be moot in someway. What I don't want to do is waste defense counsels' time and/or any of the parties time or efforts or any energy on this. And that is to allow the passage of time for you to just investigate with no certainty. As you came here, if you didn't come here thinking you were going to amend the complaint with regard to an ERISA claim, then now is not the time to just brainstorm on it. Right. I would be inclined to set a briefing schedule for the motion to dismiss and if you decide that you have a ERISA claim that you want to bring, a bona fide claim for some reason, make that application. I'll rule on it and see if it makes sense, because it shouldn't of interrupt the briefing schedule that I have set.

(Dkt. No., Tr. 25:12-26:25.)

\*     \*     \*     \*

> THE COURT: So the only thing I would say, I would suggest that we should talk about -- I know that you have an objection to an amended of the complaint in general. By the same token, without tying it to the filing of your papers right now or me setting the schedule, *I am inclined to give a short tight amount of time for plaintiffs to file an amended complaint or request to file one,* if it is that they think they have additional claims. And set a time for it rather than just allow it to be out there for a while. *My inclination would be to say plaintiff's counsel, based on your representations that you might have something that you just discovered two days ago, that I give you until the end of the month to file an amended complaint, or request to file an amended complaint.* And my rules provide that you would then

2

have to attach that complaint in that request. And parallel to that, set the briefing schedule and that would allow you to tee-up whatever claims, if things still remain there that we anticipate will. And then a few more weeks address any new claims that might be filed. But I would just like to hear from the parties on that.

MR. FEINMAN: Your Honor, that would make perfect sense from a judicial economy perspective. My only issue is, respectfully, Mr. Mule has not said: You're right, there is pleading deficiencies; or, you're right we were planning to file an amended complaint. I'm not sure. It seems like the idea of an amended complaint was raised as a non-response, respectfully, to your question. So I just haven't heard Mr. Mule say: We will be filing an amended complaint. If that's the case, we wouldn't object to it. But I don't see, even the claims that he's raised, unless I'm missing something, even affecting my clients. But if the Court would like, we would consent to whatever you think reasonable. My main objection is I just haven't heard Mr. Mule say: We want to file an amended complaint. I would think either he commits to doing that or not.

THE COURT: Okay. Counsel Mule?
MR. MULE: We're ready to proceed with whatever the Court as far as a motion to dismiss briefing schedule on the complaint *as it stands*.

THE COURT: Let's go with that then.

(Dkt. No. 23 31:16-33:7 (emphasis added).)

Given that Plaintiffs elected to proceed with their Complaint as it stood, and then waited five months after the Pre-Motion Conference with Defendants' Motions to Dismiss fully briefed to seek leave to amend, Plaintiffs should not be allowed to moot Defendants' Motions. Their proposed amendments should be considered after or with Defendants' Motions, without prejudice to Defendants' right to move to dismiss Plaintiffs' proposed amended claims.

With respect to Plaintiffs' proposed amendments as they relate to defendant Fazeeda Kassim, Plaintiffs conflate separate transactions and different defendants, thereby failing to state their amended claims with requisite specificity. Plaintiffs allege, "Kassim orchestrated a scheme to establish a new Plan making Elyahou the sole Trustee, and in effect, giving Elyahou complete control over the plan without obtaining consent from AutoExpo." ¶ 226. Critically, after alleging that Elyahou was given sole control of the plan, Plaintiffs allege "that "Elyahou *and/or Kassim* violated their fiduciary and other obligations under ERISA by, among other acts, purporting to amend the Plan, without authority, and falsely representing that AutoExpo's Board of Directors' approved such amendments; by purporting to authorize *the April 2022 Withdrawal and/or House Payment* from AutoExpo's 401(k) account at JP Morgan Chase . . . ." ¶ 494 (emphasis added.) In conflating different transactions–"the April 2022 Withdrawal and/or House Payment," and separate defendants–"Elyahou and/or Kassim," with the use of "and/or," Plaintiffs' proposed claims lack the required specificity to state a claim against Fazeeda Kassim.

3

Respectfully submitted,

/s/ Matthew Feinman
Matthew Feinman, Esq.