

**Matin Emouna**
*Admitted in NY, NJ & CT*
memouna@emiklaw.com

October 15, 2024

Honorable Steven L. Tiscione
United States District Court,
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re: *AutoExpo Ent. Inc., et al. v. Elyahou, et al.,*
        Case No.: 23-cv-9249

Dear Magistrate Tiscione:

  Hope this correspondence finds you well. As you are aware this firm represents, Omid Elyahou, and Simpsocial LLC, and Law Offices of Steven Cohn PC represent, Avi Eitan, Fifty Seven Consulting Corp. d/b/a Certified Auto Group a/k/a Certified Performance Motors, and Fazeeda Kassim, in the aforementioned matter.

  I write in Opposition to Plaintiffs' Letter Motion filed on September 25, 2024, (*See* Dkt. No. 41) requesting a scheduling conference for the commencement of discovery. Simultaneously, Plaintiffs are filing a separate motion for leave to amend the Complaint to add a related party and assert new causes of action for violations of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*

## PROCEDURAL HISTORY

### NASSAU COUNTY INDEX NO.: 617795/2023

  On October 30, 2023, Elyahou as a twenty percent (20%) shareholder of AutoExpo commenced a Special Proceeding in Nassau County Supreme Court, under Index No.: 617795/2023, pursuant to New York Business Corporation Law (BCL) §624 to inspect books and records of the Company.

  On November 27, 2023 Respondents Michael Shahkoohi ("Shahkoohi') and Ramin Baratian ("Baratian") appeared by counsel, Michael C. Mulè, Esq. and Emanuel Kataev, Esq of the law firm Milman Labuda Law Group, PLLC filed a Cross Motion for an Order: (i) dismissing this petition due to a prior pending action, or alternatively, dismissing this petition for failure to state a claim upon which relief can be granted; (ii) compelling the Petitioner to produce AutoExpo's books and records in his possession and turn over all AutoExpo property, customer lists, customer information, financial information, and any other information, confidential or otherwise, obtained during his relationship with AutoExpo, as well as all login, password and administration rights for all platforms used for business accounts and licensing such as marketing, financial and accounting; and (iii) for sanctions against Petitioner for engaging in frivolous litigation, together with such other and further relief this Court may deem just, equitable, and proper. This Special Proceeding, under Index No.: 617795/2023 was assigned to the Honorable Sharon M. J. Gianelli, and was fully briefed on January 8, 2024 and awaiting decision.

### NASSAU COUNTY INDEX NUMBER 617486/2023

  AutoExpo commenced an action in Nassau Supreme Court under Index Number 617486/2023 by filing a Summons with Notice on October 26, 2023. Defendants Omid Elyahou ("Elyahou") and SimpSocial LLC ("SimpSocial") appeared and made a Demand for the Complaint on November 6, 2023. The parties stipulated to extend Plaintiff's time to file a complaint through December 18, 2023.

On December 18, 2023, rather than filing a Complaint in Nassau Country Supreme Court, where they commenced the instant action Plaintiffs filed the instant Complaint in United States District Court for the Eastern District of New York, and further made a motion in Nassau County pursuant to (i)§ 3217(b) of the New York Civil Practice Law and Rules (hereinafter the "CPLR") dismissing this action without prejudice in favor of a case filed in the United States District Court for the Eastern District of New York; or alternatively, (ii) §§ 2004, 2005, and 3012(d) of the CPLR, extending the time within which the Plaintiff may serve a complaint in this action; and (iii) granting the Plaintiff such other and further relief as this honorable Court deems just, proper, and equitable.   This action, under Index No.: 617486/2023 was assigned to the Honorable Sharon M. J. Gianelli, and was fully briefed on January 3, 2024, and awaiting decision.

**INSTANT MATTER EDNY CASE NO.: 2:23 CV 9249**

On December 18, 2023, Plaintiffs commenced this action, against Defendants.

On February 20, 2024, the Defendants herein filed a Pre-Motion Conference.  (Dkt. No. 15).

On April 12, 2024, a pre-motion conference concerning all Defendants' Motion to Dismiss was held before Honorable Orelia E. Merchant.[1] During the conference, it became evident that Plaintiffs' Defense Trade Secrets Act ("DTSA") claim was deficient. Despite numerous opportunities offered by Judge Merchant to amend their Complaint, Plaintiffs declined to do so, clinging to their flawed DTSA claim while attempting to hedge their refusal by suggesting they were exploring other claims unrelated to any DTSA claim that could invoke Federal Subject Matter Jurisdiction. Consequently, Judge Merchant established a briefing schedule for the Certified Defendants' Motion to Dismiss, as set forth: Defendants' papers are to be served on or before May 13, 2024; Plaintiffs' opposition papers are to be served on or before June 10, 2024; Defendants' reply, if any, and the entire bundled motion is to be filed on or before June 24, 2024.  (*See* Dkt. No. 23).  This motion has been fully briefed and awaiting decision.

