# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**

---

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

October 22, 2024

<u>**VIA ECF**</u>
Honorable Steven L. Tiscione, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722
Courtroom 910, Chambers 914

  Re: <u>**AutoExpo Ent. Inc.,** *et al.* **v. Omid Elyahou** *et al.*</u>
     <u>**Case No.: 2:23-cv-09249 (OEM) (ST)**</u>

Dear Judge Tiscione:

  We represent Plaintiffs AutoExpo Ent. Inc. ("AutoExpo"), Peace Properties LLC ("Peace Properties"), Network Reinsurance Company Inc. ("Network Reinsurance"), Auto Exchange Center, LLC ("AEC") and Chrome Insurance Agency LLC ("Chrome Insurance") (collectively, "Plaintiffs") in the above-action. Plaintiffs submit their reply to the separate letters by Defendants Omid Elyahou and SimpSocial, LLC (collectively, the "Elyahou Defendants") and Defendants Avi Eitan, Fifty Seven Consulting Corp. d/b/a Certified Auto Group a/k/a Certified Performance Motors and Fazeeda Kassim (collectively, the "Certified Defendants," collectively with the Elyahou Defendants, "Defendants") in opposition to Plaintiffs' letter motion to amend the Complaint. As demonstrated herein and in their September 25, 2024 letter motion, Plaintiffs should be granted leave to amend the Complaint and Defendants' motions to dismiss should be denied as moot, with leave to renew their respective motions to dismiss based on the Amended Complaint.

  "Where a plaintiff seeks to amend its complaint while a motion to dismiss is pending, a court 'may either deny [the] pending motion to dismiss as moot or consider the merits of the motion, analyzing the facts as alleged in the amended pleading.'" <u>Wilson v. Fabric Cellar, Inc.</u>, 2021 U.S. Dist. LEXIS 130536, *4-5 (W.D.N.Y. Jul. 13, 2021) (quoting <u>Pettaway v. Nat'l Recovery Sols., LLC</u>, 955 F.3d 299, 303 (2d Cir. 2020)). "As a general matter, amendments to the pleadings are favored in order to facilitate a resolution on the merits." <u>Goldin Assocs., L.L.C. v. Donaldson, Lufkin & Jenrette Sec. Corp.</u>, 2003 U.S. Dist. LEXIS 16798, at *40 (S.D.N.Y. Sept. 25, 2003) (citing <u>Black Radio Network, Inc. v. NYNEX Corp.</u>, 44 F. Supp. 2d 565, 573 (S.D.N.Y.1999)). "Where the proposed amendment requires leave of court, 'the preferred course is to grant leave to amend even if doing so renders moot the motion to dismiss, rather than granting the motion to dismiss and rendering moot the motion for leave.'" <u>Wilson</u>, 2021 U.S. Dist. LEXIS 130536, *5 (<u>quoting</u> <u>Rheaume v. Pallito</u>, 2015 WL 7300790, at *2 (D. Vt. Oct. 22, 2015) (emphasis omitted); <u>see</u> <u>also</u> <u>Pure Country, Inc. v. Sigma Chi Fraternity</u>, 312 F.3d 952, 956 (8th Cir. 2002) (reversing district court's denial of motion for leave to amend complaint and holding that motion for leave rendered moot pending motion to dismiss, rather than vice versa). Here, the Court

October 22, 2024
Page 2

should grant Plaintiffs' motion to amend the Complaint and deny Defendants' respective motions to dismiss as moot, with leave to renew their motions regarding the Amended Complaint.

Importantly, Defendants' respective motions to dismiss seek dismissal of Plaintiffs' First (Defend Trade Secrets Act ("DTSA")), Second (Injunctive Relief pursuant to the DTSA), Third (Common Law Misappropriation), Fourth (Common Law Unfair Competition) and Sixth (Common Law Conversion) causes of action. In their opposition to the instant motion to amend, the Certified Defendants request that this Court, first, determine the pending motion to dismiss, and then they suggest that they plan to move to dismiss the ERISA claim in the proposed amended complaint as against Fazeeda Kassim purportedly on the grounds that it lacks the requisite specificity. The Elyahou Defendants have likewise reserved their right to move to dismiss the ERISA claim in the proposed Amended Complaint after a determination on their motion to dismiss or Plaintiffs' motion to amend. Based on Defendants' reservation of their right to move to dismiss the ERISA claim in the proposed Amended Complaint, as a matter of judicial efficiency, it is submitted that the Court should grant Plaintiffs' motion to amend, and deny Defendants' motions to dismiss as moot, with leave for Defendants to renew their motions to dismiss regarding any claims in the Amended Complaint that Defendants believe should be dismissed. Defendants' proposal would simply cause additional delay.

