UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

AUTOEXPO ENT INC., PEACE PROPERTIES, LLC, NETWORK REINSURANCE COMPANY INC., AUTO EXCHANGE CENTER, LLC, and CHROME INSURANCE AGENCY LLC,

Plaintiffs,

v.

OMID ELYAHOU, SIMPSOCIAL LLC, FIFTY SEVEN CONSULTING CORP. d/b/a CERTIFIED AUTO GROUP a/k/a CERTIFIED PERFORMANCE MOTORS, AVI EITAN and FAZEEDA KASSIM,

Defendants.

------------------------------------------------------------------X

Hon. Orelia E. Merchant
M. J. Steven L. Tiscione

Civil Action No.
2:23-cv-9249

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS AVI EITAN, FIFTY SEVEN CONSULTING CORP. D/B/A CERTIFIED AUTO GROUP A/K/A CERTIFIED PERFORMANCE MOTORS AND FAZEEDA KASSIM'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. RULE <u>12(b)(1) AND (6)</u>**

**THE LAW OFFICE OF STEVEN COHN, P.C.**
*Attorneys for Defendants Avi Eitan, Fifty Seven Consulting Corp. d/b/a Certified Auto Group a/k/a Certified Performance Motors and Fazeeda Kassim*
One Old Country Road, Suite 420
Carle Place, NY 11514
(516) 294-6410

1

# **TABLE OF CONTENTS**

| | Page |
|---|---|
| PRELIMINARY STATEMENT………………………………………… | 1 |
| STANDARDS………………………………………………………… | 2 |
| FACTUAL BACKGROUND …………………………………………... | 2 |
| ARGUMENT…………………………………………………………… | 2 |
|     A.    PLAINTIFFS' TRADE SECRET CLAIMS……….. | 2 |
|     B.    PLAINTIFF'S ERISA ALLEGATIONS………….. | 3 |
|     C.    PLAINTIFFS' AMENDED COMMON LAW CLAIMS………………………………………… | 4 |
| POINT I…………………………………..…………….… …. | 4 |
| PLAINTIFFS' TRADE SECRET CLAIMS SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND | |
| POINT II……………………………………….……. | 6 |
| PLAINTIFFS' ERISA CLAIMS FAIL TO STATE A CAUSE OF ACTION AGAINST MS. KASSIM | |
| POINT III…………………………………………………… | 8 |
| THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' COMMON LAW CLAIMS | |
| POINT IV…………………………………………………….. | 9 |
| PLAINTIFFS' AMENDED COMMON LAW CLAIMS FAIL TO STATE A CAUSE OF ACTION | |
|     A.    Aiding and Abetting Breach of Fiduciary Duty…….. | 9 |
|     B.    Fraud and Aiding and Abetting Fraud………………. | 9 |
| CONCLUSION……………………………………………………… | 10 |

# TABLE OF AUTHORITIES

                                                                                                                                                  Page

*Atuahene v. City of Hartford,*
10 F. App'x 3, 34 (2d Cir. 2001.)……………………………………………..     2

*City of Pontiac Policemen's & Firemen's Ret. Sys. v.UBS AG,*
752 F.3d 173 (2d Cir. 2014)…………………………………………….     6

*Denny v. Barber,*
576 F.2d 465 (2d Cir. 1978)…………………………………………….     6

*Ferro v. Ry. Express Agency, Inc.,*
296 F.2d 847 (2d Cir. 1961)…………………………………………….     6

*ICD Capital, LLC v. CodeSmart Holdings, Inc.,*
2020 U.S. Dist. LEXIS 28174, at *19-20 (S.D.N.Y. Feb. 19, 2020)…………     10

*Inspired Capital, LLC v. Condé Nast,*
803 F. App'x 436 (2d Cir. 2020)…………………………………………….     9,10

*LaFaro v. N.Y. Cardiothoracic Grp.,*
570 F.3d 471 (2d Cir. 2009)…………………………………………….     2

*MSP Recovery Claims, Series LLC v. Hereford Ins. Co.,*
66 F.4th 77 (2d Cir. 2023)…………………………………………………     5

