UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
AUTOEXPO ENT. INC., PEACE PROPERTIES LLC, NETWORK REINSURANCE COMPANY INC., AUTO EXCHANGE CENTER, LLC, and CHROME INSURANCE AGENCY LLC,

                                  Plaintiffs,

    -against-

OMID ELYAHOU, SIMPSOCIAL LLC, FIFTY SEVEN CONSULTING CORP. d/b/a CERTIFIED AUTO GROUP a/k/a CERTIFIED PERFORMANCE MOTORS, AVI EITAN, and FAZEEDA KASSIM,

                                  Defendants.
------------------------------------------------------------------------X

**Case No.: 2:23-cv-9249 (OEM) (ST)**

---

**MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT BY DEFENDANTS FIFTY SEVEN CONSULTING CORP. D/B/A CERTIFIED AUTO GROUP A/K/A CERTIFIED PERFORMANCE MOTORS AND FAZEEDA KASSIM**

---

                                                                  **MILMAN LABUDA LAW GROUP PLLC**

                                                           *Attorneys for Plaintiffs*
                                                           3000 Marcus Avenue
                                                           Lake Success, New York 11042-1073
                                                          (516) 328-8899 (office)
                                                          (516) 303-1442 (direct dial)
                                                          (516) 328-0082 (facsimile)

Of counsel:    Michael C. Mulè, Esq.
                        Kyle F. Monaghan, Esq.

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ................................................................................................1

**FACTS** ..........................................................................................................................................3

**STANDARD OF REVIEW** ........................................................................................................5

    **A.**    **Rule 12(b)(1)** ................................................................................................................5

    **B.**    **Rule 12(b)(6)** ................................................................................................................5

**ARGUMENT** ..............................................................................................................................6

**I. AUTOEXPO'S ERISA CLAIM IS SUFFICIENTLY STATED, AND THUS, THE CERTIFIED DEFENDANTS' MOTION TO DISMISS THAT CLAIM FAILS** .............6

**II. THE AMENDED COMPLAINT STATES VIABLE AIDING AND ABETTING BREACH OF FIDUCIARY DUTY, FRAUD AND AIDING AND ABETTING FRAUD CLAIMS AGAINST KASSIM** ................................................................................................8

    **A.**    **Aiding and Abetting Breach of Fiduciary Duty (Thirteenth Cause of Action) Is Viable** ......................................................................................................................8

    **B.**    **Fraud (Seventeenth Cause of Action) and Aiding and Abetting Fraud (Eighteenth Cause of Action) Are Viable** ......................................................................11

**III. LEAVE TO REPLEAD SHOULD BE GRANTED IN THE EVENT OF DISMISSAL** ................................................................................................................................15

**CONCLUSION** ..........................................................................................................................16

# **TABLE OF AUTHORITIES**

**Cases**

*Agway, Inc. Employees' 401(k) Thrift Inv. Plan v Magnuson*, No. 5:03-CV-1060, 2006 U.S. Dist. LEXIS 74670, at *42 (N.D.N.Y. July 13, 2006) ................................................................ 9
*Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140 (2d Cir. 2011) ...................................... 5
*Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010) ........................................................ 6
*Armentano v. Paraco Gas Corp.*, 90 A.D.3d 683 (2d Dept. 2011) ............................................... 9
*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................................... 5, 6
*Atuahene v. City of Hartford*, 10 Fed. App'x. 33 (2d Cir. 2001) .................................................. 6
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................................ 6
*Birnbaum v. Birnbaum*, 73 N.Y.2d 461 (1989) ............................................................................ 9
*Buday v. N.Y. Yankees P'ship*, 486 Fed. Appx. 894 (2d Cir. 2012) .............................................. 5
*Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42 (2d Cir. 1991) ......................................... 15
*Cruz v. TD Bank, N.A.*, 742 F.3d 520 (2d Cir. 2013) ................................................................. 15
*Eastman Chem. Co. v. Nestlé Waters Mgt. & Tech.*, 2012 U.S. Dist LEXIS 141281 (S.D.N.Y. Sep. 28, 2012) ............................................................................................................................ 6
*Elliot-Leach v. New York City Dep't of Educ.*, 201 F. Supp. 3d 238 (E.D.N.Y. 2016), ................ 15
*Eurycleia Partners, LP v. Seward & Kissel, LLP*, 12 N.Y.3d 553 (2009) .................................. 11
*Ferro v. Ry. Express Agency, Inc.*, 296 F.2d 847 (2d Cir. 1961) .................................................. 6
*Greenberg v Wiesel*, 186 A.D.3d 1336 (2d Dept. 2020) ............................................................... 9
*Inspired Capital, LLC v. Condé Nast*, 803 F. App'x 436 (2d Cir. 2020) ................................... 10
*Kind Operations v. Aua Private Equity*, 2020 N.Y. Misc. LEXIS 11429 (Sup. Ct. NY Cty. Sept. 16, 2020) .................................................................................................................................. 13
*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec.*, LLC, 797 F.3d 160 (2d Cir. 2015). .......... 15
*McKenzie-Morris v. V.P. Records Retail Outlet, Inc.*, 2022 U.S. Dist. LEXIS 233796 (S.D.N.Y. Dec. 30, 2022) ......................................................................................................................... 15
*Oster v. Kirschner*, 77 A.D.3d 51 (1st Dept. 2010) .................................................................... 13
*Plusgrade L.P. v. Endava Inc.*, No. 1:21-cv-1530 (MKV), 2023 U.S. Dist. LEXIS 39114 (S.D.N.Y. Mar. 8, 2023) ............................................................................................................. 7
*Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n*, 896 F.2d 674 (2d Cir. 1990) .................................. 5
*Shala v. Ocean Condominiums*, No. 23-CV-01637(OEM)(TAM), 2024 U.S. Dist. LEXIS 175956 (E.D.N.Y. Sep. 27, 2024) ............................................................................................... 6
*Stanfield Offshore Leveraged Assets, Ltd. v. Metropolitan Life Insurance Co.*, 64 A.D.3d 472 (1st Dept. 2009) ....................................................................................................................... 13
*Star Auto Sales of Queens LLC v. Iskander*, 2023 U.S. Dist. LEXIS 158098 (E.D.N.Y. Apr. 20, 2023) .......................................................................................................................................... 8
*Vacold LLC v. Cerami*, 2002 U.S. Dist. LEXIS 1895 (S.D.N.Y. Feb. 7, 2002) ......................... 15
*Wholey v. Amgen Inc.*, 2017 N.Y. Slip Op. 30468(U) (Sup. Ct. New York Cnty. 2017) ............ 11

