UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
AUTOEXPO ENT INC., PEACE PROPERTIES, LLC,
NETWORK REINSURANCE COMPANY INC.,
AUTO EXCHANGE CENTER, LLC, and CHROME
INSURANCE AGENCY LLC,

Plaintiffs,

v.

OMID ELYAHOU, SIMPSOCIAL LLC, FIFTY SEVEN
CONSULTING CORP. d/b/a CERTIFIED AUTO GROUP
a/k/a CERTIFIED PERFORMANCE MOTORS, AVI
EITAN and FAZEEDA KASSIM,

Defendants.

--------------------------------------------------------------------X

Hon. Orelia E. Merchant
M. J. Steven L. Tiscione

Civil Action No.
2:23-cv-9249

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS AVI
EITAN, FIFTY SEVEN CONSULTING CORP. D/B/A CERTIFIED AUTO GROUP
A/K/A CERTIFIED PERFORMANCE MOTORS AND FAZEEDA KASSIM'S MOTION
TO DISMISS PLAINTIFFS' AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P.
RULE 12(b)(1) AND (6)**

**THE LAW OFFICE OF STEVEN COHN, P.C.**
*Attorneys for Defendants Avi Eitan, Fifty
Seven Consulting Corp. d/b/a Certified Auto Group
a/k/a Certified Performance Motors and Fazeeda
Kassim*
One Old Country Road, Suite 420
Carle Place, NY 11514
(516) 294-6410

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT……………………………………………..    1

ARGUMENT…………………………………………………………..    2

    I.     PLAINTIFFS MISSTATE THEIR PLEADING OBLIGATIONS IN ARGUING FOR LEAVE TO FURTHER AMEND IF DISMISSED…………………………………………………    2

    II.    PLAINTIFFS' OPPOSITION UNDERSCORES THE ABSENCE OF ERISA LIABILITY AGAINST MS. KASSIM..    3

    III.   THE COURT SHOULD DECLINE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' COMMON LAW CLAIMS……………………………………………………..    4

    IV.   PLAINTIFFS' TURN THEIR PLEADING REQUIREMENTS UPSIDE DOWN……………………………………………    4

CONCLUSION…………………………………………………….....    5

# TABLE OF AUTHORITIES

Page

*City of Pontiac Policemen's & Firemen's Retirement Sys. v UBS AG*
752 F3d 173, 188 (2d Cir 2014)............................................................    2

*ICD Capital, LLC v. CodeSmart Holdings, Inc.,*
2020 U.S. Dist. LEXIS 28174, at *19-20 (S.D.N.Y. Feb. 19, 2020).........    5

*Inspired Capital, LLC v. Condé Nast,*
803 F. App'x 436, 439 (2d Cir. 2020)............................................    4,5

*Statutes and Other Authorities*

Fed. R. Civ. P. 12 ...................................................................    1

28 U.S.C. § 1367......................................................................    4

Defendants Avi Eitan, Fifty Seven Consulting Corp. d/b/a Certified Auto Group a/k/a Certified Performance Motors and Fazeeda Kassim (collectively, the "Certified Defendants") submit this Reply Memorandum of Law In Further Support Of Defendants Avi Eitan, Fifty Seven Consulting Corp. D/B/A Certified Auto Group A/K/A Certified Performance Motors And Fazeeda Kassim's Motion To Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6) plaintiffs' Autoexpo Ent. Inc., Peace Properties LLC, Network Reinsurance Company Inc., Auto Exchange Center, LLC, and Chrome Insurance Agency LLC (collectively, "Plaintiffs") First, Second, Third, Fourth, Sixth, Thirteenth, Seventeenth and Eighteenth, Twentieth and Twenty First Causes of Action of the Amended Complaint, and, thereby, in the absence of a viable Federal claim, the Complaint in its entirety as against the Certified Defendants.

## PRELIMINARY STATEMENT

Plaintiffs' opposition reveals their pleading strategy to create just enough confusion to avoid dismissal. However, exposing Plaintiffs' copied Trade Secret allegations from another litigation, the intentional grouping of both plaintiffs and defendants, and the misleading labeling and conflation of separate transactions, it becomes clear that Plaintiffs have no valid basis for their claims.

