UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

M. J. STEVEN L. TISCIONE

-----------------------------------------------------------------X

AUTOEXPO ENT INC., PEACE PROPERTIES LLC, NETWORK REINSURANCE COMPANY INC., AUTO EXCHANGE CENTER, LLC, and CHROME INSURANCE AGENCY LLC,

*Plaintiffs*

*against*

OMID ELYAHOU, SIMPSOCIAL LLC, UNITED CITIZENS WARRANTY LLC, FIFTY SEVEN CONSULTING CORP. d/b/a CERTIFIED AUTO GROUP a/k/a CERTIFIED PERFORMANCE MOTORS AVI EITAN, and FAZEEDA KASSIM,

*Defendants.*

-----------------------------------------------------------------X

Case No.: 2:23 cv 9249

**MEMORANDUM OF LAW OF DEFENDANTS**
**OMID ELYAHOU, SIMPSOCIAL LLC AND UNITED CITIZENS WARRANTY LLC**
**IN SUPPORT OF THEIR MOTION TO DISMISS**
**THE FIRST AMENDED COMPLAINT**

MATIN EMOUNA, ESQ.
EMOUNA & MIKHAIL, PC
*Attorneys for Omid Elyahou, and Simpsocial*
100 Garden City Plaza, Suite 520
Garden City, New York 11501
Tel (516) 877-9111
memouna@emiklaw.com

# TABLE OF CONTENTS


**PRELIMINARY STATEMENT** ....................1

**FACTUAL AND PROCEDURAL BACKGROUND** ....................1

**STATE COURT ACTIONS**....................1

**NASSAU COUNTY COMMERCIAL DIVISION INDEX NO.: 617795/2023** ....................1

**NASSAU COUNTY COMMERCIAL DIVISION INDEX NUMBER 617486/2023**....................2

**INSTANT MATTER EDNY CASE NO.: 2:23 CV 9249**....................3

**THE FIRST AMENDED COMPLAINT**....................4

**POINT I** ....................4

**THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FRCP 12 (b)(1) and FRCP 12 (b)(6)**....................4

**A. STANDARD** ....................4

**B. ERISA'S STATUTORY FRAMEWORK**.................... 6

**POINT II**....................10

**PLAINTIFFS LACK STANDING TO PURSUE THEIR ERISA CLAIMS**....................10

**POINT III** ....................11

**TWENTIETH CAUSE OF ACTION DOES NOT STATE A CLAIM FOR FIDUCIARY BREACH.**....................11

**POINT IV** ....................13

**DEFENDANTS' MOTION TO DISMISS SHOULD BE GRANTED WITHOUT FURTHER LEAVE TO AMEND**....................13

**CONCLUSION** ....................14

## TABLE OF AUTHORITIES


**Cases** **Page No.**

**Aetna Health Inc. v. Davila*,
542 U.S. 200, 215 (2004)........................................ 9,10

**Ashcroft v. Iqbal*,
556 U.S. 662, 678 (2009)........................................ 5,8

**Boyette v. Montefiore Medical Ctr.*,
No. 22-cv-5280 (JGK), 2024 U.S. Dist. LEXIS 63150, at *1 (S.D.N.Y. Apr. 5, 2024)............4,5

**Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 570 (2007)........................................ 4,5

**Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*,
433 F.3d 181, 199 (2d Cir. 2005)........................................ 11

** Conkright v. Frommert*,
130 S. Ct. 1640, 1645, (2010)........................................ 10

**Donovan v. Bierwirth*,
680 F.2d 263, 271 (2d Cir. 1982)........................................ 13

**Doyle v. Midland Credit Mgmt., Inc.*,
722 F.3d 78, 80 (2d Cir. 2013)........................................ 6

**Fifth Third Bancorp v. Dudenhoeffer*,
573 U.S. 409, 425 (2014)........................................ 11

**Firestone Tire & Rubber Co. v. Bruch*,
489 U.S. 101, 105, (1989)........................................ 12

**Greater Blouse, Skirt & Undergarment Ass'n, Inc. v. Morris*, No. 93-1257,
1996 WL 180019, at *9 (S.D.N.Y. Apr. 16, 1996)........................................ 13

