# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**

_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

February 19, 2025

**VIA ECF**
Honorable Steven L. Tiscione, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

  Re: **AutoExpo Ent. Inc., et al. v. Omid Elyahou et al.**
     **Case No.: 2:23-cv-09249 (OEM) (ST)**

Dear Judge Tiscione:

  We represent Plaintiff AutoExpo Ent. Inc. ("AutoExpo") and the other plaintiffs (collectively, "Plaintiffs") in the above-action. Plaintiffs write regarding the Reply Memorandum of Law in Support of Defendants Omid Elyahou, SimpSocial, LLC and United Citizens Warranty LLC (collectively the "Elyahou Defendants") Motion to Dismiss the First Amended Complaint (the "Reply") filed on February 18,, 2025. (Dkt. 58-8). The Reply contains two new arguments that were not contained within the Elyahou Defendants' Memorandum of Law in Support of their Motion to Dismiss the First Amended Complaint. (Dkt. 58-1). As such, Plaintiffs respectfully request that the Court disregard the new arguments contained within the Reply or, alternatively, grant Plaintiffs leave to file a sur-reply to address the wholly inappropriate new arguments raised for the first time in the Reply.

  Courts grant leave to file sur-replies when they address arguments raised for the first time in a reply brief. *SEC v. Ripple Labs*, 2022 U.S. Dist. LEXIS 21936, \*10 (S.D.N.Y. Feb 3, 2022) (granting motion to file sur-reply to address new arguments first raised on reply related to the Court's ability to take judicial notice of information contained in a report produced by a private consulting firm.); *see also Stepski v. M/V Norasia Alya*, 2010 U.S. Dist. LEXIS 165117, \*4 (S.D.N.Y. Mar. 3, 2010) (granting leave to file sur-reply to address new arguments raised on reply).

  First, the Reply tacitly concedes that Defendant Elyahou failed to follow the proper procedure in withdrawing funds from AutoExpo's Plan. Now, for the first time in the Reply, the Elyahou Defendants argue that Defendant Elyahou was entitled to a hardship distribution. Not only is this a new argument that has not been previously advanced by the Elyahou Defendants, this is also a factual argument that goes beyond a motion to dismiss and is not supported by any declaration. Thus, this argument and "facts" regarding the hardship distribution should not be considered by this Court. *See Allen v. Leonard*, 2020 U.S. Dist. LEXIS 38687, \*25, fn 7 (E.D.N.Y. Mar. 3, 2020) ("the Court will not consider these unsupported 'facts.'")

February 19, 2025
Page 2

      Second, the Reply contains another new argument that AutoExpo failed to exhaust its administrative remedies. While Plaintiffs have not had an opportunity to address this new argument in its opposition, the Elyahou Defendants cite to caselaw which seemingly provides that a plan participant has an obligation to request the Plan to provide the basis for a denial of a plan participants withdrawal request. In addition to this argument being raised for the first time in the Reply, this argument is inapplicable to the instant matter, wherein Plaintiffs do not allege that a plan participant was denied a withdrawal request. Thus, this argument is irrelevant to the instant lawsuit. However, if this Court is inclined to consider this new argument, Plaintiffs should be afforded an opportunity to oppose it because it is raised for the first time in the Reply.

      Accordingly, Plaintiffs respectfully request that this Court disregard the new arguments raised for the first time in the Reply, or, alternatively, grant Plaintiffs leave to file a sur-reply to address these new arguments by February 28, 2025. Plaintiffs thank the Court for its attention to this matter.

      Respectfully submitted,

      *Michael C. Mulè*

      Michael C. Mulè

cc: Counsel of Record