UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
AUTOEXPO ENT. INC., PEACE PROPERTIES LLC, NETWORK REINSURANCE COMPANY INC., AUTO EXCHANGE CENTER, LLC, and CHROME INSURANCE AGENCY LLC,

                Plaintiffs,

    -against-

OMID ELYAHOU, SIMPSOCIAL LLC, UNITED CITIZENS WARRANTY LLC, FIFTY SEVEN CONSULTING CORP. d/b/a CERTIFIED AUTO GROUP a/k/a CERTIFIED PERFORMANCE MOTORS, AVI EITAN, and FAZEEDA KASSIM,

                Defendants.
------------------------------------------------------------------------X

Case No.: 2:23-cv-9249 (OEM) (ST)

---

**SUR-REPLY MEMORANDUM OF LAW IN FURTHER OPPOSITION TO MOTION TO DISMISS THE FIRST AMENDED COMPLAINT BY DEFENDANTS OMID ELYAHOU, SIMPSOCIAL LLC, AND UNITED CITIZENS WARRANTY LLC**

---

                            **MILMAN LABUDA LAW GROUP PLLC**

                            *Attorneys for Plaintiffs*
                            3000 Marcus Avenue
                            Lake Success, New York 11042-1073
                            (516) 328-8899 (office)
                            (516) 303-1442 (direct dial)
                            (516) 328-0082 (facsimile)

Of counsel:    Michael C. Mulè, Esq.
                    Kyle Monaghan, Esq.

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ................................................................................. 1

**ARGUMENT**.............................................................................................................. 3

    **PLAINTIFFS WERE NOT REQUIRED TO EXHAUST ANY ALLEGED ADMINISTRATIVE REMEDIES**...................................................................3

**CONCLUSION** ........................................................................................................ 6

# TABLE OF AUTHORITIES

**Cases**

*Davenport v. Harry N. Abrams, Inc.*, 249 F.3d 130 (2d Cir. 2001)................................................. 5
*Kennedy v. Empire Blue Cross & Blue Shield*, 989 F.2d 588 (2d Cir. 1993 ........................... 4,5, 6
*Kirkendall v. Halliburton, Inc.*, 707 F.3d 173, 179 (2d Cir. 2013)............................................. 4,5
*Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96 (2d Cir. 2005) ................................................. 5
*Paese v. Hartford Life & Acc. Ins. Co.*, 449 F.3d 435 (2d Cir. 2006) ........................................... 4
*Quigley v. Citigroup Sup. Plan for Shearson Transfers*, No. 09-CV-8944,
   2011 U.S. Dis. LEXIS 32750 *51 (S.D.N.Y. Mar. 29, 2011) ..................................................... 4
*Shamoun v. Bd. Of Trustees,* 357 F.Supp.2d 598 (E.D.N.Y. 2005).............................................. 4
*Zarringhalam v. United Food & Commercial Workers Int'l Union Local 1500 Welfare Fund,*
   906 F. Supp. 2d 140 (E.D.N.Y. 2012) ...................................................................................... 4

**Statutes**

29 U.S.C. § 1001................................................................................................................................ 1
29 U.S.C. § 1133............................................................................................................................ 1, 3

## PRELIMINARY STATEMENT

Pursuant to the Court's Text-Only Order, dated February 21, 2025, Plaintiffs, AutoExpo Ent. Inc. ("AutoExpo"), Peace Properties LLC, Network Reinsurance Company Inc., Auto Exchange Center, LLC, and Chrome Insurance Agency LLC (collectively, "Plaintiffs"), respectfully submit this sur-reply memorandum of law in further opposition to the motion of Defendants Omid Elyahou ("Elyahou"), Simpsocial LLC ("SimpSocial"), and United Citizens Warranty LLC ("United Citizens," collectively, "Elyahou Defendants"),[1] to dismiss the claims of AutoExpo, a fiduciary, brought on behalf of AutoExpo's 401(k) Defined Contribution plan (the "Plan") and its participants, under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et. seq. ("ERISA"), against Elyahou. The Elyahou Defendants tacitly concede that their initial arguments to dismiss the Amended Complaint were meritless because they have wholly failed to address the arguments raised by Plaintiffs in opposition. Instead, the Elyahou Defendants, in desperation, raise a new argument, for the first time on reply, that Plaintiffs failed to exhaust administrative remedies. This argument is also meritless.

The Elyahou Defendants, relying on 29 U.S.C. § 1133, argue that AutoExpo, a fiduciary of the Plan, was required to "exhaust administrative remedies" as to why Elyahou's "claim" for a withdrawal request "<u>has been denied</u>."[2] As explained further below, the Elyahou Defendants' argument makes no sense for numerous reasons. First, the statutory language does not apply, on its face, because AutoExpo is not aware of any "claim" by Elyahou and there has not been any

---

[1] All defined terms shall have the same meaning as defined in Plaintiffs' Memorandum of Law in opposition to the Elayhou Defendants motion to dismiss the first amended complaint (Dkt. 58-3).

