# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**

_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

July 28, 2025

**VIA ECF**
Honorable Orelia E. Merchant, U.S.D.J.
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    **AutoExpo Ent. Inc., et al. v. Omid Elyahou et al.**
               **Case No.: 2:23-cv-09249 (OEM) (ST)**

Dear Judge Merchant:

Plaintiffs respectfully submit this letter in response to the Court's July 14, 2025 Order directing Plaintiffs to address Defendants' arguments as to why further leave to amend the complaint should not be granted. *See* ECF 58-1 at 13–14; ECF 56-2 at 13; Order dated July 14, 2025.

Defendants argue that amendment should be denied because Plaintiffs "have already had a full opportunity to amend" because "Defendants filed their motions to dismiss, pointing out specific deficiencies in their pleadings." (Dkt. 58-1 at p.18; Dkt. 56-10 at p. 5).[1] Defendants suggest that their own arguments in favor of dismissal, which have been contested, but ruled upon, may serve as grounds to deny Plaintiffs an opportunity to amend. This is not the law. Plaintiffs have not been directed by the Court to cure any deficiencies and have not been on notice of any judicial findings warranting amendment. If any pleading defects are identified, Plaintiffs should be given the opportunity to cure.

Procedural Background: Plaintiffs filed the original Complaint on December 18, 2023. Defendants sought leave to move to dismiss in February 2024. In April 2024, the Court held a pre-motion conference at which it stated, "[t]o be clear, I'm not here to rule today on the sufficiency of your pleadings." (Dkt.28-1 at pp. 23-24).[2]

On May 14, 2024, Defendants filed their motions. While those were pending, Plaintiffs moved to amend to add a party and ERISA claims.[3] That motion—unopposed and not in response to any court directive—was granted on October 29, 2024. The Court permitted Defendants to supplement their motions, which were fully submitted by February 28, 2025.

---

[1] Herein, page references are to ECF page numbers at the top of the electronic filing, and not the page number in the document.

[2] In response to the Court's inquiry of Plaintiffs' counsel if he knew "that there was something wrong with the pleading the way it stands," Plaintiffs' counsel responded that "at this point I believe the pleading is satisfactory." (Dkt. 28-1 at 24).

[3] Plaintiffs' counsel raised on April 12, 2024 that he had recently learned facts that may support "an additional federal claim" under ERISA but that he had "to research them." (Dkt.28-1 at pp. 24-25). There was no undue delay in conducting the necessary legal and factual research necessary to present the claim in September 2024.

Honorable Orelia E. Merchant
July 28, 2025
Page 2

Since the Complaint was first filed in December 2023, the Court has not identified any deficiencies or directed Plaintiffs to cure anything. Plaintiffs remain prepared to amend promptly and narrowly should the Court find any area warranting clarification. Discovery is stayed, no schedule has been set, and no prejudice to Defendants would result from permitting amendment at this early stage.

Legal Standard and Application: Fed. R. Civ. P. 15(a)(2) provides that leave to amend shall be freely given "when justice so requires." This Circuit maintains a strong preference for resolving disputes on the merit and disfavors denial of leave absent undue delay, bad faith, repeated failure to cure deficiencies after prior court guidance, or undue prejudice. *See Williams v. Citigroup Inc.*, 659 F.3d 208, 212–14 (2d Cir. 2011); *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017). Where, as here, Plaintiffs have not had a prior opportunity to cure deficiencies identified by the Court, denial of leave to amend is not warranted.

The "repeated failure to cure deficiencies" standard, as articulated in *Foman v. Davis*, 371 U.S. 178, 182 (1962), is only triggered where a plaintiff has been previously notified by the Court of specific deficiencies and failed to cure them. In *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015), the Second Circuit reaffirmed that plaintiffs need not amend in response to a motion before receiving judicial guidance. *See also Kopchik v. Town of E. Fishkill*, 759 Fed. Appx. 31, 38 (2d Cir. 2018)(vacating denial of leave where court had not ruled on alleged pleading defects). As the Second Circuit explained, "There is no obligation on a plaintiff to expend time and resources to amend a complaint before knowing whether the court will find it insufficient, and if so, in what ways." *Id.* Here, the Court has not identified any deficiencies, so there has been no "repeated failure to cure."[4]

Denial based on futility is similarly unwarranted. Proposed amendments are futile only if "clearly frivolous or legally insufficient on their face." *See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002).

