# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**

---

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

Author: Colleen O'Neil –Partner
Direct E-Mail Address: colleen@mllaborlaw.com
Direct Dial: (516) 303-1395

**<u>Via ECF</u>**
Hon. Orelia E. Merchant, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

October 13, 2025

Re:   *AutoExpo Ent. Inc., et al. v. Elyahou, et al.*
         Case No.: 23-cv-09249-OEM-ST

Dear Judge Merchant:

We represent Plaintiffs AutoExpo Ent. Inc., Peace Properties LLC, Network Reinsurance Company Inc., Auto Exchange Center, LLC, and Chrome Insurance Agency LLC (collectively "Plaintiffs") in the above-referenced action. We write in response to Defendants Omid Elyahou and Simpsocial LLC's (collectively "Defendants") October 9, 2025 letter (ECF No. 72) requesting the Court to "confirm" and "clarify" its prior ruling on Defendants' Motion to Dismiss (ECF No. 66) (the "Order"). However, the Order already specifies the claims dismissed and then states that Defendants' motion was "denied with respect to all other claims." No ambiguity requires clarification, and the letter functionally seeks reconsideration without meeting the applicable standard. The request should be denied.

**Scope of the Order**

As the Order explains, the Court dismissed: (i) Plaintiffs' federal trade secret (DTSA) claims; (ii) the fraud and aiding and abetting fraud claims; (iii) a portion of the aiding-and-abetting breach of fiduciary duty claim (as to certain defendants); and (iv) the ERISA claim solely insofar as asserted in Plaintiffs' individual capacities. The Court then concluded that <u>Defendants' motion was denied as to all other claims</u>. Defendants now ask the Court to expand that dismissal to additional state-law torts—styled as a "clarification"—but the text of the Order forecloses that request.

**The Targeted State-Law Torts Do Not Rise and Fall with DTSA**

Defendants contend that four surviving causes of action—common law misappropriation, unfair competition, conversion, and civil conspiracy—"necessarily" depend on DTSA qualifying trade secrets and therefore should be dismissed. That is incorrect under New York law and inconsistent with the pleadings. New York unfair competition/misappropriation are broad bad faith torts that reach the misappropriation of confidential business information, exploitation of plaintiff's labor and expenditures, employee poaching, and diversion of business opportunities— even absent a DTSA-level trade secret. <u>See</u>, <u>e.g.</u>, <u>At Last Sportswear, Inc. v. Byron</u>, 226 A.D.3d 551 (1st Dept 2024) (reinstating common law unfair competition and misappropriation claims for misuse of confidential information where defendant owed a duty, despite the information not being a trade secret). Conversion here is independently supported by allegations of converted cash, tangible company property, and electronic records, not merely data labeled as trade secrets. <u>See Thyroff v. Nationwide Mut. Ins. Co.</u>, 8 N.Y.3d 283 (2007) (electronic records are subject to conversion claim; conversion is not limited to trade secrets). Civil conspiracy is derivative and survives to the extent its underlying torts (including breach of fiduciary duty, conversion, and

unfair competition) survive—which the Order preserves. See Alexander & Alexander of N.Y., Inc. v. Fritzen, 68 N.Y.2d 968, 969 (1986) (civil conspiracy is not an independent tort; may connect defendants to underlying torts such as unfair competition, breach of fiduciary duty, conversion).

**The Order's DTSA Analysis Does Not Extinguish Non-DTSA Theories**

The Order assessed Plaintiffs' DTSA claims in terms of trade-secret specificity and reasonable secrecy measures under federal law. It did not hold that Plaintiffs' broader New York tort theories fail. To the contrary, the Order—after parsing the pleadings across multiple categories of misconduct, including alleged cash skims from repossession vendors, employee raiding and "spy" reporting, bid-mirroring/poaching of business, deletion of drives, and refusal to return company property/domains—expressly allows all other claims to proceed.

**Procedural Posture**

If Defendants believed further relief was warranted, the Federal Rules and Local Civil Rule 6.3 supply the proper vehicle, *e.g.*, a motion for reconsideration (which must be filed within fourteen (14) days after entry of the Order, here by September 26, 2025), or, at the appropriate time, a motion under Rule 12(c) or Rule 56 on a proper record. Defendants' October 9, 2025 letter request for "clarification" is both untimely and not a substitute for a proper record. Defendants' letter should not prompt piecemeal modification of the Order.

**Conclusion**

For these reasons, Plaintiffs respectfully request that the Court deny Defendants' request for "conformation/clarification" of the Order.

Respectfully submitted,

*Colleen O'Neil*
Colleen O'Neil, Esq.

3

>Milman Labuda Law Group PLLC
>3000 Marcus Avenue, Suite 3W8
>Lake Success, New York 11042
>(516) 328-8899 │ colleen@mllaborlaw.com
>
>*Counsel for Plaintiffs*

cc: all counsel of record (via ECF)