UNITED STATES DISTRICT COURT                    HON. ORELIA E. MERCHANT
EASTERN DISTRICT OF NEW YORK                    M. J. STEVEN L. TISCIONE
---------------------------------------------------------------------------X
AUTOEXPO ENT INC., PEACE PROPERTIES LLC,
NETWORK REINSURANCE COMPANY INC., AUTO          Case No.: 2:23 cv 9249
EXCHANGE CENTER, LLC, and CHROME
INSURANCE AGENCY LLC,

                *Plaintiffs/Counterclaim Defendants*

      *against*

OMID ELYAHOU, SIMPSOCIAL LLC, UNITED
CITIZENS WARRANTY LLC, FIFTY SEVEN
CONSULTING CORP. d/b/a CERTIFIED AUTO
GROUP a/k/a CERTIFIED PERFORMANCE
MOTORS AVI EITAN, and FAZEEDA KASSIM,

              *Defendants/Counterclaim Plaintiffs*
---------------------------------------------------------------------------X
OMID ELYAHOU, individually and derivatively on behalf of
AUTOEXPO ENT. INC., PEACE PROPERTIES LLC,
NETWORK REINSURANCE COMPANY INC.,
AUTO EXCHANGE CENTER, LLC, CHROME
INSURANCE AGENCY LLC, and PRIME AUTO CAPITAL LLC,

          *Third-Party Plaintiff,*

      *-against-*

MICHAEL SHAHKOOHI, aka KAMRAN SHAHKOOHI
and RAMIN BARATIAN, aka ROBERT BARATIAN,

         *Third-Party Defendants*,


AUTOEXPO ENT. INC., PEACE PROPERTIES LLC,
NETWORK REINSURANCE COMPANY INC.,
AUTO EXCHANGE CENTER, LLC, CHROME
INSURANCE AGENCY LLC, and PRIME AUTO CAPITAL LLC,

        *As Nominal Third-Party  Defendants,*

---------------------------------------------------------------------------X

### DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS TO PLAINTIFFS' COMPLAINT, AND THIRD-PARTY COMPLAINT

OMID ELYAHOU, SIMPSOCIAL LLC, UNITED CITIZENS WARRANTY LLC, FIFTY SEVEN CONSULTING CORP. d/b/a CERTIFIED AUTO GROUP a/k/a CERTIFIED PERFORMANCE MOTORS AVI EITAN, and FAZEEDA KASSIM, (collectively, hereinafter "Defendants") by their attorneys, EMOUNA & MIKHAIL, PC, as and for an Answer to the Complaint of the Plaintiffs herein, respectfully alleges as follows:

## NATURE OF THE CASE

1.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "1" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

2.    Defendants deny the allegations contained in paragraph numbered "2" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

3.    Defendants deny the allegations contained in paragraph numbered "3" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

4.    Defendants deny the allegations contained in paragraph numbered "4" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

5.    Defendants deny the allegations contained in paragraph numbered "5" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

6.    Defendants deny the allegations contained in paragraph numbered "6" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

7.     Defendants deny the allegations contained in paragraph numbered "7" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

8.     Defendants deny the allegations contained in paragraph numbered "8" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

9.     Defendants deny the allegations contained in paragraph numbered "9" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

10.     Defendants deny the allegations contained in paragraph numbered "10" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

11.     Defendants deny the allegations contained in paragraph numbered "11" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

12.     Defendants deny the allegations contained in paragraph numbered "12" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

13.     Defendants deny the allegations contained in paragraph numbered "13" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

14.     Defendants deny the allegations contained in paragraph numbered "14" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

15.     Defendants deny the allegations contained in paragraph numbered "15" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

**PARTIES**

16.     Defendants admit the allegations contained in paragraph numbered "16" of Plaintiffs' Complaint.

17.     Defendants deny the allegations contained in paragraph numbered "17" of Plaintiffs' Complaint and state that, as of the third quarter of 2022, Michael Shahkoohi became a shareholder of AutoExpo for the first time and, at that same time, became its majority shareholder. Prior to that date, he was not an owner or shareholder of AutoExpo. Defendants respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

18.     Defendants in part admit the allegations contained in paragraph numbered "18" of Plaintiffs' Complaint except deny that Plaintiff Peace Properties LLC's principal place of business is 46 Northern Boulevard, Great Neck, New York 11021. Defendants state that Peace Properties LLC's principal place of business is located elsewhere. Defendants respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

19.     Defendants admit the allegations contained in paragraph numbered "19" of Plaintiffs' Complaint.

20.     Defendants deny the allegations contained in paragraph numbered "20" of Plaintiffs' Complaint and state that Peace Properties LLC is a real estate holding entity that owns the property

located at 1800 Jericho Turnpike, New Hyde Park, New York, and leases that location to AutoExpo for its service department operations. Defendants respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

21.    Defendants admit the allegations contained in paragraph numbered "21" of Plaintiffs' Complaint.

22.    Defendants admit the allegations contained in paragraph numbered "22" of Plaintiffs' Complaint.

23.    Defendants admit the allegations contained in paragraph numbered "23" of Plaintiffs' Complaint.

24.    Defendants admit the allegations contained in paragraph numbered "24" of Plaintiffs' Complaint.

25.    Defendants admit the allegations contained in paragraph numbered "25" of Plaintiffs' Complaint.

26.    Defendants admit the allegations contained in paragraph numbered "26" of Plaintiffs' Complaint.

27.    Defendants admit the allegations contained in paragraph numbered "27" of Plaintiffs' Complaint.

28.    Defendants admit the allegations contained in paragraph numbered "28" of Plaintiffs' Complaint.

29.    Defendants admit the allegations contained in paragraph numbered "29" of Plaintiffs' Complaint.

30.    Defendants deny the allegations contained in paragraph numbered "30" of Plaintiffs' Complaint and state that SimpSocial LLC has multiple members, and Defendant Omid Elyahou is

not and has never been the sole member. Defendants respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

31.     Defendants deny the allegations contained in paragraph numbered "31" of Plaintiffs' Complaint and state that at  all times relevant, United Citizens Warranty LLC ("United Citizens") was and is a limited liability company duly organized under the laws of the State of New York. United Citizens has never maintained a physical office or place of business in any capacity. Its mailing address is and has always been the personal residence of Defendant Omid Elyahou, who serves as its managing member. All business operations of United Citizens have been conducted remotely or through affiliated entities, and the company has never operated out of any commercial office space located in New York County or elsewhere.

32.     Defendants admit the allegations contained in paragraph numbered "32" of Plaintiffs' Complaint.

33.     Defendants admit the allegations contained in paragraph numbered "33" of Plaintiffs' Complaint.

34.     Defendants admit in part the allegations contained in paragraph numbered "34" of Plaintiffs' Complaint in that Certified Performance maintains its principal place of business in Nassau County, New York, but deny that Certified Performance is or was a limited liability company. Defendants state that Certified Performance is a New York corporation that has elected S-corporation status for tax purposes. Defendants respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

35.     Defendants deny the allegations contained in paragraph numbered "35" of Plaintiffs' Complaint and state that Certified Performance is a New York corporation (taxed as an S-corporation), not a limited liability company, and therefore has shareholders, not "members." To

the extent paragraph 35 alleges that Eitan is the "sole member," that allegation is false and is denied. Defendants respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

36.    Defendants deny the allegations contained in paragraph numbered "36" of Plaintiffs' Complaint Fazeeda Kassim ("Kassim") is an individual who resides in the State of New York, County of Queens.

## JURISDICTION AND VENUE

37.    Defendants deny the allegations contained in paragraph numbered "37" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

38.    Defendants deny the allegations contained in paragraph numbered "38" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

39.    Defendants deny the allegations contained in paragraph numbered "39" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

## FACTS

40.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "40" of Plaintiffs' Complaint, including the specific duration of time alleged, and therefore deny the same. Defendants respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

41.    Defendants deny the allegations contained in paragraph numbered "41" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

42.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "42" of Plaintiffs' Complaint and therefore deny the same. Defendants respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

43.    Defendants deny the allegations contained in paragraph numbered "43" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

44.    Defendants deny the allegations contained in paragraph numbered "44" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

45.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "45" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact. The allegation that in the late 1990s, when Omid Elyahou was a teenager, Michael Shahkoohi offered him the opportunity to work part-time at *his dealership* is categorically false.  Upon information and belief, Shahkoohi did not own, operate, or have any ownership interest in any dealership during that period, nor did he employ or otherwise engage Elyahou in any capacity at that time. Any such assertion is a complete fabrication and appears designed solely to create a false historical narrative of mentorship or business association that did not exist.

46.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "46" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

47.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "47" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact. The allegation that

Omid Elyahou earned approximately $24,000 per year as a salesperson is entirely inaccurate and appears to be speculative and agenda-driven. At no point has Elyahou's compensation or employment history reflected such a figure, and the statement has no basis in any business record, tax return, or payroll documentation. This assertion exemplifies the Plaintiffs' pattern of fabricating personal details to discredit Elyahou and distort the factual background of the parties' relationship.

48.     Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "48" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

49.     Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "49" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.The allegation that from the late 1990s until January 12, 2023, Michael Shahkoohi "provided" Omid Elyahou with increasing responsibilities and compensation is entirely false, misleading, and intended to waste the Court's time with fabricated narratives that have no evidentiary support. Elyahou was never employed by, nor subordinate to, Shahkoohi during the late 1990s or at any time thereafter. To the contrary, Elyahou independently founded and owned Auto Expo Ent., Inc., operating it as a successful, standalone business long before Shahkoohi acquired any ownership interest in 2022. The inclusion of this baseless statement serves no legitimate purpose other than to confuse the record and advance a personal agenda unrelated to the facts of this case.

50.     Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "50" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

51.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "51" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact. The allegation that in mid-to-late 1999, as a result of "business expansion," Michael Shahkoohi offered Omid Elyahou, then 18 years old, a manager position at a new location at 46 Northern Boulevard, Great Neck, New York—where Auto Expo now operates—is wholly false, misleading, and deliberately manufactured to distort the historical record. At that time, Shahkoohi did not own or operate any dealership, nor did he have any authority to "offer" Elyahou any position whatsoever. In fact, Elyahou independently established Auto Expo Ent., Inc., developed its business model, and later acquired and operated the Northern Boulevard location as its sole shareholder and officer. This claim is a transparent attempt to rewrite history, mislead the Court, and inject irrelevant personal narratives that serve only to waste judicial time and resources.

52.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "52" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact. The allegation that Omid Elyahou "accepted" an offer of employment or managerial position from Michael Shahkoohi is categorically false and entirely without evidentiary basis. No such offer was ever made, discussed, or accepted, and no employment or subordinate relationship ever existed between the parties. In reality, the first and only formal business relationship between Elyahou and Shahkoohi occurred in the third quarter of 2022, when Shahkoohi and his partner, Ramin a/k/a Robert Baratian, were offered and acquired an eighty percent (80%) ownership interest in Auto Expo Ent., Inc., and Elyahou concurrently received a twenty percent (20%) membership interest in Peace Properties LLC, a real estate holding company. Any suggestion that Elyahou was previously employed by or

subordinate to Shahkoohi is a fabricated narrative intended to distort the record, mislead the Court, and waste judicial time with falsehoods designed to support an agenda-driven version of events.

53.     Defendants admit the allegations contained in paragraph numbered "53" of Plaintiffs' Complaint.

54.     Defendants admit the allegations contained in paragraph numbered "54" of Plaintiffs' Complaint.

55.     Defendants deny the allegations contained in paragraph numbered "55" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact. The allegation that Omid Elyahou, at the age of 19, was "without any financial resources" is false, speculative, and intentionally misleading. Plaintiffs have no factual basis, financial documentation, or access to personal tax or banking records that would allow them to make such an assertion. This statement is a clear attempt to disparage Elyahou personally and construct a false narrative of dependence intended to bolster Plaintiffs' fabricated claims of control or mentorship. In truth, Elyahou came from a financially stable family, was independently engaged in business activity from a young age, and later built Auto Expo Ent., Inc. entirely on his own resources, credit, and reputation. This baseless statement reflects a pattern of reckless, agenda-driven allegations designed to mislead the Court, waste judicial time, and improperly attack the character and independence of the Defendant.

56.     Defendants deny the allegations contained in paragraph numbered "56" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

57.     Defendants deny the allegations contained in paragraph numbered "57" of Plaintiffs' Complaint, including the assertions that in 2006 Mr. Elyahou was granted a twenty percent (20%) equity interest in AutoExpo and became its "Operating Partner." Defendants state that those assertions are incorrect and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact..

11

58.     Defendants deny the allegations contained in paragraph numbered "58" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

59.     Defendants deny the allegations contained in paragraph numbered "59" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

60.     Defendants deny the allegations contained in paragraph numbered "60" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

61.     Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "61" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

62.     Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "62" of Plaintiffs' Complaint and object to Plaintiffs' attempts to selectively edit and interpret the text of the referenced document, which speaks for itself, and respectfully defers all questions of law to the Court and all questions of fact to the trier of fact. The allegation that Omid Elyahou executed a two-page "2008 Agreement" that established any formal ownership or partnership arrangement between the parties is false and misleading. While there may have been informal conversations or discussions regarding a potential business partnership around that time, no valid binding agreement was ever executed. The company's federal and state tax returns, shareholder records, and all corporate filings from 2000 through 2021 consistently reflect Elyahou as the sole shareholder and owner of Auto Expo Ent., Inc., with no other individual listed in any capacity. Furthermore, in 2016, during divorce

12

proceedings involving Elyahou, a court-appointed, independent forensic accounting firm was engaged to evaluate and determine the ownership and valuation of Auto Expo Ent., Inc. That impartial forensic report conclusively confirmed Elyahou as the 100% owner of Auto Expo Ent., Inc. at that time. This allegation is yet another example of Plaintiffs attempting to rewrite history and inject emotional and personal animus into a commercial dispute, stemming from Michael Shahkoohi's longstanding hostility toward Elyahou's family following his contentious divorce from Elyahou's sister. Such personal grievances have no bearing on the facts of corporate ownership and are being used solely to harass, discredit, and financially harm the Defendant.

63. Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "63" of Plaintiffs' Complaint and object to Plaintiffs' attempts to selectively edit and interpret the text of the referenced document, which speaks for itself, and respectfully defers all questions of law to the Court and all questions of fact to the trier of fact.

64. Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "64" of Plaintiffs' Complaint and object to Plaintiffs' attempts to selectively edit and interpret the text of the referenced document, which speaks for itself, and respectfully defers all questions of law to the Court and all questions of fact to the trier of fact.

65. Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "65" of Plaintiffs' Complaint and object to Plaintiffs' attempts to selectively edit and interpret the text of the referenced document, which speaks for itself, and respectfully defers all questions of law to the Court and all questions of fact to the trier of fact.

66.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "66" of Plaintiffs' Complaint and object to Plaintiffs' attempts to selectively edit and interpret the text of the referenced document, which speaks for itself, and respectfully defers all questions of law to the Court and all questions of fact to the trier of fact.

67.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "67" of Plaintiffs' Complaint and object to Plaintiffs' attempts to selectively edit and interpret the text of the referenced document, which speaks for itself, and respectfully defers all questions of law to the Court and all questions of fact to the trier of fact.

68.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "68" of Plaintiffs' Complaint and object to Plaintiffs' attempts to selectively edit and interpret the text of the referenced document, which speaks for itself, and respectfully defers all questions of law to the Court and all questions of fact to the trier of fact. The allegation that, pursuant to any so-called "2008 Agreement," Shahkoohi and his purported "long-time business partner and cousin" Baratian, served as *Senior Advisors* to Auto Expo Ent., Inc., and that all company decisions required their approval, is entirely false, misleading, and contradicted by sworn testimony and documentary evidence. To begin with, Shahkoohi and Baratian are not cousins, and any representation to the Court that they are biologically related is false and intentionally deceptive. The term *cousin* implies a familial relationship by blood or marriage, one that does not exist between these two individuals. In reality, Shahkoohi and Baratian are long-time business associates who share joint financial interests, have co-owned and operated multiple dealerships together, and were co-defendants in an unrelated criminal bid-rigging matter.

