# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**

---

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

November 14, 2025

<u>**VIA ECF**</u>
Honorable Orelia E. Merchant, U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

   Re: <u>AutoExpo Ent. Inc., *et al.* v. Omid Elyahou *et al.*</u>
      <u>Case No.: 2:23-cv-09249 (OEM) (ST)</u>

Dear Judge Merchant:

  Plaintiffs/Counterclaim-Defendants AutoExpo Ent. Inc., Peace Properties LLC, Network Reinsurance Company, Auto Exchange Center LLC, and Chrome Insurance Agency LLC and third-party defendants Michael Shahkoohi and Ramin a/k/a Robert Baratian (collectively, "Counterclaim-Defendants") respectfully request a pre-motion conference pursuant to Your Honor's Individual Rules and Local Civil Rule 7.1 for leave to move under Fed. R. Civ. P. 12(b)(6) and 12(f) to dismiss and strike the Counterclaims/Third-Party Complaint (the "Pleading") (ECF No. 76). The contemplated motion addresses: (1) failure to comply with Rule 23.1 on all "derivative" claims; (2) lack of Article III standing and failure to plead injury for most Counterclaim-Plaintiffs; (3) an inadequately pled "fraudulent transfer/constructive" trust count; (4) an improper, standalone "civil conspiracy/aiding and abetting" count; (5) mislabeling entity harms as "direct" claims; (6) a "declaratory/injunctive relief" count that identifies remedies but is incognizable as a claim; (7) scandalous rhetoric properly stricken under Rule 12(f); and (8) overbroad, untethered equitable remedies.

  1. <u>Derivative Pleading Defects (Rule 23.1)</u>: The Pleading purports to assert claims "individually and derivatively" on behalf of six entities (Auto Expo, Peace, Network Reinsurance, Auto Exchange, Chrome Insurance, and Prime Auto). S*ee* ECF No. 76 at pp. 93-95, 113. However, the Pleading is not verified and alleges neither a pre-suit demand nor particularized demand-futility facts for any entity, as Rule 23.1 requires. *See* Fed. R. Civ. P. 23.1(b); *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 96 (1991). Counterclaim-Defendants therefore seek the dismissal of all derivative components without prejudice for non-compliance with Rule 23.1.

  2. <u>Lack of Standing and Failure to Plead Injury For Most Counterclaim-Plaintiffs</u>: The Pleading asserts claims on behalf of SimpSocial LLC, United Citizens Warranty LLC, Fifty Seven Consulting Corp., Avi Eitan, or Fazeeda Kassim, but fails to allege any concrete, particularized injury suffered by these parties. The narrative and prayer are limited to corporate-level harms and Elyahou's personal grievances (e.g., bank-access control, "freeze-out"). *See* ECF No. 76, pp. 93-96, 109-114. Article III requires each plaintiff to show injury-in-fact fairly traceable to the

challenged conduct and redressable by the court, and Rule 8 requires facts establishing standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Counterclaim-Defendants therefore seek the dismissal of all claims by SimpSocial, United Citizens, Fifty Seven Consulting, Eitan, and Kassim for lack of standing and failure to plead injury.

      3. <u>"Fraudulent Transfers/Constructive Trust" Fails to State a Claim Under New York's UVTA</u>: UVTA[1] is a creditor-protection statute that requires a pleaded debtor-creditor relationship and an identifiable "transfer" by a specific debtor, yet the counterclaim never identifies (i) who the "debtor" was for any challenged transfer, (ii) which plaintiff was a "creditor" of that debtor at the time, or (iii) any particular transfer with basic particulars (date, amount, account, or transferee). To the extent the Counterclaim-Plaintiffs seek to assert an "actual intent" theory under DCL § 273(a)(1), the counterclaim also fails Rule 9(b) because it offers only generalized allegations that defendants "transferred corporate fund[s]" "in or about 2022" to their own or affiliated accounts "for the purpose of concealing and protecting the proceeds of their misconduct," without the transaction-specific facts (who/what/when/where/how; badges of fraud) that courts require for intentional fraudulent transfer. Any constructive-fraud theory fares no better. The counterclaim alleges that the transfers were "without adequate consideration" and "without any legitimate business purpose," but it fails to allege that any purported debtor was insolvent, rendered insolvent, left with unreasonably small capital, or intending to incur debts beyond its ability to pay—facts required under DCL §§ 273(a)(2) and 274. Those omissions are fatal. Finally the "constructive trust" aspect is independently deficient. Constructive trust is an equitable remedy, not a freestanding claim, and in any event the Pleading seeks a trust over "all assets, funds, and property" of multiple defendants and affiliates, without identifying a specific res or pleading the traditional elements (promise, transfer in reliance, unjust enrichment). In substance, the Sixth Counterclaim is a repackaged "looting" narrative already addressed by fiduciary-duty and conversion theories, not a properly pleaded UVTA claim, and should be dismissed.

