

Matin Emouna
*Admitted in NY, NJ & CT*
memouna@emiklaw.com

December 9, 2025

Honorable Orelia E. Merchant
Honorable Steven L. Tiscione
United States District Court, Eastern District of New York
225 Cadman Plaza East, Courtroom 6C South
Brooklyn, New York 11201

        Re: *AutoExpo Ent. Inc., et al. v. Elyahou, et al.*,
         Case No.: 23-cv-9249

Dear Honorable Judge Merchant and Magistrate Tiscione:

As the Court is aware, this firm represents Defendants and Counterclaim Plaintiffs, and Plaintiffs and Third-Party Defendants are represented by Michael C. Mulè, Esq. of Milman Labuda Law Group, PLLC. Defendants and Counterclaim Plaintiffs respectfully submit this letter to request (i) an adjournment of the settlement conference currently scheduled for December 15, 2025, and (ii) a temporary stay of discovery, in light of ongoing motion practice and Court-ordered briefing that is expected to narrow and clarify the operative pleadings, the anticipated commencement of related state-court dissolution proceedings that may materially impact the parties' settlement posture, and undersigned counsel's significant scheduling conflict on December 15, 2025, which would prevent meaningful participation in the conference.

**I. Request to Adjourn Settlement Conference Pending Motion Practice and Clarification of Pleadings**

I respectfully request an adjournment of the settlement conference currently scheduled for December 15, 2025, pending resolution of the parties' open motion issues and related briefing ordered by the Court, and in light of related state-court dissolution proceedings that will be commenced.

First, as the Court is aware, the parties submitted two (2) pre-motion conference letters that materially bear on the scope and posture of the pleadings and, in turn, the prospects for efficient and meaningful settlement discussions: (i) Defendants' request to "conform, or in the alternative clarify," the Court's Decision and Order dated September 12, 2025 (Dkt. No. 66), to reflect dismissal of additional causes of action alleged to depend upon the existence of alleged trade secrets; and (ii) Plaintiffs and Third-Party Defendants' request for leave to move under Rules 12(b)(6) and 12(f) directed to the Counterclaims and Third-Party Complaint (Dkt. No. 76), submitted at Dkt. No. 81.

On November 19, 2025, the Court entered an Order denying Plaintiffs and Third-Party Defendants' request for a pre-motion conference (Dkt. No. 81) and instead set a briefing schedule for the anticipated motion to dismiss and strike, directing the parties to refrain from filing moving papers until the motion is fully briefed. The Order provides that: moving papers shall be served by December 17, 2025; opposition shall be served by January 14, 2026; and any reply shall be served and the fully briefed motion filed by January 28, 2026. Given this posture, and because the contemplated motion practice is likely to narrow and clarify the issues, Defendants and Counterclaim Plaintiffs submit that

settlement discussions would be significantly more productive after the motion-related issues are resolved and the anticipated motion is fully briefed.

## II. Jurisdictional Posture and Efficiency Considerations

Relatedly, the only federal matter presently pending in this action is Plaintiffs' ERISA claim. As the Court considers the parties' anticipated motion practice, the issue arises whether the Court should retain jurisdiction over a case whose remaining claims and factual center of gravity are overwhelmingly state-law based. See 28 U.S.C. § 1367(c); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (identifying judicial economy, convenience, fairness, and comity as relevant considerations). In light of these considerations, and to avoid the parties incurring settlement-related burdens before the forum and operative claims are settled, Defendants and Counterclaim Plaintiffs respectfully submit that settlement discussions are best taken up after the motions are decided and the case's jurisdictional posture is clear.

## III. Related State-Court Dissolution Proceedings and Burford Abstention Considerations

Second, Plaintiffs and Third-Party Defendants respectfully advise the Court that Omid Elyahou intends to commence a related proceeding in New York State Supreme Court seeking judicial dissolution of Auto Expo Ent. Inc., Peace Properties LLC, Network Reinsurance Company, Auto Exchange Center LLC, Chrome Insurance Agency LLC, and Prime Auto Capital LLC.

