

**Matin Emouna**
*Admitted in NY, NJ & CT*
memouna@emiklaw.com

January 12, 2026

Honorable Orelia E. Merchant
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 6C South
Brooklyn, New York 11201

Honorable Steven L. Tiscione
United States District Court,
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

                    Re: *AutoExpo Ent. Inc., et al. v. Elyahou, et al.,*
                    *Case No.: 23-cv-9249*

Dear Judge Merchant and Magistrate Judge Tiscione:

      I represent Defendants and Counterclaim-Plaintiffs (the "Counterclaim-Plaintiffs") in the above-captioned action. Plaintiffs and Counterclaim-Defendants AutoExpo Ent. Inc., Peace Properties LLC, Network Reinsurance Company Inc., AutoExchange Center, LLC, and Chrome Insurance Agency LLC (collectively, "Plaintiffs") are represented by Milman Labuda Law Group LLC.

      I respectfully submit this letter to address several interrelated matters presently before the Court, including: (i) unforeseen personal circumstances affecting counsel; (ii) a request for a global adjournment of all existing deadlines; (iii) amendment and supplementation of the Counterclaims; (iv) the Court's consideration of Counterclaim-Plaintiffs' pending motion; and (v) jurisdictional considerations informed by the Court's September 12, 2025 Memorandum and Order.

**I. Bereavement and Request for Adjournment of All Deadlines**

      At the outset, I write with profound sorrow to inform the Court that my father has recently passed away. In accordance with longstanding religious obligations, I have been observing the period of shiva until only recently, and this period of mourning has necessarily and significantly curtailed my ability to attend to professional responsibilities. In light of these circumstances, Counterclaim-Plaintiffs respectfully request that the Court adjourn all current deadlines in this action for a period of at least thirty (30) days, including but not limited to deadlines relating to:

- Opposition to Plaintiffs' Motion to Dismiss and Strike the Counterclaims and Third-Party Complaint;
- Any deadline to amend or supplement the Counterclaims; and
- Any other deadlines presently in effect under the Court's Scheduling Order.

This request is made in good faith, is limited in duration, and is necessitated solely by unforeseen personal circumstances. No party will be prejudiced by this modest adjournment, while denial would substantially impair Counterclaim-Plaintiffs' ability to respond fully and fairly to the pending motion practice.

## II. Amendment and Supplementation of the Counterclaims Under Rule 15

The Counterclaims asserted in this action are meritorious. To the extent Plaintiffs contend that pleading or procedural deficiencies exist, Counterclaim-Plaintiffs respectfully submit that amendment or supplementation - not dismissal - is the appropriate and efficient course.

Federal Rule of Civil Procedure 15 embodies a liberal policy favoring amendment. The Supreme Court and the Second Circuit have repeatedly held that leave to amend should be freely granted absent undue delay, bad faith, futility, or prejudice. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993).

Rule 15(d) further authorizes supplemental pleadings to address events occurring after the filing of the original pleading, and courts apply the same permissive standard. *See Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995); *Bornholdt v. Brady*, 869 F.2d 57, 68 (2d Cir. 1989).

Since the filing of the Counterclaims, Plaintiffs have taken steps to change the name under which AutoExpo conducts business and to operate through newly branded entities, further evidencing their ongoing efforts to oust Counterclaim-Plaintiffs and to devalue AutoExpo and its related enterprises. These post-pleading developments independently support supplementation under Rule 15(d) and weigh strongly in favor of amendment rather than piecemeal or unnecessary motion practice.

## III. Pending Motion for Reconsideration and Clarification (Doc. No. 72)

Counterclaim-Plaintiffs respectfully request that the Court address their pending Motion for Reconsideration and Clarification (Doc. No. 72), filed on October 9, 2025.

That motion seeks to conform the Court's September 12, 2025 Memorandum and Order (Dkt. No. 66) with the Court's express findings that Plaintiffs failed to plausibly allege the existence of any trade secret or reasonable efforts to protect one. Based on those findings, the Court dismissed Plaintiffs' First and Second Causes of Action. Plaintiffs' Third, Fourth, Sixth, and Seventh Causes of Action are likewise predicated on the same alleged trade secrets. Clarification or conforming relief remains appropriate to ensure that the pleadings accurately reflect the Court's determinations and to avoid unnecessary confusion or duplicative motion practice.

## IV. Related State-Court Dissolution Proceedings and Abstention Considerations

Counterclaim-Plaintiffs respectfully advise the Court that Omid Elyahou intends to commence a related proceeding in New York State Supreme Court seeking judicial dissolution of AutoExpo Ent. Inc., Peace Properties LLC, Network Reinsurance Company Inc., AutoExchange Center LLC, Chrome Insurance Agency LLC, and Prime Auto Capital LLC.

Federal courts sitting in diversity routinely abstain from adjudicating New York corporate dissolution claims under the doctrine of Burford abstention to avoid interference with New York's

comprehensive regulatory scheme governing the formation and dissolution of its corporations. The Second Circuit's leading authority, *Friedman v. Revenue Management, Inc.*, 38 F.3d 668 (2d Cir. 1994), applied Burford abstention in this context, and courts within this Circuit have consistently followed that approach.

