# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**

---

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

January 12, 2026

**VIA ECF**
Honorable Steven I. Tiscione, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    **AutoExpo Ent. Inc., et al. v. Omid Elyahou et al.**
             **Case No.: 2:23-cv-09249 (OEM) (ST)**

Dear Judge Tiscione:

Plaintiffs submit this letter in response to Defendants' January 12, 2026 letter seeking (among other things) a global 30-day adjournment of "all current deadlines," including amendment/joinder and restrictions on third-party process.

**1.    Plaintiffs do not consent to a blanket 30-day global adjournment/stay**

The parties met and conferred in good faith via emails yesterday and today. Plaintiffs declined to consent to a blanket stay of all deadlines and all third-party process. A global pause is unnecessary to accommodate counsel's circumstances and would prejudice Plaintiffs by causing further delay and halting case progression. Nevertheless, as set forth below Plaintiffs were amenable to a limited 15-day extension as to written discovery and briefing schedule.

**2.    Plaintiffs propose (and request the Court so-order) a targeted, interrelated extension framework**

To accommodate counsel's circumstances while keeping the case moving, Plaintiffs proposed the following limited 15-day extensions:

- Written discovery: deadline to serve first RFPs/interrogatories moved from January 12, 2026 to January 27, 2026. Responses moved from February 16, 2026 to March 3, 2026.[1]

- 

- 

---

[1] Plaintiffs also expressed to Defendants' counsel that we would be amenable to an additional 15-day extension to these dates, if needed.

Hon. Steven I. Tiscione, U.S.M.J.
January 12, 2026
Page 2

- Briefing on Plaintiffs' motion to dismiss/strike: Defendants' opposition moved from January 20, 2026 to February 4, 2026. Plaintiffs' reply moved from February 3, 2026 to February 18, 2026.[2]

Plaintiffs respectfully submit this proposal reasonably balances counsel's circumstances with the Court's interest in orderly case management, without imposing a categorical stay.

### 3.  Amendment/joinder deadline and Plaintiffs' filing today

Defendants also seek to adjourn "any deadline to amend or supplement" and discuss potential extension of the amendment/joinder deadline. Plaintiffs' position is straightforward: absent a Court order, the existing scheduling-order deadline controls. Accordingly, to preserve their rights, Plaintiffs are filing today their motion to add additional parties due to the positions taken by Defendants in their Answer and in light of the present posture of the scheduling order.

To the extent the Court wishes to extend the general amendment/joinder deadline by consent going forward, Plaintiffs are willing to address that in an orderly manner; however, any extension should not be construed to waive, moot, or prejudice Plaintiffs' motion filed today.

### 4.  Third-party process and preservation

Plaintiffs agree (as Defendants acknowledge) that preservation obligations remain in full effect. Plaintiffs, however, do not agree to a blanket prohibition on third-party subpoenas or preservation letters. Rather, as further accommodation to Defendants' counsel, Plaintiffs represented, through our meet and confer emails, that through January 27, 2026, they would limit preservation letters and third-party subpoenas to time-sensitive materials, and would not require compliance until after January 27, 2026. Plaintiffs stand by this representation. A blanket prohibition would prejudice Plaintiffs and unnecessarily delay necessary discovery.

### 5.  Random issues raised by Defendants need not be resolved

Defendants' letter includes discussion of various, random issues that need not be resolved now, including Defendants' pending reconsideration motion, potential state-court dissolution proceedings, abstention concepts, and supplemental jurisdiction. Those issues are irrelevant to the narrow scheduling accommodations requested here and, to the extent Defendants seek substantive relief on those topics, they should proceed through appropriate motion practice before the District Judge under applicable rules.

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' request for a blanket 30-day global adjournment/stay and instead so-order the targeted extension framework set forth above.

---

[2] Plaintiffs again indicated that we would be amenable to an additional 15-day extension to these dates, if needed.

Hon. Steven I. Tiscione, U.S.M.J.
January 12, 2026
Page 3

      We thank the Court for its attention to this matter.

                                            Respectfully submitted,

                                            *Colleen O'Neil*

                                            Colleen O'Neil, Esq.

cc: Counsel of Record (via ECF)