# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**

_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

January 12, 2026

**VIA ECF**
Honorable Steven L. Tiscione, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    Re:    **AutoExpo Ent. Inc., et al. v. Omid Elyahou et al.**
              **Case No.: 2:23-cv-09249 (OEM) (ST)**

Dear Judge Tiscione:

    Plaintiffs AutoExpo Ent Inc. ("AutoExpo"), Peace Properties LLC ("Peace Properties"), Network Reinsurance Company Inc. ("Network Reinsurance"), AutoExchange Center, LLC ("AutoExchange"), and Chrome Insurance Agency LLC ("Chrome") (collectively, "Plaintiffs") respectfully submit this letter motion seeking an Order permitting Plaintiffs to join four additional party plaintiffs and to file a Second Amended Complaint reflecting the joinder, pursuant to Fed. R. Civ. P. 15(a)(2), 19(a), and 21. Plaintiffs file this motion today because, although Defendants have requested an extension of deadlines, the current Scheduling Order sets January 12, 2026 as the amendment/joinder deadline and no extension has been ordered.

    Plaintiffs seek leave to add the following individuals as party plaintiffs (the "Proposed Plaintiffs"):

    1.    Michael Shahkoohi;

    2.    Ramin Baratian;

    3.    Armin Baratian; and

    4.    Kaivan Shahkohi.

    As set forth in the parties' 2008 Agreement, these individuals are identified as equity holders in identified in the 2008 Agreement. (A copy of the 2008 Agreement identifying the equity holders is attached as Exhibit A.)

    Rule 15(a)(2) provides that a party may amend its pleading only with the opposing party's written consent or the Court's leave, and that "[t]he court should freely give leave when justice so requires." Rule 21 authorizes the Court to add parties "on just terms." Rule 19(a) requires joinder where a person claims an interest relating to the subject of the action and disposing of the action

Hon. Steven I. Tiscione, U.S.M.J.
January 12, 2026
Page 2

in the person's absence may, as a practical matter, impair that interest or expose existing parties to a substantial risk of inconsistent obligations.

Plaintiffs sought Defendants' consent. Defendants consent to joinder of Michael Shahkoohi and Ramin Baratian, but oppose joinder of Armin Baratian and Kaivan Shahkohi. (Clean and redlined copies of the proposed Second Amended Complaint are attached as Exhibits B and C, respectively.)

"When considering whether to grant leave pursuant to Rule 15(a), a court looks to factors such as undue prejudice to the opposing party, undue delay, bad faith or dilatory motive and futility." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

Here, there is no undue delay, bad faith, or futility, and any prejudice is minimal and manageable. The proposed amendment does not add new causes of action or expand the factual core of the case; it adds the equity holders identified in the 2008 Agreement so that all interested holders are before the Court. Defendants suggest prejudice based on potential discovery expansion. Any incremental discovery attributable to adding aligned equity holders is limited and can be managed through the existing schedule and the Court's ordinary case-management procedures.

Courts in this Circuit recognize that Rule 19(a) joinder is appropriate where an entity or person holds a direct interest in the subject of the litigation and resolution in its absence may, as a practical matter, impair that interest or expose existing parties to the risk of inconsistent obligations. See, e.g., Weber v. King, 110 F. Supp. 2d 124, 128-30 (E.D.N.Y. 2000).

Although Plaintiffs do not plead an affirmative "ownership" claim, Defendants have made ownership/governance and enterprise valuation central to their litigation posture, including threats concerning dissolution and asserted preservation/valuation issues. In these circumstances, resolving the parties' disputes in the absence of other equity holders creates a practical risk of (i) impairing those holders' ability to protect their interests and/or (ii) exposing the existing parties to inconsistent rulings or obligations in related proceedings. Joinder under Rule 19(a) avoids those risks and promotes efficient resolution.

For the foregoing reasons, Plaintiffs respectfully request that the Court grant leave to join the Proposed Plaintiffs and permit Plaintiffs to file a Second Amended Complaint reflecting the joinder. At minimum, Plaintiffs request that the Court grant joinder as to Michael Shahkoohi and Ramin Baratian on consent and set an expedited schedule for the remainder.

We thank the Court for its attention to this matter.

Respectfully submitted,

*Colleen O'Neil*
Colleen O'Neil, Esq.

Hon. Steven I. Tiscione, U.S.M.J.
January 12, 2026
Page 3

cc: Counsel of Record (via ECF)