

**Matin Emouna**
*Admitted in NY, NJ & CT*
memouna@emiklaw.com

January 13, 2026

Honorable Orelia E. Merchant
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 6C South
Brooklyn, New York 11201

        Re: *AutoExpo Ent. Inc., et al. v. Elyahou, et al.,*
        Case No.: 23-cv-9249

Dear Judge Merchant:

I represent Defendants and Counterclaim-Plaintiffs. Pursuant to Magistrate Judge Steven L. Tiscione's January 13, 2026 Order and Your Honor's Individual Rules, I respectfully submit this Letter Motion seeking a limited enlargement of time and requesting that the Court address matters not resolved by the Magistrate Judge's Order.

**I. Procedural Background and Magistrate Judge's January 13, 2026 Order**

On January 13, 2026, Magistrate Judge Tiscione issued an Order granting an extension of certain discovery deadlines and setting revised dates governing written discovery, amendment and joinder, fact discovery, expert discovery, and dispositive motion practice. The Magistrate Judge further advised counsel to refer to the rules of the presiding judges for the proper submission of motions. This Letter Motion is submitted in compliance with that directive.

**II. Bereavement and Request for Enlargement of Time**

As set forth in my letter filed with the Court on January 12, 2026 (Dkt. Entry 90), my father recently passed away. In accordance with longstanding religious obligations, I was observing the period of *shiva* until only recently, which materially limited my ability to attend to professional responsibilities. In light of these unforeseen circumstances, Defendants respectfully request a thirty (30) day enlargement of time as to remaining non-discovery deadlines not expressly addressed by the Magistrate Judge's Order, including deadlines relating to:

    (i) Defendants' opposition to Plaintiffs' Motion to Dismiss and Strike the Counterclaims and Third-Party Complaint; and

    (ii) any deadline to amend or supplement the Counterclaims.

This request is made in good faith, is limited in duration, and is not sought for purposes of delay.

### III. Amendment and Supplementation of the Counterclaims Under Rule 15

As further explained in Dkt. Entry 90, the Counterclaims asserted in this action are meritorious. To the extent Plaintiffs contend that any pleading or procedural deficiencies exist, amendment or supplementation, rather than dismissal, is the appropriate and efficient course.

Federal Rule of Civil Procedure 15 embodies a liberal policy favoring amendment, and leave should be freely granted absent undue delay, bad faith, futility, or prejudice. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). Rule 15(d) likewise authorizes supplemental pleadings to address post-pleading events under the same permissive standard. *See Quaratino v. Tiffany & Co.,* 71 F.3d 58, 66 (2d Cir. 1995).

Here, since the Counterclaims were filed, Plaintiffs have taken additional steps to change the name under which AutoExpo conducts business and to operate through newly branded entities, conduct that further evidences their ongoing efforts to oust Defendants and to devalue AutoExpo and its related enterprises. These developments independently support supplementation under Rule 15(d) and weigh strongly in favor of permitting amendment rather than engaging in piecemeal or unnecessary motion practice.

### IV. Compliance with Individual Rule II.G

This request complies with Individual Rule II.G as follows:

1. **Original deadlines:** Set forth in the Court's scheduling orders dated November 19, 2025 and December 12, 2025;
2. **Reason for request:** Counsel's bereavement and the January 13, 2026 Order;
3. **Prior requests:** Letter filed January 12, 2026 (Dkt. Entry 90);
4. **Disposition of prior request:** Addressed in part by Magistrate Judge Tiscione's January 13, 2026 Order;
5. **Consent of adversary:** Plaintiffs did not consent to a blanket 30-day adjournment, but proposed targeted extensions for Motion to Dismiss briefing, including extending Defendants' opposition to February 4, 2026 (with an additional 15 days by consent to February 19, 2026 if necessary), and Plaintiffs' reply to February 18, 2026 (with an additional 15 days by consent to March 5, 2026 if necessary).

### V. Pending Motion for Reconsideration and Clarification (Doc. No. 72)

Defendants further respectfully request that the Court address matters not resolved by the Magistrate Judge's January 13, 2026 Order, including Defendants' pending Motion for Reconsideration and Clarification (Doc. No. 72), filed on October 9, 2025.

As detailed in Docket Entry 90, that motion seeks clarification of the Court's September 12, 2025 Memorandum and Order (Dkt. No. 66) concerning the absence of any plausibly alleged trade secret. Clarification would assist in ensuring that the pleadings accurately reflect the Court's determinations and avoid unnecessary confusion or duplicative motion practice.

**VI. Related State-Court Dissolution Proceedings**

Defendants also respectfully advise the Court, as noted in Docket Entry 90, that Omid Elyahou intends to commence a related proceeding in New York State Supreme Court seeking judicial dissolution of certain Plaintiff entities. The anticipated proceeding may implicate overlapping issues of corporate governance and fiduciary obligations and is relevant to the orderly management of this action.

**VI. Scope of Remaining Federal Issues**

Finally, consistent with Docket Entry 90, Defendants note that the Court's September 12, 2025 Memorandum and Order materially narrowed the remaining federal issues in this case. As the action proceeds, those determinations may inform the Court's consideration of supplemental jurisdiction under 28 U.S.C. § 1367(c).

For the foregoing reasons, Defendants respectfully request that the Court grant the requested enlargement of time and address the matters identified above.

Thank you for Your Honor's time, patience, and continued consideration of these matters.

Respectfully submitted,

/s/ *Matin Emouna*

Matin Emouna