# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**

---

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

January 15, 2026

**VIA ECF**
Honorable Steven L. Tiscione, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    Re:    **AutoExpo Ent Inc., et al. v. Elyahou et al.**
             **Case No. 23-cv-9249 (OEM) (ST)**

Dear Judge Tiscione:

Plaintiffs submit this letter in response to Defendants' motions at ECF Nos. 90 and 93, which Judge Merchant referred to Your Honor by Order dated January 13, 2026.[1]

<u>Scheduling /Extensions – Discovery Deadlines Have Been Set; Briefing Schedule Remains</u>

This Court's January 13, 2026 Order set revised dates for written discovery and responses, amended the deadline for motions to join parties or amend pleadings to May 18, 2026, and established a full discovery and dispositive-motion schedule. Plaintiffs respectfully request that the Court maintain that schedule.

The principal remaining non-discovery deadline raised by Defendants' motions concerns the briefing schedule on Plaintiffs' pending motion to dismiss/strike, which was set by the Court's December 12, 2025 Order (opposition due January 20, 2026; reply due February 3, 2026). Plaintiffs do not consent to a 30-day blanket enlargement of deadlines, but Plaintiffs do not oppose a 15-day extension to accommodate Defendants' counsel.

Accordingly, Plaintiffs respectfully request that the Court set the following revised briefing schedule on Plaintiffs' motion to dismiss/strike:

- Defendants' opposition due February 4, 2026; and

---

[1] Judge Merchant also referred Plaintiffs' motion at ECF No. 92, which seeks leave to add four individuals as party plaintiffs (Michael Shahkoohi, Ramin Baratian, Armin Baratian, and Kaivan Shahkohi). Plaintiffs rely on their submission at ECF No. 92 and do not repeat those arguments here. Plaintiffs respectfully request that the Court resolve ECF No. 92 on the papers for the reasons stated therein.

- Plaintiffs' reply due February 18, 2026.

Also, as the parties previously discussed, Plaintiffs would consider an additional 15-day extension of the opposition deadline (with a commensurate extension for reply) if necessary. Plaintiffs served the motion to dismiss/strike on December 23, 2025; the requested February 4, 2026 deadline (6 weeks after service of the moving papers) provides ample time to prepare an opposition.

"Amend/Supplement Counterclaims/Third-Party Complaint/Answer" Requests Are Now Covered by the May 18, 2026 Amendment Deadline

Defendants also seek an enlargement of time to amend or supplement their counterclaims and related pleadings. That relief is unnecessary in light of the Court's January 13, 2026 Order setting May 18, 2026 as the deadline for motions to join parties or amend pleadings. Plaintiffs respectfully request that the Court deny that aspect of Defendants' requests as moot or duplicative of the May 18 deadline already in place.

Defendants' Motion for Reconsideration and Opposition (ECF Nos. 72 and 73)

Defendants' submissions reference their October 9, 2025 motion (ECF No. 72) seeking reconsideration of the Court's September 12, 2025 Order (ECF No. 66). That motion is fully briefed and pending, and otherwise unnecessary to resolve Defendants' extension requests here. If the Court wishes to consider the motion, Plaintiffs rely on their opposition at ECF No. 73.[2]

For the foregoing reasons, Plaintiffs respectfully request that the Court (i) maintain the January 13 schedule; (ii) set the targeted briefing schedule above for Plaintiffs' pending motion to dismiss/strike; and (iii) deny as duplicative Defendants' requests for additional extensions to amend pleadings in light of the May 18 deadline.

We thank the Court for its attention to this matter.

Respectfully submitted,
**MILMAN LABUDA LAW GROUP, PLLC**

*/s/ Colleen O'Neil*
Colleen O'Neil, Esq.

cc: Counsel of Record (via ECF)

---

[2] Defendants also reference dissolution, abstention, and supplemental jurisdiction in their submissions, but do not request any relief along these lines. Accordingly, and because these issues are not necessary to resolve the referred motions for extensions of time, Plaintiffs will not address those issues herein.