

**Matin Emouna**
*Admitted in NY, NJ & CT*
memouna@emiklaw.com

January 15, 2026

Honorable Steven L. Tiscione
United States District Court,
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

                        Re: *AutoExpo Ent. Inc., et al. v. Elyahou, et al.*,
                           Case No.: 23-cv-9249

Dear Magistrate Judge Tiscione:

I represent Defendants and Counterclaim-Plaintiffs. I respectfully submit this letter in response to Plaintiffs' January 15, 2026 letter (ECF No. 94), and in further response to the motions referred to Your Honor by Judge Merchant's January 13, 2026 Order (ECF Nos. 90, 92, and 93).

At the outset, I acknowledge and appreciate the Court's January 13, 2026 Order establishing revised discovery deadlines and extending the deadline for motions to amend pleadings and join parties to May 18, 2026. That extension materially affects the sequencing of the pending motion practice.

**I. The Motion to Dismiss Should Be Held in Abeyance Pending Amendment and Will Be Rendered Moot**

In light of the Court's express decision to permit amendment of pleadings, principles of judicial economy and efficiency strongly favor holding Plaintiffs' pending motion to dismiss and strike the Counterclaims in abeyance until Defendants have had a fair opportunity to amend and supplement their pleadings.

Federal Rule of Civil Procedure 15 embodies a liberal policy favoring amendment, and courts should freely grant leave to amend absent undue delay, bad faith, futility, or prejudice. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). Where amendment is permitted or anticipated, courts in this Circuit routinely decline to adjudicate motions to dismiss directed at pleadings that will soon be superseded.

Once Defendants file amended and supplemented Counterclaims pursuant to the Court's Scheduling Order, Plaintiffs' current motion to dismiss, directed at a pleading that will no longer be operative, will be rendered moot as a matter of law. The Second Circuit has long held that an amended pleading supersedes the prior pleading and renders motions addressed to the superseded pleading academic. *Pettaway v. Nat'l Recovery Solutions, LLC*, 955 F.3d 299, 303–04 (2d Cir. 2020); *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977).

District courts in both the Eastern and Southern Districts of New York routinely recognize that it is inefficient to proceed with dismissal briefing where amendment will supersede the challenged

pleading. See, e.g., *Bensch v. Estate of Umar*, No. 19-CV-6821, 2020 WL 3790386, at *3 (E.D.N.Y. July 7, 2020) (declining to resolve dismissal arguments where amendment would promote efficiency); *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (emphasizing that parties should be afforded a meaningful opportunity to amend before dismissal).

Accordingly, proceeding with Plaintiffs' motion to dismiss now would require the Court to decide issues that will be extinguished upon amendment, resulting in unnecessary expenditure of judicial resources and duplicative motion practice. Holding the motion in abeyance pending amendment is therefore the most orderly and efficient course.

**II. Amendment—Not Dismissal—is the Appropriate Course Under Rule 15**

The Counterclaims asserted in this action are meritorious. To the extent Plaintiffs contend that pleading or procedural deficiencies exist, amendment or supplementation—not dismissal—is the appropriate and efficient remedy.

Rule 15(d) expressly authorizes supplemental pleadings to address events occurring after the filing of the original pleading, and courts apply the same permissive standard governing amendment. *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995); *Bornholdt v. Brady*, 869 F.2d 57, 68 (2d Cir. 1989).

Since the filing of the Counterclaims, Plaintiffs have taken steps to change the name under which AutoExpo conducts business and to operate through newly branded entities, further evidencing their ongoing efforts to oust Counterclaim-Plaintiffs and to devalue AutoExpo and its related enterprises. These post-pleading developments independently support supplementation under Rule 15(d) and further underscore why dismissal motion practice at this juncture is premature.

**III. Defendants' Opposition to Plaintiffs' Motion for Joinder (ECF No. 92)**

Defendants respectfully submit this letter in opposition to Plaintiffs' January 12, 2026 motion seeking leave to join additional party plaintiffs pursuant to Rules 15, 19, and 21 of the Federal Rules of Civil Procedure. Plaintiffs' motion should be denied because it is the product of undue delay and bad faith, lacks legal support under Rule 19, and would cause substantial prejudice to Defendants.

**A. Plaintiffs Cannot Demonstrate Diligence or Good Cause Under Rule 16**

Plaintiffs' motion is premised entirely on a purported 2008 Agreement identifying alleged equity holders, which Plaintiffs now attach for the first time. Plaintiffs do not contend that the agreement was newly discovered. To the contrary, Plaintiffs and their counsel have possessed and relied upon that agreement for years.

