UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
AUTOEXPO ENT. INC.; PEACE PROPERTIES LLC;
NETWORK REINSURANCE CO. INC.;
AUTOEXCHANGE CENTER, LLC; and CHROME
INSURANCE AGENCY LLC,

      Plaintiffs and Counterclaim Defendants,　　**MEMORANDUM AND ORDER**

      -against-　　23-CV-9249 (OEM) (ST)

OMID ELYAHOU; SIMPSOCIAL LLC; FIFTY
SEVEN CONSULTING CORP. d/b/a CERTIFIED
AUTO GROUP a/k/a CERTIFIED PERFORMANCE
MOTORS; AVI EITAN; FAZEEDA KASSIM; and
UNITED CITIZENS WARRANTY LLC,

      Defendants and Counterclaim Plaintiffs.
-------------------------------------------------------------------x
OMID ELYAHOU; SIMPSOCIAL LLC; FIFTY
SEVEN CONSULTING CORP. d/b/a CERTIFIED
AUTO GROUP a/k/a CERTIFIED PERFORMANCE
MOTORS; AVI EITAN; FAZEEDA KASSIM; and
UNITED CITIZENS WARRANTY LLC,

      Third-Party Plaintiffs,

      -against-

RAMIN BARATIAN a/k/a ROBERT BARATIAN
and MICHAEL SHAHKOOHI a/k/a KAMRAN
SHAHKOOHI,

      Third-Party Defendants.
-------------------------------------------------------------------x

ORELIA E. MERCHANT, United States District Judge:

    Plaintiffs AutoExpo Ent. Inc.; Peace Properties LLC; Network Reinsurance Co. Inc.; AutoExchange Center, LLC; and Chrome Insurance Agency LLC (collectively, "Plaintiffs") commenced this action against Omid Elyahou ("Elyahou"), SimpSocial LLC ("SimpSocial"), Fifty Seven Consulting Corp. d/b/a Certified Auto Group a/k/a Certified Performance Motors

("Certified Performance"); Avi Eitan ("Eitan"); and Fazeeda Kassim ("Kassim") on December 18, 2023. *See generally* Complaint, Dkt. 1. On October 31, 2024, Plaintiffs amended their complaint and, in doing so, added United Citizens Warranty LLC ("United Citizens") as a defendant.[1] *See generally* First Amended Complaint, Dkt. 48 (the "Amended Complaint" or "Am. Compl."). In their Amended Complaint, Plaintiffs allege 21 causes of action, including violations of the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836 ("DTSA"), Employment Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"), and various common law claims. *See id.* On February 6, 2025, Defendants Kassim, Certified Performance, and Eitan filed a fully briefed motion to dismiss the Amended Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See generally* Memorandum of Law in Support of Defendants Avi Eitan, Fifty Seven Consulting Corp. d/b/a Certified Auto Group a/k/a Certified Performance Motors and Fazeeda Kassim's Motion to Dismiss Plaintiffs' Amended Complaint Pursuant to Fed. R. Civ. P. Rule 12(b)(1) and (6), Dkt. 56-2. On February 18, 2025, Defendants Elyahou, SimpSocial, and United Citizens also filed a fully briefed motion to dismiss the Amended Complaint under Federal Rules of Civil Procedure 8(a), 12(b)(1), and 12(b)(6). *See generally* Memorandum of Law of Defendants Omid Elyahou, SimpSocial LLC and United Citizens Warranty LLC in Support of Their Motion to Dismiss the Amended Complaint, Dkt. 58-1. On September 12, 2025, this Court issued a Memorandum and Order, dismissing in part and granting in part Defendants' motions to dismiss. *See generally* Memorandum and Order, Dkt. 66 (the "Order").

---

[1] The Court refers to all defendants collectively as "Defendants."

On October 9, 2025, Defendants filed a motion for reconsideration of the Order. *See generally* Letter from Defendants to the Court (Oct. 9, 2025), Dkt. 72 (the "Motion" or "Mot."). For the following reasons, the Court denies Defendants' Motion.[2]

## BACKGROUND[3]

In the Order, the Court dismissed Plaintiffs' first (violation of the DTSA), second (injunctive relief under the DTSA), seventeenth (fraud), and eighteenth (aiding and abetting fraud) causes of action against all Defendants; dismissed Plaintiffs' thirteenth cause of action (aiding and abetting fiduciary duty) against SimpSocial, United Citizens, Certified Performance, and Eitan; and dismissed Plaintiffs' twentieth (breach of obligations under ERISA) and twenty-first (aiding and abetting breach of obligations under ERISA) causes of action insofar as Plaintiffs brought suit in any individual capacity. *See* Order at 31. The Court denied Defendants' motions to dismiss "with respect to all other claims." *Id.*