On May 2, 2024, Defendants by their respective counsel filed a Letter Motion for a stay discovery under Rule 26(c) pending a decision on our motion to dismiss the Complaint of the plaintiffs Autoexpo Ent. Inc., Peace Properties LLC, Network Reinsurance Company Inc., Auto Exchange Center, LLC, and Chrome Insurance Agency LLC (collectively, "Plaintiffs") under Fed. R. Civ. P. 12(b)(1) and (6) ("Motion to Dismiss"). (*See* Dkt. No. 24 and Dkt. No. 25).

On May 5, 2024 Magistrate Judge Steven Tiscione Ordered, deferring ruling (Dkt. No. 25) Motion for Discovery, and further that a motion hearing will be held at 2:00 p.m. on May 9, 2024.  On May 9, 2024, Hearing was held before Magistrate Judge Steven Tiscione, whereby the Court provided, "*so, discovery is stayed for 90 days and then I'll ask the parties to give me a report at that point on where things stand with the motion and if it makes sense to lift the stay*." [2]

**LEGAL ARGUMENT**

Motions to amend pleadings are governed by Rule 15(a), which provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Amaya v. Roadhouse Brick Oven Pizza, Inc.*, 285 F.R.D. 251, 253 (E.D.N.Y. 2012) ("A court should freely give leave [to amend] when justice so requires and such leave is in the court's discretion." (internal quotation omitted));

---

[1] As numerous references are made by respective Counsel in their filings about the Hearing before Honorable Orelia E. Merchant on April 12, 2024, I am hereby respectfully submitting the Transcript of said Hearing, as **Exhibit A.**

[2] As numerous references are made by respective Counsel in their filings about the Hearing before Magistrate Judge Steven Tiscione on April 9, 2024, please refer to the transcript of the hearing which is attached to Plaintiffs' moving papers as (*See* Dkt. No. 41-2)

*Assam v. Deer Park Spring Water, Inc.*, 163 F.R.D. 400, 404 (E.D.N.Y. 1995) ("Federal Rule of Civil Procedure 15(a) dictates that motions to amend complaints be liberally granted absent a good reason to the contrary . . . ."). Motions to add parties are governed by Fed. R. Civ. P. 21 and are afforded the "same standard of liberality afforded to motions to amend pleadings under Rule 15." *Addison v. Reitman Blacktop, Inc.*, 283 F.R.D. 74, 79 (E.D.N.Y. 2011); *see Amaya*, 285 F.R.D. at 253 ("There is . . . little practical difference between Rule 15 and Rule 21 since they both leave the decision whether to permit or deny an amendment to the district court's discretion."). In general, a motion to amend should be granted unless there is evidence of "undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility." *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 228 (1962)).

However, where a scheduling order is already in place governing the deadline for amending the pleadings, and such relief is being sought after the deadline has expired, the above principles must be balanced with the "good cause" standard of Fed. R. Civ. P. 16. *Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009); *see Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) ("We now . . . hold[ ] that despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause [under Fed. R. Civ. P. 16(b)]."); *Charles v. City of N.Y.*, No. 11-cv-2783, 2015 WL 756886, at *2 (S.D.N.Y. Feb. 20, 2015) (applying the good cause standard of Fed. R. Civ. P. 16 in determining whether joinder of parties was proper where such joinder was sought after a deadline set forth in a scheduling order); *Nairobi Holdings Ltd. v. Brown Bros. Harriman & Co.*, No. 02-cv-1230, 2006 WL 2242596, at *2 (S.D.N.Y. Aug. 3, 2006) ("Rule 16(b) governs leave to amend after a scheduling order has been entered in the case."). The movant bears the burden of establishing that good cause justifying the extension exists. *See Parker*, 204 F.3d at 340; *Marska v. Kalicki*, No. 06-cv-1237, 2010 WL 11606422, at *3 (E.D.N.Y. Mar. 26, 2010).

In this case, Plaintiffs filed their initial motion seeking leave to amend their complaint on September 25, 2024, over five and one-half months after Judge Merchant granted them an opportunity to amend their Complaint, and 11 months after they filed their Summons with Notice in Nassau Supreme Court. Thus, Plaintiff "has the burden of demonstrating good cause by establishing that []he has been diligent." *Case*, 2016 WL 5818577, at *4 (citing *Parker*, 204 F.3d at 340). Clearly Plaintiffs have not made the required showing here.

## CONCLUSION

As for Plaintiffs' Motion to Renew Discovery, there is no change in circumstances to lift the stay. The outcome of Defendants' Motions to Dismiss significantly affects federal subject matter jurisdiction, and the scope of discoverable information. For the same reasons discovery is currently stayed, it should remain stayed.

With respect to Plaintiffs' Motion to Amend the Complaint, it should be considered after a decision on Defendants' Motion to Dismiss. Alternatively, any proposed amendment should be considered with Defendants' pending Motion to Dismiss and applied to Plaintiffs' First, Second, Third, Fourth and Sixth Causes of Action, without prejudice to Defendants' right to seek move to dismiss Plaintiffs' proposed amended claims.

For the reasons set forth above, the it is respectfully requested that Plaintiffs' motions be denied in its entirety. The Court's time and attention to this matter are greatly appreciated.

Respectfully submitted,
/s/ Matin Emouna
MATIN EMOUNA

T: 516-877-9111 - F: 516-877-9112 - 100 Garden City Plaza, Suite 520, Garden City, NY 11530