Should the Court grant Plaintiffs' requested relief, there will be no prejudice to Defendants. Indeed, Defendants make no argument that they would be prejudiced should their motions to dismiss be denied as moot. Moreover, the pending motions to dismiss were referred to Your Honor to issue a report and recommendation just one (1) week ago, on October 15, 2024. See Text Only Order, dated October 15, 2024. Therefore, with the pending telephonic hearing for the instant motion to amend scheduled for October 25, 2024, it is likely that the Court has not yet made a determination as to the Defendants' respective pending motions to dismiss, and thus, there is clearly no prejudice to Defendants for the Court to deny the motions to dismiss as moot.

Additionally, there is no prejudice to Defendants should they choose to re-file their motions to dismiss after the complaint is amended. Plaintiffs have not revised the First, Second, Third, Fourth and Sixth causes of action. Thus, Defendants can simply amend their motions to dismiss to potentially argue that the ERISA claim must be dismissed, without having to revise that portion of their motions to dismiss regarding the First, Second, Third, Fourth and Sixth causes of action.

The Elyahou Defendants argue that Plaintiffs must establish good cause because Judge Merchant asked Plaintiffs if they intended on amending their complaint during the April 12, 2024 Pre-Motion Conference, which constituted a scheduling order. However, no scheduling order had been entered with regard to a deadline for Plaintiffs to file an amended complaint. In fact, on April 25, 2024, Plaintiffs submitted a letter to Judge Tiscione requesting that the Court conduct a scheduling conference. See ECF Doc. No. 24. Moreover, shortly thereafter, the Court issued a temporary stay of discovery. See ECF Doc. No. 29. As such, the Elyahou Defendants' reliance on Holmes v. Grubman, 568 F.3d 329 (2d Cir. 2009), Parker v. Columbia Pictures Indus., 204 F.3d 326 (2d Cir. 2000), Charles v. City of N.Y., No. 11-cv-2783, 2015 WL 756886, at *2 (S.D.N.Y. Feb. 20, 2015) and Nairobi Holdings Ltd. v. Brown Bros. Harriman & Co., No. 02-cv-1230, 2006 WL 2242596, at *2 (S.D.N.Y. Aug. 3, 2006) is misplaced, as those cases involved a tangible scheduling order that was entered by the Court.

October 22, 2024
Page 3

In any event, Plaintiffs have good cause for making the current request to amend. As the undersigned clearly explained during the April 12, 2024 conference, the undersigned only learned of the potential ERISA claims on April 10, 2024, which would have provided this Court with additional subject matter jurisdiction besides the DTSA claim. However, based on the seriousness of asserting an additional claim pursuant to a separate federal statute, Plaintiffs had to adequately investigate the potential violation of ERISA, including obtaining documents and information from outside sources. As such, Plaintiffs have good cause to seek to amend the complaint at this stage, as there has been no answer submitted by any defendant, the motion to dismiss was only recently referred to Judge Tiscione for a report and recommendation, and Plaintiffs conducted an investigation prior to seeking to amend the Complaint. Moreover, it would be a more efficient use of this Court's time and resources for Defendants to submit one (1) motion to dismiss, in order to avoid piecemeal determinations as to Plaintiffs' Complaint and/or Amended Complaint.

As such, Plaintiffs respectfully request that this Court grant their motion to amend, deny Defendants' motions to dismiss as moot, and provide Defendants leave to renew their motions to dismiss by a date certain, including any additional arguments by Defendants to dismiss the ERISA claim in the proposed amended complaint.

We thank the Court for its attention to this matter.

Respectfully submitted,

*Michael C. Mulè*

Michael C. Mulè

cc: Counsel of Record