*Plusgrade L.P. v. Endava Inc.,*
No. 1:21-CV-1530 (MKV), 2023 WL 2402879, at *3 (S.D.N.Y. Mar. 8, 2023)     2,6

*Zabit v. Brandometry, LLC*,
540 F. Supp. 3d 412, (S.D.N.Y. 2021)
(quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)…………………………     2

## STATUTES AND OTHER AUTHORITIES

28 U.S.C. § 1367(c)(2)(3)(4)………………………………………………     8

ERISA § 502(a)(3)…………………………………………………………     3

Fed. R. Civ. P. 12(b)(1) and (6)…………………………………………….     5

Defendants Avi Eitan, Fifty Seven Consulting Corp. d/b/a Certified Auto Group a/k/a Certified Performance Motors and Fazeeda Kassim (collectively, the "Certified Defendants") hereby move pursuant to Fed. R. Civ. P. 12(b)(1) and (6) to dismiss Plaintiffs' Autoexpo Ent. Inc., Peace Properties LLC, Network Reinsurance Company Inc., Auto Exchange Center, LLC, and Chrome Insurance Agency LLC (collectively, "Plaintiffs") First, Second, Third, Fourth, Sixth, Thirteenth, Seventeenth and Eighteenth, Twentieth and Twenty First Causes of Action of the Amended Complaint, and, thereby, in the absence of a viable Federal claim, the Complaint in its entirety as against the Certified Defendants.

## **PRELIMINARY STATEMENT**

With deficiencies in their Trade Secret Claims now apparent, and despite multiple opportunities to amend, Plaintiffs have chosen to replead these claims without any amendments. Consequently, their Trade Secret Claims should be dismissed without leave to amend.

Similarly, Plaintiffs' ERISA claims—like their Trade Secret Claims—are deliberately muddled. Specifically, Plaintiffs conflate an internal transfer of funds between two AutoExpo 401(k) accounts, misleadingly labeled the "April 2022 Withdrawal," with the alleged "House Payment" that occurred eight months later, thereby attempting to mischaracterize these distinct transactions as one. Critically, however, Plaintiffs fail to state any claim related to the "April 2022 Withdrawal" and provide no factual basis for Ms. Kassim's involvement in the "House Payment," which occurred months after the internal transfer, since Ms. Kassim, by their own allegations, was not affiliated with the 401(k) account involved in the "House Payment" transaction.

In light of the absence of any viable Trade Secret or ERISA claims, and considering the prior-filed action in state court, the Court should exercise its discretion to decline supplemental

jurisdiction over the remaining claims and dismiss the Amended Complaint in its entirety as to the Certified Defendants.

## STANDARDS

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' To survive a motion to dismiss, 'a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Zabit v. Brandometry, LLC*, 540 F. Supp. 3d 412, 419 (S.D.N.Y. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).) "Although Rule 8 of the Federal Rules of Civil Procedure 'does not demand that a complaint be a model of clarity or exhaustively present the facts alleged, it requires, at a minimum, that a complaint give each defendant 'fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Plusgrade L.P. v. Endava Inc.*, No. 1:21-CV-1530 (MKV), 2023 WL 2402879, at *3 (S.D.N.Y. Mar. 8, 2023) (quoting *Atuahene v. City of Hartford*, 10 F. App'x 3, 34 (2d Cir. 2001.) "In deciding a motion to dismiss, a court must 'accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor, but is 'not bound to accept as true legal conclusions couched as factual allegations.'" *Zabit*, 540 F. Supp. 3d at 419 (quoting *LaFaro v. N.Y. Cardiothoracic Grp.*, 570 F.3d 471, 475 (2d Cir. 2009).

## FACTUAL BACKGROUND

### A. PLAINTIFFS' TRADE SECRET CLAIMS

Plaintiffs assert the same five trade secret causes of action pleaded in the Original Complaint as the First, Second, Third, Fourth, and Sixth causes of action of the Amended Complaint. Notably, Plaintiffs have not amended their five trade secret causes of action. (*See* Dkt.

No. 46, (Plaintiffs stating in their letter-motion reply that they "have not revised the First, Second, Third, Fourth, and Sixth causes of action.")