**Statutes**

18 U.S.C. § 1836 ........................................................................................................................... 1
29 U.S.C. § 1001 ........................................................................................................................... 1
**Rules**

Fed. R. Civ. P. 12(b)(1)................................................................................................................ 5
Fed. R. Civ. P. 12(b)(6)............................................................................................................ 5, 6
Fed. R. Civ. P. 15(a) ................................................................................................................. 15

## PRELIMINARY STATEMENT

Plaintiff, AutoExpo Ent. Inc. (herein, "Plaintiff" or "AutoExpo"), respectfully submits this memorandum of law in opposition to the motion of Defendants Avi Eitan, Fifty Seven Consulting Corp. d/b/a Certified Auto Group a/k/a Certified Performance Motors and Fazeeda Kassim ("Kassim") (collectively, "Certified Defendants") to dismiss Plaintiff's claims brought on behalf of AutoExpo's 401(k) Defined Contribution plan (the "Plan") and its participants, as a fiduciary, under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et. seq. ("ERISA").[1] AutoExpo's ERISA claims, primarily, concern Elyahou. However, it asserts an ERISA claim against Kassim, as well, because in her capacity as "Trustee/Authorized Signer," she improperly authorized the movement of Plan assets ("Plan Assets"), despite Elyahou's failure to identify a reason, as required, which enabled Elyahou, in turn, to improperly transfer Plan Assets from the Plan to purchase a multi-million house for himself.

In its ERISA claims, AutoExpo, wearing its hat as a fiduciary in administering and managing the Plan for the benefit of participants, seeks, primarily, to undo two transactions (the first occurring in April 2022, the "April 2022 Withdrawal") whereby Elyahou, with the co-defendant Kassim, improperly and without following any procedure authorized by law or the Plan, abused their fiduciary positions, as Plan Trustee and Trustee/Authorized Signer, ultimately

---

[1] Defendants submitted a motion to dismiss the original complaint (the "Complaint"), by motion dated July 1, 2024 (the "Original Motion," Dkt. 38-39). The main difference between the original Complaint (Dkt. 1) and the first amended complaint ("Amended Complaint," Dkt. 48) is the addition of the ERISA claims, although aiding and abetting breach of fiduciary duty and fraud claims were added. Defendants' primary argument for dismissal under FRCP 12(b)(6) in the Original Motion was that the Complaint failed to state a viable claim under the Defend Trade Secrets Act of 2016 18 U.S.C. § 1836 et. seq. ("DTSA"). Plaintiffs opposed Defendants' motion. Based on the Court's direction, this motion supplements Defendants' original motion and is directed at the Amended Complaint's ERISA claims and the two additional aiding and abetting claims, and the motions will be determined together. Plaintiff submits that so long as either federal claim, *i.e.*, the DTSA claim or ERISA claim, is sustained, federal jurisdiction exists. This opposition does not repeat the facts as contained in the original opposition (Dkt. 38-5 and 39-4). Also, AutoExpo incorporates all its arguments submitted in opposition to the motion, submitted contemporaneously, by Defendants Omid Elyahou ("Elyahou"), Simpsocial LLC ("SimpSocial"), and United Citizens Warranty LLC (collectively, "Elyahou Defendants"), as the ERISA claim against Kassim is directly related to the ERISA claim against Elyahou.

transferred $521,000 of the Plan's funds to a seller of real estate, so that Elyahou could purchase residential real property (the "$521,000 Transfer").