## ARGUMENT

### I.  PLAINTIFFS MISSTATE THEIR PLEADING OBLIGATIONS IN ARGUING FOR LEAVE TO FURTHER AMEND IF DISMISSED

Plaintiffs argue that if their Trade Secret Claims are dismissed, they should be granted leave to further amend their Complaint because their claims have not yet been dismissed. (Opp. Pp. 14-15.[1]) Plaintiffs misstate their pleading obligations.

As the Second Circuit demonstrated in *City of Pontiac Policemen's & Firemen's Retirement Sys. v UBS AG* the Second Circuit, the operative question is whether "the deficiencies raised with respect to the Amended Complaint were unforeseen by plaintiffs when they amended." 752 F3d 173, 188 (2d Cir 2014).  There, the Second Circuit upheld dismissal of the amended complaint even though the "amendment was not in response to a motion to dismiss identifying particular deficiencies in the pleadings," reasoning that "it is unlikely that the deficiencies raised with respect to the Amended Complaint were unforeseen by plaintiffs when they amended." *Id.*

Here, Plaintiffs were well aware of the deficiencies of the Trade Secret claims when they amended their Complaint. Their trade secret allegations are substantially copied verbatim from another litigation. They have failed to plead reasonable secrecy measures, have shown voluntary disclosure, and have engaged in improper group pleading. Plaintiffs have been on notice of these deficiencies since at least the pre-motion conference and throughout subsequent briefing, yet they have failed to correct them, merely repeating the same defects in their Amended Complaint. As Plaintiffs themselves state in opposition, they have "stood by" their trade secret claims unchanged. (Opp. Pp. 15-16 n. 4.) Given that Plaintiffs have chosen to stand by their allegations despite full

---

[1] "Opp." refers to Plaintiffs' Memorandum of Law in Opposition to Motion to Dismiss Plaintiff's Amended Complaint by Defendants Fifty Seven Consulting Corp. D/B/A Certified Auto Group A/K/A Certified Performance Motors and Fazeeda Kassim.

awareness of their deficiencies, dismissal of their Trade Secret Claims should be with prejudice, without leave to amend.

## II.    PLAINTIFFS' OPPOSITION UNDERSCORES THE ABSENCE OF ERISA LIABILITY AGAINST MS. KASSIM

Plaintiffs do not dispute that they label an internal transfer of funds between AutoExpo accounts as the "April 2022 Withdrawal" and then conflate it with an alleged withdrawal from a different AutoExpo account seven months later—one in which Ms. Kassim had no involvement. Instead, Plaintiffs simply repeat their misleading allegations, continuing to conflate these two distinct transactions as the only alleged basis for ERISA liability against Ms. Kassim. They argue that "on November 15, 2022, after he and Kassim moved the Plan's assets from John Hancock to Chase, Elyahou improperly used his authority as Plan Trustee to obtain a cashier's check from Chase, made payable to 'June Mehrberg Rothstein LLC,' in the amount of $521,000.00, directly utilizing funds from 'AutoExpo Ent Inc/Auto Expo 401(k) Plan,' i.e., the Plan Assets, to effectuate the $521,000 Transfer." (Opp. Pp. 3-4 (emphasis added).)

But Plaintiffs continue to ignore the key fact that Ms. Kassim's only supposed connection to these transactions is her alleged role as Plan Administrator of the AutoExpo plan from which the funds were internally transferred to a different AutoExpo 401(k) plan—one with which she had no connection. Exhibits 1 and 2 of Plaintiffs' Opposition further demonstrate that Plaintiffs have no basis for ERISA liability against Ms. Kassim.[2] Their own allegations demonstrate that she had no role in the account from which the alleged "House Payment" transaction occurred.  In addition, the internal transfer of funds is alleged to have occurred seven months before the alleged "House Payment" transaction.

---

[2] Reference to "Exhibits 1 and 2 of Plaintiffs' Opposition" refers to the exhibits annexed to the January 22, 2025 Declaration of Michael Shahkoohi.

3

Because the transactions are entirely separate, and further because Plaintiffs' sole basis for liability against Ms. Kassim relies on conflating them without basis, Plaintiffs have failed to plead any grounds for ERISA liability against Ms. Kassim.