** Harris Tr. & Sav. Bank v. Salomon Smith Barney, Inc.*,
530 U.S. 238, 247 (2000)........................................ 9

**In re Scholastic Corp. Sec. Litig.*,
252 F.3d 63, 69 (2d. Cir. 2001) ........................................ 10

**Hishon v. King & Spalding*
467 U.S. 69, 73 (1984) ........................................ 10

* *Kendall v. Employees Ret. Plan of Avon Prods*.,
561 F.3d 112, 118 (2d Cir. 2009) ........ 11

**Lujan v. Defenders of Wildlife*,
504 U.S. 555, 560 (1992) ........ 10

*In Re American Express Co*.,
39 F.3d 395, 402 (2d Cir. 1994) ........ 13

**In re ITT Corp. Derivative Litig*.,
653 F. Supp. 2d 453, 465 (S.D.N.Y. 2009) ........ 13

**Metropolitan Life Ins. Co. v. Glenn*,
128 S. Ct. 2343, 2346, (2008) ........ 10

**Mertens v. Hewitt Assocs*.,
508 U.S. 248, 251 (1993) ........ 9

**N.Y. State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co*.,
514 U.S. 645, 651 (1995) ........ 9

**Pension Ben. Guar. Corp. ex rel. St. Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*(“*PBGC*”),
712 F.3d 705, 718 (2d Cir. 2013) ........ 12

**Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt. Inc.,*
712 F.3d 705, 719 (2d Cir. 2013) ........ 8

**Ruotolo v. City of New York*,
514 F.3d 184, 191 (2d Cir. 2008) ........ 13

**Simmons v. Cty. of Suffolk*,
No. 14-CV-3884(JS)(ARL), 2015 U.S. Dist. LEXIS 135371, at *23 (E.D.N.Y. Sept. 30, 2015) 13

**Spokeo, Inc. v. Robins*,
136 S. Ct. 1540, 1547 (2016) ........ 10

* *Taveras v. UBS AG*,
612 F. App’x 27, 29 (2d Cir. 2015) ........ 11

**White v. Chevron Corp*.,
No. 16- 0793, 2016 WL 4502808, at *18 (N.D. Cal. Aug. 29, 2016) ........ 12

**U.S. v. Space Hunters. Inc.,*
429 F.3d 416, 424 (2d Cir. 2005) (S.D.N.Y. 2021) ........ 8
.

FRCP Rule 8 (a) .... 1,2
FRCP Rule 12 (b)(1) .... 1,2
FRCP Rule 12 (b)(6) .... 1,2
FRCP Rule 12(f) .... 15
FRCP Rule 26(c) .... 7

Defend Trade Secrets Act of 2016 ("DTSA") .... 1,3,5,7

New York Business Corporation Law (BCL) §624 .... 3

CPLR § 2004 .... 4
CPLR § 2005 .... 4
CPLR § 3012(d) .... 4
CPLR § 3217(b) .... 4

**EXHIBITS**

EXHIBIT A First Amended Complaint.

**PRELIMINARY STATEMENT**

Defendants Omid Elyahou, Simpsocial LLC, and United Citizens Warranty LLC,[1] respectfully submit this memorandum of law in support of the instant motion to dismiss the First Amended Complaint, (hereinafter "FAC") attached hereto as **Exhibit A**, that has been filed by Plaintiffs Autoexpo Ent. Inc., Peace Properties LLC, Network Reinsurance Company Inc., Auto Exchange Center, LLC, and Chrome Insurance Agency LLC (collectively, "Plaintiffs") pursuant to pursuant to the Federal Rules of Civil Procedure ("FRCP") 8(a), 12(b)(1) and 12(b)(6).

This action is a classic business divorce action between two former relatives who operate a used car business. By way of background, Elyahou is a twenty percent (20 %) and his former brother-in-law, Michael Shahkoohi, ("Shahkoohi"), is an eighty percent (80 %) shareholder of AutoExpo Ent, Inc. ("AutoExpo" or the "Company") that operates as a used car business, in addition Shahkoohi is the owner, manager, member and officer of the following dealerships: (1) Masterz (2) Automotive Intl (3) Auto Gallery Imports (4) Elegant Motors (5) Pristine Auto Group (6) Pristine Mitsubishi (7) Global Motor Cars dba Masters Motor Cars (8) Wisdom Financial Corp. and (9) Auto Exchange Center LLC.