[2] This argument does not make any sense and the Elyahou Defendants do not articulate their reasoning or what they suggest Plaintiff AutoExpo was to do. Additionally, although beyond the scope of this sur-reply, the Elyahou Defendants' suggestion – that Elyahou should be absolved from his failure to comply with the law and the Plan because he, supposedly, qualified for a hardship distribution for medical expenses or the purchase of a residence – is not only unsupported by any declaration or proof, but, in any event, would neither excuse his transgressions nor support dismissal at the pleading stage.

1

"denial." Rather, Elyahou, himself, the Plan Trustee at the time, simply transferred Plan Assets improperly and without authority to himself, individually. Second, if there had been a "claim," AutoExpo was not aware of it, and would not have been made aware of it – because Elyahou, himself, was the Plan Trustee and did not share information with AutoExpo, and certainly, did not share the fact that he transferred $521,000 of Plan Assets to himself. Third, AutoExpo did not learn about Elyahou's actions until after Elyahou relinquished his management position. He effectuated the withdrawal in abuse of his control over the Plan. Thus, the argument raised by the Elyahou Defendants is not applicable to the instant matter and must be rejected.

In addition, if the Elyahou Defendants are suggesting that AutoExpo should have gone to Elyahou who was the Plan Trustee, nowhere do they explain when they supposedly should have gone to Elyahou and what they supposedly should have asked him to do. Of course, if the Elyahou Defendants are suggesting that AutoExpo was required to go to Elyahou, as the Plan Trustee at the time of his improper transfer of Plan Assets to himself, this argument likewise is nonsensical because (even if AutoExpo had known about the $521,000 Transfer, and it did not until much later), going to Elyahou would have been a futile exercise because he withdrew Plan Assets without following the proper procedure and hid the withdrawal from AutoExpo. Alternatively, if the Elyahou Defendants are arguing that AutoExpo should now go to Michael Shahkoohi, the current Plan Trustee, again, they fail to articulate what they would the current Plan Trustee do – the $521,000 of Plan Assets are long gone and remain in Elyahou's pocket.

Form these reasons, and the reasons stated in Plaintiff's other opposition papers, the Elyahou Defendants' Motion to Dismiss the Amended Complaint must be denied.

# ARGUMENT

## PLAINTIFFS WERE NOT REQUIRED TO EXHAUST ANY ALLEGED ADMINISTRATIVE REMEDIES

The Elyahou Defendants claim that AutoExpo failed to exhaust administrative remedies because AutoExpo did not request the basis of a denial of a withdrawal request from the Plan. This argument is meritless. AutoExpo is not aware of, nor did it allege in the Amended Complaint, that anyone made a withdrawal request from the Plan. In any event, there was no denial of any withdrawal request from the Plan. Rather, the improper withdrawal from the Plan by Elyahou, which forms the basis of AutoExpo's ERISA claim, was simply done by Elayhou. As such, there are no administrative remedies that AutoExpo was required to exhaust before bringing this suit.

As the Elyahou Defendants state, ERISA requires that a Plan must provide an "opportunity … for a fully and fair review by the appropriate named fiduciary of the decision denying the claim" following "adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied." *See* 29 U.S.C. §1133. Here, there are no allegations in the Complaint that there was any denial of any withdrawal request. Instead, the Complaint alleges that Elyahou, with the assistance of Kassim, improperly withdrew funds from the AutoExpo Plan without following the proper procedure evidencing compliance with the Plan and the law. Since there was no denial of a withdrawal request, there was no administrative review procedure to follow.

All the cases cited by the Elyahou Defendants regarding exhaustion of administrative remedies concerned a <u>denial</u> of benefits, and thus, are inapplicable here. In fact, Plaintiffs have been unable to locate any caselaw that provides that a party seeking to reverse an apparent "grant"[3]

---

[3] To call what Elyahou did a "grant" of a hardship withdrawal request is not completely accurate because there is no documentation of a request because Elyahou failed to comply with proper procedure in accordance with the law or
(continued...)

3

of a hardship withdrawal must exhaust administrative remedies.

For example, in *Kennedy v. Empire Blue Cross & Blue Shield*, 989 F.2d 588 (2d Cir. 1993), the plaintiffs were comprised of two classes, (1) federal employee plaintiffs and (2) non-federal employee plaintiffs. The plaintiffs complained that the defendant health insurance company had unilaterally reduced certain health benefits and denied certain claims to provide health insurance coverage. The Second Circuit found that holders of health insurance policies governed by the Federal Health Benefits Act must appeal disputed claims to the Office of Personnel Management before seeking judicial review. *Kennedy* is inapplicable to the instant lawsuit as there has been no reduction of health benefits nor was there any denial of a claim to provide health insurance coverage alleged in this case.