The FAC asserts four causes of action under federal law, including two counts under the Defend Trade Secrets Act ("DTSA") (Counts 1–2) and two under ERISA (Counts 2 & 20–21); the remaining seventeen (17) causes of action are related common law causes of action under state law. Generally, AutoExpo's DTSA claims allege that Elyahou, a 20% owner and fiduciary of the company, as well as a relative, took AutoExpo's proprietary Inventory System knowing that it was trade secret that he was bound to protect, and that he used it to for a competing car dealership. This is a prototypical trade secret claim. The ERISA claims assert that Elyahou, as Plan Trustee, improperly used Plan assets for personal benefit in violation of ERISA and Plan rules. Although conflicted, Elyahou pushed through a $521,000 Transfer of Plan Funds to the seller of personal real estate without authorization, after he had stopped

---

[4] The cases cited by Defendants are easily distinguishable because in each case leave to amend was denied after the plaintiffs had been afforded prior court guidance. *See City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173 (2d Cir. 2014)(denial of leave to replead affirmed where plaintiffs, having already been put on notice of specific deficiencies by the district court, already amended once and had failed to offer any new facts or legal theories to cure the specified defects); *In re ITT Corp. Derivative Litig.*, 653 F. Supp. 2d 453 (S.D.N.Y. 2009)(third request to amend denied where plaintiffs had been explicitly warned not to repeat prior conclusory allegations and were instructed to provide particularized facts, but instead simply reiterated the same general claims.); *Simmons v. Cnty. of Suffolk*, 2015 U.S. Dist. LEXIS 135371 (E.D.N.Y. 2015)(leave to amend denied after plaintiffs had already amended and still failed to allege facts supporting the critical element of state action, despite being on notice of the deficiency.).

Honorable Orelia E. Merchant
July 28, 2025
Page 3

working at AutoExpo, and without complying with hardship withdrawal rules or tax requirements. In short, Elyahou abused his fiduciary position to make an improper transfer of Plan Funds. These are serious statutory violations backed by detailed factual allegations.

Since no deficiency has been identified in Plaintiffs' Complaint or FAC (Dkt. 1 and Dkt. 48), it is hard for Plaintiffs to speculate. However, if, for example, the Court were to find the FAC lacked any details as to trade secrets, confidentiality measures, the communication as to the confidentiality of AutoExpo's inventory system, etc., Elyahou's fiduciary roles, plan governance, or procedural irregularities, or if the Court were to determine that Rule 9(b) or group pleading principles require greater factual specificity for the fraud and fiduciary duty counts, these are all technical pleading matters that can be clarified through amendment — not dispositive defects warranting dismissal with prejudice. In short, futility has not been established. Thus, Plantiffs should be given the opportunity to cure any deficiency if identified.

No Prejudice or Delay: In addition, there is no undue prejudice or delay that would warrant denial of leave to amend. Discovery is currently stayed, no scheduling order has been entered, and the litigation remains at an early stage. The Second Circuit has held that mere passage of time, without a showing of bad faith or prejudice, is insufficient to deny leave to amend. *See Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). Permitting amendment now will not disrupt the proceedings or impose any unfair burden on Defendants.

Finally, federal courts, including those in the Second Circuit, consistently recognize the policy favoring adjudication on the merits rather than on technical pleading grounds. *See Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000). Allowing amendment at this stage would clarify the claims and narrow the issues for litigation, promoting judicial efficiency and fairness.

Conclusion: For the foregoing reasons, Plaintiffs respectfully request that, should the Court find any portion of the FAC insufficiently pled, any dismissal be without prejudice and with leave to amend, so that Plaintiffs may promptly and efficiently address such deficiencies identified by the Court.

> Respectfully submitted,
> MILMAN LABUDA LAW GROUP PLLC
> /S/ Michael C. Mulè
> Michael C. Mulè

cc: Counsel of Record (via ECF)