14

69.    Shahkoohi and Baratian's relationship is purely commercial and self-interested, not familial. Furthermore, during Elyahou's divorce proceedings in the Supreme Court of Nassau County in 2016, where a court-appointed independent forensic accounting firm was engaged to determine the ownership and valuation of Auto Expo Ent., Inc., both Shahkoohi and Baratian provided sworn testimony about their roles with the company.

70.    Under oath, Baratian testified that he acted as a *marketing vendor* who provided outside marketing services to Auto Expo Ent., Inc. for compensation; and

71.    Under Oath, Shahkoohi testified that he served as an *independent vehicle buyer/vendor*, purchasing inventory for the dealership and being paid per transaction.

72.    Neither individual testified to having any ownership interest, managerial authority, or advisory role within Auto Expo Ent., Inc.

73.    Shahkoohi and Baratian's current statements directly contradict their own prior sworn testimony and the findings of the independent forensic accounting firm. These false assertions appear to be fabricated to mislead the Court, distort the historical record, and falsely create the impression of managerial or advisory control over a company they neither owned nor directed.

74.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "69" of Plaintiffs' Complaint and object to Plaintiffs' attempts to selectively edit and interpret the text of the referenced document, which speaks for itself, and respectfully defers all questions of law to the Court and all questions of fact to the trier of fact.

75.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "70" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

76.     Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "71" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

77.     Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "72" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

78.     Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "73" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact. The allegation that Omid Elyahou merely "had responsibility" over Auto Expo Ent., Inc.'s banking relationship with Rockland Trust Bank ("Rockland") is false and deliberately misleading. In truth, the floor-plan line of credit with Rockland Trust Bank was applied for, approved, and maintained solely by Omid Elyahou in his capacity as the company's sole owner and authorized signatory. At no time did Michael Shahkoohi, Ramin Baratian, or Armin Baratian have any authority, approval rights, or ownership status that entitled them to participate in that banking relationship. In early 2023, after Rockland Trust Bank learned that the ownership of Auto Expo Ent., Inc. had changed, the bank issued a notice of termination and cancellation of the floor-plan facility, citing that the original applicant, Elyahou, had not authorized or disclosed the transfer of ownership interests. The bank's representatives confirmed that they had been misled by Michael Shahkoohi, who failed to disclose the ownership change and continued representing himself as having authority. Only after multiple meetings in which Shahkoohi, Ramin Baratian, and Armin Baratian personally appealed to Rockland Trust Bank—relying on their unrelated business accounts and dealings—did the bank agree to temporarily refrain from cancellation. This sequence

of events demonstrates that the Rockland Trust relationship originated entirely through Elyahou's credit, ownership, and reputation, and that any ongoing access after 2022 was achieved only through misrepresentation and concealment by Shahkoohi and the Baratians.

79. Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "74" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

80. Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "75" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

81. Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "76" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

82. Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "77" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact. The allegation that Michael Shahkoohi "would attend the live simulcast of Mercedes-Benz On Demand ('MB On Demand') auctions at 1:00 P.M. every day, Monday through Friday," is entirely speculative, unverifiable, and irrelevant to any factual issue in this case. Omid Elyahou had no business, supervisory, or professional relationship with Shahkoohi during that time, and therefore has no knowledge of Shahkoohi's personal schedule, work habits, or participation in any auction platform. This allegation is presented as if it were an established fact, when in reality it is nothing more than conjecture offered without any supporting documentation or admissible evidence. It serves no legitimate purpose other than to create a false appearance of operational involvement and to

waste judicial resources with immaterial details about what Shahkoohi may or may not have been doing on any given day.

83.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "78" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

84.    Defendants deny the allegations contained in paragraph numbered "79" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

85.    Defendants deny the allegations contained in paragraph numbered "80" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

86.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "81" of Plaintiffs' Complaint, including the exact date of Ms. Kassim's hiring, and therefore deny the same. Defendants respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

87.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "82" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

88.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "83" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

89.    Defendants admit the allegations contained in paragraph numbered "84" of Plaintiffs' Complaint. The allegation that Omid Elyahou had a divorce proceeding initiated against him in 2012 is irrelevant, prejudicial, and included solely to inflame the record and disparage the

Defendant and his family. This personal matter has no connection whatsoever to the subject of this litigation, the ownership of Auto Expo Ent., Inc., or any of the corporate or financial issues at issue in this case. The divorce proceedings concluded years prior to Michael Shahkoohi and Ramin Baratian's acquisition of an ownership interest in Auto Expo Ent., Inc. in 2022, and have no bearing on the parties' current business relationship or disputes. The only conceivable purpose for inserting this reference is to inject personal animus into a commercial dispute, rooted in Michael Shahkoohi's longstanding hostility toward Elyahou's family following his own acrimonious divorce from Elyahou's sister.

90.     Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "85" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

91.     Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "86" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "85" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

92.     Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "87" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact. The allegation that Omid Elyahou's divorce action was "finally resolved" in 2017 is factually incorrect. The matter was concluded in March 2016, as reflected in the official records of the Supreme Court of Nassau County, New York. Furthermore, the proceedings had no bearing on the ownership,

operations, or management of Auto Expo Ent., Inc., other than serving as the occasion for the appointment of an independent, court-approved forensic accounting firm, which confirmed that Elyahou was the sole 100% owner of Auto Expo Ent., Inc. at that time. Any attempt to misstate this timeline or tie those personal proceedings to the present dispute is misleading, irrelevant, and intended solely to distract the Court from the factual and financial issues properly before it.

93.     Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "88" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

94.     Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "89" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

95.     Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "90" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

96.     Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "91" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

97.     Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "92" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

98.     Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "93" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

99.     Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "94" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

100.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "96" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

101.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "96" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

102.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "97" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

103.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "98" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

104.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "99" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

105.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "100" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

106.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "101" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

107.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "102" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

108.    Defendants deny the allegations contained in paragraph numbered "103" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

109.    Defendants deny the allegations contained in paragraph numbered "104" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact. The allegation that Omid Elyahou represented to Michael Shahkoohi and/or Ramin ("Robert") Baratian that SimpSocial LLC was "marketing in the non-automotive market" and "in no way affected Auto Expo Ent., Inc." is entirely false and demonstrably disproven by publicly available information. At no time did Elyahou make such a statement, and SimpSocial's business model, website, and marketing materials have always clearly identified the company as an automotive-focused CRM, marketing, and communications platform. This is a matter of public record and can be verified directly through SimpSocial's website, industry listings, and public-facing documentation. Auto Expo Ent., Inc. is a used car dealership, and SimpSocial's operations as a technology and marketing platform are entirely separate, transparent, and lawful. Plaintiffs'

claim is a deliberate misrepresentation made in bad faith to mislead the Court and create a false narrative of concealment, when in reality the companies operate in distinct and non-competing capacities. This allegation is yet another example of Plaintiffs inserting knowingly false statements into the record for the sole purpose of discrediting Elyahou and wasting judicial resources.

110.    Defendants deny the allegations contained in paragraph numbered "105" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact. The allegation that, "*unbeknownst to Shahkoohi and Robert*," Omid Elyahou caused Auto Expo Ent., Inc. to switch its social-media marketing platform from Tecobi to SimpSocial "sometime in 2019 or 2020" is false, misstated, and irrelevant. First, Shahkoohi and Ramin ("Robert") Baratian were not owners, officers, or managers of Auto Expo at any time in 2019 or 2020; they did not acquire any ownership interest until the third quarter of 2022. Accordingly, they had no right to notice or approval of routine vendor decisions during that earlier period, and the premise that any change occurred "unbeknownst" to them is meaningless and misleading. Second, the dates asserted are inaccurate. To the extent any transition between Tecobi and SimpSocial occurred, it was undertaken openly and in the ordinary course by Elyahou as the sole owner, and is fully reflected in Auto Expo's accounts-payable records, invoices, banking entries, and tax documentation. There was no concealment, and SimpSocial's automotive marketing/CRM services were transparent, documented, and commercially reasonable. The claim is a manufactured narrative intended to imply secrecy where none existed and to retroactively insert Plaintiffs into company operations years before they had any ownership or authority.

111.    Defendants deny the allegations contained in paragraph numbered "106" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

112.    Defendants deny the allegations contained in paragraph numbered "107" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

113.    Defendants deny the allegations contained in paragraph numbered "108" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact. The allegation that Omid Elyahou "used Auto Expo's experience, resources, and staff to copy Tecobi's system," allegedly "using improper means," and that after establishing SimpSocial he "started charging Auto Expo to perform marketing tasks that Michael Shahkoohi personally taught him," is categorically false, speculative, and technologically implausible. First, Michael Shahkoohi possesses no technical expertise in marketing automation, CRM systems, or digital platform development; indeed, he has publicly demonstrated limited familiarity with even basic digital tools such as email or online administrative platforms. The notion that Shahkoohi "taught" Elyahou complex CRM or software architecture principles is absurd on its face and unsupported by any document, witness, or evidence. Second, SimpSocial LLC was independently formed and developed by experienced software professionals and operates as a legitimate, stand-alone marketing and CRM technology company. Its design, source code, and business processes are original works, not derived from Tecobi or any Auto Expo asset. All of SimpSocial's development was conducted lawfully and at arm's length, with its own contractors, engineers, and intellectual-property protections. Finally, the entire allegation is irrelevant to the issues before the Court: Auto Expo Ent., Inc. is a used-car dealership, not a technology company, and had no proprietary platform or digital intellectual property capable of being "copied." The statement serves only to mislead, waste judicial time, and inject personal hostility into the pleadings rather than address any factual or legal claim grounded in evidence.

114.    Defendants deny the allegations contained in paragraph numbered "109" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

115.    Defendants deny the allegations contained in paragraph numbered "110" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

116.    Defendants deny the allegations contained in paragraph numbered "111" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

117.    Defendants deny the allegations contained in paragraph numbered "112" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

118.    Defendants deny the allegations contained in paragraph numbered "113" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

119.    Defendants deny the allegations contained in paragraph numbered "114" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

120.    Defendants deny the allegations contained in paragraph numbered "115" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

121.    Defendants deny the allegations contained in paragraph numbered "116" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the

trier of fact. The allegation that Auto Expo Ent., Inc. "was charged every month but had no proof that advertisements were actually being run" is false, misleading, and unsupported by fact or documentation. First, for the time periods prior to the third quarter of 2022, Michael Shahkoohi and Ramin Baratian were not owners, officers, or authorized representatives of Auto Expo and therefore have no standing or right to demand records or question expenditures made during those years. Second, for the brief period in which they later held ownership interests, full proof of advertising activity was provided, including Facebook Ad receipts, digital invoices, and campaign summaries from SimpSocial LLC. The Plaintiffs' inability—or unwillingness—to interpret standard digital advertising records does not convert legitimate marketing expenses into misconduct. Finally, SimpSocial LLC immediately terminated all business relations with Auto Expo Ent., Inc. after ownership changed hands, communicating this decision directly by text message to Leor Baratian, the son of Ramin Baratian, who—despite being only twenty-one years old and lacking dealership experience—was installed as the dealership's general manager following the ownership transition. The termination was professional and final; SimpSocial has had no further dealings with Auto Expo Ent., Inc., and there is no ongoing dispute or ill will.

122.    Defendants deny the allegations contained in paragraph numbered "117" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

123.    Defendants deny the allegations contained in paragraph numbered "118" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact. The allegation that an individual named Namigohar "confirmed" that he had collected approximately $515,000 in cash from repossession companies since 2014 is false, misleading, and originates from an individual whose credibility is demonstrably compromised.

In fact, Mr. Namigohar directly contacted Defendant Omid Elyahou, both by text message and in a recorded conversation, during which he stated that Michael Shahkoohi had dispatched private investigators to his home and pressured him to make false statements against Elyahou. This same individual had previously executed a written statement, through counsel, expressly confirming that he would not make any allegations against Auto Expo Ent., Inc. or its representatives. Subsequently, Mr. Namigohar attempted to extort Auto Expo and its owners by demanding payment of approximately $194,000, threatening that if payment was not made, he would report Michael Shahkoohi and Ramin ("Robert") Baratian to the Internal Revenue Service for alleged tax fraud. These communications are preserved and can be substantiated through text messages, recorded calls, and contemporaneous correspondence. Accordingly, any reliance by Plaintiffs on statements attributed to this individual is in bad faith, lacks probative value, and constitutes an intentional attempt to mislead the Court through the use of a compromised and self-interested witness.

124.    Defendants deny the allegations contained in paragraph numbered "119" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

125.    Defendants deny the allegations contained in paragraph numbered "120" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact. The allegation that Michael Shahkoohi "confronted" Omid Elyahou regarding cash received from repossession companies, and that Elyahou admitted receiving such funds, is false, unsupported, and intentionally misleading. The individual at the center of this claim, Mr. Namigohar, had been terminated from Auto Expo Ent., Inc. years before Michael Shahkoohi acquired any ownership interest in the company, due to documented misconduct and violations of

company policy. Therefore, any statements or allegations arising from or relating to Mr. Namigohar's tenure are irrelevant to the time period at issue in this litigation and cannot reasonably be attributed to Elyahou's conduct as an owner or officer during Shahkoohi's involvement. Furthermore, the claim that Fazeeda Kassim "deleted bills" or "denied having records" is also false. All records for vendor transactions, repossession payments, and cash activity were properly documented in Auto Expo's accounting system and reviewed regularly by both internal and external accountants. These fabricated statements appear to have been sourced from a disgruntled former employee (Namigohar) with a known history of misconduct and ulterior motives, and are presented without a single piece of verifiable evidence. Accordingly, this paragraph reflects another baseless and malicious attempt to invent wrongdoing where none occurred, relying on discredited testimony from an individual with no continuing connection to the company.

126. Defendants deny the allegations contained in paragraph numbered "121" of Plaintiffs' Complaint. Defendants respectfully defer all questions of law to the Court and all questions of fact to the trier of fact. Defendants further state that, as of September 27, 2023, Defendants Omid Elyahou and Fazeeda Kassim was no longer in charge of AutoExpo's books, records, finances, or any accounting functions, and therefore could not have received or directed any such funds as alleged. The allegation that on September 27, 2023, Mr. Namigohar called Ms. Fazeeda Kassim, who allegedly "confirmed" that she received monies collected by him from repossession companies on behalf of Auto Expo Ent., Inc., and that she "handed it to Omid Elyahou," is entirely false, fabricated, and impossible on its face. Both Mr. Namigohar and Ms. Kassim were no longer employed by Auto Expo Ent., Inc. as of that date, and therefore had no authority, access, or capacity to conduct or comment on any financial transactions of the company. Indeed, Mr. Namigohar's employment was terminated years before Michael Shahkoohi became

an owner, following multiple instances of misconduct, and Ms. Kassim had voluntarily resigned from Auto Expo in February 2023, well before the alleged September 2023 conversation. Moreover, no credible evidence exists—whether in the form of transaction records, receipts, or communications—showing that any funds were ever "handed" to Omid Elyahou. This claim relies solely on hearsay from an individual (Namigohar) who has already been shown to have engaged in extortionate behavior and coercive communications under the influence and direction of Michael Shahkoohi. Accordingly, the entirety of this paragraph should be disregarded as a knowingly false statement, contradicted by employment records and unsupported by any admissible or contemporaneous evidence.

127.    Defendants deny the allegations contained in paragraph numbered "122" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

128.    Defendants deny the allegations contained in paragraph numbered "123" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

129.    Defendants deny the allegations contained in paragraph numbered "124" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

130.    Defendants deny the allegations contained in paragraph numbered "125" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

131.    Defendants deny the allegations contained in paragraph numbered "126" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

132.    Defendants deny the allegations contained in paragraph numbered "127" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

133.    Defendants deny the allegations contained in paragraph numbered "128" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

134.    Defendants deny the allegations contained in paragraph numbered "129" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

135.    Defendants deny the allegations contained in paragraph numbered "130" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

136.    Defendants deny the allegations contained in paragraph numbered "131" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact. The allegation that United Citizens Warranty LLC ("United Citizens") was "primarily in the business of selling warranty products" is factually incorrect and entirely unsupported. The company's name alone does not establish its line of business or operational history. While the entity was originally formed by Omid Elyahou in 2017–2018 with the initial intention of exploring opportunities to broker and sell extended warranties to other automobile dealerships, that business plan never became active or operational. Since its inception, United Citizens

Warranty LLC has not engaged in any ongoing commercial activity, has generated no sales revenue, and has not distributed or marketed any warranty products whatsoever. The Plaintiffs' assumption, based solely on the company's name—is misleading and careless, reflecting a lack of due diligence and an attempt to mischaracterize a dormant entity as a functioning enterprise. This is yet another example of the Plaintiffs inserting false and irrelevant statements into the record to create the illusion of impropriety where none exists.