      4. <u>Standalone "Civil Conspiracy/Aiding and Abetting" is Not a Claim</u>: New York does not recognize civil conspiracy as an independent cause of action; it may be alleged, if at all, only to connect particular defendants to a properly pled underlying tort. *See, Alexander & Alexander, Inc. v. Fritzen*, 68 N.Y.2d 968, 969 (1986); *McSpedon v. Levine*, 158 A.D.3d 618, 621 (2d Dep't 2018); *Mohammad v. Rehman*, 236 A.D.3d 892, 893 (2d Dep't 2025). Here, the "Civil Conspiracy/Aiding and Abetting" count does not serve that limited function. It simply repackages the same alleged conduct that underlies the fiduciary-duty, conversion, fraud, and unjust enrichment counts, against the same universe of defendants, using conclusory labels such as "acting in concert," "common plan," and "substantial assistance," without alleging any distinct agreement, overt acts, or damages, or the elements of aiding and abetting (actual knowledge and substantial assistance) as to any specific defendant. Because the Civil Conspiracy/Aiding and Abetting count neither states a standalone claim nor adds anything to the underlying tort theories, it is abstract, duplicative, and should be dismissed.

---

[1] The count labeled "Fraudulent Transfers/Constructive Trust" (ECF No. 76, pp. 120-21) does not identify the governing statute, but given the time frame of the alleged transfers ("in or about 2022" (*id*. at ¶ 93)), it appears that Counterclaim-Plaintiffs are attempting to state a cause of action under New York's Uniform Voidable Transactions Act ("UVTA"), which governs "voidable transactions" occurring after April 4, 2020 in New York.

November 11, 2025
Page 3

     5. <u>Mislabeling Direct vs. Derivative Claims</u>: The Counterclaims repeatedly classify corporate injuries—asset stripping, diversion of company funds, depressed enterprise value, and disputes over who controls corporate bank accounts—as "direct" claims by Elyahou. But those are harms to the entities themselves; any injury to a shareholder is indirect and shared pro rata. Direct claims require a distinct, individualized injury that is not merely a reflection of damages to the corporation. The Pleading's "direct" labels do not change the underlying nature of the alleged harm. *See* ECF No. 76, pp. 109-110, 112-114. Counterclaim-Defendants therefore seek dismissal of any "direct" claim premised on entity-level harms (or, at minimum, recharacterization as derivative and subject to Rule 23.1's demand requirements and adequacy requirements).

     6. <u>"Declaratory and Injunctive Relief" are Remedies, and the Equitable Demands Are Overbroad</u>: The "Declaratory and Injunctive Relief" count fails to plead a viable claim; it simply relabels remedies as a claim and then demands sweeping freezes, turnovers, and receivership-type relief. *See* ECF 76, pp. 122-124. Declaratory judgments and injunctions are remedial in nature and must be predicated on a viable underlying cause of action; they are not independent claims. *See, e.g., Chevron Corp v. Naranjo*, 667 F.3d 232, 244-45 (2d Cir. 2012) (explaining that the Declaratory Judgment Act does not itself create a cause of action but provides a form of relief dependent on an underlying claim). Counterclaim-Defendants therefore seek dismissal of the standalone declaratory/injunctive count, without prejudice to Counterclaim-Plaintiffs' ability to seek such relief if any substantive claim is ultimately sustained.

     Moreover, the prayer for relief is independently overbroad. It demands a blanket freeze of "all" financial accounts, turnover of "all" records, and a reserved right to a receiver or forensic auditor. *See* ECF No. 76, pp. 123-25. Asset freezes and receivership are extraordinary equitable remedies, to be used sparingly and only upon a strong showing of necessity. *See Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 340 (1999) (asset-freeze); *Chambers v. Blickle Ford Sales, Inc.*, 313 F.2d 252, 260 (2d Cir. 1963) (receivership). Counterclaim-Defendants therefore seek to strike, or at minimum confine, these requests to any claim (if any) that could lawfully support such relief and only upon proper evidentiary showings.

     7. <u>Strike Scandalous and Immaterial Rhetoric (Rule 12(f))</u>: The Pleading opens with inflammatory character attacks (e.g., "convicted felons" based on decades old convictions, and "corporate warfare") that are irrelevant to elements of any cause of action and are prejudicial. *See* ECF No. 76, pp. 93-96. Courts may strike "immaterial, impertinent, or scandalous matter" where it serves only to inflame and risks prejudice. Fed. R. Civ. P. 12(f); *Lynch v. Southampton Animal Shelter Found., Inc.*, 278 F.R.D. 55, 63 (E.D.N.Y. 2011). Counterclaim-Defendants, therefore, seek to strike these passages and comparable invective.

     For the foregoing reasons, Counterclaim-Defendants seek a pre-motion conference and leave to file a motion to dismiss and/or strike pursuant to Fed. R. Civ. P 12(b)(6) and 12 (f). We appreciate the Court's consideration of this request.

                                            Respectfully submitted,
                                            *Colleen O'Neil*
                                            Colleen O'Neil, Esq.
                                            *Counsel for Plaintiffs/Counterclaim-Defendants*

cc: Counsel of Record