Federal courts sitting in diversity routinely abstain from adjudicating New York dissolution claims under the doctrine of Burford abstention, to avoid disruption of New York's comprehensive regulatory scheme governing the creation and dissolution of its corporations. The Second Circuit's leading authority is *Friedman v. Revenue Management, Inc.,* 38 F.3d 668 (2d Cir. 1994), which applied Burford abstention to dismiss a claim seeking dissolution of a New York corporation under Business Corporation Law § 1104, explaining that abstention avoids needless interference with New York's regulatory scheme and reflects New York's strong interest in the formation and dissolution of its corporations. *See id.* at 671. Consistent with that authority, and subsequent decisions within this Circuit applying Burford abstention in the dissolution context, Mr. Elyahou will pursue dissolution relief in New York Supreme Court. The impending commencement of that dissolution proceeding is likely to affect the parties' settlement posture and the feasibility of any global resolution, and further supports adjourning the settlement conference until the federal motion practice is resolved and the parties' positions are clarified. *See, e.g., Mecca v. Lennon*, No. 16-cv-1414, 2017 WL 1410790, at *5 (E.D.N.Y. Apr. 18, 2017); *Sojitz Am. Capital Corp. v. Keystone Equip. Fin. Corp.,* 88 F. Supp. 3d 59, 62 (D. Conn. 2015); *Kermansah v. Kermansah*, 580 F. Supp. 2d 247, 271 (S.D.N.Y. 2008); *Feiwus v. Genpar, Inc.*, 43 F. Supp. 2d 289, 296–98 (E.D.N.Y. 1999).

## IV. Scheduling Conflict on December 15, 2025

Third, undersigned counsel has a significant scheduling conflict on December 15, 2025. Sentencing in *United States v. Dr. Roya Jafari-Hassad*, Docket No. 22-CR-545 (GRB), previously scheduled for December 17, 2025, has been advanced to December 15, 2025 at 12:00 p.m. in the Eastern District of New York before the Honorable Gary R. Brown. Given the length of the sentencing submissions and the issues presented, the proceeding is expected to last well beyond two hours, and it is therefore highly unlikely undersigned counsel will be able to appear and participate meaningfully in the settlement conference at the time presently scheduled.

**V. Request for Temporary Stay of Discovery Pending Dispositive Motion Practice**

For these reasons, I respectfully request that the December 15, 2025 settlement conference be adjourned and rescheduled for a date after the pending motion issues are resolved and/or after the anticipated motion is fully briefed pursuant to the Court's November 19, 2025 Order, at a mutually convenient time set by the Court. In addition, under the circumstances, it would be most efficient and fair to stay discovery, at least temporarily, pending resolution of the anticipated motion practice, so that the parties do not incur the time and expense of discovery on claims or issues that may be narrowed, clarified, or otherwise affected by the Court's rulings.

A stay pending resolution of a potentially dispositive motion is particularly appropriate where the motion "appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law." *Johnson v. N.Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (internal quotations/citations omitted; alterations in original); accord Computer Assocs., 247 F.R.D. at 69.

Under Federal Rule of Civil Procedure 26(c), a district court may stay discovery during the pendency of a motion to dismiss upon a showing of "good cause." *Hollins v. United States Tennis Ass'n*, 469 F. Supp. 2d 67, 78 (E.D.N.Y. 2006). In determining whether a stay is warranted, courts consider, among other factors: "(1) whether there has been a strong showing that the claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; … (3) the risk of unfair prejudice to the party opposing the stay; (4) the nature and complexity of the action; and (5) the posture of the litigation." *Computer Assocs. Int'l, Inc. v. Simple.com, Inc.*, 247 F.R.D. 63, 69 (E.D.N.Y. 2007).

This action remains at a preliminary stage, and proceeding with discovery now would impose substantial and unnecessary burden, including collection and review of significant information from multiple parties. By contrast, a brief stay will not unfairly prejudice the opposing party, as discovery can proceed promptly if any claims survive. Balancing the burden and proportionality considerations against the limited risk of prejudice, good cause exists to stay discovery pending resolution of the anticipated dispositive motion.

**VI. Meet-and-Confer**

I have conferred with opposing counsel Michael C. Mulè, Esq., regarding this request, and he does not object to adjourning the settlement conference to an alternate date due to my scheduling conflict; however, he has stated that he would like discovery to continue to progress pursuant to the Scheduling Order even if there is a parallel state court proceeding.

**VII. Conclusion**

Thank you for the Court's time, attention, and continued consideration of this matter.

Respectfully submitted,

*Matin Emouna*

Matin Emouna