The impending dissolution proceeding will necessarily bear on the parties' rights, obligations, and strategic posture and underscores the importance of resolving the pending federal motion practice in an orderly and deliberate manner.

**V. Supplemental Jurisdiction and Scope of Any Remaining Federal Interest**

The Court's September 12, 2025 Memorandum and Order materially narrows the scope of any remaining federal interest in this action and substantially informs the supplemental jurisdiction analysis under 28 U.S.C. § 1367(c).

In sum and substance, the Court's decision makes clear that Plaintiffs' federal theories do not support speculative, contingent, or future damages. The Court rejected allegations premised on conjectural or prospective harm, including assertions of potential future tax liability, regulatory consequences, or other downstream repercussions, holding that such allegations are insufficient to constitute a concrete injury-in-fact capable of sustaining federal jurisdiction.

At most, the Court recognized a narrowly circumscribed, historical injury tied to the alleged unauthorized withdrawal of Plan assets, sufficient only to permit ERISA claims to proceed in a representative capacity on behalf of the Plan - not for individualized relief, and not for forward-looking damages. Even as to that limited category, Counterclaim-Plaintiffs respectfully maintain that Plaintiffs were not damaged in any cognizable sense and that the factual record will ultimately demonstrate the absence of any compensable loss. Nonetheless, to the extent the Court determines that it should retain jurisdiction to resolve that discrete, backward-looking issue, such jurisdiction would necessarily be confined to addressing past conduct already completed.

With the dismissal of the federal trade secret claims and related theories, what remains of this action is overwhelmingly a dispute concerning internal corporate governance, ownership rights, and fiduciary obligations under state law, together with imminent New York dissolution proceedings. These issues substantially predominate over any residual federal claim and implicate core state interests.

Under well-settled precedent, where federal claims are eliminated or substantially narrowed at an early stage, and the remaining claims sound almost entirely in state law, courts routinely decline to exercise supplemental jurisdiction in the interests of judicial economy, convenience, fairness, and comity. See 28 U.S.C. § 1367(c); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988). As this case proceeds, the Court may therefore wish to consider whether continued exercise of supplemental jurisdiction is warranted in light of its own findings foreclosing future damages and substantially narrowing the federal issues.

**VI. Meet-and-Confer Regarding Scheduling Adjustments**

Counsel for the parties conferred in good faith regarding Defendants' request for adjournment of existing deadlines in light of counsel's bereavement. Plaintiffs declined to consent to a blanket 30-day global stay of all deadlines but, after further internal discussion, proposed a targeted and interrelated extension framework structured to accommodate Defendants' circumstances while allowing the case to continue moving forward. Specifically, Plaintiffs agreed to an initial 15-day extension of the principal interrelated deadlines, with an additional 15-day extension available by consent if necessary, as the revised deadlines approach. Under Plaintiffs' proposal:

1. Written Discovery. The deadline to serve first requests for production and interrogatories would move from January 12, 2026 to January 27, 2026, with a further extension by consent to February 11, 2026 if needed. The deadline to respond to the first requests would move from February 16, 2026 to March 3, 2026, with a further extension by consent to March 18, 2026 if needed.

2. Motion to Dismiss / Strike Briefing. Defendants' opposition deadline would move from January 20, 2026 to February 4, 2026, with a further extension by consent to February 19, 2026 if needed. Plaintiffs' reply deadline would move from February 3, 2026 to February 18, 2026, with a further extension by consent to March 5, 2026 if needed.

3. Amendment and Joinder. Plaintiffs proposed that the parties jointly request an extension of the amendment and joinder deadline to 60 days after the deadline for written discovery responses, resulting in a deadline of May 4, 2026 based on the March 3, 2026 discovery-response date (or May 18, 2026 if the additional 15-day discovery extension is utilized).

4. Preservation and Third-Party Process. The parties agreed that preservation obligations remain fully in effect. Plaintiffs declined to agree to a prohibition on third-party preservation letters or subpoenas during the extension period but represented that, during that time, they would limit third-party process to preservation letters and narrowly tailored subpoenas directed to reasonably time-sensitive materials, and would not require compliance before the expiration of the initial 15-day extension absent genuine time sensitivity.

Defendants and Counterclaim-Plaintiffs indicated that they continue to seek a global 30-day adjournment of all deadlines, including a pause on non-urgent third-party process, and therefore a complete stipulation was not reached. The parties also exchanged differing views regarding Plaintiffs' alleged post-pleading conduct relating to rebranding and valuation of the business; Plaintiffs disputed Defendants' characterization and stated that such issues did not bear on the scheduling accommodations, while reserving all rights.

I respectfully submit this summary so the Court may resolve the remaining disagreement if necessary. Thank you for the Court's time, patience, and continued consideration of these matters.

Respectfully submitted,
/s/ *Matin Emouna*
Matin Emouna