This is conclusively established by Plaintiffs' own sworn statements in related litigation. In the Matter of OMID ELAYHOU, individually and on behalf of AUTOEXPO ENT. INC., v. MICHAEL SHAHKOOHI aka KAMRAN SHAHKOOHI and RAMIN BARATIAN aka ROBERT BARATIAN,

Nassau County Supreme Court, Index No 617795/2023, filed November 27, 2023, Plaintiff Michael Shahkoohi,[1] represented by the same counsel appearing here, submitted a sworn affidavit (NYSCEF DOC. NO. 13) expressly providing:

> *58. On or about September 29, 2008, Elyahou executed an agreement (the "2008 Agreement"), pursuant to which he was to hold a twenty percent (20%) interest in AutoExpo, and continue as its "Operating Partner."*

Despite this knowledge, Plaintiffs initiated this action, litigated through Rule 12 motion practice, and amended their pleading once already without asserting that these individuals were required or indispensable parties, and further never having provided the defense an alleged copy of same. Where a scheduling order governs amendments, a party must demonstrate diligence and good cause under Rule 16. *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). Amendments sought at the deadline based on facts long known to the moving party are routinely denied. *Krumme v. WestPoint Stevens Inc.*, 143 F.3d 71, 88 (2d Cir. 1998).

## B. Plaintiffs' Rule 19 Theory Is Not Warranted by Existing Law

Plaintiffs' reliance on Rule 19 is legally deficient. They do not assert claims requiring adjudication of ownership interests, dissolution, or declaratory relief binding on all alleged equity holders. Complete relief can be afforded among the existing parties, and Plaintiffs identify no concrete risk of inconsistent obligations. *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n*, 471 F.3d 377, 382 (2d Cir. 2006); *Universal Reinsurance Co. v. St. Paul Fire & Marine Ins. Co.*, 312 F.3d 82, 87 (2d Cir. 2002).

## C. Joinder at This Stage Would Unduly Prejudice Defendants

Permitting joinder now would materially expand the scope of discovery, increase custodians and depositions, and prolong motion practice, all without advancing resolution of the claims already pending. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007).

## D. The Timing and Manner of Plaintiffs' Motion Raise Serious Concerns

Plaintiffs selectively relied on the 2008 Agreement when it suited them, withheld it during earlier phases of this litigation, and then invoked it at the amendment deadline to justify expanding the case. Courts routinely infer bad faith where a party advances a position based on facts long known to it while engaging in procedural maneuvering that increases cost and delay. *State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld*, 921 F.2d 409, 418 (2d Cir. 1990).

---

[1] It is noteworthy that both Michael Shahkoohi and Ramin Baratian testified at Mr. Elyahous's divorce proceeding, whereby Nassau County Supreme Court post-trial decision and a court ordered forensic accounting report did not find or conclude that Mr. Shahkoohi or Mr. Baratian held equity or ownership rights in AutoExpo. A copy of same has already been provided to plaintiffs as part of Phase 1 discovery.

Rule 11 prohibits filings interposed for improper purposes or unsupported by existing law. Fed. R. Civ. P. 11(b). Independently, the Court possesses inherent authority to sanction bad-faith conduct. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991). Bad faith may be inferred where a party advances a position lacking a colorable basis with knowledge of the facts. *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336–38 (2d Cir. 1999). Plaintiffs' deadline-driven motion based on long-known facts warrants consideration of fee-shifting. Plaintiffs' conduct herein raises serious concerns warranting the Court's attention.

**IV. Request for a Court Conference in the Interest of Judicial Economy**

Given the number of interrelated procedural issues presently before the Court—including the sequencing of amendment, the mootness of Plaintiffs' motion to dismiss upon amendment, Plaintiffs' motion for joinder, and the orderly progression of motion practice—Defendants respectfully request a conference with the Court at its convenience.

A brief conference would promote judicial economy by allowing the Court to address these matters in a coordinated manner, avoid piecemeal litigation, and provide guidance that will streamline the case going forward.

**V. Conclusion**

For the foregoing reasons, Defendants respectfully request that the Court hold Plaintiffs' motion to dismiss and strike the Counterclaims in abeyance pending amendment, recognizing that amendment will render the motion moot, deny Plaintiffs' motion for joinder at (ECF No. 92) in its entirety, and grant a conference to address the interrelated procedural issues currently before the Court in the interest of judicial economy. Thank you for the Court's time, patience, and continued consideration of these matters.

Respectfully submitted,

/s/ *Matin Emouna*
MATIN EMOUNA