In their Motion, Defendants argue that the Court should have dismissed claims for misappropriation, unfair competition, conversion, and civil conspiracy on the grounds that these claims "expressly incorporate[] or rel[y] upon the same factual allegations of purported trade secret information that the Court has now determined were inadequately pleaded." Mot. at 2. Defendants ask the Court to enter an order either "[c]onforming the [Order] to reflect dismissal of [these additional causes of action]" or, alternatively, "[c]larifying that said causes of action remain dismissed in light of the Court's findings concerning the absence of any plausible trade secret allegations." *Id.*

---

[2] On October 17, 2025, Defendants filed new counterclaims and third-party claims. *See generally* Defendants' Answer, Affirmative Defenses, Counterclaims to Plaintiffs' Complaint, and Third-Party Complaint, Dkt. 76. As those counterclaims and third-party claims postdate the Motion at issue, the Court does not address them here.

[3] The Court assumes the parties' familiarity with the facts as set forth in the Order. *See* Order at 2-6.

3

In response, Plaintiffs argue that the common law torts identified in the Motion do not "depend on DTSA qualifying trade secrets" under New York law and that the Court's analysis did not extinguish non-DTSA tort theories. *See* Letter from Plaintiffs to the Court at 2-3 (Oct. 13, 2025), Dkt. 73 ("Opposition" or "Opp'n"). Plaintiffs also contend that the Motion is procedurally improper. They note that the proper vehicle would have been a motion for reconsideration under Local Civil Rule 6.3, "(which must be filed within fourteen (14) days after entry of the Order, here by September 26, 2025) or, at the appropriate time, a motion under Rule 12(c) or Rule 56 on a proper record." *Id.* at 3. Plaintiffs assert that the Motion "functionally seeks reconsideration without meeting the applicable standard." *Id.* at 1.

## LEGAL STANDARD

A party seeking reconsideration must meet a "strict" standard. *Commerzbank AG v. U.S. Bank, N.A.*, 100 F.4th 362, 377 (2d Cir. 2024) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). To succeed, a movant must show "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). A motion for reconsideration is an extraordinary remedy. It is not an opportunity to relitigate old arguments or raise new arguments that could have been made prior to the challenged order. *See Virgin Atl. Airways*, 956 F.2d at 1255 ("[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." (quoting *Zdanok v. Glidden Co.*, 327 F.2d 944, 953 (2d Cir. 1964))). The

4

decision to grant or deny a motion for reconsideration is within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).[4]

## DISCUSSION

**A. Reconsideration Is Not Warranted.**

The Motion does not meet the reconsideration standard for several reasons. First, in Defendants' motions to dismiss, Defendants already argued that the Court should treat misappropriation, unfair competition, and conversion as "Trade Secret Claims," predicated on the same facts as the DTSA claims. Memorandum of Law in Support of Defendants Avi Eitan, Fifty Seven Consulting Corp. d/b/a Certified Auto Group a/k/a Certified Performance Motors and Fazeeda Kassim's Motion to Dismiss Plaintiffs' Amended Complaint Pursuant to Fed. R. Civ. P. Rule 12(b)(1) and (6) at 4-5, 7-9, Dkt. 56-2; *see* Memorandum of Law in Support of Defendants Avi Eitan, Fifty Seven Consulting Corp. d/b/a Certified Auto Group a/k/a Certified Performance Motors and Fazeeda Kassim's Motion to Dismiss Plaintiffs' Amended Complaint Pursuant to Fed. R. Civ. P. Rule 12(b)(1) and (6) at 2-13, Dkt. 38-1; Reply Memorandum of Law of Defendants Omid Elyahou and SimpSocial LLC in Support of Their Motion to Dismiss the Complaint at 4-6, 8, Dkt. 39-5. The Court previously considered this argument and explicitly declined to adopt it.