## B. PLAINTIFF'S ERISA ALLEGATIONS

Plaintiffs plead two causes of action under ERISA: "Breach of Obligations Under ERISA" as their Twentieth Cause of Action and "Aiding, and Abetting Breach of Obligations Under ERISA" as their Twenty-First Cause of Action. Plaintiffs also add a claim for injunctive relief under ERISA § 502(a)(3) in connection with their Second Cause of Action. Plaintiffs conflate separate transactions and different defendants in their attempt to state a claim against Ms. Kassim:

- Elyahou and/or Kassim violated their fiduciary and other obligations under ERISA by, among other acts . . . by purporting to authorize *the April 2022 Withdrawal and/or House Payment from AutoExpo's 401(k) account at JP Morgan Chase*, without authority, and in any event, without due consideration, and without complying with the applicable withholding and reporting obligations. (Ex. A ¶ 494 (emphasis added).)

As Plaintiffs themselves define it, "the April 2022 Withdrawal" was an internal transfer of Mr. Elyahou's funds from one AutoExpo 401(k) account to another AutoExpo 401(k) account:

- The April 2022 Withdrawal . . . directs John Hancock to send payment by wire *to the Plan Trustee at AutoExpo's JP Morgan Chase 401(k) account*. (Ex. A ¶ 243 (emphasis added).)

The alleged House Payment occurred nearly eight months later, from the other 401(k) account in which Ms. Kassim had no role:

- On November 15, 2022, *Elyahou used his authority as the Plan's Trustee* to obtain a Cashier's Check from JP Morgan Chase, made payable to "June Mehrberg Rothstein LLC," in the amount of $521,000.00, utilizing funds from "AutoExpo Ent Inc/Auto Expo 401(k) Plan." (Ex. A ¶ 247 (emphasis added).)

As alleged, Ms. Kassim was the "Plan Administrator" of the "original plan," but was not the Plan Administrator of the other, "new," 401(k) plan, and had no role in that other, "new" 401(k) plan:

6

- Upon information and belief, at various times through 2022, *Kassim* is identified as "*Plan Administrator*" or "*Trustee/Authorized Signer*" *of the original Plan*. (Ex. A ¶ 230 (emphasis added).)

- At various times through the beginning of 2024, *Elyahou is identified as sole "Trustee" or "Plan Administrator"* of the *new Plan*. (Ex. A ¶ 229 (emphasis added).)

- Upon information and belief, Kassim, without the authorization of AutoExpo, was established *the original Plan's* Trustee and therefore the gatekeeper to the Plan's funds. To execute Elyahou's tax evasion scheme, Elyahou needed Kassim to release the Plan's funds into a new Plan *where Elyahou was the sole Trustee*. (Ex. A ¶ 262 (emphasis added).)

Plaintiffs acknowledge that Elyahou, as Plan Trustee of the "original plan," directed the transfer of his funds from the "original plan" to a different AutoExpo 401(k) plan:

- As part of his scheme, on or about April 1, 2022, Elyahou withdrew 100% of his funds contained in the Plan's John Hancock account (the "April 2022 Withdrawal"). (Ex. A ¶ 242.)

- The John Hancock withdrawal form specifically states: "*The Plan Trustee* will be responsible for implementing the participant's direction and performing the applicable withholding and reporting obligations." (Ex. A ¶ 246 (emphasis added).)

Ultimately, Plaintiffs complain of the transaction they call the House Payment, a transaction in which Ms. Kassim had no involvement.

### C. **PLAINTIFFS' AMENDED COMMON LAW CLAIMS**

In wholly conclusory form, Plaintiffs also plead amended common law causes of action for "Aiding and Abetting a Breach of Fiduciary Duty" as their Thirteenth Cause of Action, "Fraud" against Ms. Kassim as their Seventeenth Cause of Action, and "Aiding and Abetting Breach of Fraud" as their Eighteenth Cause of Action. (*See* Ex. A, ¶¶ 428-433; ¶¶ 455-460; and 461-472).