As indicated by the Amended Complaint allegations, Elyahou and Kassim, apparently, each signed documents as "Plan Trustee." The $521,000 Transfer directly involved Kassim in a two-step process. First, in connection with the April 2022 Withdrawal, Kassim signed the withdrawal authorization as "Trustee/Authorized Signer," certifying that the withdrawal was "permitted by law" and "consistent with the terms of the Plan," even though it failed to identify any basis for the request, and therefore, was not compliant with the law or the Plan. This enabled Elyahou, purportedly as Trustee, to make the $521,000 Transfer.

The Certified Defendants argue in their memorandum of law in support of their motion (the "Certified MOL") that the ERISA claim asserted against Kassim (twenty-first cause of action) is an alleged improper group pleading and fails to meet pleading standards to give "fair notice" to Kassim. *Id.* at pp. 6-8. Their motion is meritless.

The Certified Defendants rely on one case, having nothing to do with ERISA, that is not even remotely applicable. Here, where AutoExpo makes allegations, "upon information and belief," or refers to both Elyahou "and/or" Kassim, it is because the information is solely in Elyahou's or Kassim's possession or because the documents in AutoExpo's possession may be contradictory, such as instances where Elyahou is identified as "Plan Trustee" in one document and Kassim is identified as "Plan Trustee" in another. Under established law, as set forth below, at the pleading stage, this is entirely permissible. In addition, while not necessary for AutoExpo's claim against Kassim, the facts, as alleged, clearly indicate that Kassim received a *quid pro quo* for cooperating and assisting Elyahou. For example, Elyahou's unauthorized acts, such as instituting a company match by a falsified AutoExpo Board resolution, directly benefitting

2

Kassim. Moreover, the Amended Complaint contains numerous instances of Kassim acting in concert with Elyahou.

Finally, the Certified Defendants seek dismissal of AutoExpo's thirteenth (aiding and abetting breach of fiduciary duty), seventeenth (fraud) and eighteenth (aiding and abetting fraud) causes of action also based on alleged pleading deficiencies. Their arguments for dismissal of these claims are also meritless. Those claims are based on numerous allegations contained in the Amended Complaint establishing each of the elements of those claims.

For the reasons set forth below, Plaintiffs have sufficiently stated each of their claims. Accordingly, the Certified Defendants' motion to dismiss AutoExpo's ERISA and aiding and abetting claims should be denied in its entirety.

## **FACTS**

AutoExpo is a domestic corporation with a principal place of business at 46 Northern Boulevard, Great Neck, New York. (Dkt. 48, ¶ 15). Michael Shahkoohi ("Shahkoohi") is the majority shareholder of AutoExpo. (Dkt. 48, ¶ 16) [2]. AutoExpo maintained a 401(k) Defined Contribution Plan (the "Plan") since 2006. (Dkt. 48, ¶ 227). Relevant to the time period in the Amended Complaint, Kassim was listed as the "Plan Trustee," "Plan Administrator" and "Trustee/Authorized Signer" of the Plan. (Dkt. 48, ¶¶ 224, 230, 263). Kassim was also Controller of AutoExpo (Dkt. 48, ¶ 81). Elyahou, with the assistance of Kassim, amended the Plan to include himself as a fiduciary, more specifically, "Plan Trustee," "Trustee," or "Plan Administrator," as well as Kassim. (Dkt. 48, ¶¶ 229-30, 233, 243-46, 257, 262-63). Notably, at various times through 2022, both Elyahou and Kassim are identified as "Trustee" and "Plan Administrator" (Dkt. 48, ¶¶

---

[2] Elyahou Defendants also reference another case in Supreme Court, Nassau County (Index No.: 617795/2023), which is a special proceeding that was fully briefed and awaiting decision and is completely irrelevant to this action. Also, unless otherwise stated, all paragraph references contained herein refer to the Amended Complaint filed on December 18, 2023 (Dkt.48).

3

229-30), and in connection with the April 2022 Withdrawal, Kassim is specifically identified as "Trustee/Authorized Signer." (Dkt. 48, ¶ 263). There are no clear timeframes as to when Elyahou or Kassim occupied each role.

In June or July 2021, Elyahou purported to amend the Plan, without proper AutoExpo approval, to create unauthorized company matches to ingratiate himself to Kassim and others, with Kassim's complicity, moved the plan from its prior Administrator to a new Administrator, without authority from AutoExpo. (Dkt. 48, ¶¶ 225-26, 231, 233-37, 239-40). He also changed the Plan's rules, including its hardship withdrawal rules, and then, failed to follow proper procedures in decision-making. *Id.* These changes were for Elyahou's own benefit, rather than for the benefit and interests of the Plan and its participants. (Dkt. 48, ¶ 225).