**III.    THE COURT SHOULD DECLINE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' COMMON LAW CLAIMS**

Plaintiffs argue that "so long as either federal claim, i.e., the DTSA or ERISA claim, is sustained, federal jurisdiction exists." (Opp. P 1, n. 1). However, they do not contest that, in the event of dismissal, the Court should decline supplemental jurisdiction over the common law claims. Additionally, Plaintiffs fail to address that, even if any portion of their federal claims survive, the common law claims would still predominate. *See* 28 U.S.C. § 1367(c)(2) (providing that supplemental jurisdiction may be declined if "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction"). Furthermore, Plaintiffs do not address the prior-filed action, *AutoExpo Ent. Inc. v. Omid Elyahou et al.*, No. 17486/2023 (Nassau Cty. Sup. Ct.), which provides an additional basis for the Court to decline jurisdiction over the common law claims.

**IV.    PLAINTIFFS' TURN THEIR PLEADING REQUIREMENTS UPSIDE DOWN**

Plaintiffs' conclusory allegations fail to meet the pleading standards for their Thirteenth, Seventeenth, and Eighteenth Causes of Action. In opposition, Plaintiffs merely cite paragraphs from the Complaint that are formulaic, conclusory and which improperly group elements and defendants, while arguing that "the Certified Defendants' argument is, itself, conclusory . . . ." (Opp. Pp. 8-9.) However, it is Plaintiffs' who must plead the elements of their claims in non-conclusory form, not the Certified Defendants who must disprove the existence of claims that were never sufficiently pleaded. *See e.g., Inspired Capital, LLC v. Condé Nast*, 803 F. App'x 436, 439 (2d Cir. 2020) ("Plaintiffs' allegations that defendants 'knew that [the company] developed and

owned the food recipes and food products' and 'knew that Harris developed and owned and was breaching his fiduciary duties,' are conclusory and cannot save their aiding and abetting breach of fiduciary duty claim.")

As to Plaintiffs' Seventeenth Cause of Action (fraud) and the Eighteenth (aiding and abetting fraud), Plaintiffs still fail to specify the content, time, place, speaker, or other details required by Rule 9(b). *Inspired Capital*, 803 F. App'x at 440 ("Allegations of fraud must specify the time, place, speaker, and content of the alleged misrepresentations."). They also still fail to adequately allege the underlying fraud or provide non-conclusory claims that Ms. Kassim had knowledge of or aided in the fraud. *ICD Capital, LLC v. CodeSmart Holdings, Inc.*, 2020 U.S. Dist. LEXIS 28174, at *19-20 (S.D.N.Y. Feb. 19, 2020) (dismissing claims where "purely conclusory allegations of [defendant's] misconduct do not give rise to an inference, much less a plausible one, that [defendant] had knowledge of [co-defendant's] fraud or that she affirmatively assisted, helped conceal, or enabled it to proceed").

Plaintiffs' Thirteenth, Seventeenth, and Eighteenth Causes of Action are based on formulaic and conclusory allegations that fail to satisfy pleading standards. These claims should accordingly be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiffs' DTSA and common law trade secret claims, their First, Second, Third, Fourth and Sixth Causes of Action of the Amended Complaint should be dismissed without leave to amend. Plaintiffs ERISA claims, their Second, in part, Twentieth and Twenty-First Causes of Action should also be dismissed to the extent they are pleaded against Ms. Kassim. In addition, Plaintiffs' Thirteenth, Seventeenth and Eighteenth causes of action should be dismissed to the extent they are pleaded against Ms. Kassim. Furthermore, the Court should

decline to exercise supplemental jurisdiction over Plaintiffs' state-law claims and dismiss the

Complaint in its entirety as against the Certified Defendants.


Dated:  Carle Place, NY
          February 5, 2024


                                    **STEVEN COHN, P.C.**
                                    *Attorneys for Defendants Avi Eitan, Fifty
                                    Seven Consulting Corp. d/b/a Certified Auto
                                    Group a/k/a Certified Performance Motors
                                    and Fazeeda Kassim*


                                    By: _MatthewFeinman_

                                        Steven Cohn
                                        Matthew Feinman
                                    One Old Country Road, Suite 420
                                    Carle Place, NY 11514
                                    (516) 294-6410