Ownership and management disputes between partners in business are bad enough. If you add in the complex emotional relationships of related shareholders, the disputes can get even more

---

[1] The First Amended Complaint has now included an additional defendant United Citizens Warranty LLC assert five (5) Violation of Defend Trade Secrets Act of 2016 ("DTSA") 18 U.S.C. § 1836, et seq causes of action. Although to date Plaintiffs have not served United Citizens Warranty LLC, nor have inquired if Emouna & Mikhail PC accepts service, in the interest of judicial economy, my firm is hereby appearing on behalf of United Citizens Warranty LLC. In the interest of brevity, the legal arguments as to Omid Elyahou, Simpsocial LLC of (Dkt. No. 39) are not repeated herein, and the contents of same as it relates to United Citizens Warranty LLC's Violation of DTSA are therefore respectfully incorporated herein and made a part hereof.

complicated. The emotional overlay to what may otherwise be a garden-variety family business dispute within a privately-owned company presents unique challenges requiring jurists to analyze the issues from both a professional legal standpoint and a human perspective. In a futile attempt to bully the defendant into submission by creating yet more unnecessary legal fees, the plaintiffs have now Amended the Complaint over a year after litigation between the parties commenced in New York State Court to include an Employee Retirement Income Security Act of 1974, as amended ("ERISA") claim in order to maintain federal court jurisdiction.

Accordingly, for the same reasons set forth in their motion to dismiss the original Complaint (Dkt. No. 39), Defendants now move to dismiss Plaintiffs First Amended Complaint, ERISA claim under FRCP 8(a), 12(b)(1) and 12(b)(6). Specifically, as demonstrated below, the First Amended Complaint, should be dismissed in its entirety because Plaintiffs lack Article III standing. Indeed, Plaintiffs have not pled, nor can they plead, an injury in fact because they have no concrete or particularized individual loss from the alleged ERISA violations. Nor can they establish any causal connection between any purported losses to the fiduciaries' alleged breaches. In fact, Plaintiffs have failed to articulate any concrete injury or losses whatsoever resulting from the alleged breach.

For the reasons set forth below, this motion should be granted and the First Amended Complaint, should be dismissed in its entirety against Omid Elyahou, Simpsocial LLC, and United Citizens Warranty LLC, without leave to amend.[2]

---

[2] The Defendants herein also hereby adopt and incorporate by reference all of Defendants' Avi Eitan, Fifty Seven Consulting Corp. d/b/a Certified Auto Group a/k/a Certified Performance Motors, and Fazeeda Kassim (collectively, "Certified Defendants"), factual assertions and legal argument concerning standing in their Motion to Dismiss the Amended Complaint, as if set forth in their entirety herein.

## FACTUAL AND PROCEDURAL BACKGROUND

Factual and Procedural background of the matter is presumed based on previous oral arguments in addition to Omid Elyahou, and Simpsocial LLC Motion to Dismiss for Failure to State a Claim (Attachments: # (1) Memorandum of Law in Support of Motion, # (2) Exhibit A-Federal Complaint, # (3) Exhibit B-Transcript of Oral Arguments April 12, 2024, # (4) Plaintiffs Memorandum in Opposition to All Defendants Pursuant to Order of the Court, # (5) Defendants Reply Memorandum in Support, # (6) Exhibit C- DOJ Press Release, # (7) Exhibit D- Ramin Baratian Criminal Docket Sheet, # (8) Exhibit E-Michael Shahkoohi Criminal Docket Sheet) (Dkt. No. 39).

In the interest of brevity, those legal arguments are not repeated herein. The contents of said (Dkt. No. 39) are is therefore respectfully incorporated herein and made a part hereof.

No matter how the Plaintiffs are trying to cast this First Amended Complaint, simply this action is a classic business divorce action between two former relatives who operate a used car business. In 63 pages of pleading, Plaintiffs remarkably have failed to state a claim of Defense Trade Secrets Act ("DTSA") or Employee Retirement Income Security Act of 1974, as amended ("ERISA") against Defendants.