The Elyahou Defendants' reliance on *Paese v. Hartford Life & Acc. Ins. Co.*, 449 F.3d 435 (2d Cir. 2006) and *Zarringhalam v. United Food & Commercial Workers Int'l Union Local 1500 Welfare Fund*, 906 F. Supp. 2d 140 (E.D.N.Y. 2012) (*citing Quigley v. Citigroup Sup. Plan for Shearson Transfers*, No. 09-CV-8944, 2011 U.S. Dis. LEXIS 325700 *21 (S.D.N.Y. Mar. 29, 2011)) is likewise misplaced as both of those cases concerned a denial of certain medical benefits which required an exhaustion of administrative remedies. *Shamoun v. Bd. Of Trustees*, 357 F.Supp.2d 598 (E.D.N.Y. 2005) is similarly inapplicable (concerning denial of other benefits).

Similarly, the Second Circuit has provided that it will look at the relevant language of the plan to determine whether there was an administrative remedy to exhaust. *Kirkendall v. Halliburton, Inc.*, 707 F.3d 173, 179 (2d Cir. 2013) ("Implicit in the exhaustion requirement is the condition that a plaintiff must have an administrative remedy to exhaust"); *see also Kennedy*, 989

---

the Plan. He simply took Plan Assets. However, to the extent Elyahou may claim that he made a request and granted that request himself, the Elyahou Defendants have failed to even come up with legal support requiring an administrative review in those circumstances.

4

F.2d at 594 ("[E]xhaustion in the context of ERISA requires only those administrative appeals provided for in the relevant plan or policy."). Here, the Plan only provides for an appeals process for the <u>denial</u> of any claim for benefit – whether it be a disability or non-disability claim – and does not provide for an appeals process for the "grant" of a withdrawal claim. (Dkt. 58-6, §§ 3.7.2 and 3.7.4; fn. 3, above). Section 3.7.2 of the Plan, which provides for the appeal process of a non-disability claim, provides: "If the Plan Administrator receives from a Participant or a Beneficiary, within the prescribed period of time, a notice of an appeal of the **denial of a claim** for benefit, such notice and all relevant materials will immediately be submitted to the Employer." (Dkt. 58-6, § 3.7.2) (emphasis added). Similarly, Section 3.7.4 of the Plan provides for the appeals process of a disability claim, stating: "If the Plan Administrator receives a notice of an appeal of the **denial of a claim** for benefit from a Participant or a Beneficiary, within the prescribed period of time, such notice and all relevant materials will immediately be submitted to the Employer." (Dkt. 58-6, § 3.7.4) (emphasis added). In short, the Plan does not provide any appeals process with respect to the "grant" of a claim – or the improper taking of Plan Assets as occurred here (fn.3). Thus, the Plan does not provide for any administrative remedies to exhaust in these circumstances.

In any event, even if an administrative review process were somehow applicable here – despite the clear statutory language to the contrary, the purpose of requiring an exhaustion of administrative remedies would be futile here. See Kirkendall, 707 F.3d at 179 ("The exhaustion requirement, however, is not absolute. We do not require plaintiffs to exhaust their administrative remedies where they 'make a clear and positive showing that pursing available administrative remedies would be futile.'") (quoting Kennedy, 989 F.2d at 594). In their reply, the Elyahou Defendants state that the exhaustion of administrative remedies serves the purpose of "upholding Congress' desire that ERISA trustees be responsible for their actions, not the federal courts …"

5

*See* Reply MOL at p. 6 (*citing* Nechis v. Oxford Health Plans, Inc., 421 F.3d 96 (2d Cir. 2005) (*quoting* Davenport v. Harry N. Abrams, Inc., 249 F.3d 130 (2d Cir. 2001))). That, of course, serves a salutary purpose. If it were applied here, however, the requirement would make no sense because it would require the AutoExpo to ask Elyahou, who was acting as the Plan's Trustee, to review and potentially reverse his own decision authorizing his self-interested withdrawal of Plan funds without following the proper procedure. Even if AutoExpo had known about the withdrawal, if Elyahou was conducting the review, it is clear and positive that he would not have reversed his own decision. *See* Kennedy, 989 F.2d at 594. In addition, Elyahou already took the money. As such, the cases cited by the Elyahou Defendants do not provide them with the "get out of jail free" card with respect to AutoExpo's ERISA claims. Accordingly, the Elyahou Defendants' argument must be rejected.

## **CONCLUSION**

Based on the foregoing, Plaintiffs respectfully request that the Court deny the Elyahou Defendants' motion to dismiss, together with such other and further relief as this honorable Court deems just, equitable, and proper.

Dated: Lake Success, New York
February 28, 2025

Respectfully submitted,
**MILMAN LABUDA LAW GROUP PLLC**
*Attorneys for Plaintiffs*

By: /s  Michael C. Mulè, Esq.
     Michael C. Mulè

6