137.    Defendants deny the allegations contained in paragraph numbered "132" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

138.    Defendants deny the allegations contained in paragraph numbered "133" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact. The allegation that United Citizens Warranty LLC ("United Citizens") entered into an agreement with MUSA Auto Finance LLC (now DRIVRZ Financial) in or about September 2018 is false and misleading. While Omid Elyahou, as founder of United Citizens, explored potential business opportunities with MUSA Auto Finance LLC and engaged in preliminary discussions, no formal agreement or transaction was ever executed, and no business relationship was ever consummated. United Citizens never received or provided any funds, services, or products to or from MUSA or DRIVRZ Financial. Furthermore, this alleged interaction occurring in 2018, nearly four years before Michael Shahkoohi or Ramin ("Robert") Baratian became shareholders or partners in Auto Expo Ent., Inc. or Peace Properties LLC, has no bearing whatsoever on the parties or claims in this litigation. It represents yet another irrelevant and emotionally charged allegation inserted by Shahkoohi in an attempt to portray himself as having authority or insight into matters predating his involvement by years. This claim is factually baseless, legally immaterial, and

intended solely to harass and waste judicial resources. It has no connection to Auto Expo Ent., Inc., its operations, or any of the issues properly before this Court.

139.    Defendants deny the allegations contained in paragraph numbered "134" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

140.    Defendants deny the allegations contained in paragraph numbered "135" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

141.    Defendants deny the allegations contained in paragraph numbered "136" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

142.    Defendants deny the allegations contained in paragraph numbered "137" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

143.    Defendants deny the allegations contained in paragraph numbered "138" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

144.    Defendants deny the allegations contained in paragraph numbered "139" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

145.    Defendants deny the allegations contained in paragraph numbered "140" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

146.    Defendants deny the allegations contained in paragraph numbered "141" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

147.    Defendants deny the allegations contained in paragraph numbered "142" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

148.    Defendants deny the allegations contained in paragraph numbered "143" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

149.    Defendants deny the allegations contained in paragraph numbered "144" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

150.    Defendants deny the allegations contained in paragraph numbered "145" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

151.    Defendants deny the allegations contained in paragraph numbered "146" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

152.    Defendants deny the allegations contained in paragraph numbered "147" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

153.    Defendants deny the allegations contained in paragraph numbered "148" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

154.    Defendants deny the allegations contained in paragraph numbered "149" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

155.    Defendants deny the allegations contained in paragraph numbered "150" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

156.    Defendants deny the allegations contained in paragraph numbered "151" of Plaintiffs' Complaint, except admit that following the third quarter of 2022, after Michael Shahkoohi became a shareholder and majority owner of AutoExpo, Defendant Omid Elyahou held a minority partnership interest in Certified Performance. Defendants specifically deny that any such partnership or ownership existed prior to that time and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

157.    Defendants deny the allegations contained in paragraph numbered "152" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

158.    Defendants deny the allegations contained in paragraph numbered "153" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

159.    Defendants deny the allegations contained in paragraph numbered "154" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the

trier of fact. The statement that "Shahkoohi discovered that Elyahou's protestations were all lies" is not a statement of fact but an emotional, conclusory assertion entirely unsupported by evidence or record. It contains no specific allegation, document, or testimony establishing any falsehood by Omid Elyahou. Rather, it reflects Michael Shahkoohi's pattern of inserting personal hostility and subjective character attacks into these pleadings in place of factual or admissible material. Such inflammatory language has no probative value, and serves only to prejudice and distract the Court from the substantive issues.

160.    Defendants deny the allegations contained in paragraph numbered "155" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

161.    Defendants deny the allegations contained in paragraph numbered "156" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

162.    Defendants deny the allegations contained in paragraph numbered "157" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

163.    Defendants deny the allegations contained in paragraph numbered "158" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

164.    Defendants deny the allegations contained in paragraph numbered "159" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

165.    Defendants deny the allegations contained in paragraph numbered "160" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact. The allegation that Certified Performance Motors, while operating with similar inventory and fewer vehicles, was "nonetheless considerably outselling Auto Expo Ent., Inc. every month," as allegedly "learned" by Michael Shahkoohi from unnamed former employees, is entirely speculative, hearsay, and devoid of any factual or documentary foundation. This assertion is a subjective, emotionally charged statement. Moreover, comparing the sales performance of Certified Performance Motors, an independent dealership with its own structure, location, and customer base, to that of Auto Expo Ent., Inc. has no legal relevance to the issues before the Court. The statement serves only to inject opinion, conjecture, and personal animus into the pleadings rather than address any legitimate dispute grounded in fact or law.

166.    Defendants deny the allegations contained in paragraph numbered "161" of Plaintiffs' Complaint, including the asserted January 2023 sales figures and any comparison or ratio (e.g., "33" versus "122" and "four times"), which are inaccurate and unsupported. To the extent the paragraph purports to summarize business records or third-party website data, such documents speak for themselves. Defendants respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

167.    Defendants deny the allegations contained in paragraph numbered "162" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

168.    Defendants deny the allegations contained in paragraph numbered "163" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

169.    Defendants deny the allegations contained in paragraph numbered "164" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact. The allegation that Omid Elyahou "continued to have employees at Auto Expo Ent., Inc. who acted as 'spies' to report to him what was going on" is entirely false, inflammatory, and unsupported by credible evidence. This statement is pure conjecture, phrased in emotional and accusatory language that has no place in a formal legal pleading. This type of vague, unsubstantiated allegation reflects personal hostility and paranoia rather than factual reality and is irrelevant to the issues properly before the Court. Such rhetoric is intended only to sensationalize the record and damage Elyahou's reputation, rather than address any material dispute of fact. Accordingly, this paragraph should be disregarded as an emotional, baseless, and inadmissible statement lacking any evidentiary foundation.

170.    Defendants deny the allegations contained in paragraph numbered "165" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

171.    Defendants deny the allegations contained in paragraph numbered "166" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

172.    Defendants deny the allegations contained in paragraph numbered "167" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

173.    Defendants deny the allegations contained in paragraph numbered "168" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

174.    Defendants deny the allegations contained in paragraph numbered "169" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

175.    Defendants deny the allegations contained in paragraph numbered "170" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

176.    Defendants deny the allegations contained in paragraph numbered "171" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

177.    Defendants deny the allegations contained in paragraph numbered "172" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

178.    Defendants deny the allegations contained in paragraph numbered "173" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact The allegation that a few days later, Ms. Nektalov sent a letter stating that "she can't accept working for the new management" and that she "was loyal to [Elyahou]" is mischaracterized and taken out of context. The letter in question referred not to "new management" but to the new ownership group, which had created a hostile and abusive work environment that destabilized operations and financially damaged the business. Following the change in ownership, multiple employees expressed discomfort and dissatisfaction with the conduct and management style of Michael Shahkoohi and Ramin ("Robert") Baratian, citing unprofessional treatment and erratic decision-making. Accordingly, Ms. Nektalov's statement was an expression of employee

frustration over the toxic workplace conditions introduced by the new owners, not an act of "loyalty" or coordination with Elyahou.

179.    Defendants deny the allegations contained in paragraph numbered "174" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

180.    Defendants deny the allegations contained in paragraph numbered "175" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

181.    Defendants deny the allegations contained in paragraph numbered "176" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

182.    Defendants deny the allegations contained in paragraph numbered "177" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

183.    Defendants deny the allegations contained in paragraph numbered "178" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

184.    Defendants deny the allegations contained in paragraph numbered "179" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

185.    Defendants deny the allegations contained in paragraph numbered "180" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact. The allegation that Michael Shahkoohi "implemented a unique, custom-designed

inventory system" for Auto Expo Ent., Inc., allegedly costing over $170,000.00 to set up, is categorically denied. This statement is internally inconsistent, contradicted by prior representations made by the same party, and lacks any supporting documentation such as invoices, contracts, or payment records. In multiple filings and prior communications, Shahkoohi has claimed varying amounts and differing descriptions of the same alleged system, at times referring to it as "custom-built," at other times as "licensed," and in yet others as "internally developed," thereby undermining his own credibility. The absence of a consistent narrative or corroborating evidence strongly suggests that this allegation is invented or exaggerated after the fact, and not grounded in the company's actual financial or operational records. Moreover, any purported system changes would have been implemented under Shahkoohi's own control after the disputed transfer of ownership interests in 2022; therefore, he cannot attribute the costs or decisions to Elyahou. This paragraph exemplifies Shahkoohi's erratic and contradictory pattern of statements emotional in tone, inconsistent in substance, and devoid of factual foundation.

186.    Defendants deny the allegations contained in paragraph numbered "181" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

187.    Defendants deny the allegations contained in paragraph numbered "182" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

188.    Defendants deny the allegations contained in paragraph numbered "183" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

189.    Defendants deny the allegations contained in paragraph numbered "184" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

190.    Defendants deny the allegations contained in paragraph numbered "185" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

191.    Defendants deny the allegations contained in paragraph numbered "186" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

192.    Defendants deny the allegations contained in paragraph numbered "187" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

193.    Defendants deny the allegations contained in paragraph numbered "188" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

194.    Defendants deny the allegations contained in paragraph numbered "189" of Plaintiffs' Complaint. Defendants further state that any purported "reluctance" by Ms. Kassim to provide access to AutoExpo's records could be because, at the time, Michael Shahkoohi was not a shareholder, officer, or authorized representative of the company, and therefore lacked authority to demand or access such records. Defendants respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

195.    Defendants deny the allegations contained in paragraph numbered "190" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

196.    Defendants deny the allegations contained in paragraph numbered "191" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

197.    Defendants deny the allegations contained in paragraph numbered "192" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

198.    Defendants deny the allegations contained in paragraph numbered "193" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

199.    Defendants deny the allegations contained in paragraph numbered "194" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

200.    Defendants deny the allegations contained in paragraph numbered "195" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

201.    Defendants deny the allegations contained in paragraph numbered "196" of Plaintiffs' Complaint. Defendants further state that, until the third quarter of 2022, Michael Shahkoohi was not a shareholder, officer, or authorized representative of AutoExpo, and therefore was not entitled to management information or internal company details during the period referenced. Defendants respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

202.    Defendants deny the allegations contained in paragraph numbered "197" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

203.    Defendants deny the allegations contained in paragraph numbered "198" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

204.    Defendants deny the allegations contained in paragraph numbered "199" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

205.    Defendants deny the allegations contained in paragraph numbered "200" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

206.    Defendants deny the allegations contained in paragraph numbered "201" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

207.    Defendants deny the allegations contained in paragraph numbered "202" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

208.    Defendants deny the allegations contained in paragraph numbered "203" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

209.    Defendants deny the allegations contained in paragraph numbered "204" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

210.    Defendants deny the allegations contained in paragraph numbered "205" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

211.    Defendants deny the allegations contained in paragraph numbered "206" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

212.    Defendants deny the allegations contained in paragraph numbered "207" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

213.    Defendants deny the allegations contained in paragraph numbered "208" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

214.    Defendants deny the allegations contained in paragraph numbered "209" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

215.    Defendants deny the allegations contained in paragraph numbered "210" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

216.    Defendants deny the allegations contained in paragraph numbered "211" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the

trier of fact. The allegation that during 2021, Omid Elyahou was going to Auto Expo Ent., Inc. approximately twice a week is false, speculative.  At that time, Elyahou was the sole shareholder and officer of Auto Expo Ent., Inc., and his presence at the dealership was determined solely by business need and executive discretion. There is no documentation, timekeeping, or contemporaneous record to substantiate the alleged frequency of his visits, nor is such a detail material to the ownership, financial, or contractual questions at issue in this litigation.

Further, Michael Shahkoohi held no ownership interest, management authority, or internal access to the company in 2021, and therefore lacks personal knowledge or standing to make this assertion. This statement serves no legal purpose and constitutes another emotional, immaterial allegation meant only to disparage rather than clarify any fact in dispute.

217.    Defendants deny the allegations contained in paragraph numbered "212" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

218.    Defendants deny the allegations contained in paragraph numbered "213" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

219.    Defendants deny the allegations contained in paragraph numbered "214" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

220.    Defendants deny the allegations contained in paragraph numbered "215" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

221.    Defendants deny the allegations contained in paragraph numbered "216" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

222.    Defendants deny the allegations contained in paragraph numbered "217" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

223.    Defendants deny the allegations contained in paragraph numbered "218" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

224.    Defendants deny the allegations contained in paragraph numbered "219" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

225.    Defendants deny the allegations contained in paragraph numbered "220" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

226.    Defendants deny the allegations contained in paragraph numbered "221" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

227.    Defendants deny the allegations contained in paragraph numbered "222" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

228.    Defendants deny the allegations contained in paragraph numbered "223" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

229.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "224" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

230.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "225" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

231.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "226" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

232.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "227" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

233.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "228" of Plaintiffs' Complaint and object to Plaintiffs' attempts to selectively edit and interpret the text of the referenced document, which speaks for itself, and respectfully defers all questions of law to the Court and all questions of fact to the trier of fact.

234.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "229" of Plaintiffs' Complaint and object to Plaintiffs' attempts to selectively edit and interpret the text of the referenced document, which

speaks for itself, and respectfully defers all questions of law to the Court and all questions of fact to the trier of fact.

235.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "230" of Plaintiffs' Complaint and object to Plaintiffs' attempts to selectively edit and interpret the text of the referenced document, which speaks for itself, and respectfully defers all questions of law to the Court and all questions of fact to the trier of fact.

236.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "231" of Plaintiffs' Complaint and object to Plaintiffs' attempts to selectively edit and interpret the text of the referenced document, which speaks for itself, and respectfully defers all questions of law to the Court and all questions of fact to the trier of fact.

237.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "232" of Plaintiffs' Complaint and object to Plaintiffs' attempts to selectively edit and interpret the text of the referenced document, which speaks for itself, and respectfully defers all questions of law to the Court and all questions of fact to the trier of fact.

238.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "233" of Plaintiffs' Complaint and object to Plaintiffs' attempts to selectively edit and interpret the text of the referenced document, which speaks for itself, and respectfully defers all questions of law to the Court and all questions of fact to the trier of fact.

239.    Defendants deny the allegations contained in paragraph numbered "234" of Plaintiffs' Complaint. Defendants further state that any actions referenced therein—including the alleged July 6, 2021 "Resolution of the Board of Directors of AutoExpo Ent. Inc."—occurred well before the third quarter of 2022, when Michael Shahkoohi first became a shareholder and majority owner of AutoExpo. Accordingly, at the time of the alleged events, Mr. Shahkoohi had no ownership interest, officer role, or authority within AutoExpo and therefore lacked capacity to make or assert such allegations. Defendants respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

240.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "235" of Plaintiffs' Complaint and object to Plaintiffs' attempts to selectively edit and interpret the text of the referenced document, which speaks for itself, and respectfully defers all questions of law to the Court and all questions of fact to the trier of fact.

241.    Defendants deny the allegations contained in paragraph numbered "236" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

242.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "237" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

243.    Defendants deny the allegations contained in paragraph numbered "238" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

244. Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "239" of Plaintiffs' Complaint and object to Plaintiffs' attempts to selectively edit and interpret the text of the referenced document, which speaks for itself, and respectfully defers all questions of law to the Court and all questions of fact to the trier of fact.

245. Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "240" of Plaintiffs' Complaint and object to Plaintiffs' attempts to selectively edit and interpret the text of the referenced document, which speaks for itself, and respectfully defers all questions of law to the Court and all questions of fact to the trier of fact.

246. Defendants deny the allegations contained in paragraph numbered "241" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

247. Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "242" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

248. Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "243" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

249. Defendants deny the allegations contained in paragraph numbered "244" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

250.    Defendants deny the allegations contained in paragraph numbered "245" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

251.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "246" of Plaintiffs' Complaint and object to Plaintiffs' attempts to selectively edit and interpret the text of the referenced document, which speaks for itself, and respectfully defers all questions of law to the Court and all questions of fact to the trier of fact.