---

[4] Although Defendants frame their Motion as a "clarification" motion, Mot. at 2, they make this argument in reliance on distinguishable case law. *American ORT, Inc. v. ORT Israel*, 07 Civ. 2332(RJS), 2009 WL 233950, at *3 (S.D.N.Y. Jan. 22, 2009), and *A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*, 126 F. Supp. 2d 328, 334 (S.D.N.Y. 2001), both involved clarification of the scope of a preliminary injunction. They dealt with the concern that contempt might arise from an unclear preliminary injunction, a context in which the Supreme Court has encouraged clarification to prevent "unwitting contempt." *A.V. by Versace*, 126 F. Supp. 2d at 334 (quoting *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 15 (1945)). Here, however, there is no preliminary injunction ruling. Instead, the Court granted in part and denied in part motions to dismiss. The Court therefore analyzes the Motion as a motion for reconsideration under Federal Rule of Civil Procedure 54(b) and Local Civil Rule 6.3. *See* FED. R. CIV. P. 54(b) ("When an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay. Otherwise, any order . . . that adjudicates fewer than all the claims . . . does not end the action as to any of the claims . . . and *may be revised at any time before the entry of a judgment adjudicating all the claims* and all the parties' rights and liabilities." (emphasis added)); LOCAL CIV. R. 6.3. The last case Defendants cite, *Royal Sun Alliance Ins., PLC v. TA Operating LLC*, 09 CV 5586(RPP), 2011 WL 2416886, at *2 (S.D.N.Y. June 15, 2011), confirms this approach. *Royal Sun* involved reconsideration of a court's partial summary judgment order under Local Rule 6.3 and applied the reconsideration standard.

5

Order at 31 ("Defendants' motions are denied with respect to all other claims."); *see Patel v. NYU Langone Hosps.*, 20-112, 2021 WL 4852426, at *1 n.1 (2d Cir. Oct. 19, 2021) ("The Federal Rules of Civil Procedure do not require district courts to provide reasoning when they determine Rule 12 motions." (citing FED. R. CIV. P. 52(a)(3))); *Bank v. Alarm.com Holdings, Inc.*, 828 F. App'x 5, 8 (2d Cir. 2020) (same). Defendants may not reargue this point now. *See Virgin Atl. Airways*, 956 F.2d at 1255; *see also Shrader*, 70 F.3d 255, 257 (2d Cir. 1995) ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

Second, before the Court issued its Order, Defendants could have raised, but did not raise, their argument that Plaintiffs' civil conspiracy claim should be dismissed on the same basis. As explained above, reconsideration is not a second bite at the apple. *See Virgin Atl. Airways*, 956 F.2d at 1255. The Court therefore also declines to consider this argument.

Finally, Defendants have not identified any intervening change of controlling law or the availability of new evidence that requires the Court to reconsider its Order. Defendants have also failed to identify a need to correct a clear error or prevent a manifest injustice. This Court's express denial of Defendants' motions to dismiss these four causes of action does not amount to a clear error or manifest injustice. *Compare, e.g.*, *Fantastic Graphics Inc. v. Hutchinson*, 09-CV-2514(LDW)(ETB), 2010 WL 475309, at *1-2 (E.D.N.Y. Feb. 8, 2010) (granting a motion for reconsideration where a motion to stay discovery inadvertently fell through the cracks and was never decided on the merits)*, and Sinclair v. Ziff Davis, LLC*, 18-CV-790 (KMW), 2020 WL 3450136, at *1 (S.D.N.Y. June 24, 2020) (finding clear error where the Court improperly accepted a general policy as evidence of an actual sublicense)*, with Santos v. Lidl US, LLC*, 24-CV-00611 (JMA) (ARL), 2025 WL 2917329, at *1-2 (E.D.N.Y. Oct. 14, 2025) (declining to find clear error or manifest injustice where the plaintiff "reiterate[d] the same arguments set forth in her

6

Opposition to the Motion to Dismiss, which the Court already reviewed and rejected" (citation omitted)). Defendants' "disagreement with the Court's reasoning does not establish any legal error or oversight." *Santos*, 2025 WL 2917329, at *2.

### B. Defendants' Motion Is Procedurally Improper.

Further, Defendants' Motion does not conform to Local Civil Rule 6.3. Under Local Civil Rule 6.3, "a notice of motion for reconsideration must be served within 14 days after the entry of the court's order being challenged. There must be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which the moving party believes the court has overlooked." The Court filed its Order on September 12, 2025. Any motion for reconsideration was due 14 days later, on September 26, 2025. The Motion was filed on October 9, 2025, however, 13 days after that deadline. The Motion also took the form of a letter, rather than a notice of motion and memorandum, as required under the rule. Accordingly, the Court denies Defendants' Motion on this procedural basis as well.

### CONCLUSION

For the foregoing reasons, the Court denies Defendants' Motion.

SO ORDERED.

                                                          /s/
                                          ORELIA E. MERCHANT
                                          United States District Judge

January 22, 2026
Brooklyn, New York