### **ARGUMENT**

### I. **PLAINTIFFS' TRADE SECRET CLAIMS SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND**

Defendants Avi Eitan, Fifty Seven Consulting Corp. d/b/a Certified Auto Group a/k/a Certified Performance Motors, and Fazeeda Kassim (collectively, the "Certified Defendants")

7

hereby expressly incorporate by reference all arguments, attachments, exhibits, and motions previously submitted in Docket Numbers 31 and 38, including the Certified Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6), seeking dismissal of the First, Second, Third, Fourth, and Sixth Causes of Action in Plaintiffs' Complaint ("Plaintiffs' Trade Secret Claims"). (*See* Dkt. No. 47 ("Defendants do not need to refile the motions and may simply refer to the docket entries of prior filings if they intend to move to dismiss the Amended Complaint on the same grounds.")) As Plaintiffs have explained that they "have not revised the First, Second, Third, Fourth, and Sixth Causes of Action" (*See* Dkt. No. 46), the Certified Defendants expressly fully adopt and incorporate the arguments, attachments, and exhibits from these prior filings (Dkt. Nos. 31 and 38), demonstrating that Plaintiffs' Trade Secret Claims in the Amended Complaint should be dismissed.

In addition, as Plaintiffs have still refused to amend their deficient Trade Secret Claims, those claims should be dismissed without leave to amend. Plaintiffs have been on notice of the deficiencies of their claims since at least the pre-motion conference, and, having already amended their Complaint against Defendants and yet electing to proceed with their Trade Secret Claims as pleaded, Plaintiffs' Trade Secret Claims should now be dismissed without leave to replead. *See MSP Recovery Claims, Series LLC v. Hereford Ins. Co.*, 66 F.4th 77, 90-91 (2d Cir. 2023) (upholding With deficiencies fully apparent in their Trade Secret Claims, and despite multiple opportunities to amend, Plaintiffs have chosen to replead these claims without any amendments. Consequently, their Trade Secret Claims should be dismissed without leave to amend. denial of leave to amend where plaintiff "made no meaningful efforts of which we are aware to amend its standing allegations either in the complaint or the amended complaint filed in this case"). Justice does not require Plaintiffs to be given another opportunity to cure their pleading deficiencies. *See*

8

*Denny v. Barber*, 576 F.2d 465, 471 (2d Cir. 1978) ("Whether the defects in the amended complaint arose from the fault of counsel or because there was simply no basis for a proper complaint, this case... is scarcely one for us to exercise our discretion to require the busy district judge to engage in still a third go-around.") Plaintiffs, having refused to take the opportunity to amend their Trade Secret Claims at the Pre-Motion Conference and again refusing to amend after submitting their Amended Complaint, have now had multiple opportunities to cure the deficiencies in their Trade Secret Claims. See *City of Pontiac Policemen's & Firemen's Ret. Sys. v.UBS AG*, 752 F.3d 173, 188 (2d Cir. 2014) ("Plaintiffs have already had one opportunity to amend their complaint. Although that amendment was not in response to a motion to dismiss identifying particular deficiencies in the pleadings, it is unlikely that the deficiencies raised with respect to the Amended Complaint were unforeseen by plaintiffs when they amended.") Accordingly, Plaintiffs' Trade Secret Claims should be dismissed without leave to amend.

## II. PLAINTIFFS' ERISA CLAIMS FAIL TO STATE A CAUSE OF ACTION AGAINST MS. KASSIM

With respect to Plaintiffs' ERISA Claims as they relate to Defendant Fazeeda Kassim, Plaintiffs conflate separate transactions and different defendants, thereby failing to state their ERISA Claims with the requisite specificity. "A complaint fails to give fair notice when it 'lump[s] all the defendants together in each claim and provid[es] no factual basis to distinguish their conduct.' Such a deficient pleading is called improper 'group pleading.'" *Plusgrade L.P. v. Endava Inc.*, No. 1:21-CV-1530 (MKV), 2023 WL 2402879, at *3 (S.D.N.Y. Mar. 8, 2023) (quoting *Ferro v. Ry. Express Agency, Inc.*, 296 F.2d 847, 851 (2d Cir. 1961) (alterations in original).)