As a result of the unauthorized "company match," Elyahou, in effect, gave himself, Kassim and others, disguised pay raises. (Dkt. 48, ¶¶ 190-93, 225-26). There are numerous, other allegations in the Amended Complaint of Kassim's cooperation with, and assistance to, Elyahou (see, e.g., Dkt. 48, ¶¶ 117-29, 275-97, 308, 317, 322). By cooperating with Elyahou, Kassim certainly received benefits.

It appears that the $521,000 Transfer directly involved Kassim in a two-step process. First, in connection with the April 2022 Withdrawal, Kassim signed the withdrawal authorization as "Trustee/Authorized Signer," certifying that the withdrawal was "permitted by law" and "consistent with the terms of the Plan" (Dkt. 48, ¶¶ 242-46, 249, 253-54, 263). However, as alleged in the Amended Complaint: "The April 2022 Withdrawal, among other things, fails to identify the reason for the withdrawal[,]" but nevertheless, "directs John Hancock to send payment by wire to the Plan Trustee at AutoExpo's JP Morgan Chase 401(k) account." (Dkt. 48, ¶ 243). This violated ERISA and the Plan. (Dkt. 48, ¶¶ 241, 258, 260, 263-66). Then, Elyahou, purportedly as Trustee

4

had a $521,000 check made payable to June Mehrberg Rothstein LLC. Thus, Elyahou accomplished the $521,000 Transfer with the direct involvement of Kassim, and Plan Assets were transferred, improperly, to a third-party so that Elyahou could purchase a Two and a Half Million Dollar home in Great Neck, NY, without proper authority, contrary to the law and the Plan. (Dkt. 48, ¶¶ 241-66).

## STANDARD OF REVIEW

### A.   Rule 12(b)(1)

When deciding a motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") at the pleading stage, the Court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor," except for "argumentative inferences favorable to the party asserting jurisdiction." *See Buday v. N.Y. Yankees P'ship*, 486 Fed. Appx. 894, 895 (2d Cir. 2012) (summary order). To the extent a Rule 12(b)(1) motion places jurisdictional facts in dispute, the district court must resolve the disputed jurisdictional fact issues by referring to evidence outside the pleadings. *See Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011). In addition, when a defendant moves to dismiss for lack of subject matter jurisdiction and on other grounds, a court should consider the Rule 12(b)(1) challenge first. *See Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990).

### B.   Rule 12(b)(6)

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the approach articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 2, 679 (2009). To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." *See Iqbal*, 556 U.S. at 678; *see also Bell Atl. Corp. v. Twombly*, 550

5

U.S. 544, 557 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678. "The plausibility standard … asks for more than a sheer *possibility* that a defendant has acted unlawfully." *Id.* (*quoting Twombly*, 550 U.S. at 556) (emphasis added).

Although Rule 8 of the Federal Rules of Civil Procedure "does not demand that a complaint be a model of clarity or exhaustively present the facts alleged, it requires, at a minimum, that a complaint give each defendant 'fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Atuahene v. City of Hartford*, 10 Fed. App'x. 33, 34 (2d Cir. 2001) (*quoting Ferro v. Ry. Express Agency, Inc.*, 296 F.2d 847, 851 (2d Cir. 1961).

As is critical, here, "[t]he Second Circuit has underscored that 'pleading facts alleged "upon information and belief" where the facts are peculiarly within the possession and control of the defendant . . . or where the belief is based on factual information that makes the inference of culpability plausible' is perfectly sufficient to satisfy Rule 8(a)(2) and survive a Rule 12(b)(6) motion." *Eastman Chem. Co. v. Nestlé Waters Mgt. & Tech.*, 2012 U.S. Dist LEXIS 141281, at *15 (S.D.N.Y. Sep. 28, 2012) (*quoting Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)); *see also Shala v. Ocean Condominiums*, No. 23-CV-01637(OEM)(TAM), 2024 U.S. Dist. LEXIS 175956, at *5-6 (E.D.N.Y. Sep. 27, 2024) (also *quoting Arista Records*).

## ARGUMENT

### I. AUTOEXPO'S ERISA CLAIM IS SUFFICIENTLY STATED, AND THUS, THE CERTIFIED DEFENDANTS' MOTION TO DISMISS THAT CLAIM FAILS

AutoExpo has sufficiently stated a claim pursuant to ERISA against Kassim. The only argument that the Certified Defendants advance to dismiss the ERISA claims against Kassim is that AutoExpo supposedly engaged in "group pleading" because it made allegations against

6

"Kassim and/or Elyahou" (Certified MOL, at pp. 6-8), citing to the sole case *Plusgrade L.P. v. Endava Inc.*, No. 1:21-cv-1530 (MKV), 2023 U.S. Dist. LEXIS 39114, *1 (S.D.N.Y. Mar. 8, 2023). *Plusgrade* does not support Kassim's argument.