## STATE COURT ACTIONS

### NASSAU COUNTY COMMERCIAL DIVISION INDEX NO.: 617795/2023

On October 30, 2023, Elyahou as a twenty percent (20%) shareholder of AutoExpo commenced a Special Proceeding in Nassau County Supreme Court, under Index No.: 617795/2023, pursuant to New York Business Corporation Law (BCL) §624 to inspect books and records of the Company.

On November 27, 2023 Respondents Michael Shahkoohi ("Shahkoohi') and Ramin Baratian ("Baratian") appeared by counsel, Michael C. Mulè, Esq. and Emanuel Kataev, Esq of

the law firm Milman Labuda Law Group, PLLC filed a Cross Motion for an Order: (i) dismissing this petition due to a prior pending action, or alternatively, dismissing this petition for failure to state a claim upon which relief can be granted; (ii) compelling the Petitioner to produce AutoExpo's books and records in his possession and turn over all AutoExpo property, customer lists, customer information, financial information, and any other information, confidential or otherwise, obtained during his relationship with AutoExpo, as well as all login, password and administration rights for all platforms used for business accounts and licensing such as marketing, financial and accounting; and (iii) for sanctions against Petitioner for engaging in frivolous litigation, together with such other and further relief this Court may deem just, equitable, and proper. This Special Proceeding, under Index No.: 617795/2023 was assigned to the Honorable Sharon M. J. Gianelli, and was fully briefed January 8, 2024 and awaiting decision.

**NASSAU COUNTY COMMERCIAL DIVISION INDEX NUMBER 617486/2023**

AutoExpo commenced an action in Nassau Supreme Court under Index Number 617486/2023 by filing a Summons with Notice on October 26, 2023. Defendants Omid Elyahou ("Elyahou") and SimpSocial LLC ("SimpSocial") appeared and made a Demand for the Complaint on November 6, 2023. The parties stipulated to extend Plaintiff's time to file a complaint through December 18, 2023. On December 18, 2023, rather than filing a Complaint in Nassau Country Supreme Court, where they commenced the instant action Plaintiffs filed the instant Complaint in United States District Court for the Eastern District of New York, and further made a motion in Nassau County pursuant to (i)§ 3217(b) of the New York Civil Practice Law and Rules (hereinafter the "CPLR") dismissing this action without prejudice in favor of a case filed in the United States District Court for the Eastern District of New York; or alternatively, (ii) §§ 2004, 2005, and 3012(d) of the CPLR, extending the time within which the Plaintiff may serve a complaint in this

action; and (iii) granting the Plaintiff such other and further relief as this honorable Court deems just, proper, and equitable. This action, under Index No.: 617486/2023 was assigned to the Honorable Sharon M. J. Gianelli, and was fully briefed on January 3, 2024, and awaiting decision.

**INSTANT MATTER EDNY CASE NO.: 2:23 CV 9249**

On December 18, 2023, Plaintiffs commenced this action, against Defendants. (Dkt. No. 1).

On February 20, 2024, the Defendants herein filed a Pre-Motion Conference. (Dkt. No. 15).

On April 12, 2024, a pre-motion conference concerning all Defendants' Motion to Dismiss was held before Honorable Orelia E. Merchant.[3] During the conference, it became evident that Plaintiffs' Defense Trade Secrets Act ("DTSA") claim was deficient. Despite numerous opportunities offered by Judge Merchant to amend their Complaint, Plaintiffs declined to do so, clinging to their flawed DTSA claim while attempting to hedge their refusal by suggesting they were exploring other claims unrelated to any DTSA claim that could invoke Federal Subject Matter Jurisdiction. Consequently, Judge Merchant established a briefing schedule for the Certified Defendants' Motion to Dismiss, as set forth: Defendants' papers are to be served on or before May 13, 2024; Plaintiffs' opposition papers are to be served on or before June 10, 2024; Defendants' reply, if any, and the entire bundled motion is to be filed on or before June 24, 2024. (*See* Dkt. No. 23). This motion has been fully briefed and awaiting decision.