252.    Defendants admit the allegations contained in paragraph numbered "247" of Plaintiffs' Complaint.

253.    Defendants deny the allegations contained in paragraph numbered "248" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact. Notwithstanding, Omid Elyahou admits that June Mehrberg Rothstein LLC was the seller of the premises.

254.    Defendants deny the allegations contained in paragraph numbered "249" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

255.    Defendants deny the allegations contained in paragraph numbered "250" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

256.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "251" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

257.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "252" of Plaintiffs' Complaint and object to Plaintiffs' attempts to selectively edit and interpret the text of the referenced document, which speaks for itself, and respectfully defers all questions of law to the Court and all questions of fact to the trier of fact.

258.    Defendants deny the allegations contained in paragraph numbered "253" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

259.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "254" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

260.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "255" of Plaintiffs' Complaint and object to Plaintiffs' attempts to selectively edit and interpret the text of the referenced document, which speaks for itself, and respectfully defers all questions of law to the Court and all questions of fact to the trier of fact.

261.    Defendants deny the allegations contained in paragraph numbered "256" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

262.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "257" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

263.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "258" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

264.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "259" of Plaintiffs' Complaint and object to Plaintiffs' attempts to selectively edit and interpret the text of the referenced document, which speaks for itself, and respectfully defers all questions of law to the Court and all questions of fact to the trier of fact.

265.    Defendants deny the allegations contained in paragraph numbered "260" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

266.    Defendants deny the allegations contained in paragraph numbered "261" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

267.    Defendants deny the allegations contained in paragraph numbered "262" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

268.    Defendants deny the allegations contained in paragraph numbered "263" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

269.    Defendants deny the allegations contained in paragraph numbered "264" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

270.    Defendants deny the allegations contained in paragraph numbered "265" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

271.    Defendants deny the allegations contained in paragraph numbered "266" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

272.    Defendants deny the allegations contained in paragraph numbered "267" of Plaintiffs' Complaint. Defendants further state that the request made in or about March 2023 for Defendant Elyahou to sign new bylaws and agree to management changes was represented by Ramin Baratian as being for purposes of facilitating a mortgage refinance of AutoExpo's property. Defendants were also advised by counsel that, as of the third quarter of 2022, Michael Shahkoohi had become the majority shareholder and was informed by his counsel that he could act unilaterally as he wished. Defendants respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

273.    Defendants admit the allegations contained in paragraph numbered "268" of Plaintiffs' Complaint.

274.    Defendants deny the allegations contained in paragraph numbered "269" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

275.    Defendants deny the allegations contained in paragraph numbered "270" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

276.    Defendants deny the allegations contained in paragraph numbered "271" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

277.    Defendants deny the allegations contained in paragraph numbered "272" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

278.    Defendants deny the allegations contained in paragraph numbered "273" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

279.    Defendants deny the allegations contained in paragraph numbered "274" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

280.    Defendants deny the allegations contained in paragraph numbered "275" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

281.    Defendants deny the allegations contained in paragraph numbered "276" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

282.    Defendants deny the allegations contained in paragraph numbered "277" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

283.    Defendants deny the allegations contained in paragraph numbered "278" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

284.    Defendants deny the allegations contained in paragraph numbered "279" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

285.    Defendants deny the allegations contained in paragraph numbered "280" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

286.    Defendants deny the allegations contained in paragraph numbered "281" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

287.    Defendants deny the allegations contained in paragraph numbered "282" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

288.    Defendants deny the allegations contained in paragraph numbered "283" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

289.    Defendants deny the allegations contained in paragraph numbered "284" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

290.    Defendants deny the allegations contained in paragraph numbered "285" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

291.    Defendants deny the allegations contained in paragraph numbered "286" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

292.    Defendants deny the allegations contained in paragraph numbered "287" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

293.    Defendants deny the allegations contained in paragraph numbered "288" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

294.    Defendants deny the allegations contained in paragraph numbered "289" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

295.    Defendants deny the allegations contained in paragraph numbered "290" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

296.    Defendants deny the allegations contained in paragraph numbered "291" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

297.    Defendants deny the allegations contained in paragraph numbered "292" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

298.    Defendants deny the allegations contained in paragraph numbered "293" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

299.    Defendants deny the allegations contained in paragraph numbered "294" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

300.    Defendants deny the allegations contained in paragraph numbered "295" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

301.    Defendants deny the allegations contained in paragraph numbered "296" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

302.    Defendants deny the allegations contained in paragraph numbered "297" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

303.    Defendants deny the allegations contained in paragraph numbered "298" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

304.    Defendants deny the allegations contained in paragraph numbered "299" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

305.    Defendants deny the allegations contained in paragraph numbered "300" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

306.    Defendants deny the allegations contained in paragraph numbered "301" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

307.    Defendants deny the allegations contained in paragraph numbered "302" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

308.    Defendants deny the allegations contained in paragraph numbered "303" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

309.    Defendants deny the allegations contained in paragraph numbered "304" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

310.    Defendants deny the allegations contained in paragraph numbered "305" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

311.    Defendants deny the allegations contained in paragraph numbered "306" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

312.    Defendants deny the allegations contained in paragraph numbered "307" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

313.    Defendants deny the allegations contained in paragraph numbered "308" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

314.    Defendants deny the allegations contained in paragraph numbered "309" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

315.    Defendants deny the allegations contained in paragraph numbered "310" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

316.    Defendants deny the allegations contained in paragraph numbered "311" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

317.    Defendants deny the allegations contained in paragraph numbered "312" of Plaintiffs' Complaint. Defendants further state that, contrary to Plaintiffs' characterization, Michael Shahkoohi has continuously maintained undisclosed ownership interests in multiple other dealerships, creating a clear conflict of interest that he never disclosed to AutoExpo or its

stakeholders. Defendants respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

318.    Defendants deny the allegations contained in paragraph numbered "313" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

319.    Defendants deny the allegations contained in paragraph numbered "314" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

320.    Defendants deny the allegations contained in paragraph numbered "315" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

321.    Defendants deny the allegations contained in paragraph numbered "316" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

322.    Defendants deny the allegations contained in paragraph numbered "317" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

323.    Defendants deny the allegations contained in paragraph numbered "318" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

324.    Defendants deny the allegations contained in paragraph numbered "319" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

325.    Defendants deny the allegations contained in paragraph numbered "320" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

326.    Defendants deny the allegations contained in paragraph numbered "321" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

327.    Defendants deny the allegations contained in paragraph numbered "322" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

328.    Defendants deny the allegations contained in paragraph numbered "323" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

329.    Defendants deny the allegations contained in paragraph numbered "324" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

330.    Defendants deny the allegations contained in paragraph numbered "325" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

331.    Defendants deny the allegations contained in paragraph numbered "326" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

332.    Defendants deny the allegations contained in paragraph numbered "327" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

333.    Defendants deny the allegations contained in paragraph numbered "328" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

334.    Defendants deny the allegations contained in paragraph numbered "329" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

335.    Defendants deny the allegations contained in paragraph numbered "330" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

336.    Defendants deny the allegations contained in paragraph numbered "331" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

337.    Defendants deny the allegations contained in paragraph numbered "332" of Plaintiffs' Complaint. Defendants further state that the allegations are factually inaccurate and misleading, as Michael Shahkoohi was not a shareholder, officer, or owner of AutoExpo until the third quarter of 2022. Accordingly, any claim that Mr. Shahkoohi "spent decades building" AutoExpo is false and without basis. Defendants respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

338.    Defendants deny the allegations contained in paragraph numbered "333" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

339.    Defendants deny the allegations contained in paragraph numbered "334" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

340.    Defendants deny the allegations contained in paragraph numbered "335" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

## AS FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

341.    Defendants repeat, reiterate and reallege each and every denial hereinabove set forth with the same force and effect as though more fully set forth at length herein.

342.    Defendants deny the allegations contained in paragraph numbered "337" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

343.    Defendants deny the allegations contained in paragraph numbered "338" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

344.    Defendants deny the allegations contained in paragraph numbered "339" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

345.    Defendants deny the allegations contained in paragraph numbered "340" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

346.    Defendants deny the allegations contained in paragraph numbered "341" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

347.    Defendants deny the allegations contained in paragraph numbered "343" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

348.    Defendants deny the allegations contained in paragraph numbered "343" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

349.    Defendants deny the allegations contained in paragraph numbered "344" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

350.    Defendants deny the allegations contained in paragraph numbered "345" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

351.    Defendants deny the allegations contained in paragraph numbered "346" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

352.    Defendants deny the allegations contained in paragraph numbered "347" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

353.    Defendants deny the allegations contained in paragraph numbered "348" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

354.    Defendants deny the allegations contained in paragraph numbered "349" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

## AS FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

355.    Defendants repeat, reiterate and reallege each and every denial hereinabove set forth with the same force and effect as though more fully set forth at length herein.

356.    Defendants deny the allegations contained in paragraph numbered "351" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

357.    Defendants deny the allegations contained in paragraph numbered "352" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

358.    Defendants deny the allegations contained in paragraph numbered "353" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

359.    Defendants deny the allegations contained in paragraph numbered "354" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

360.    Defendants deny the allegations contained in paragraph numbered "355" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

361.    Defendants deny the allegations contained in paragraph numbered "346" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

362.    Defendants deny the allegations contained in paragraph numbered "357" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

363.    Defendants deny the allegations contained in paragraph numbered "358" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

364.    Defendants deny the allegations contained in paragraph numbered "359" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

365.    Defendants deny the allegations contained in paragraph numbered "360" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

366.    Defendants deny the allegations contained in paragraph numbered "361" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

367.    Defendants deny the allegations contained in paragraph numbered "362" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

368.    Defendants deny the allegations contained in paragraph numbered "363" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

369.    Defendants deny the allegations contained in paragraph numbered "364" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

370.    Defendants deny the allegations contained in paragraph numbered "365" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

371.    Defendants deny the allegations contained in paragraph numbered "366" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

372.    Defendants deny the allegations contained in paragraph numbered "367" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

## AS FOR AN ANSWER TO THE THIRD CAUSE OF ACTION

373.    Defendants repeat, reiterate and reallege each and every denial hereinabove set forth with the same force and effect as though more fully set forth at length herein.

374.    Defendants deny the allegations contained in paragraph numbered "369" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

375.    Defendants deny the allegations contained in paragraph numbered "370" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

376.   Defendants deny the allegations contained in paragraph numbered "371" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

377.   Defendants deny the allegations contained in paragraph numbered "372" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

378.   Defendants deny the allegations contained in paragraph numbered "373" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

379.   Defendants deny the allegations contained in paragraph numbered "374" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

380.   Defendants deny the allegations contained in paragraph numbered "375" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

## AS FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION

381.   Defendants repeat, reiterate and reallege each and every denial hereinabove set forth with the same force and effect as though more fully set forth at length herein

382.   Defendants deny the allegations contained in paragraph numbered "377" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

383.   Defendants deny the allegations contained in paragraph numbered "378" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

## AS FOR AN ANSWER TO THE FIFTH CAUSE OF ACTION

384.    Defendants repeat, reiterate and reallege each and every denial hereinabove set forth with the same force and effect as though more fully set forth at length herein

385.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "380" of Plaintiffs' Complaint and object to Plaintiffs' attempts to selectively edit and interpret the text of the referenced document, which speaks for itself, and respectfully defers all questions of law to the Court and all questions of fact to the trier of fact.

386.    Defendants deny the allegations contained in paragraph numbered "381" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

387.    Defendants deny the allegations contained in paragraph numbered "382" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

388.    Defendants deny the allegations contained in paragraph numbered "383" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

389.    Defendants deny the allegations contained in paragraph numbered "384" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

390.    Defendants deny the allegations contained in paragraph numbered "385" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

391.    Defendants deny the allegations contained in paragraph numbered "386" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

## AS FOR AN ANSWER TO THE SIXTH CAUSE OF ACTION

392.    Defendants repeat, reiterate and reallege each and every denial hereinabove set forth with the same force and effect as though more fully set forth at length herein

393.    Defendants deny the allegations contained in paragraph numbered "388" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

394.    Defendants deny the allegations contained in paragraph numbered "389" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

395.    Defendants deny the allegations contained in paragraph numbered "390" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

396.    Defendants deny the allegations contained in paragraph numbered "391" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

397.    Defendants deny the allegations contained in paragraph numbered "392" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

398.    Defendants deny the allegations contained in paragraph numbered "393" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

## AS FOR AN ANSWER TO THE SIXTH CAUSE OF ACTION

399.    Defendants repeat, reiterate and reallege each and every denial hereinabove set forth with the same force and effect as though more fully set forth at length herein

400.    Defendants deny the allegations contained in paragraph numbered "395" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

401.    Defendants deny the allegations contained in paragraph numbered "396" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

402.    Defendants deny the allegations contained in paragraph numbered "397" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

403.    Defendants deny the allegations contained in paragraph numbered "398" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

404.    Defendants deny the allegations contained in paragraph numbered "399" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

405.    Defendants deny the allegations contained in paragraph numbered "400" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

406.    Defendants deny the allegations contained in paragraph numbered "401" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

## AS FOR AN ANSWER TO THE SEVENTH CAUSE OF ACTION

407.    Defendants repeat, reiterate and reallege each and every denial hereinabove set forth with the same force and effect as though more fully set forth at length herein

408.    Defendants admit the allegations contained in paragraph numbered "403" of Plaintiffs' Complaint.

409.    Defendants deny the allegations contained in paragraph numbered "404" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

410.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "405" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

411.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "406" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

412.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "407" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

413.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "408" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

## AS FOR AN ANSWER TO THE NINTH CAUSE OF ACTION

414.    Defendants repeat, reiterate and reallege each and every denial hereinabove set forth with the same force and effect as though more fully set forth at length herein

415.     Defendants deny the allegations contained in paragraph numbered "410" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

416.     Defendants deny the allegations contained in paragraph numbered "411" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

417.     Defendants deny the allegations contained in paragraph numbered "412" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

418.     Defendants deny the allegations contained in paragraph numbered "413" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

419.     Defendants deny the allegations contained in paragraph numbered "414" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

420.     Defendants deny the allegations contained in paragraph numbered "415" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

### AS FOR AN ANSWER TO THE TENTH CAUSE OF ACTION

421.     Defendants repeat, reiterate and reallege each and every denial hereinabove set forth with the same force and effect as though more fully set forth at length herein

422.     Defendants deny the allegations contained in paragraph numbered "410" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

423.    Defendants deny the allegations contained in paragraph numbered "418" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

424.    Defendants deny the allegations contained in paragraph numbered "419" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

## AS FOR AN ANSWER TO THE ELEVENTH CAUSE OF ACTION

425.    Defendants repeat, reiterate and reallege each and every denial hereinabove set forth with the same force and effect as though more fully set forth at length herein

426.    Defendants deny the allegations contained in paragraph numbered "421" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

427.    Defendants deny the allegations contained in paragraph numbered "422" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

428.    Defendants deny the allegations contained in paragraph numbered "423" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

## AS FOR AN ANSWER TO THE TWELFTH CAUSE OF ACTION

429.    Defendants repeat, reiterate and reallege each and every denial hereinabove set forth with the same force and effect as though more fully set forth at length herein

430.    Defendants deny the allegations contained in paragraph numbered "425" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

431.    Defendants deny the allegations contained in paragraph numbered "426" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

432.    Defendants deny the allegations contained in paragraph numbered "427" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

### AS FOR AN ANSWER TO THE THIRTEENTH CAUSE OF ACTION

433.    Defendants repeat, reiterate and reallege each and every denial hereinabove set forth with the same force and effect as though more fully set forth at length herein

434.    Defendants deny the allegations contained in paragraph numbered "429" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

435.    Defendants deny the allegations contained in paragraph numbered "430" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

436.    Defendants deny the allegations contained in paragraph numbered "431" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

437.    Defendants deny the allegations contained in paragraph numbered "432" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

438.    Defendants deny the allegations contained in paragraph numbered "433" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

## AS FOR AN ANSWER TO THE FOURTEENTH CAUSE OF ACTION

439.    Defendants repeat, reiterate and reallege each and every denial hereinabove set forth with the same force and effect as though more fully set forth at length herein

440.    Defendants deny the allegations contained in paragraph numbered "435" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

441.    Defendants deny the allegations contained in paragraph numbered "436" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

442.    Defendants deny the allegations contained in paragraph numbered "437" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

443.    Defendants deny the allegations contained in paragraph numbered "438" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

444.    Defendants deny the allegations contained in paragraph numbered "439" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

445.    Defendants deny the allegations contained in paragraph numbered "440" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

446.    Defendants deny the allegations contained in paragraph numbered "441" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

## AS FOR AN ANSWER TO THE FIFTEENTH CAUSE OF ACTION

447.    Defendants repeat, reiterate and reallege each and every denial hereinabove set forth with the same force and effect as though more fully set forth at length herein

448.    Defendants deny the allegations contained in paragraph numbered "443" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

449.    Defendants deny the allegations contained in paragraph numbered "444" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

450.    Defendants deny the allegations contained in paragraph numbered "445" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

451.    Defendants deny the allegations contained in paragraph numbered "446" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

452.    Defendants deny the allegations contained in paragraph numbered "447" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

453.    Defendants deny the allegations contained in paragraph numbered "448" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

## AS FOR AN ANSWER TO THE SIXTEENTH CAUSE OF ACTION

454.    Defendants repeat, reiterate and reallege each and every denial hereinabove set forth with the same force and effect as though more fully set forth at length herein

455.    Defendants deny the allegations contained in paragraph numbered "450" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

456.    Defendants deny the allegations contained in paragraph numbered "451" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

457.    Defendants deny the allegations contained in paragraph numbered "452" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

458.    Defendants deny the allegations contained in paragraph numbered "453" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

## AS FOR AN ANSWER TO THE SEVENTEENTH CAUSE OF ACTION

459.    Defendants repeat, reiterate and reallege each and every denial hereinabove set forth with the same force and effect as though more fully set forth at length herein

460.    Defendants deny each and every allegation contained in paragraph numbered "455" of Plaintiffs' Complaint, including sub-paragraphs (a) through (j), and state as follows:

(a) Defendants deny that Elyahou or Kassim lied about AutoExpo's financial condition. The company's financial reporting was accurate to the best of Defendants' knowledge, and Michael Shahkoohi had no ownership or managerial capacity prior to the third quarter of 2022, and thus was not in a position to make or rely upon such claims.