Plaintiffs allege that "Kassim orchestrated a scheme to establish a new Plan, making Elyahou the sole Trustee, and, in effect, giving Elyahou complete control over the plan without

obtaining consent from AutoExpo." (Am. Compl. ¶ 226.) Critically, after alleging that Elyahou was given sole control of the "new plan," Plaintiffs assert that "Elyahou and/or Kassim violated their fiduciary and other obligations under ERISA by . . . purporting to authorize the April 2022 Withdrawal and/or House Payment from AutoExpo's 401(k) account at JP Morgan Chase . . . ." (Am. Compl. ¶ 494 (emphasis added)). In conflating different transactions—"the April 2022 Withdrawal and/or House Payment"—and separate defendants—"Elyahou and/or Kassim"—with the use of "and/or," Plaintiffs' ERISA claims lack the required specificity to state a claim against Fazeeda Kassim.

As Plaintiffs themselves define it, "the April 2022 Withdrawal" was an internal transfer of Mr. Elyahou's funds from one AutoExpo 401(k) account to another AutoExpo 401(k) account. Plaintiffs further allege that the House Payment occurred nearly eight months later, when "on November 15, 2022, Elyahou used his authority as the Plan's Trustee to obtain a Cashier's Check from JP Morgan Chase, made payable to 'June Mehrberg Rothstein LLC,' in the amount of $521,000.00, utilizing funds from 'AutoExpo Ent Inc/Auto Expo 401(k) Plan.'" (Am. Compl. ¶ 247.) Plaintiffs cannot conflate these two separate transactions and treat them as one for pleading purposes.

Indeed, according to Plaintiffs' own allegations, Ms. Kassim was the "Plan Administrator" of the "original plan" (Ex. A. ¶ 230), and Plaintiffs acknowledge that Elyahou, as Plan Trustee of the "original plan," directed the transfer of his funds from the "original plan" to a different AutoExpo 401(k) plan. Critically, Plaintiffs allege, Ms. Kassim was not the Plan Administrator of the other 401(k) plan, and, thus, had no role in any transaction of that other 401(k) plan. (Ex. A. ¶¶ 242–243). What Plaintiffs call the "April 2022 Withdrawal" was an internal transfer of Mr. Elyahou's funds, as directed by him, from one AutoExpo 401(k) account to another AutoExpo

401(k) account. What Plaintiffs ultimately complain of is the November 15, 2022, withdrawal from a different 401(k) account, an account of which Ms. Kassim had no role or involvement.

Therefore, Plaintiffs' claims against Ms. Kassim are based on a conflated narrative of events and an improper grouping of separate transactions and different defendants. Plaintiffs' attempt to transform Ms. Kassim's role as Plan Administrator of one 401(k) account into involvement with a separate 401(k) account, and to merge the separate transactions of the "April 2022 Withdrawal" and the "November 2022 House Payment." This grouping of two distinct transactions and two separate defendants does not state a viable cause of action against Ms. Kassim.

### III. THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' COMMON LAW CLAIMS

In the absence of a viable federal claim, the Court should decline to exercise jurisdiction over Plaintiffs' common law claims pursuant 28 U.S.C. § 1367(c)(3), which provides that "district courts may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." To the extent any portion of Plaintiffs' federal claims survive dismissal against one or more defendants, the common law claims would still predominate as the crux of the action. *See* 28 U.S.C. § 1367(c)(2) (providing that supplemental jurisdiction may be declined if "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction"). Indeed, the commencement of the prior filed action, *AutoExpo Ent. Inc. v. Omid Elyahou et al.*, No. 17486/2023 (Nassau Cty. Sup. Ct.), provides yet another basis for the Court to decline jurisdiction over Plaintiffs' common law claims. *See* 28 U.S.C. § 1367(c)(4) (providing that supplemental jurisdiction may be declined "in exceptional circumstances, there are other compelling reasons for declining jurisdiction").

## IV. PLAINTIFFS' AMENDED COMMON LAW CLAIMS FAIL TO STATE A CAUSE OF ACTION

In their amended common law claims, Plaintiffs assert claims for: (i) "Aiding and Abetting a Breach of Fiduciary Duty" as their Thirteenth Cause of Action (*See* Ex. A ¶¶ 428-433), (ii) "Fraud" as their Seventeenth Cause of Action (*Id.* ¶¶ 455-460) and (iii) "Aiding and Abetting Breach of Fraud" as their Eighteenth Cause of Action (Id. ¶¶ 461-472). Each of these claims is pleaded in conclusory form and improperly groups defendants without providing specific allegations to distinguish their conduct, thereby failing to state a viable cause of action.