First, *Plusgrade* did not involve an ERISA claim but instead dealt with claims brought pursuant to the DTSA. Second, the Southern District held that the complaint rarely specified which defendant engaged in which conduct, dissimilar to the Amended Complaint. Third, there were over eleven entities sued, and the allegations regarding them were lumped together without distinction. Under those circumstances, the Southern District found that the manner of pleading, in which all defendants were lumped together, made it "impossible to know which entity might be responsible …." *Plusgrade*, 2023 U.S. Dist. LEXIS 39114, at *10.

By contrast, here, the Amended Complaint clearly distinguishes between the conduct of Kassim and the conduct of Elyahou. (Compare, *e.g.*, Dkt. 48, ¶¶ 224-29 and 231-57 with ¶¶ 230 and 261-65). In addition, as noted above, where allegations are made concerning certain conduct by Kassim "and/or" Elyahou, it is simply because Plaintiffs are unable to determine at this time who committed the act (Dkt. 48, ¶¶ 229-30, 233, 243-46, 257, 262-63). *See, e.g., Eastman Chem.*, 2012 U.S. Dist. LEXIS 141281, at *15; *Shala*, 2024 U.S. Dist. LEXIS 175956, at *5-6.

Based on the allegations of the Amended Complaint, which must be afforded every favorable inference, only Kassim and Elyahou know who took what actions, and AutoExpo knows that only those two were involved in the actions that form the basis of the ERISA claims. (*See*, *e.g.*, Dkt. 48, ¶¶ 230, 258, 262-64, 494). Simply put, while Kassim was initially the Plan Administrator, it is alleged that she also engaged in the April 2022 Withdrawal as "Trustee/Authorized Signer." (Dkt. 48, ¶¶ 230, 262-63). Kassim's actions enabled Elyahou to unilaterally withdraw Plan Assets, by effectuating the $521,000 Transfer without proper authority.

7

(Dkt. 48,¶¶ 241-67). There was an evident *quid prop quo* because, among other things, Kassim benefitted from Elyahou's improper and illegal acts, including amending the Plan, without proper authority, through a bogus board resolution, to have AutoExpo make company matches to the Plan, to her benefit. (Dkt. 48, ¶¶ 117-29, 190-93, 225-26, 275-97, 308, 317, 322).

While the Amended Complaint contains allegations against Kassim and/or Elyahou, it is clear that Plaintiffs are not improperly grouping all Defendants together, but instead, are only putting Kassim and Elyahou on notice that they are liable for their illegal actions affecting the Plan, including the improper transfer of Plan Assets as well as improper Plan Amendments. Those allegations sufficiently plead ERISA claims against Kassim.

## II. THE AMENDED COMPLAINT STATES VIABLE AIDING AND ABETTING BREACH OF FIDUCIARY DUTY, FRAUD AND AIDING AND ABETTING FRAUD CLAIMS AGAINST KASSIM

AutoExpo has stated viable common law claims against Kassim for fraud (seventeenth cause of action) and against the Certified Defendants for (i) aiding and abetting breach of fiduciary duty (thirteenth cause of action); and (ii) aiding and abetting fraud (eighteenth cause of action).

### A. Aiding and Abetting Breach of Fiduciary Duty (Thirteenth Cause of Action) Is Viable

In order to state a claim under New York law of aiding and abetting breach of a fiduciary duty, a plaintiff must allege "(1) a breach by a fiduciary of obligations to another of which the defendant had actual knowledge; (2) that the defendant knowingly induced or participated in the breach; and (3) that the plaintiff suffered damage as a result of the breach." *Star Auto Sales of Queens LLC v. Iskander*, 2023 U.S. Dist. LEXIS 158098, *15 (E.D.N.Y. Apr. 20, 2023) (denying motion to dismiss aiding and abetting breach of fiduciary duty claim).

The Certified Defendants claim that AutoExpo pled their thirteenth cause of action in conclusory fashion, but ironically, the Certified Defendants' argument is, itself, conclusory as they

8

fail to articulate any basis for this argument. (Certified MOL, p. 9). So, as an initial matter, the Certified Defendants' argument must be rejected because it is not supported by anything. This is no surprise because the aiding and abetting breach of fiduciary duty claims against the Certified Defendants is well-supported by the Amended Complaint's allegations.

In this regard, Plaintiffs allege sufficient facts to satisfy each element necessary to state a claim for aiding and abetting breach of fiduciary duty. First, Plaintiffs allege numerous facts to establish a claim for breach of fiduciary duty by Elyahou (Dkt. 48, ¶¶ 57, 62-76, 98-99, 102-266).[3] Next, Plaintiffs allege numerous facts as to Kassim's actual knowledge of and assistance in Elyahou's breach of fiduciary duty through the various schemes that Defendant Elyahou engaged in. (Dkt. 48, ¶¶ 11, 81, 119-121, 128-129, 196-197, 224-231, 258-269, 274-335). In addition to Kassim's actual knowledge of Elyahou's fiduciary duties, Plaintiffs allege that Certified had actual knowledge of Elyahou's fiduciary duties to AutoExpo because Certified was incorporated by Eitan, who was a former manager of AutoExpo and thus knew that Elyahou owed a fiduciary duty to AutoExpo. (Dkt. 48, ¶¶ 299, 303). Moreover, Plaintiffs sufficiently allege facts that Defendant Certified substantially assisted Defendant Elyahou in his various schemes (Dkt. 48, ¶¶ 274-335). Specifically, Plaintiffs allege that Certified was set up by Kassim, Eitan and Elyahou to compete with AutoExpo by using AutoExpo's stolen trade secrets and confidential information in order to steal AutoExpo's business. (Id.) Plaintiffs further allege that Certified assisted Elyahou with his theft of AutoExpo's confidential and proprietary information in breach of Elyahou's fiduciary