On May 2, 2024, Defendants by their respective counsel filed a Letter Motion for a stay discovery under Rule 26(c) pending a decision on our motion to dismiss the Complaint of the

[3] A copy of the Transcript of said Hearing, was filed and is available on Dkt. No. 28-1.

plaintiffs Autoexpo Ent. Inc., Peace Properties LLC, Network Reinsurance Company Inc., Auto Exchange Center, LLC, and Chrome Insurance Agency LLC (collectively, "Plaintiffs") under Fed. R. Civ. P. 12(b)(1) and (6) ("Motion to Dismiss"). (*See* Dkt. No. 24 and Dkt. No. 25).

On May 5, 2024 Magistrate Judge Steven Tiscione Ordered, deferring ruling Motion for Discovery, and further that a motion hearing will be held at 2:00 p.m. on May 9, 2024. (*see* Dkt. No. 25)

On May 9, 2024, Hearing was held before Magistrate Judge Steven Tiscione, whereby the Court provided, "*so, discovery is stayed for 90 days and then I'll ask the parties to give me a report at that point on where things stand with the motion and if it makes sense to lift the stay*." [4]

On September 25, 2024 Plaintiffs filed a Letter Motion, (*See* Dkt. No. 41) requesting a scheduling conference for the commencement of discovery. Simultaneously, Plaintiffs filed a separate motion for leave to amend the Complaint to add a related party and assert new causes of action for violations of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* (*See* Dkt. No. 41). Defendants opposed both motions. (*See* Dkt. No. 44 and 45).

On October 25, 2024 pursuant Minute Order for Motion Hearing, before Magistrate Judge Steven Tiscione: Plaintiffs' Letter Motion to Amend the Complaint was granted. (*See* Dkt. No. 42). Plaintiffs were ordered and did file the Amended Complaint by November 1, 2024. (*See* Dkt. No. 47). Defendants' Motions to Dismiss the original complaint were denied as moot. (*See* Dkt. No. 30, 38, 39). However, Defendants were ordered that they do not need to refile the motions and may simply refer back to the docket entries of prior filings if they intend to move to dismiss the Amended Complaint on the same grounds. Defendants may file a supplemental motion to dismiss the Amended Complaint adding any new arguments generated by the amendments. The briefing

[4] A copy of the Transcript of said Hearing, was filed and is available on Dkt. No. 41-2.

schedule for this supplemental motion shall be as follows: Defendants shall serve their motion on Plaintiffs by December 6, 2024; Plaintiffs shall serve their response on Defendants by December 27, 2024; Defendants shall serve their reply and file the fully-briefed motion on ECF by January 13, 2025. Discovery remains stayed pending a decision on the upcoming motion to dismiss. (*See* Dkt. No. 47).

**THE FIRST AMENDED COMPLAINT**

The factually baseless First Amended Complaint has now included an additional defendant United Citizens Warranty LLC, assert five (5) trade secret causes of action and two additional causes of action for breach of obligations under ERISA. Plaintiffs' First Cause of Action (Violation of Defend Trade Secrets Act of 2016 ("DTSA") 18 U.S.C. §1836) and Second Cause of Action (Injunctive Relief under the DTSA (18 U.S.C. § 1836, et seq.) are pleaded under the DTSA. Plaintiffs' Third Cause of Action, (Misappropriation), Fourth Cause of Action (Unfair Competition) and Sixth Cause of Action (Conversion) are pleaded under the common law. (See FAC. ¶¶ 278-319, 328-334.) Twentieth Cause of Action, (Breach of Obligations Under ERISA-Elyahou and Kassim) and Twenty First Cause of Action (Aiding and Abetting Breach of Obligations Under ERISA-Kassim). Each claim fails as a matter of law.

**POINT I**
**THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FRCP 12 (b)(1) and 12 (b)(6)**

**APPLICABLE STANDARD FOR A MOTION TO DISMISS**

Pursuant to Rule 12(b)(1), a district court must dismiss a case for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate it." *Doyle v. Midland Credit Mgmt., Inc.*, 722 F.3d 78, 80 (2d Cir. 2013). A party may also move to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).