(b) Defendants deny that Elyahou fraudulently stole any trade secrets or confidential or proprietary information of AutoExpo. No such theft occurred, and any information used was

79

independently developed. At the time of the alleged conduct, Michael Shahkoohi was not an owner or manager of AutoExpo.

(c) Defendants deny that Elyahou made any material misrepresentation regarding SimpSocial's market activities. SimpSocial engaged in legitimate business operations, and Shahkoohi had no ownership or oversight role before Q3 2022.

(d) Defendants deny that Elyahou made any fraudulent omission regarding ownership in SimpSocial. The existence and structure of SimpSocial were known within the business community, and Shahkoohi's lack of any ownership or managerial status before Q3 2022 renders his assertions unfounded.

(e) Defendants deny that Elyahou fraudulently stole AutoExpo's cash or used its credit fraudulently. All transactions were business-related and properly recorded. Shahkoohi had no ownership or managerial capacity at that time.

(f) Defendants deny that Elyahou or Kassim made fraudulent omissions regarding any cash collected from repossession companies. Any such matters occurred before Michael Shahkoohi became an owner or officer in Q3 2022.

(g) Defendants deny that Elyahou utilized AutoExpo's bid information or supplied it to Certified Performance. No such conduct occurred, and at the times alleged, Shahkoohi was not an owner or manager of AutoExpo.

(h) Defendants deny that Elyahou made any material misrepresentation about his interests in Certified Performance. The structure and ownership of that company were properly disclosed to the appropriate parties. Shahkoohi was not yet an owner of AutoExpo.

(i) Defendants deny that Elyahou or Kassim made any material misrepresentation regarding their roles in connection with the AutoExpo 401(k) Plan. All plan administration was handled

through the payroll processor in accordance with the plan's design. Shahkoohi had no ownership, fiduciary, or managerial authority prior to Q3 2022.

(j) Defendants deny that Elyahou falsified resolutions or increased compensation through unauthorized 401(k) plan amendments. All plan actions were conducted properly through the payroll processor, and Shahkoohi was not a shareholder, officer, or manager before the third quarter of 2022.

Defendants respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

461.    Defendants deny the allegations contained in paragraph numbered "456" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

462.    Defendants deny the allegations contained in paragraph numbered "457" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

463.    Defendants deny the allegations contained in paragraph numbered "458" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

464.    Defendants deny the allegations contained in paragraph numbered "459" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

465.    Defendants deny the allegations contained in paragraph numbered "460" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

## AS FOR AN ANSWER TO THE EIGHTEENTH CAUSE OF ACTION

466.   Defendants repeat, reiterate and reallege each and every denial hereinabove set forth with the same force and effect as though more fully set forth at length herein

467.   Defendants deny the allegations contained in paragraph numbered "462" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

468.   Defendants deny each and every allegation contained in paragraph numbered "463" of Plaintiffs' Complaint, including sub-paragraphs (a) through (i), and state as follows:

(a) Defendants deny that SimpSocial, United Citizens, Certified Performance, Eitan, or Kassim "permitted" any false representations about AutoExpo's financial condition. No such conduct occurred, and Michael Shahkoohi was not an owner, shareholder, or manager of AutoExpo prior to the third quarter of 2022.

(b) Defendants deny that any Defendant permitted or participated in the theft of trade secrets, confidential information, or proprietary data from AutoExpo. No such information was misappropriated. At the times alleged, Shahkoohi had no ownership or managerial capacity.

(c) Defendants deny that they permitted or participated in any material misrepresentation regarding SimpSocial's business activities. SimpSocial was a lawful marketing entity with operations outside AutoExpo. Shahkoohi was not an owner or officer before Q3 2022.

(d) Defendants deny that they permitted any theft of AutoExpo's cash or fraudulent use of credit. All transactions were legitimate and properly documented. Shahkoohi had no ownership interest or authority at the time.

(e) Defendants deny that any Defendant permitted fraudulent omissions concerning cash collected from repossession companies. Any such issues occurred before Michael Shahkoohi became a shareholder in Q3 2022.

(f) Defendants deny that any Defendant permitted or participated in the misuse of AutoExpo's bid information or that such information was supplied to Certified Performance. Shahkoohi was not an owner or manager during the period in question.

(g) Defendants deny that any Defendant permitted Elyahou to make false representations about his interests in Certified Performance. All ownership interests were disclosed appropriately. Shahkoohi was not an owner of AutoExpo prior to Q3 2022.

(h) Defendants deny that any Defendant permitted Elyahou or Kassim to make false statements about their roles in connection with the 401(k) Plan. All plan administration was handled through the payroll processor consistent with the plan terms. Shahkoohi had no fiduciary or managerial authority before Q3 2022.

(i) Defendants deny that any Defendant permitted Elyahou to falsify resolutions or amend the 401(k) Plan without authorization. All such actions were properly administered through the payroll system. Shahkoohi was not a shareholder, officer, or manager before the third quarter of 2022 and thus lacked any basis to assert these claims.

469.    Defendants deny the allegations contained in paragraph numbered "464" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

470.    Defendants deny the allegations contained in paragraph numbered "465" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

471.    Defendants deny the allegations contained in paragraph numbered "466" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

472.    Defendants deny the allegations contained in paragraph numbered "467" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

473.    Defendants deny the allegations contained in paragraph numbered "468" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

474.    Defendants deny the allegations contained in paragraph numbered "469" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

475.    Defendants deny the allegations contained in paragraph numbered "470" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

476.    Defendants deny the allegations contained in paragraph numbered "471" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

477.    Defendants deny the allegations contained in paragraph numbered "472" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

### AS FOR AN ANSWER TO THE NINETEENTH CAUSE OF ACTION

478.    Defendants repeat, reiterate and reallege each and every denial hereinabove set forth with the same force and effect as though more fully set forth at length herein

479.    Defendants deny the allegations contained in paragraph numbered "474" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

480.    Defendants deny the allegations contained in paragraph numbered "475" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

481.    Defendants deny the allegations contained in paragraph numbered "476" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

482.    Defendants deny the allegations contained in paragraph numbered "477" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

483.    Defendants deny the allegations contained in paragraph numbered "478" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

484.    Defendants deny the allegations contained in paragraph numbered "479" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

485.    Defendants deny the allegations contained in paragraph numbered "480" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

486.     Defendants deny the allegations contained in paragraph numbered "481" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

## AS FOR AN ANSWER TO THE TWENTIETH CAUSE OF ACTION

487.     Defendants repeat, reiterate and reallege each and every denial hereinabove set forth with the same force and effect as though more fully set forth at length herein

488.     Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "483" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

489.     Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "484" of Plaintiffs' Complaint and object to Plaintiffs' attempts to selectively edit and interpret the text of the referenced document, which speaks for itself, and respectfully defers all questions of law to the Court and all questions of fact to the trier of fact.

490.     Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "485" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

491.     Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "486" of Plaintiffs' Complaint and object to Plaintiffs' attempts to selectively edit and interpret the text of the referenced document, which speaks for itself, and respectfully defers all questions of law to the Court and all questions of fact to the trier of fact.

492.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "487" of Plaintiffs' Complaint and object to Plaintiffs' attempts to selectively edit and interpret the text of the referenced document, which speaks for itself, and respectfully defers all questions of law to the Court and all questions of fact to the trier of fact.

493.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "488" of Plaintiffs' Complaint and object to Plaintiffs' attempts to selectively edit and interpret the text of the referenced document, which speaks for itself, and respectfully defers all questions of law to the Court and all questions of fact to the trier of fact.

494.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "489" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

495.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "490" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

496.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "491" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

497.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "492" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

498.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "493" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

499.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "485" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

500.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "495" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

501.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "496" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

502.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "497" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

503.    Defendants deny the allegations contained in paragraph numbered "498" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

504.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "499" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

505.    Defendants deny the allegations contained in paragraph numbered "500" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

506.    Defendants deny the allegations contained in paragraph numbered "501" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

507.    Defendants deny the allegations contained in paragraph numbered "502" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

### AS FOR AN ANSWER TO THE TWENTY-FIRST CAUSE OF ACTION

508.    Defendants repeat, reiterate and reallege each and every denial hereinabove set forth with the same force and effect as though more fully set forth at length herein

509.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "504" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

510.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "505" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

511.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "506" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

512.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "507" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

513.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "508" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

514.    Defendants deny knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph numbered "509" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

515.    Defendants deny the allegations contained in paragraph numbered "510" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

516.    Defendants deny the allegations contained in paragraph numbered "511" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

517.    Defendants deny the allegations contained in paragraph numbered "512" of Plaintiffs' Complaint and respectfully defer all questions of law to the Court and all questions of fact to the trier of fact.

**PRAYER FOR RELIEF**

518.    Defendants respectfully deny that Plaintiffs are entitled to any relief in connection with the allegations set forth in its Complaint, including, but not limited to, the allegations set forth in Plaintiffs' Prayer for Relief.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint, and each claim purported to be alleged therein, fails to allege facts sufficient to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Complaint, and each claim purported to be alleged therein, is barred by the applicable statute of limitations under the applicable federal and state laws.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The Complaint, and each claim purported to be alleged therein, is barred in whole or in part by the doctrine of waiver and by the applicable statute of limitations.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The Complaint, and each claim purported to be alleged therein, is barred in whole or in part by judicial, equitable, and/or collateral estoppel.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The Complaint, and each claim purported to be alleged therein, is barred in whole or in part by Plaintiffs unclean hands.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The Complaint, and each claim purported to be alleged therein, is barred in whole or in part by the doctrine of laches.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to prosecute the claims purported to be alleged in the complaint.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

The Complaint, and each claim purported to be alleged therein, is barred to the extent the court lacks subject matter jurisdiction over the stated claims.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Defendants have at all times acted in good faith and had reasonable grounds for believing that Plaintiffs have been paid all monies owed. Defendants have met and satisfied any and all obligations to the Plaintiffs that arouse out of and during their employment and therefore, this action is barred, in whole or in part by the doctrine of accord and satisfaction.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

The Complaint, and each claim purported to be alleged therein, is barred in whole or in part as Plaintiff consented to or authorized the challenged conduct.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

The Complaint, and each claim purported to be alleged therein, is barred in whole or in part as Plaintiff ratified the conduct of the defendants.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Defendants are entitled to offset sums owed by plaintiff

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Defendants acted in good faith and without wrongful intent.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint, and the damages or injury was not caused by defendant's actions.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint does not set forth sufficient facts to allow the answering Defendants to determine all potential affirmative defenses. Accordingly, the answering Defendants reserve their right to assert additional affirmative defenses and/or withdraw or modify the defenses stated herein if and when such information is ascertained through discovery.

## COUNTERCLAIMS AND THIRD-PARTY COMPLAINT

Pursuant to Federal Rule of Civil Procedure 13, Counterclaim Plaintiffs OMID ELYAHOU, SIMPSOCIAL LLC, UNITED CITIZENS WARRANTY LLC, FIFTY SEVEN CONSULTING CORP. d/b/a CERTIFIED AUTO GROUP a/k/a CERTIFIED PERFORMANCE MOTORS, AVI EITAN, and FAZEEDA KASSIM, asserts the following counterclaims against Counterclaim Defendants AUTOEXPO ENT INC., PEACE PROPERTIES LLC, NETWORK REINSURANCE COMPANY INC., AUTO EXCHANGE CENTER, LLC, and CHROME INSURANCE AGENCY LLC, and *Third-Party Plaintiffs,* OMID ELYAHOU, individually and derivatively on behalf of AUTOEXPO ENT. INC., PEACE PROPERTIES LLC, NETWORK REINSURANCE COMPANY INC., AUTO EXCHANGE CENTER, LLC, CHROME INSURANCE AGENCY LLC, and PRIME AUTO CAPITAL LLC, and claims against Third-Party Defendants MICHAEL SHAHKOOHI, aka KAMRAN SHAHKOOHI and RAMIN BARATIAN, aka ROBERT BARATIAN and, by and through its counsel, alleges as follows:

## PRELIMINARY STATEMENT

1.      This third-party action arises out of a long-running pattern of corporate abuse, self-dealing, fraudulent conduct, and racketeering by Third-Party Defendants Michael Shahkoohi ("Shahkoohi") and Ramin Baratian ("Baratian"), both of whom are convicted felons, directed against Omid Elyahou ("Elyahou"), a minority shareholder as of the third quarter of June 2022 in Auto Expo Ent., Inc. ("Auto Expo"), Peace Properties LLC ("Peace Properties"), and Network Reinsurance Company Inc. ("Network Reinsurance"). Following the ownership restructuring in the third quarter of 2022, Shahkoohi and Baratian engaged in a deliberate pattern of financial manipulation, misappropriation of assets, and misuse of corporate authority, systematically diverting funds, concealing records, and exploiting their positions to the detriment of Elyahou and the affiliated entities.

2.      It is, at its core, a classic business divorce—an emotionally charged dispute between former relatives that has escalated into corporate warfare, where one side weaponizes litigation and control to financially destroy the other.

3.      Third-Party Defendants breached their fiduciary duties, duties of loyalty, and obligations of good faith and fair dealing, and wrongfully converted company assets and funds for their personal benefit. Their conduct constitutes violations of federal and state law, and numerous state common law causes of action.

## PARTIES, JURISDICTION, AND VENUE

4.      Elyahou is an individual residing in this District and a 20 % minority shareholder of Auto Expo Ent., Inc. ("Auto Expo"), 20 % minority owner of Peace Properties LLC ("Peace Properties"), 20% minority shareholder of Network Reinsurance Company ("Network Reinsurance"), 20 % minority owner of Auto Exchange Center LLC, 20 % minority owner of Chrome Insurance Agency LLC, and 33.33 % minority owner of Prime Auto Capital LLC.

5.      Michael Shahkoohi an individual residing in this District owning 80 % of Auto Expo, 40 % of Peace Properties, 40% shareholder of Network Reinsurance Company ("Network Reinsurance"), 80 % majority owner of Auto Exchange Center LLC ("Auto Exchange"), 80 % majority owner of Chrome Insurance Agency LLC ("Chrome Insurance"), and 33.33 % minority owner of Prime Auto Capital LLC ("Prime Auto") and exercising control over their operations.