### A. Aiding and Abetting Breach of Fiduciary Duty

"To state a claim for aiding and abetting a breach of fiduciary duty under New York law, a plaintiff must allege: (1) a breach by a fiduciary of obligations to another, of which the defendant had actual knowledge; (2) that the defendant knowingly induced or participated in the breach; and (3) that the plaintiff suffered damage as a result of the breach." *Inspired Capital, LLC v. Condé Nast*, 803 F. App'x 436, 439 (2d Cir. 2020). Plaintiffs here allege these elements in conclusory form, which is insufficient to state a claim. *Id.*, n. 4 ("Plaintiffs' allegations that defendants 'knew that [the company] developed and owned the food recipes and food products' and 'knew that Harris developed and owned and was breaching his fiduciary duties,' are conclusory and cannot save their aiding and abetting breach of fiduciary duty claim.")

### B. Fraud and Aiding and Abetting Fraud

Plaintiffs' Seventeenth Cause of Action for fraud and Eighteenth Cause of Action for aiding and abetting breach of fraud are also pleaded in conclusory form, failing to meet the heightened pleading standards for fraud claims under Federal Rule of Civil Procedure 9(b). Plaintiffs allege that Ms. Kassim made "material misrepresentations about their roles in connection with the Plan" (Ex. A ¶ 455(i)), but they fail to specify the content of these alleged

12

misrepresentations, or the time, place, and speaker, as required under Rule 9(b). *See Inspired Capital, LLC*, 803 F. App'x 436, at 440. ("Allegations of fraud under Rule 9(b) must be pled with particularity, specifying the time, place, speaker, and content of the alleged misrepresentations.")

In addition, Plaintiffs allege that Ms. Kassim "permitted Elyahou to make material misrepresentations about his and/or Kassim's roles in connection with the Plan" (Ex. A ¶ 463(r)). However, Plaintiffs fail to adequately allege underlying fraud and, furthermore, do not provide non-conclusory allegations that Ms. Kassim had knowledge of or assisted in any alleged fraudulent conduct. *See ICD Capital, LLC v. CodeSmart Holdings, Inc.*, 2020 U.S. Dist. LEXIS 28174, at *19-20 (S.D.N.Y. Feb. 19, 2020) (dismissing claims where "purely conclusory allegations of [defendant's] misconduct do not give rise to an inference, much less a plausible one, that [defendant] had knowledge of [co-defendant's] fraud or that she affirmatively assisted, helped conceal, or enabled it to proceed").

Plaintiffs' conclusory allegations fail to meet the pleading requirements for their Thirteenth, Seventeenth, and Eighteenth Causes of Action. As such, these claims should be dismissed as to Ms. Kassim.

## CONCLUSION

For the foregoing reasons, Plaintiffs' DTSA and common law trade secret claims, their First, Second, Third, Fourth and Sixth Causes of Action of the Amended Complaint should be dismissed without leave to amend. Plaintiffs ERISA claims, their Second, in part, Twentieth and Twenty-First Causes of Action should also be dismissed. In addition, Plaintiffs' Thirteenth, Seventeenth and Eighteenth causes of action should be dismissed against Ms. Kassim. Since there is no viable federal claim, the Court should decline to exercise supplemental jurisdiction over

Plaintiffs' state-law claims and dismiss the Complaint in its entirety as against the Certified Defendants.

Dated:  Carle Place, NY
        December 5, 2024

                                           **STEVEN COHN, P.C.**
*Attorneys for Defendants Avi Eitan, Fifty Seven Consulting Corp. d/b/a Certified Auto Group a/k/a Certified Performance Motors and Fazeeda Kassim*

By: ___*MatthewFeinman*___
       Steven Cohn
       Matthew Feinman
One Old Country Road, Suite 420
Carle Place, NY 11514
(516) 294-6410