---

[3] The elements for a breach of fiduciary duty claim in New York are: (i) the existence of a fiduciary relationship, (ii) misconduct by the defendant, and (iii) damages directly caused by the defendant's misconduct. *Greenberg v Wiesel*, 186 A.D.3d 1336, 1338 (2d Dept. 2020) (*citing Armentano v. Paraco Gas Corp.*, 90 A.D.3d 683, 684 (2d Dept. 2011); *see also Birnbaum v. Birnbaum*, 73 N.Y.2d 461, 466 (1989) ("[A] fiduciary owes a duty of undivided and undiluted loyalty to those whose interests the fiduciary is to protect . . . barring not only blatant self-dealing, but also requiring avoidance of situations in which a fiduciary's personal interest possibly conflicts with the interest of those owed a fiduciary duty."); see also *Agway, Inc. Employees' 401(k) Thrift Inv. Plan v Magnuson*, No. 5:03-CV-1060, 2006 U.S. Dist. LEXIS 74670, at *42 (N.D.N.Y. July 13, 2006). Plaintiffs refer this Court to the accompanying opposition to the Elyahou Defendants' Motion to Dismiss the Amended Complaint, Point II.

9

duties to AutoExpo, and that Certified would not have otherwise gained access to this information. (Dkt. 48, ¶¶ 325-332). Certified assisted with Elyahou's fraud by operating out of the same location that Elyahou had suggested AutoExpo to purchase (Dkt. 48, ¶ 306), by being set up as a competing dealership built with AutoExpo's stolen trade secrets (Dkt. 48, ¶ 308), by working with Elyahou to pillage and plunder AutoExpo's business (Dkt. 48, ¶ 316, 323) and by assisting Elyahou in stealing AutoExpo's customized inventory system, allowing Certified to forego having to search for its own customers and employees (Dkt. 48, ¶325-328). The substantial assistance by Kassim and Certified was due to, *inter alia*, Defendant Kassim's duties to manage and control the books and records of AutoExpo, Eitan's (and by extension, Certified's) duties as a manager of AutoExpo, and Kassim and Certified thwarting every effort by Michael Shakhoohi from reviewing the books and records of AutoExpo. In short, the Certified Defendants worked together with Elyahou to steal from AutoExpo. Moreover, Defendant Kassim was aware of AutoExpo's marketing services, expenses, tax evasion scheme, repossession business activities, and AutoExpo's confidential and proprietary information, which Defendant Elyahou was diverting for himself. Therefore, Plaintiffs sufficiently allege, over at least 88 paragraphs, that Certified Defendants knew and substantially assisted with Defendant Elyahou's breach of fiduciary duty. Moreover, Plaintiffs sufficiently allege that AutoExpo was damages because a significant number of AutoExpo's customers and leads have been solicited by Elyahou and Certified using AutoExpo's trade secrets and confidential information and that AutoExpo's customer relationships, brand and goodwill were destroyed by based on Elyahou's breach of fiduciary duty, which Certified and Kassim assisted with. (Dkt. 48, ¶ 334). As such, Certified Defendants' reliance on *Inspired Capital, LLC v. Condé Nast*, 803 F. App'x 436, 439 (2d Cir. 2020) is inapplicable. In *Inspired Capital*, the Complaint only asserted bare bones legal assertions without sufficient facts to support those legal conclusions. Here, in

10

contrast, Plaintiffs have alleged detailed facts to support a viable aiding and abetting breach of fiduciary duty claim.

Accordingly, the Certified Defendants' motion to dismiss Plaintiffs' thirteenth cause of action must be denied.

### B. Fraud (Seventeenth Cause of Action) and Aiding and Abetting Fraud (Eighteenth Cause of Action) Are Viable

The Certified Defendants argue that Plaintiffs have failed to sufficiently allege the seventeenth cause of action for Fraud against Kassim and eighteenth cause of action for Aiding and Abetting Fraud against the Certified Defendants, supposedly, because those claims are pled in conclusory form. As with Certified Defendants' argument regarding the thirteenth cause of action, the Certified Defendants clearly have not analyzed the Amended Complaint thoroughly for the numerous allegations regarding fraud and aiding and abetting fraud.