Under Rule 12(b)(6), a motion to dismiss is properly granted when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *In re Scholastic Corp. Sec. Litig.*, 252 F.3d 63, 69 (2d. Cir. 2001) (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)). In ruling on a Rule 12(b)(6) motion, a court must "accept all of plaintiffs factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *U.S. v. Space Hunters. Inc.,* 429 F.3d 416, 424 (2d Cir. 2005). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Pleadings that are no more than conclusions "are not entitled to the assumption of truth," nor are "naked assertion[s] devoid of further factual enhancement." *Id*. at 678-79 (quotations omitted).

Further, "[t]o survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "A claim has facial plausibility when the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (emphasis added).

To the extent that a complaint fails to meet this threshold level of plausibility, "this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 557-58; *see also Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt. Inc.,* 712 F.3d 705, 719 (2d Cir. 2013) ("Rules 8 and 12(b)(6) of the Federal Rules of Civil

Procedure . . . help to prevent settlement extortion — using discovery to impose asymmetric costs on defendants in order to force a settlement advantageous to the plaintiff regardless of the merits of his suit." (internal quotation marks and citations omitted)).

**ERISA'S STATUTORY FRAMEWORK**

ERISA is "a 'comprehensive and reticulated statute,'" *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 251 (1993) (citation omitted), that "controls the administration of [employee] benefit plans" through a wide range of substantive and remedial provisions, *N.Y. State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 651 (1995). ERISA's substantive provisions range from "reporting and disclosure mandates" to "participation and vesting requirements, funding standards, and fiduciary responsibilities for plan administrators." *Id.* (citations omitted).

To enforce these varied substantive requirements, ERISA establishes an "interlocking, interrelated, and interdependent remedial scheme" reflected in "six carefully integrated civil enforcement provisions"—"found in § 502(a) of the statute," *Russell*, 473 U.S. at 146—that reflect a "'careful balancing' between ensuring fair and prompt enforcement of rights under a plan and the encouragement of the creation of such plans," *Aetna Health Inc. v. Davila*, 542 U.S. 200, 215 (2004) (citation omitted). Each provision specifies the "parties" that may seek relief, the "violation[s]" for which relief may be sought, and the "class of relief available." *Russell*, 473 U.S. at 140-42 (emphasis omitted). Beyond those "limited remedies," *Davila*, 542 U.S. at 215, the Supreme Court has mandated "a cautious approach to inferring remedies not expressly authorized by the text," *Harris Tr. & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 247 (2000).

While setting a goal of national uniformity, Congress failed to provide explicit guidance on the identity of the proper defendant in a claim for benefits. *Cf. Harris Trust & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, (2000) (recognizing similar failure to specify proper

defendants in ERISA Section 502(a)(3). ERISA Section 502(a)(1)(B) provides that a claim for benefits may be brought "by a participant or beneficiary." ERISA does not identify the potential defendant for such a claim, and the U.S. Supreme Court has not weighed in. While the Supreme Court has not addressed the issue, it has issued four opinions regarding the standard of review in § 502(a)(1)(B) cases where the plan administrator was the defendant. *Conkright v. Frommert*, 130 S. Ct. 1640, 1645, (2010); *Metropolitan Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2346, (2008); *Aetna Health Inc. v. Davila,* 542 U.S. 200, 204, (2004); *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 105, (1989).

**POINT II**
**PLAINTIFFS LACK STANDING TO PURSUE THEIR ERISA CLAIMS**

As a threshold matter, Plaintiffs must have standing to pursue their ERISA claims under Article III of the Constitution, or the Court lacks subject matter jurisdiction. "[T]he irreducible constitutional minimum of standing" requires that a plaintiff establish three elements: (1) he or she suffered an "injury in fact;" (2) "a causal connection" between the injury and the challenged action, and (3) the redressability of the injury by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotations and citations omitted). Where the case is in the pleading stages, Plaintiffs must "clearly" allege facts "demonstrating each element." *Spokeo, Inc. v. Robins*, -- U.S. --, 136 S. Ct. 1540, 1547 (2016) (quotation omitted).

Injury in fact is a legally protected interest, which is "concrete and particularized," as well as actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560. Here, Plaintiffs allege only bare procedural violations of the ERISA statute, divorced from any concrete injury.