6.      Ramin Baratian is an individual residing in this District, owning 40% of Peace Properties, LLC and 40% owner of Network Reinsurance exercising control over their operations.

7.      This Court has subject matter jurisdiction over these counterclaims and claims under 28 U.S.C. §1332 as the parties are citizens of different states and the amount in controversy exceeds

$75,000. This Court also has subject matter jurisdiction under the doctrine of supplemental jurisdiction and rules of joinder.

8.    This court has personal jurisdiction over counterclaim -defendant and third-party defendant third-party defendants at least because they are residents of this state and this dispute concerns business transacted within New York.

9.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## GENERAL ALLEGATIONS

10.    This action is a classic business divorce between two former family members whose personal animosity has spilled into the corporate arena. By way of background, Elyahou and Shahkoohi entered into a limited business partnership in the third quarter of 2022, when Elyahou transferred eighty percent (80%) of Auto Expo Ent., Inc. ("Auto Expo") to Shahkoohi while retaining twenty percent (20%). This partnership was formed following years of prior business interactions but was irreparably tainted by personal hostility and emotional baggage arising from Shahkoohi's contentious divorce from Elyahou's sister, which has long fueled his personal resentment and vindictive conduct toward Elyahou and his family. Rather than functioning as a legitimate corporate dispute, this matter has devolved into an emotionally charged campaign of retaliation, where Shahkoohi has weaponized litigation, access, and control over corporate assets to financially and reputationally destroy Elyahou, while concealing his own acts of self-dealing, misappropriation, and abuse of authority. What began as a business partnership has now become a personal vendetta disguised as a corporate lawsuit, driven not by business necessity but by emotion, ego, and retribution.

11.    In addition to Auto Expo, Shahkoohi owns, manages, and/or controls multiple automobile dealerships and affiliated entities, including but not limited to: Masterz Automotive Intl, Inc.;

Masterz Automotive Intl II, Inc.; Auto Gallery Imports, Inc.; Elegant Motors LLC; Pristine Auto Group; Pristine Mitsubishi; Global Motor Cars d/b/a Masters Motor Cars; Wisdom Financial Corp.; and Auto Exchange Center LLC. Beyond his dealership network, Shahkoohi also owns or controls over 800 apartment units across multiple states, maintains substantial personal and corporate credit lines, and possesses assets valued in the millions of dollars. Armed with these vast financial resources and influence, Shahkoohi has engaged in a sustained effort to intimidate and financially overwhelm Elyahou, leveraging his wealth and connections to manipulate business relationships, lenders, and employees. For years, the only person who owed a fiduciary duty to Elyahou and Auto Expo was the dealership's operating principal, a role that was deliberately misrepresented and concealed from Elyahou. It was only after certified attorney correspondence was sent to lenders in the third quarter of 2022, notifying them of a new ownership structure, that Elyahou learned for the first time that Shahkoohi simultaneously held ownership interests in multiple other dealerships, some of which were operating in direct conflict or competition with Auto Expo. At that time, Elyahou did not own, manage, or hold any ownership interest in any other dealership, and relied in good faith on Shahkoohi's representations of loyalty and fiduciary responsibility—representations that have since proven false. This underscores the pattern of financial coercion, concealment, and abuse of trust that defines Shahkoohi's conduct throughout this dispute.

12.     On or about February 2000, Elyahou founded and incorporated Auto Expo, serving as its sole owner, officer, and operator from its inception through the third quarter of 2022. During this entire period, spanning more than two decades, Elyahou was the only individual ever to receive a Schedule K-1 from the Company, the only authorized signatory on all business bank accounts, and the only individual listed on all loan documents, financing agreements, and business licenses

associated with Auto Expo. Every corporate filing, tax return, and financial document from 2000 through mid-2022 consistently reflected Elyahou as the sole shareholder and person in control of the entity. Only in the third quarter of 2022 did Elyahou transfer eighty percent (80%) of his ownership interest in Auto Expo to Shahkoohi as part of a broader business restructuring in which Elyahou acquired a twenty percent (20%) interest in Peace Properties LLC, a real-estate holding company co-owned by Shahkoohi and Baratian). Until that transaction, no other person held any lawful ownership, management authority, or banking rights over Auto Expo Ent., Inc.

13.    Under Elyahou's sole ownership and day-to-day management, Auto Expo achieved consistent year-over-year growth. As the full-time operator regularly working more than seventy hours per week Elyahou personally oversaw every aspect of the dealership's operations, from acquisitions and sales to finance and compliance. He effectively served as owner, general manager, and working manager in one, building the business through his personal effort and commitment. Through his leadership, Auto Expo generated millions of dollars in annual revenue and distributed substantial profits.

14.    The increase in revenue and the distribution of profits was the direct result of Omid Elyahou's ownership, leadership, and diligent management of Auto Expo, which he owned and operated independently with no partners or co-owners from its inception in February 2000 through the third quarter of 2022. Owning and managing a used car dealership of Auto Expo's scale is a complex and demanding undertaking, requiring comprehensive oversight of financing, compliance, inventory, personnel, and vendor relations. Elyahou successfully built and sustained the Company's operations, reputation, and profitability for more than two decades through his own efforts and business acumen, without the participation, investment, or contribution of any other party.

15.     Elyahou not only did a great job, but he was selfless too-putting the financial health of the AutoExpo's above his own interests.

16.     On or about September 1998, according to court papers filed in the United States District Court for the Eastern District of New York, it was revealed that during various periods from approximately November 1986 through February 1997, twenty-five (25) New York real estate brokers and speculators, including Shahkoohi and Baratian, pleaded guilty to participating in a conspiracy to rig bids at real estate foreclosure auctions conducted at the Queens County Courthouse in New York. The Shahkoohi, Baratian and their co-conspirators unlawfully agreed not to bid against one another at said public foreclosure auctions, thereby restraining free and open competition. As a result of this bid-rigging scheme, the conspirators were able to purchase properties at artificially suppressed prices, depriving mortgage holders, lienholders, and homeowners of the fair and full value of the auctioned properties, in violation of federal antitrust laws.

17.     Shahkoohi pled guilty to bid rigging in violation of the Sherman Antitrust Act and to tax evasion, for which he was sentenced to two years' probation, four months of home confinement, 200 hours of community service, a $20,000 fine, and a $150 special assessment. The conduct underlying that conviction closely mirrors the bid-rigging and price-manipulation practices alleged here specifically, schemes involving the manipulation of vehicle pricing and lease-back transactions at automobile auctions, including those of federally insured or FDIC-regulated financial institutions such as Mercedes-Benz Financial.

18.     Baratian, pled guilty to bid rigging in violation of the Sherman Antitrust Act and filing false tax returns was sentenced to a term of imprisonment for thirty days. Supervised release for a term of one year and $150 special assessment.

19.    On or about 2008 the parties met several times in order to discuss some form of a formal partnership agreement that never came to fruition, and no transfer or assignment of shares were executed.

20.    As a result of Omid Elyahou's divorce proceeding, which commenced on or about April 12, 2012, and ended on March 30, 2016, *Shilian v. Elyahou*, pursuant to the Order of the Honorable Daniel Palmieri, the assigned Judge in the Nassau County matrimonial matter, Klein Liebman & Gresen, LLC was appointed as neutral forensic accountants.

21.    Based on the final forensic accounting report issued by Klein Liebman & Gresen, LLC, dated January 5, 2016, it was conclusively determined that Auto Expo was 100% owned by Elyahou from its inception in February 2000 through the date of the report. The accounting firm was appointed by the Supreme Court of Nassau County to conduct an independent forensic evaluation and valuation of assets and ownership interests in connection with Elyahou's matrimonial proceeding, with a specific mandate to determine the assets, valuation, and business interests held by Elyahou at that time. The firm's comprehensive analysis, including corporate records, tax returns, banking documentation, and financial statements, confirmed that Elyahou was the sole shareholder, officer, and owner of Auto Expo Ent., Inc., and that no other individual held any equity interest or control in the Company. Had ownership been less than 100%, Elyahou's marital distribution would have been adjusted accordingly, further validating his exclusive ownership and operational control of Auto Expo prior to the third quarter of 2022.

22.    On or about the third quarter of 2022, following a series of business meetings and discussions, the parties agreed to restructure the ownership of Auto Expo. As part of that restructuring, Elyahou transferred eighty percent (80%) of his ownership interest in Auto Expo to Shahkoohi and Baratian assigned to Elyahou a twenty percent (20%) ownership

99

interest in Peace Properties LLC, a real estate holding company jointly owned by Shahkoohi and Baratian. This ownership change took place in or about June–September 2022, and represented a business restructuring, not a sale or transfer based on prior ownership, as Elyahou had been the sole and exclusive owner of Auto Expo since its inception in 2000. Until that time, no other individual, including Shahkoohi or Baratian, held any legal, financial, or operational interest in Auto Expo.

23.    Shahkoohi and Baratian have falsely alleged that Elyahou  "absconded with Auto Expo's books and records". This claim is patently false and contradicted by both the Company's longstanding operational systems and independent accounting oversight. All of Auto Expo Ent., Inc. ("Auto Expo")'s financial, operational, and accounting records are maintained on a cloud-based dealership management platform, DealerTrack DMS360, which the Company has utilized for over ten (10) years as its centralized system of record. In addition, Sion Goltche CPA PC, Auto Expo's independent accounting firm, maintains duplicate records of all financial data, filings, and bookkeeping information in its possession. Following the ownership transition in the third quarter of 2022, Shahkoohi and Baratian unilaterally changed all usernames and passwords associated with the Company's DealerTrack system and related cloud accounts, thereby revoking Elyahou's administrative access and preventing him from obtaining or reviewing any company data.  It is upon information and belief that Sion Goltche CPA PC has acknowledged being directed or instructed not to release any financial information or documentation to Elyahou, despite his continued ownership interest and right of access as a shareholder. Accordingly, any claim that Elyahou "took" or "withheld" the Company's books and records is demonstrably false; the records remain in the exclusive possession and control of Shahkoohi, Baratian, and their agents, who have

intentionally restricted access to conceal ongoing financial irregularities and misappropriation of funds.

24.    Shahkoohi and Baratian have cut off all access previously available to Elyahou, thereby preventing him from monitoring or reviewing any financial, operational, or accounting activity of Auto Expo. Elyahou currently has no administrative or viewing access to the Company's banking platforms, accounting software, or dealership management systems. The only individuals who retain control and access to the Company's books, records, and digital infrastructure are Shahkoohi and Baratian, both of whom have refused repeated requests to provide transparency, shareholder reports, or copies of financial data to Elyahou. Despite their complete control over all corporate systems and accounts, Shahkoohi and Baratian have made the baseless and inflammatory claim that they have been "defrauded" of $10,000,000, a figure unsupported by any accounting evidence or transactional record. This accusation is yet another example of Shahkoohi's long-standing pattern of deceit and financial misrepresentation, consistent with his prior conduct in other business dealings, including his criminal involvement in a bank fraud and bid-rigging scheme, which similarly relied on fabricated narratives to mislead regulators and financial institutions. The false portrayal of victimization here is a transparent attempt to manipulate the Court with emotional and sensationalized allegations, rather than evidence. In reality, it is Shahkoohi and Baratian who have concealed company assets, obstructed shareholder access, and engaged in a systematic pattern of financial abuse and misappropriation, while falsely claiming injury to deflect scrutiny from their own misconduct.

25.    While Shahkoohi and Baratian accuse Elyahou of competition, it is Shahkoohi who owns and operates numerous competing dealerships across the tri-state area, including those listed above, engaging in parallel operations and diverting AutoExpo resources to them.

26.     On or about the third quarter of 2022, specifically between June and September 2022, Shahkoohi and Baratian became the majority owners of Auto Export through an agreed-upon ownership restructuring. Following this change in ownership, Shahkoohi and Baratian assumed full control over the Company's day-to-day operations, finances, and personnel management, including unilateral access to all bank accounts, vendor communications, and accounting systems. Immediately after assuming control, they began a pattern of exclusionary and retaliatory conduct, systematically removing Elyahou's access to company systems, financial data, and staff, while simultaneously misrepresenting company performance to lenders, employees, and third parties. This transition marked the beginning of a broader campaign by Shahkoohi and Baratian to consolidate power, obscure financial irregularities, and marginalize Elyahou from the business he founded and successfully operated for over two decades.

27.     Thereafter they engaged in a pattern of self-dealing, diversion of funds, fraudulent transfers, concealment of books, exclusion of Elyahou from management and distributions, and other misconduct.

28.     Elyahou has received no income or distributions for years, while Shahkoohi and Baratian diverted millions of dollars for personal benefit.

29.     In addition to financial misconduct, Shahkoohi acted with personal malice toward Elyahou, motivated by a prior bitter divorce with Elyahou's sister, weaponizing litigation to inflict financial and emotional harm.

30.     Elyahou believes additional misconduct will be revealed through discovery and reserves the right to amend this pleading accordingly.

## SPECIFIC ACTS OF MISCONDUCT

**A. Auto Expo Ent., Inc.**

31.     In or about December 2019, a novel coronavirus caused outbreaks of the coronavirus disease COVID-19 that spread globally. On or about January 31,2020, the Secretary of the United States Department of Health and Human Services declared a national public health emergency under Title 42, United States Code, Section 247d as a result of the spread of COVID- I 9 to and within the United States. On or about March 13, 2020, the President of the United States issued Proclamation 9994 declaring a national emergency beginning on or about March 1,2020, as a result of the rapid spread of COVID-I9.

32.     The Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), enacted on March 27 ,2020, provided for an employee retention credit ("ERC"), a refundable tax credit, which was designed to encourage businesses to keep employees on their payroll during the COVID-I9 pandemic. The Taxpayer Certainty and Disaster Tax Relief Act of 2020 and the American Rescue Plan Act ("ARPA") modified and extended the ERC. For calendar year 2020, eligible employers were authorized to claim an ERC offsetting certain employment taxes that could not exceed 50 percent of up to $ 10,000 of qualified wages paid to each employee from March 13,2020, through December 31,2020. The maximum ERC for 2020 was $5,000 per employee per quarter. For calendar year 2021, eligible employers were authorized to claim an ERC offsetting certain employment taxes that could not exceed 70 percent of up to $10,000 of qualified wages paid to each employee during each quarter. The maximum ERC for 2021was $7,000 per employee per quarter.

33.     Generally, businesses and tax-exempt organizations that qualified for the ERC were those that: (a) were shut down during 2020 or the first three calendar quarters of 2021 by government order due to the COVID-19 pandemic; (b) experienced a specified decline in gross receipts during

the eligibility periods during 2020 or the first three calendar quarters of 2021; or (c) qualified as a recovery startup business for the third or fourth quarters of 2021.

34.    A recovery startup business was defined in Title 26,United States Code, Section 313a(c)(5) as an employer (i) that began carrying on any trade or business after February 75,2020, (ii) for which the average annual gross receipts of the employer for the three-taxable year period ending with the taxable year that precedes the calendar quarter for which the credit is determined does not exceed $1,000,000, and (iii) that is not otherwise an eligible employer due to a full or partial suspension of operations or a decline in gross receipts.

35.    The CARES Act also authorized up to $349 billion in forgivable loans to small businesses for job retention and certain other expenses through a program referred to as the Paycheck Protection Program ("PPP"). [n or around April2020, Congress authorized over $300 billion in additional PPP funding.

36.    To obtain a PPP loan, a qualifying business was required to submit a "PPP Loan Application," which included an SBA Form 2483 - Borrower Application Form – and supporting documentation. On the PPP Loan Application, an authorized representative of the applying business was required to acknowledge the program rules and make certain affirmative certifications to establish eligibility for the PPP loan. For example, on SBA Form 2483, the recipient business, through an authorized representative, was required to state, among other things, its average monthly payroll expenses and number of employees. These figures were used to calculate the amount of money the business was eligible to receive under the PPP.

37.    The required supporting documentation for the SBA Form 2483 in the PPP Loan Application frequently included, when the applicant was a sole proprietorship, the most recent

Schedule C, Profit or Loss from Business, filed by the owner of the business attached to their Individual Income Tax Return.

38.    The representative of the business who submitted the PPP Loan Application was required to certify, on SBA Form 2483, that they understood that, should the PPP funds be knowingly used for unauthorized purposes, the United States could pursue legal remedies against the authorized representative, including charges of fraud.