1. AutoExpo States a Viable Fraud Claim Against Kassim

To state a claim under New York law for fraud, a plaintiff must allege: (i) a misrepresentation or a material omission of fact; (ii) which was false and known to be false by defendant; (iii) made for the purpose of inducing the other party to rely upon it; (iv) justifiable reliance of the other party on the misrepresentation or material omission; (v) injury; and (vi) that the defendant had a duty to disclose material information. *Wholey v. Amgen Inc.*, 2017 N.Y. Slip Op. 30468(U) (Sup. Ct. New York Cnty. 2017); *see also Eurycleia Partners, LP v. Seward & Kissel, LLP*, 12 N.Y.3d 553, 559 (2009). All of these elements are alleged against Kassim.

Kassim would have this Court believe that the only allegation regarding Defendant Kassim's fraud was contained in a single subparagraph of the Amended Complaint, ¶ 455(i), which states "Elyahou and Kassim made material misrepresentations about their roles in connection with the Plan." (Certified MOL, pp. 9-10). This suggestion is meritless. AutoExpo specifically alleges

11

numerous material misrepresentations and omissions by Kassim, who as Controller, had a duty to accurately disclose AutoExpo's financial condition, was aware of numerous false representations by Elyahou, but failed to advise AutoExpo's owners, including Shahkoohi, as to: (i) AutoExpo's financial condition, such as improper expenses charge to the company, (ii) Elyahou's ownership of SimpSocial; (iii) Elyahou's termination of the marketing company, Tecobi; (iv) SimpSocial's charges to the company for work that Elyahou was already compensated; (v) cash collected from repo companies for repossession of vehicles in AutoExpo's possession; and (vi) AutoExpo's Plan. (Dkt. 48, ¶¶ 274- 97, 455(a), (f), (i); *see also*, Dkt. 48, ¶¶ 187-97, 224-32, 242-48, 258-66). She also intentionally destroyed business records to cover up her wrongdoing and/or assist Elyahou (Dkt. 48, ¶ 294).

Moreover, Plaintiffs provide sufficient detail regarding Defendant Kassim's fraudulent statements. First, the Amended Complaint details Kassim's management and control of AutoExpo's books and records (Dkt. 48, ¶ 277), as well as her duty to provide sales and expense analysis as well as the financial condition for all of AutoExpo's departments. (Dkt. 48,¶¶ 281-282). Defendant Kassim knew that Elyahou had terminated AutoExpo's marketing company, Tecobi, and had hired Defendant Elyahou's own company, SimpSocial, which was improper. (Dkt. 48, ¶¶ 284-288). The Amended Complaint further alleges that Defendant Kassim did not advise AutoExpo, including its principals, Shahkoohi and Robert, of Defendant Elyahou's wrongdoings regarding SimpSocial and that Defendant Kassim assisted the payment to SimpSocial.

Second, the Amended Complaint sufficiently alleges facts supporting a claim for fraud and aiding and abetting fraud regarding the monies that were owed to AutoExpo through its repo work. Specifically, on several occasions, Defendant Kassim fraudulently informed Shahkoohi that there were no records or that records were no longer available relating to the nearly $500,000 in cash

12

that AutoExpo had received from repo companies from January 1, 2014 through February 2023. (Dkt. 48, ¶¶ 290-294). The Amended Complaint further alleges that Defendant Kassim either pocketed the cash received from the repossession activities for herself or gave the case to Defendant Elyahou and that Defendant Kassim intentionally destroyed AutoExpo's business records in order to cover up her wrongdoing, or alternatively, to aid and assist Defendant Elyahou's scheme. (Dkt. 48, ¶ 293). However, without the benefit of discovery, AutoExpo cannot know what was done with the cash, *e.g.*, did it go to Elyahou or Kassim. At this juncture, AutoExpo only knows that the cash received from the repo companies – that it should have received – was not received. Plaintiffs have pled these allegations for both a fraud claim and aiding and abetting fraud claim at this juncture. Lastly, as detailed above, Plaintiffs have sufficiently pled those misrepresentations that Defendant Kassim made with regards to AutoExpo's 401k Plan.

2. AutoExpo States A Viable Aiding and Abetting Fraud Claims Against The Certified Defendants

To state a claim under New York law for aiding and abetting fraud, a plaintiff must allege: (1) the existence of an underlying fraud; (2) knowledge of this fraud on the part of the aiding and abetting party; and (3) substantial assistance by the aiding and abetting party in achieving this fraud. *Kind Operations v. Aua Private Equity*, 2020 N.Y. Misc. LEXIS 11429, *14 (Sup. Ct. NY Cty. Sept. 16, 2020) (*citing Oster v. Kirschner*, 77 A.D.3d 51 (1st Dept. 2010); *Stanfield Offshore Leveraged Assets, Ltd. v. Metropolitan Life Insurance Co.*, 64 A.D.3d 472 (1st Dept. 2009). All of these elements are alleged against the Certified Defendants in AutoExpo's eighteenth cause of action.