Procedural violations of statutes do not automatically confer standing absent a concrete harm that satisfies the injury in fact requirement. *Spokeo,* 136 S. Ct. at 1549. To be "concrete," an injury must be "de facto," or actually exist, even in the context of a statutory violation. *Id*. at 1548-

49. Procedural violations may satisfy the concreteness requirement "[w]hen a procedural right protects a concrete interest, a violation of that right may create a sufficient 'risk of real harm' to the underlying interest." *Id.* at 1549. For an injury to be "particularized," it must affect the plaintiff "in a personal and individual way." *Id.* at 1548.

For ERISA claims, the Second Circuit requires that a participant demonstrate an individual loss caused by the alleged ERISA breach. *Kendall v. Employees Ret. Plan of Avon Prods*., 561 F.3d 112, 118 (2d Cir. 2009); *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C*., 433 F.3d 181, 199 (2d Cir. 2005). An injury to the plan or to other participants is insufficient. *Taveras v. UBS AG*, 612 F. App'x 27, 29 (2d Cir. 2015). Moreover, the causal connection element requires a plaintiff to allege facts "connecting her purported losses to the fiduciaries' alleged breaches." *Taveras,* 612 F. App'x at 29 (quotations omitted).

Plaintiffs lack standing to pursue their claims because they have failed to allege, nor can they allege, any loss caused by the alleged ERISA violations. While ERISA "impose[s] a general fiduciary duty" to comply with ERISA, it "does not confer a right to every plan participant to sue the plan fiduciary for alleged ERISA violations without a showing that they were injured by the alleged breach of the duty." *Kendall*, 561 F.3d at 120. An alleged violation of ERISA's duties of loyalty and prudence does not alone confer standing. Plaintiffs' allegations in the FAC are simply conclusory do not satisfy the pleading standard, as set forth in great detail below. (FAC ¶¶, 11,12, 224-260, 482-502).

**POINT III**
**TWENTIETH CAUSE OF ACTION DOES NOT STATE A CLAIM FOR FIDUCIARY BREACH.**

Twentieth cause of action should be dismissed because it does not plausibly allege that Defendants engaged in a disloyal or imprudent process. To withstand a motion to dismiss, "the

complaint must demonstrate more than a sheer possibility that a defendant has acted unlawfully." *Pension Ben. Guar. Corp. ex rel. St. Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*("*PBGC*"), 712 F.3d 705, 718 (2d Cir. 2013). The complaint must allege "*nonconclusory* factual content raising a *plausible* inference of misconduct" and must not rely on "the vantage point of hindsight." *Id.* (emphasis in original). "[I]f the complaint relies on circumstantial factual allegations to show a breach of fiduciary duties under ERISA, those allegations must give rise to a '*reasonable* inference' that the defendant committed the alleged misconduct, thus permit[ting] the court to infer more than the *mere possibility* of misconduct[.]" *Id.* at 718-19 (same).

Here, the FAC contains only conclusory allegations (FAC ¶¶, 11,12, 224-260, 482-502) In this event, it can only survive if the circumstantial facts alleged plausibly give rise to a reasonable inference that fiduciaries lacked an adequate process. *PBGC*, 712 F.3d at 716.

In this analysis, a fiduciary's decisions cannot be judged from the "vantage point of hindsight" given the inherent uncertainty of investment performance in ever-changing markets. *Id.* at 718. Because fiduciaries are judged by their decision-making process, the test for whether one satisfied ERISA's fiduciary duties is one of "conduct," and not the "results" of investment performance. *Id.* at 716 (internal quotations omitted). That means that ERISA plaintiffs cannot plead a fiduciary breach by simply alleging "that [p]lan participants would have done better in alternative investments" that were not offered through the plan. *White v. Chevron Corp.*, No. 16-0793, 2016 WL 4502808, at *18 (N.D. Cal. Aug. 29, 2016).