39.    Recipient businesses were required to use PPP loan proceeds for certain permissible expenses, including, but not limited to, payroll costs, interest on mortgages, rent, and utilities. The PPP provided that the principal and interest on a PPP loan would be entirely forgiven if the recipient business spent the loan proceeds on these expense items within a designated period of time after receiving the proceeds and used a certain percentage for payroll costs.

40.    The SBA administered PPP loans. Individual PPP loans, however, were issued and approved by private lenders, who received and processed PPP loan applications and supporting documentation and, following SBA approval, made loans using the lenders' own funds.

41.    Against the explicit written advice of Sion Goltche, CPA, the Third-Party Defendants, Shahkoohi and Baratian, knowingly and intentionally pursued and obtained Employee Retention Credit ("ERC") funds on behalf of Auto Expo, despite being cautioned in writing that the Company did not qualify and that such an application could expose the business to regulatory and financial risk. Following receipt of the ERC funds, Shahkoohi and Baratian immediately withdrew the proceeds from Auto Expo's corporate accounts and transferred them into personal or affiliated business accounts under their direct control. These funds were not reinvested in Auto Expo or used for any legitimate business purpose, but were instead diverted for their personal gain, in clear violation of federal loan-use restrictions and fiduciary duties owed to both the Company and

105

Elyahou, its minority shareholder. This deliberate misuse of federal relief funds—undertaken in defiance of professional accounting advice and without corporate authorization—constitutes financial misconduct, misappropriation of assets, and potential tax fraud, and further underscores the reckless and self-serving pattern of conduct by Shahkoohi and Baratian following their assumption of control in 2022.

42.    These funds were obtained under false pretenses, including false certifications of business need and misrepresentations regarding eligible use of proceeds.

43.    Shahkoohi and Baratian pressured others to create and record false and unsupported journal entries for the purpose of artificially inflating the company's financial statements and misleading lenders, regulators, and potential investors as to the true financial condition of Auto Expo Ent., Inc. and related entities. These fabricated entries were made without legitimate business justification or documentation, constituting deliberate manipulation of corporate records ("cooking the books") designed to obtain financing and personal gain at the expense of the company and its minority shareholder.

44.    After obtaining these funds, Shahkoohi and Baratian diverted significant amounts into personal accounts and unrelated business ventures, thereby depriving Autoexpo of its rightful use of the funds.

45.    Their conduct exposed Autoexpo and its officers, including Elyahou, to liability for potential federal and state violations, including false statements, misuse of government funds, and breach of fiduciary responsibilities.

46.    Shahkoohi and Baratian orchestrated a Mercedes-Benz rebate and bid-rigging scheme that involved purchasing vehicles under one dealership entity, then transferring them to other affiliated entities under their control to manipulate rebate eligibility and distort auction pricing. In doing so,

Shahkoohi prohibited Elyahou from bidding on vehicles through the Mercedes-Benz OnDemand auction platform ("MB OnDemand")[1], thereby preventing fair market competition and ensuring that FDIC-insured financial institutions and auction partners received artificially suppressed bids for higher-value inventory. Information obtained from MB OnDemand and other auction participants indicates that Shahkoohi systematically directed the more desirable, lower-priced, higher-quality vehicles to dealerships in which he held ownership or financial interest, while simultaneously diverting less appealing or overvalued vehicles to Auto Expo, where Elyahou was a shareholder. These actions were conducted without disclosure, in direct violation of fiduciary duties, fair bidding rules, and potentially federal criminal statutes governing bid-rigging and financial institution fraud. Upon learning of this scheme and its similarity to Shahkoohi's prior bid-rigging and fraud-related conduct, Elyahou objected and expressly demanded that the activity cease immediately. Rather than comply, Shahkoohi retaliated by further excluding Elyahou from operational decisions, restricting access to financial systems, and ultimately pushing him out of the business to conceal ongoing misconduct. This conduct constitutes a deliberate manipulation of vehicle acquisition processes, rebate systems, and auction markets, designed to benefit Shahkoohi's network of dealerships at the expense of Auto Expo and its minority shareholder.

47.     Prior to acquiring any ownership interest in Auto Expo, Shahkoohi acted solely as a contracted buying agent responsible for sourcing vehicles. During this time, he routinely instructed Auto Expo staff and associated dealers that no one else was permitted to bid on certain vehicles, pressuring others not to participate in independent purchases. Only upon the commencement of this litigation did Elyahou learn that such conduct constitutes bid rigging, a direct violation of federal antitrust laws. Shahkoohi's actions

---

[1] The MBonDemand.com website ("MB OnDemand") is provided by Mercedes-Benz USA, LLC ("MBUSA") in conjunction with Manheim Remarketing, Inc ("Manheim") f/k/a/ RMS Automotive, LLC.

effectively suppressed competition, causing significant financial loss not only to Auto Expo but also to FDIC-insured and federally regulated institutions such as Mercedes-Benz Financial, which, as lessors, received thousands of dollars below fair market value for vehicles that would have otherwise generated higher bids from multiple independent dealerships.

48.     Upon becoming a majority shareholder of Auto Expo in or about June–September 2022, Shahkoohi together with Ramin Baratian—expanded this unlawful scheme by leveraging his control over Auto Expo's accounting, inventory management, and DealerTrack systems. He continued manipulating inter-company pricing between Auto Expo and a network of affiliated dealerships already under his control including Pristine Mitsubishi, Masterz Automotive Intl, Auto Gallery Imports, Global Motor Cars d/b/a Masters Motor Cars, and Wisdom Financial Corp. Through this scheme, Shahkoohi and Baratian diverted high-value vehicles and profits to their other dealerships while burdening Auto Expo with lower-margin inventory. These acts of self-dealing, fraudulent concealment, and anticompetitive manipulation breached their fiduciary duties to Auto Expo, harmed its financial stability, and furthered a pattern of conduct consistent with Shahkoohi's prior criminal conviction for bid rigging under the Sherman Antitrust Act.

49.     Shahkoohi and Baratian caused vehicles to be sold, traded, or allocated at artificially deflated prices to their own dealerships and redirected high-demand, high-margin inventory away from Auto Expo, thereby inflating the profitability of their other entities while suppressing Auto Expo's financial performance. This conduct was part of a broader pattern of self-dealing and financial abuse, designed to strip Auto Expo of value and conceal asset diversion through accounting manipulation. It constitutes a knowing breach of fiduciary duty, abuse of majority control, and continuation of Shahkoohi's established pattern of financial misconduct.

50.     Shahkoohi and Baratian emptied Auto Expo's TD Ameritrade investment account, which held securities and cash reserves accumulated by the Company for more than six (6) years.

Within the span of one to two days, they liquidated ("fire-sold") more than $300,000 in long-term investments without notice to Elyahou, Auto Expo's founder and minority shareholder. This liquidation was executed without corporate authorization, shareholder consent, or legitimate business justification and was immediately followed by the transfer of proceeds into personal or affiliated accounts under the control of Shahkoohi and Baratian.

51.     The TD Ameritrade account had been established as part of Auto Expo's long-term investment and reserve portfolio funds derived from retained earnings and years of operation and was never intended for personal withdrawal or outside use. By abruptly selling these assets and diverting the proceeds, Shahkoohi and Baratian unlawfully converted corporate property for personal gain, causing direct and measurable financial harm to Auto Expo. Their actions demonstrate a knowing and willful breach of fiduciary duty, conversion, and bad-faith abuse of corporate control, undertaken to conceal self-dealing and deprive the Company and its shareholders of lawful assets.

52.     Shahkoohi and Baratian unlawfully removed Elyahou from all banking authority and management access to Auto Expo's financial accounts, thereby violating his rights as a shareholder and officer. According to records and correspondence from JPMorgan Chase Bank, N.A., Shahkoohi personally appeared at a branch location and presented false or misleading documentation and/or information to effectuate the removal of Elyahou's name and credentials from online and telephone access to the Company's operating accounts. This removal was executed without board resolution, shareholder consent, or any legal justification, and was designed to provide exclusive control of Auto Expo's funds to Shahkoohi and Baratian. By his own admission, Elyahou had never withdrawn or taken a single dollar from the Company's accounts, even after disagreements arose between the parties. In contrast, the only withdrawals,

transfers, and depletions of corporate funds have been carried out by Shahkoohi and Baratian, who continue to use these accounts for unauthorized personal and affiliated business purposes. This conduct constitutes a knowing breach of fiduciary duty, fraud upon the financial institution, and deliberate interference with shareholder rights, all undertaken in bad faith and with the intent to conceal further diversion of Company assets.

53.    Through their reckless, deceptive, and self-serving actions, Shahkoohi and Baratian have knowingly exposed Auto Expo, its officers, and its minority shareholder Elyahou to significant civil, and regulatory liability. Their conduct includes, but is not limited to, the submission of false statements to financial institutions, the misuse and diversion of federally guaranteed loan proceeds (including SBA, PPP, and ERC funds), and the willful manipulation of corporate books and records to conceal unlawful self-dealing. By orchestrating these acts while in full control of Auto Expo's finances and accounts, Shahkoohi and Baratian have placed the Company and Elyahou personally at risk of federal and state investigation for bank fraud, wire fraud, tax evasion, and misappropriation of government funds, despite Elyahou's complete lack of involvement or knowledge of such misconduct. Their deliberate misrepresentations to lenders and misuse of government relief programs have not only compromised Auto Expo's legal standing and banking relationships, but have also tarnished the personal and professional reputation of Elyahou, who has consistently acted in good faith. This pattern of behavior represents gross negligence, bad faith, and knowing breach of fiduciary duty. It further constitutes a calculated attempt to shift criminal and financial exposure away from themselves and onto Elyahou, a shareholder who has neither participated in nor benefited from any of the improper conduct now endangering the Company's future.

54.    As a direct and foreseeable consequence of the malicious and reckless conduct of Shahkoohi and Baratian, Elyahou has suffered and continues to suffer severe and compounding damages—both financial and personal. Elyahou, who devoted more than two decades to building Auto Expo from the ground up, now faces crippling legal expenses, reputational harm, and potential financial exposure, all as a result of the deliberate misconduct of others. Despite never misappropriating a single dollar, never being accused of financial impropriety during his ownership tenure, and having always acted transparently and in good faith, Elyahou has been dragged into baseless, emotionally charged litigation manufactured by Shahkoohi, a man driven by personal animosity and deep-seated resentment stemming from his failed marriage to Elyahou's sister. This lawsuit represents an abuse of the judicial process, motivated not by legitimate business concerns but by a calculated vendetta intended to humiliate, financially cripple, and destroy Elyahou's livelihood. Through deceit, coercion, and manipulation, Shahkoohi and Baratian have sought to weaponize corporate control to isolate Elyahou, tarnish his reputation in the industry, and drain him of financial and emotional resources, despite the fact that Elyahou's only "offense" was refusing to participate in or enable their unlawful and unethical behavior. Elyahou stands as the victim of a sustained campaign of personal and financial destruction, perpetrated by individuals who abused his trust, exploited his good name, and now use the courts as an instrument of their vendetta.

**B. Network Reinsurance Co., Inc.**

55.    Shahkoohi and Baratian diverted approximately $1.5 million from Network Reinsurance accounts to personal use.

56.    Shahkoohi and Baratian emptied warranty reinsurance funds managed by DOWC against management advice.

57.     As of December 31, 2021, Network Reinsurance had invested $997,000 into Wisdom Credit Corp., owned by Shahkoohi, structured as a 10 % loan.

58.     Shahkoohi liquidated those securities in a "fire sale" and diverted proceeds into his own or affiliated accounts.

59.     This deprived Network Reinsurance and Elyahou of principal and interest, constituting conversion, breach of fiduciary duty, and unjust enrichment.

## C. Peace Properties LLC

60.     Elyahou holds a 20 % ownership interest in Peace Properties.

61.     Shahkoohi diverted Peace Properties' funds and commingled assets, depriving Elyahou of fair distributions.

## D. Other Misconduct

62.     Upon information and belief Shahkoohi and Baratian withdrew large sums of cash internationally, including trips to Israel, creating exposure to tax-evasion liability.

63.     Upon information and belief, Shahkoohi and Baratian have used a network of affiliated entities operating under the "Wisdom" name—including Wisdom Financial Corp. and similarly titled affiliates—to funnel, disguise, and re-deploy corporate and federally derived funds for the purpose of misleading financial institutions and obtaining additional credit lines and capital infusions. Based on statements made by Shahkoohi and Baratian and corroborating information from former employees and industry contacts, "Wisdom" functions as a high-interest private-lending vehicle, marketing itself as a "business-to-business" or "under-served consumer" lender so as to avoid mortgage-lender licensing and disclosure requirements. Loans are routinely extended to under-privileged or minority borrowers at interest rates between twelve and eighteen percent (12–18%), plus origination fees or "points" of four to six percent (4–6%), effectively constituting predatory or "shark"-style lending practices. These funds are believed to have originated, in substantial part, from federal relief proceeds (PPP, ERC,

EIDL) and from Auto Expo Ent., Inc. ("Auto Expo") operating accounts—money that should have remained within legitimate business operations. By diverting and commingling those funds into the Wisdom network and then representing the proceeds as independent loan revenue, Shahkoohi and Baratian created the false appearance of profitability and asset strength to financial institutions and regulators. This conduct not only constitutes fraudulent misrepresentation and potential violations of federal lending and consumer-protection laws, but also exposes Auto Expo and minority shareholder Omid Elyahou ("Elyahou") to collateral liability. Because Shahkoohi and Baratian control overlapping entities and routinely use Auto Expo resources to facilitate or guarantee Wisdom-related transactions, Elyahou and Auto Expo risk being drawn into investigations or proceedings for activities in which they played no role. The misuse of Auto Expo's name, credit, and financial accounts as part of this lending-and-laundering scheme has caused irreparable reputational damage and potential criminal exposure to Elyahou, despite his lack of participation, control, or benefit.

64.     Shahkoohi and Baratian concealed books, denied access to records, and falsely claimed sole ownership to freeze Elyahou out.

## CAUSES OF ACTION

## AS AND FOR THEIR FIRST CAUSE OF ACTION

### Breach of Fiduciary Duty

65.     Defendants and Counter-Plaintiffs repeat and re-alleges each and every allegation set forth in above paragraph as if set forth herein at length.

66.     As majority shareholders, officers, and controlling managers of Auto Expo Ent., Inc. ("Auto Expo"), Network Reinsurance Co. Inc. ("Network Reinsurance"), and Peace Properties LLC ("Peace Properties"), Shahkoohi and Baratian owed strict and non-delegable fiduciary duties of loyalty, good faith, full disclosure, and due care to both the corporations and to Elyahou, the minority shareholder, co-owner, and founder of Auto Expo.

67.    Instead of honoring those obligations, Shahkoohi and Baratian embarked on a sustained and calculated campaign of self-dealing, concealment, and financial manipulation, designed to strip Auto Expo and related entities of value, enrich themselves personally, and destroy the financial and professional standing of Elyahou.

68.    Among other acts of misconduct, Shahkoohi and Baratian:

a.    Emptied corporate bank and investment accounts, including Auto Expo's TD Ameritrade account, through unauthorized fire sales and transfers to personal or affiliated accounts;

b.    Removed Elyahou's access and authority at JPMorgan Chase Bank by presenting false documents and misrepresentations to the bank;

c.    Diverted federal SBA, PPP, and EIDL loan funds, originally obtained for Auto Expo's legitimate operations, into their own personal and affiliated business accounts, violating federal lending rules and exposing Auto Expo and Elyahou to potential criminal liability;

d.    Falsified journal entries and accounting records at year-end (12/31) across Auto Expo, Import Masters, Pristine Mitsubishi, Wisdom Financial, and other affiliated entities to inflate revenues, manipulate balance sheets, and mislead both lenders and taxing authorities

e.    Misappropriated reinsurance proceeds belonging to Network Reinsurance Co. Inc., a 50/50 joint venture between Elyahou and Shahkoohi, removing approximately $1.5 million in funds and diverting them to entities under their personal control;

f.    Operated "Wisdom" and its affiliates as a concealed private-lending vehicle to funnel and launder proceeds from PPP and ERC loans, making loans at predatory rates (12–

18% plus points) under the guise of business-to-business lending, thereby exposing all affiliated entities to potential regulatory and criminal scrutiny;

g. Manipulated inter-company pricing and inventory allocation between Auto Expo and Shahkoohi's preexisting dealerships—including Pristine Mitsubishi, Masters Automotive, and Auto Gallery Imports—to depress Auto Expo's profitability while inflating his own companies' performance; and

h. Coerced the Company's CPA and controller to alter records, conceal source documents, and issue financial statements that misrepresented Auto Expo's true condition to lenders, regulators, and shareholders.