First, Plaintiffs have sufficiently alleged the existence of an underlying fraud by Elyahou through his various schemes, including making false representations regarding AutoExpo's financial conditions to Shahkoohi, stealing AutoExpo's confidential and proprietary information,

13

double dipping by charging AutoExpo for social media expenses himself while also having AutoExpo pay SimpSocial for social media, utilizing AutoExpo's bid information to allow Certified to outbid AutoExpo, making false representations relating to the Plan, and by diverting business to himself and/or his competing companies while informing AutoExpo that he was not doing so. (Dkt. 48, ¶¶ 98-99, 102-223, 455)

Second, the Amended Complaint sufficiently alleges that Certified and Kassim knew of Elyahou's fraudulent conduct, concealment and his intentional false statements and material omissions in a calculated effort to steal from AutoExpo, induce AutoExpo not to act, and to conceal the facts from AutoExpo. (Dkt. 48, ¶¶ 274-335, 464).

Lastly, the Amended Complaint sufficiently alleges facts beyond a legal conclusion that Certified and Kassim substantially assisted Elyahou in a calculated effort to conceal the scheme from AutoExpo and to achieve the fraud against AutoExpo. (¶¶ 274-335, 465). For example, the Amended Complaint alleges that when confronted by Shahkoohi, Kassim withheld and destroyed records of cash that was received from repo companies that was part of Elyahou's repo scheme, as well as withholding other financial information from Shahkoohi in order to assist with Elyahou's fraud against AutoExpo. (Dkt. 48, ¶¶ 119-121, 129). The Amended Complaint further alleges Certified further Elyahou's fraud of bidding against AutoExpo for purchase of vehicles by bidding only on those vehicles that Shahkoohi had informed Elyahou that AutoExpo was going to bid on, as well as using AutoExpo's confidential and proprietary information that Elyahou had stolen from AutoExpo in order to compete against AutoExpo. (Dkt. 48, ¶¶ 77-78, 141-147). Moreover, Certified and Kassim benefitted from the fraudulent schemes by Elyahou directly. (Dkt. 48, ¶¶ 119, 128, 466, 469-470).

Accordingly, the Certified Defendants' motion to dismiss Plaintiff's seventeenth and

eighteenth causes of action must be denied.

### III. Leave To Replead Should Be Granted In The Event Of Dismissal

Despite requesting leave to replead in the event of dismissal in its opposition to the Defendants' Motions to Dismiss the Complaint, the Certified Defendants seek to mislead the Cout by stating that Plaintiffs have failed to amend their supposedly flawed DTSA claims. However, Certified Defendants put the proverbial "cart before the horse," as there has been no finding that Plaintiffs' DTSA claims are deficient as this Court has not made any determination regarding Plaintiffs' DTSA claims.[4]

In the event that dismissal is granted (which it should not be), Plaintiffs respectfully seek leave to amend, which shall be freely given when justice so requires. See Fed. R. Civ. P. 15(a).

Indeed, "'[i]t is the usual practice upon granting a motion to dismiss to allow leave to replead.'" See Cruz v. TD Bank, N.A., 742 F.3d 520, 523 (2d Cir. 2013); see also Vacold LLC v. Cerami, 2002 U.S. Dist. LEXIS 1895 at *19 (S.D.N.Y. Feb. 7, 2002) (quoting Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991)); Elliot-Leach v. New York City Dep't of Educ., 201 F. Supp. 3d 238, 243 (E.D.N.Y. 2016), aff'd, 710 Fed. Appx. 449 (2d Cir. 2017).

Moreover, "[w]ithout the benefit of a ruling [from the Court], many a plaintiff will not see the necessity of amendment or be in a position to weigh the practicality and possible means of curing specific deficiencies." See McKenzie-Morris v. V.P. Records Retail Outlet, Inc., 2022 U.S. Dist. LEXIS 233796, at *38 (S.D.N.Y. Dec. 30, 2022) (citing Loreley Fin. (Jersey) No. 3 Ltd., 797 F.3d at 190 (2d Cir. 2015)).

Accordingly, leave to replead should be granted to the extent any defendant succeeds as to

---

[4] The Certified Defendants' assertion that Plaintiffs "have been on notice of the deficiencies of their claims since at least the pre-motion conference" (Certified MOL, p.5) is blatantly false. At the pre-motion conference in April 2024, Plaintiffs stood by the sufficiency of the allegations in the original complaint, and the Court has not yet ruled with respect to those allegations.

15

any claim on their respective motions to dismiss.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court deny Certified Defendants' motion to dismiss, together with such other and further relief as this honorable Court deems just, equitable, and proper.

Dated:  Lake Success, New York
        January 24, 2025

Respectfully submitted,
**MILMAN LABUDA LAW GROUP PLLC**
*Attorneys for Plaintiffs*

By:  */s   Michael C. Mulè, Esq.*
      Michael C. Mulè, Esq.
      Kyle F. Monaghan, Esq.