The Court's inquiry at this stage is necessarily rigorous. The Supreme Court instructs that "careful, context-sensitive scrutiny of a complaint's allegations," through a motion to dismiss, is the appropriate way to accomplish the "important task" of "divid[ing] the plausible sheep from the

meritless goats." *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 425 (2014). This is necessary because the motion to dismiss is an "important mechanism for weeding out meritless [ERISA] claims." *Id.* at 425-26. Absent careful scrutiny, there is a serious risk that a "plaintiff with a largely groundless claim [will] simply take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." *PBGC*, 712 F.3d at 719 (alteration in original and citation omitted).

Twentieth cause of action additionally alleges in conclusory form that Defendants violated ERISA § 406, in their fiduciary roles. *See* FAC. ¶ 501. These practices are common and permissible. "Officers of a corporation often are trustees of its benefit plan." *Dupree*, 2007 WL 2263892, at *37 (internal quotations omitted). Indeed, ERISA § 408(c)(3), 29 U.S.C. § 1108(c)(3), "expressly permits a corporate officer or employee to serve as a Plan fiduciary." *Greater Blouse, Skirt & Undergarment Ass'n, Inc. v. Morris*, No. 93-1257, 1996 WL 180019, at *9 (S.D.N.Y. Apr. 16, 1996). Nor is ERISA violated "simply because [an action taken by fiduciaries] incidentally benefits the corporation or, indeed, [the fiduciaries] themselves." *Donovan v. Bierwirth*, 680 F.2d 263, 271 (2d Cir. 1982).

## POINT IV
## DEFENDANTS' MOTION TO DISMISS SHOULD BE GRANTED WITHOUT FURTHER LEAVE TO AMEND

To the extent Plaintiffs request further leave to amend their complaint, it should be denied. Although FRCP Rule 15(a)(2) provides that leave to amend should be given freely "when justice so requires," leave to amend may be properly denied for "repeated failure to cure deficiencies by amendments previously allowed" or "futility of amendment." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008). Here, Plaintiffs have already had a full opportunity to amend their complaint after Defendants filed their motions to dismiss, pointing out specific deficiencies in their pleadings. Nevertheless, Plaintiffs were unable to cure the defects. Nor would Plaintiff be able to

plead facts showing injury in fact or knowledge of prohibited transactions as to Defendants even if provided further opportunity to do so. Defendants, on the other hand, would be prejudiced if Plaintiffs were granted further leave to amend, in that they would have to expended significant resources in yet a third round of motion practice. *See Simmons v. Cty. of Suffolk*, No. 14-CV-3884(JS)(ARL), 2015 U.S. Dist. LEXIS 135371, at *23 (E.D.N.Y. Sept. 30, 2015) (denying leave to amend where plaintiff already had an opportunity to replead and failed to include the requisite facts); *In re ITT Corp. Derivative Litig*., 653 F. Supp. 2d 453, 465 (S.D.N.Y. 2009) (same). Under the circumstances, leave to amend should be properly denied here, where further amendment would be futile. *Anderson News, L.L.C. v. American Media, Inc*., 680 F.3d 162, 195 (2d Cir. 2012). *See also, In Re American Express Co*., 39 F.3d 395, 402 (2d Cir. 1994) (where any amendment would be futile, the court may deny leave to amend). See also, *Boyette v. Montefiore Medical Ctr.*, No. 22-cv-5280 (JGK), 2024 U.S. Dist. LEXIS 63150, at *1 (S.D.N.Y. Apr. 5, 2024).

**CONCLUSION**

For the foregoing reasons, Omid Elyahou, Simpsocial LLC, and United Citizens Warranty LLC respectfully request that the Complaint be dismissed as against them pursuant to Federal Rule of Civil Procedure 8(a), 12(b)(1) and 12(b)(6). Since there is no viable federal claim, the Court should decline to exercise supplemental jurisdiction over Plaintiffs' state-law claims and dismiss the Complaint in its entirety as against the Omid Elyahou, Simpsocial LLC, and United Citizens Warranty LLC.

Dated: December 4, 2024
Garden City, New York

Respectfully Submitted,
EMOUNA & MIKHAIL, PC

*Matin Emouna*

MATIN EMOUNA, ESQ.
*Attorneys for Omid Elyahou, and Simpsocial LLC*
100 Garden City Plaza, Suite 520
Garden City, New York 11501
Tel (516) 877-9111