69. These actions were taken knowingly, intentionally, and in bad faith, for the personal benefit of Shahkoohi and Baratian, and to the detriment of Auto Expo, Network Reinsurance, Peace Properties, and Elyahou. Their misconduct has eroded corporate assets, destroyed banking and lending relationships, and placed each entity at risk of investigation or sanction by the Small Business Administration, Internal Revenue Service, and other federal authorities.

70. The pattern of deception and abuse described herein reflects a willful disregard for fiduciary principles and a deliberate scheme to eliminate Elyahou's influence, reputation, and equity stake, driven by personal animosity and vindictive motives stemming from Shahkoohi's failed marriage to Elyahou's sister.

71. As a direct and proximate result of these breaches, Auto Expo, Network Reinsurance, Peace Properties, and Elyahou have suffered and continue to suffer substantial damages, including but not limited to:

a. Loss and diversion of corporate assets;

b. Loss of income, equity value, and business goodwill;

c. Exposure to civil and criminal liability for acts of which Elyahou had no knowledge or involvement;

d. Severe reputational harm; and

e. Legal and professional expenses required to defend against the false claims and damage caused by Shahkoohi and Baratian's misconduct.

## AS AND FOR THEIR SECOND CAUSE OF ACTION

### Conversion

72.    Defendants and Counter-Plaintiffs repeat and re-alleges each and every allegation set forth in above paragraph as if set forth herein at length.

73.    Plaintiffs have falsely alleged that Elyahou misappropriated corporate funds; however, the evidence demonstrates the opposite, Shahkoohi and Baratian engaged in systematic conversion of substantial assets belonging to Auto Expo Ent., Inc., Network Reinsurance Co. Inc., and affiliated entities.

74.    Upon obtaining majority control of Auto Expo in or about June–September 2022, Shahkoohi and Baratian:

a. Emptied Auto Expo's TD Ameritrade investment account, liquidating over $300,000 in securities within two days and transferring the proceeds to accounts under their control;

b. Removed approximately $1.5 million from Network Reinsurance Co. Inc., an entity equally owned (50/50) by Elyahou and Shahkoohi, without notice or consent; and

c. Withdrew and redirected SBA, PPP, and ERC funds from Auto Expo's accounts for personal use, including transfers to other Shahkoohi and Baratian controlled companies, contrary to federal program requirements.

d. These unauthorized acts constitute conversion, misappropriation, and theft of corporate property, depriving Elyahou of the use, control, and benefit of assets lawfully belonging to the companies in which he holds ownership interests. The conduct was intentional, deceptive, and undertaken in bad faith, designed to drain corporate accounts and fabricate losses to justify their seizure of control

## AS AND FOR THEIR THIRD CAUSE OF ACTION

### Fraud and Intentional Misrepresentation

75.    Defendants and Counter-Plaintiffs repeat and re-alleges each and every allegation set forth in above paragraph as if set forth herein at length.

76.    Beginning shortly after their acquisition of majority ownership in Auto Expo in or about June through September 2022, Defendants Shahkoohi and Baratian engaged in a deliberate and systematic course of fraudulent conduct, concealment, and falsification of records, with the intent to deceive Elyahou, corporate accountants, lenders, and governmental authorities.

77.    Shahkoohi and Baratian knowingly and intentionally committed acts of fraud and misrepresentation, including but not limited to the following:

a. Directing the Company's certified public accountant to create and record falsified year-end journal entries (as of December 31) across multiple affiliated entities—Auto Expo, Pristine Mitsubishi, Import Masters, and Wisdom Financial, among others—to artificially inflate revenues and conceal unauthorized withdrawals and transfers;

b. Misrepresenting corporate ownership, governance, and control structures to institutional lenders, including Rockland Trust Bank and JPMorgan Chase, by concealing material changes in corporate management and ownership following the third quarter of 2022;

    c.   Submitting false financial statements and forged documentation to federally insured financial institutions to maintain or extend existing credit facilities and to obtain new or increased credit lines; and

    d.   Misleading federal agencies by misusing proceeds from government relief programs, including Paycheck Protection Program (PPP), Economic Injury Disaster Loan (EIDL), and Employee Retention Credit (ERC) programs—representing that funds were used for legitimate business purposes while diverting substantial portions for personal enrichment and the benefit of affiliated entities.

78.    While the PPP funds were not initially obtained through fraudulent application, Defendants' subsequent misuse of those funds violated federal program restrictions. By contrast, the ERC proceeds were obtained through knowingly false and misleading filings made in direct contravention of professional guidance provided by the Company's accountant, Sion Goltche, CPA, thereby exposing the Company and its shareholders to substantial legal and financial liability.

79.    The foregoing acts and omissions were intentionally calculated to deceive lenders, auditors, regulators, and other third parties; to create a false appearance of financial stability and profitability; and to conceal unauthorized and unlawful transfers of corporate funds for Defendants' personal benefit.

80.    As a direct and proximate result of Defendants' fraudulent conduct, Elyahou has sustained significant harm, including but not limited to reputational injury, exposure to civil and criminal liability, and financial loss. The Company and its affiliated entities have also suffered material damages, including loss of banking and credit relationships, impaired reputation, and erosion of corporate integrity.

## AS AND FOR THEIR FOURTH CAUSE OF ACTION

### Unjust Enrichment

81.    Defendants and Counter-Plaintiffs repeat and re-alleges each and every allegation set forth in above paragraph as if set forth herein at length.

82.    As described above, Defendants Shahkoohi and Baratian have been unjustly enriched through their wrongful appropriation and misuse of corporate assets, including but not limited to diverted Paycheck Protection Program (PPP), Economic Injury Disaster Loan (EIDL), and Employee Retention Credit (ERC) funds, as well as company reserves and reinsurance proceeds.

83.    Upon information and belief, Defendants Shahkoohi and Baratian have personally benefited from these misappropriations through unauthorized cash withdrawals, transfers to affiliated entities under their control, and payments to themselves improperly characterized as "intercompany loans."

84.    The enrichment of Defendants Shahkoohi and Baratian was unjust, as it resulted from their misuse of corporate funds, breaches of fiduciary duty, and self-dealing conduct, all to the detriment of the company and its rightful stakeholders.

85.    Equity and good conscience require that Defendants Shahkoohi and Baratian be compelled to disgorge and return all funds, assets, and other benefits wrongfully obtained through their unlawful and inequitable conduct.

## AS AND FOR THEIR FIFTH CAUSE OF ACTION

### Civil Conspiracy / Aiding and Abetting

86.    Defendants and Counter-Plaintiffs repeat and re-alleges each and every allegation set forth in above paragraph as if set forth herein at length.

87.    Upon information and belief, Defendants Shahkoohi and Baratian, acting in concert and coordination with others, including but not limited to Armin Baratian, Wisdom Financial Corp.,

Pristine Mitsubishi, and Import Masters Automotive Intl I and II (collectively, the "Co-Conspirators"), entered into and participated in a civil conspiracy to defraud, conceal, and misappropriate funds and assets belonging to Auto Expo and its affiliated entities.

88.     The Co-Conspirators engaged in concerted actions undertaken with a common plan and shared intent to enrich themselves at the expense of Auto Expo and to cause harm to Elyahou personally and financially. Their coordinated acts included the use of overlapping accountants, shared and commingled bank accounts, and a series of intercompany transfers designed to obscure the true source, ownership, and purpose of funds.

89.     In furtherance of this conspiracy, the Co-Conspirators falsified corporate and financial records, diverted and misused federal relief funds, and executed predatory and fraudulent "Wisdom" lending schemes that unlawfully burdened Auto Expo and its affiliates.

90.     The acts and omissions of the Co-Conspirators were performed knowingly and with substantial assistance to one another, constituting aiding and abetting of each other's wrongful conduct.

91.     As a direct and proximate result of Defendants' and Co-Conspirators' concerted actions, Plaintiff has suffered and continues to suffer substantial damages, including but not limited to financial losses, reputational harm, and related consequential damages.

### AS AND FOR THEIR SIXTH CAUSE OF ACTION

### Fraudulent Transfers / Constructive Trust

92.     Defendants and Counter-Plaintiffs repeat and re-alleges each and every allegation set forth in above paragraph as if set forth herein at length.

93.     Upon obtaining majority control of the entities in or about 2022, Defendants Shahkoohi and Baratian caused the unauthorized transfer of corporate funds to their personal accounts and to

accounts held by entities under their control or affiliation, for the purpose of concealing and protecting the proceeds of their misconduct.

94.     These transfers included, but were not limited to, funds derived from the Paycheck Protection Program ("PPP"), Employee Retention Credit ("ERC"), and Dealer-Owned Warranty Company ("DOWC") operations. Such transfers were made without adequate consideration, without proper corporate approval, and without any legitimate business purpose, and therefore constitute fraudulent conveyances in violation of applicable state and federal law.

95.     Equity and good conscience require the imposition of a constructive trust over all assets, funds, and property wrongfully diverted or held by Defendants and their affiliated entities as a result of these fraudulent transfers.

96.     Accordingly, Counter-Plaintiffs seek the entry of judgment (a) declaring that Defendants' transfers were fraudulent and voidable, (b) imposing a constructive trust over all such assets for the benefit of Auto Expo, Network Reinsurance, Peace Properties, and Elyahou, and (c) directing the immediate return of all misappropriated and diverted funds to said entities.

## AS AND FOR THEIR SEVENTH CAUSE OF ACTION

### Accounting and Forensic Audit

97.     Defendants and Counter-Plaintiffs repeat and re-alleges each and every allegation set forth in above paragraph as if set forth herein at length.

98.     By virtue of their joint ownership and management of the companies which Elyahou maintains an ownership interest, Shahkoohi and Baratian owed Elyahou fiduciary duties of loyalty, care, good faith, and full disclosure concerning the Company's affairs and financial condition.

99.     Despite repeated and reasonable demands, Shahkoohi and Baratian have failed and refused to provide a full and complete accounting of the Companies' transactions, including but not limited

to capital contributions, corporate expenditures, profits, losses, rents, intercompany transfers, and distributions from all entities in which Elyahou holds an ownership interest.

100.    Due to their exclusive control over corporate bank accounts, online financial platforms, and the books and records, and in light of their history of falsified entries, undisclosed transactions, and unauthorized transfers, an independent forensic accounting is necessary and appropriate to determine the true financial condition of the Companies and to ascertain all funds or assets that may have been misappropriated, diverted, or concealed.

101.    Accordingly, Counter-Plaintiff demands a full accounting and forensic audit of all Companies and affiliated entities under the control, management, or influence of Shahkoohi and Baratian, including but not limited to Auto Expo, Network Reinsurance, Peace Properties, Import Masters, Pristine Mitsubishi, Wisdom Financial, Auto Gallery Imports, and Global Motor Cars, and such other entities as discovery may reveal.

102.    Wherefore, Counter-Plaintiff demands judgment against Shahkoohi and Baratian directing and compelling a full and independent forensic accounting of the above-referenced Companies and affiliates, the appointment of a neutral forensic accountant or special master to conduct said audit, and such other and further relief as the Court deems just and proper.

## AS AND FOR THEIR EIGHTH CAUSE OF ACTION

### Declaratory and Injunctive Relief

103.    Defendants and Counter-Plaintiffs repeat and re-alleges each and every allegation set forth in above paragraph as if set forth herein at length.

104.    A genuine and justiciable controversy exists between the parties regarding the ownership, management, and control of the business entities jointly held by Elyahou, Shahkoohi, and Baratian, as well as the disposition and handling of corporate assets, funds, and records. Elyahou seeks

declaratory and injunctive relief pursuant to applicable law to prevent further dissipation, concealment, and mismanagement of assets belonging to the jointly held entities.

105.    Upon information and belief, Shahkoohi and Baratian have engaged in a continuous course of conduct intended to exclude Elyahou from the management and oversight of the businesses, divert corporate funds for personal use, conceal material financial information, and destroy or withhold critical business records.

106.    Such conduct has created substantial uncertainty concerning the parties' respective rights and obligations and poses an imminent threat of irreparable harm to Elyahou and the business entities. Monetary damages alone are inadequate to remedy the ongoing injury, as the continued concealment and dissipation of assets will render any future judgment ineffectual.

107.    Elyahou therefore seeks a declaratory judgment establishing his rights to access and review all financial records, tax documents, CPA files, bank statements, and related materials concerning the jointly owned entities, as well as his entitlement to participate in corporate management consistent with his ownership interest.

108.    Elyahou further seeks a temporary, preliminary, and permanent injunction:

   a.  Freezing all financial accounts under the control, direct or indirect, of Shahkoohi, Baratian, and any affiliated entities, pending the outcome of this litigation;

   b.  Compelling the immediate turnover of all corporate books, records, tax filings, accounting and CPA materials, and bank statements to ensure transparency and preserve evidence; and

   c.  Reserving the right to seek the appointment of a neutral receiver or forensic auditor to preserve, manage, and trace all corporate assets and transactions during the pendency of these proceedings.

109. Absent such equitable relief, Elyahou will continue to suffer immediate and irreparable injury through the ongoing depletion, transfer, or concealment of corporate assets, and the destruction or withholding of essential records.

110. Elyahou has no adequate remedy at law, as the damages resulting from Defendants' conduct cannot be readily quantified or fully compensated through monetary relief.

111. Accordingly, Elyahou is entitled to a declaratory judgment defining his ownership and managerial rights and to injunctive relief restraining Defendants from further dissipating or concealing assets, and compelling the production and preservation of all corporate and financial records.

## PRAYER FOR RELIEF

112. Counterclaim Plaintiffs OMID ELYAHOU, SIMPSOCIAL LLC, UNITED CITIZENS WARRANTY LLC, FIFTY SEVEN CONSULTING CORP. d/b/a CERTIFIED AUTO GROUP a/k/a CERTIFIED PERFORMANCE MOTORS, AVI EITAN, and FAZEEDA KASSIM, asserts the following counterclaims against Counterclaim Defendants AUTOEXPO ENT INC., PEACE PROPERTIES LLC, NETWORK REINSURANCE COMPANY INC., AUTO EXCHANGE CENTER, LLC, and CHROME INSURANCE AGENCY LLC, and *Third-Party Plaintiffs,* OMID ELYAHOU, individually and derivatively on behalf of AUTOEXPO ENT. INC., PEACE PROPERTIES LLC, NETWORK REINSURANCE COMPANY INC., AUTO EXCHANGE CENTER, LLC, CHROME INSURANCE AGENCY LLC, and PRIME AUTO CAPITAL LLC, and claims against Third-Party Defendants MICHAEL SHAHKOOHI, aka KAMRAN SHAHKOOHI and RAMIN BARATIAN, aka ROBERT BARATIAN, prays for judgment as follows:

a. Awarding compensatory damages against all Third-Party Defendants, jointly and severally, in the amount of Ten Million and 00/100 ($10,000,000.00) dollars or an amount to be proven at trial;

b. Awarding Punitive and exemplary damages in an amount to be determined at trial in this case

c. Awarding any additional appropriate equitable relief, including any injunctive or declaratory relief in the form of the imposition of an injunction, constructive trust, accounting, and a disgorgement of profits and other benefits received by reason of the unlawful conduct complained of herein;

d. Awarding restitution, disgorgement of all illicit proceeds generated as a result of the wrongful conduct alleged herein, and punitive damages;

e. Awarding pre-judgment interest, post-judgment interest as well as reasonable attorneys' fees and other costs; and

f. Awarding such other and further relief as this Court deems just, equitable, and proper.

Dated: October 17, 2025
      Garden City, New York         Respectfully Submitted,
                                   EMOUNA & MIKHAIL, PC

*Matin Emouna*

MATIN EMOUNA, ESQ.
*Attorneys for Defendants and Counterclaim Plaintiffs*
100 Garden City Plaza, Suite 520
Garden City, New York 11501
Tel (516) 877-9111
memouna@emiklaw.om