# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**

_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

May 25, 2026

**VIA ECF**
Honorable Orelia E. Merchant, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:    **AutoExpo Ent. Inc., et al. v. Omid Elyahou et al.**
>         **Case No.: 2:23-cv-09249 (OEM) (ST)**

Dear Judge Merchant:

Plaintiffs/Counterclaim Defendants/Third-Party Defendants AutoExpo Ent. Inc., Peace Properties LLC, Network Reinsurance Company Inc., Auto Exchange Center, LLC, Chrome Insurance Agency LLC, Michael Shahkoohi and Ramin Baratian respectfully submit this letter pursuant to Your Honor's Individual Rule governing pre-motion conference requests for Rule 12 motions.[1]

Plaintiffs seek leave to move under Rules 12(b)(1), 12(b)(6), 9(b), and 23.1 to dismiss discrete portions of Defendants' Amended Counterclaims and Third-Party Complaint (ECF No. 99). The contemplated motion seeks to target threshold pleading defects, non-cognizable claims, duplicative remedies, and direct claims that remain inadequately pleaded despite amendment.

First, although Defendants amended their pleading to add a Rule 23.1 verification and to label certain claims as derivative, the derivative claims still do not satisfy Rule 23.1. Defendants purport to sue derivatively on behalf of six separate nominal entities: AutoExpo, Peace Properties, Network Reinsurance, Auto Exchange Center, Chrome Insurance, and Prime Auto Capital. Yet the demand-futility allegations do not plead, entity by entity, the governing structure of each entity, what governing body or decisionmaker could have considered a demand, or why demand would

_____

[1] This letter was due to be filed by May 22, 2025. The letter was finalized and ready to file by that deadline; however, it was inadvertently not filed because the person responsible for filing was unexpectedly sidelined by a family emergency. Plaintiffs are filing the letter at the first available opportunity, on May 25, 20026, and Defendants consent to Plaintiffs' filing today. Accordingly, to the extent necessary, Plaintiffs respectfully request that the Court accept this filing nunc pro tunc and deem it timely filed.

May 25, 2026
Page 2

have been futile as to each entity and each challenged transaction. Instead, the pleading relies on generalized allegations that Shahkoohi and Baratian controlled the entities and allegedly participated in the challenged conduct. That is not the particularized pleading Rule 23.1 requires. *See* Fed. R. Civ. P. 23.1; *Kamen v. Kemper Fin Servs., Inc.*, 500 U.S. 90, 95–97 (1991); *Bansbach v. Zinn*, 1 N.Y.3d 1, 9 (2003); *Marx v. Akers*, 88 N.Y.2d 189, 200–01 (1996).

Second, several derivative counts are duplicative, remedial, or inadequately pleaded. Defendants assert separate derivative claims for breach of fiduciary duty, corporate waste, constructive trust, fraud, aiding and abetting breach of fiduciary duty, unjust enrichment, accounting, and conversion, but those claims arise from the same alleged nucleus of conduct: purported reserve liquidations, affiliated-entity transfers, auction/inventory diversion, denial of access to books and records, and alleged depletion of corporate funds. The constructive trust and accounting counts are remedies, not standalone claims, at least as pleaded. The unjust enrichment claim duplicates the fiduciary-duty and self-dealing allegations. And the conversion claim fails because the alleged injury is to corporate funds and alleged misuse of money, without adequately pleading a specific, segregated fund or an immediate possessory right separate from the fiduciary-duty theory. *See Glob. View Ltd. Venture Cap. v. Great Cent. Basin Expl., LLC,* 288 F. Supp. 2d 473, 479–80 (S.D.N.Y. 2003).

Third, the fraud claims fail to satisfy Rule 9(b). The derivative fraud claims and Elyahou's direct fraud claim attempt to convert the parties' ownership dispute and disagreement over the 2008 Agreement into fraud. The amended pleading, however, fails to identify actionable misrepresentations made to and relied upon by the nominal entities or Elyahou with the particularity required by Rule 9(b). Nor does it plead non-speculative fraud damages. Allegations that Plaintiffs relied on the 2008 Agreement in this litigation, or that the parties dispute the legal effect of that document, do not state fraud. At most, those allegations present an ownership and contract-governance dispute. *See Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.,* 98 F.3d 13, 19–20 (2d Cir. 1996); *Lama Holding Co. v. Smith Barney Inc.,* 88 N.Y.2d 413, 421 (1996); *Doup Partners, LLC v. Hunters Point Agency LLC*, 2026 U.S. Dist. LEXIS 52585, at *13–15 (S.D.N.Y. Mar. 13, 2026).

Fourth, the direct claims asserted by Avi Eitan, Fazeeda Kassim, SimpSocial, and Certified Performance Motors remain deficient. Their defamation/business disparagement claim is based principally on allegations made in pleadings and litigation-related communications, which are privileged. *See Front, Inc. v. Khalil*, 24 N.Y.3d 713, 718–20 (2015). To the extent Defendants rely on supposed non-privileged statements, they plead only "upon information and belief" that accusations were communicated to unidentified lenders, vendors, and industry participants. Accordingly, those allegations fail to identify who spoke, what was said, to whom, when, or what specific damages resulted. *See Conte v. Newsday, Inc.*, 703 F. Supp. 2d 126, 146–47 (E.D.N.Y. 2010). The tortious-interference claim fails for similar reasons: it does not identify any specific contract, business relationship, third-party counterparty, wrongful communication, breach, lost transaction, or non-speculative economic injury. *See Kirch v. Liberty Media Corp.*, 449 F.3d 388, 400 (2d Cir. 2006). The abuse-of-process claim fails because it is based on Plaintiffs' filing, amendment, and prosecution of this action; under New York law, commencing or expanding litigation, even if allegedly done with hostility or leverage in mind, is not abuse of process absent misuse of process after issuance to obtain a collateral objective. *See Curiano v. Suozzi*, 63 N.Y.2d 113, 116-17 (1984).

May 25, 2026
Page 3

Fifth, Elyahou's advancement/indemnification claim is inadequately pleaded. The amended pleading relies on general references to New York Business Corporation Law §§ 721–724 and alleges "upon information and belief" that AutoExpo's governing documents provide indemnification. It does not identify any bylaw, agreement, corporate resolution, undertaking, or other operative instrument conferring a present right to advancement. Nor does it plead facts establishing that the claims against Elyahou fall within any mandatory indemnification provision. A generalized assertion that indemnification might be available "to the fullest extent permitted by law" does not state a standalone advancement claim. Nor can Elyahou plead advancement by implication; advancement and indemnification are distinct rights, and statutory advancement under BCL § 724(c) depends on a viable statutory indemnification claim or an operative corporate document conferring that right. *See Nuveen Servs., LLC v. Fuller*, 2024 U.S. Dist. LEXIS 159972, at *10–15, *40–42 (S.D.N.Y. Sept. 5, 2024).

Sixth, the declaratory-judgment claims should be dismissed or narrowed. Defendants plead declaratory relief as a separate cause of action to obtain rulings on ownership history, the legal effect of the 2008 Agreement, the truth or falsity of Plaintiffs' fraud allegations, governance rights, and other issues already embedded in the parties' substantive claims and defenses. The Declaratory Judgment Act supplies a remedy, not an independent cause of action, and declaratory relief is inappropriate where it merely duplicates issues that will necessarily be resolved through the parties' substantive claims. *See Chevron Corp. v. Naranjo*, 667 F.3d 232, 244-45 (2d Cir. 2012); *Dow Jones & Co. v. Harrods Ltd.*, 346 F.3d 357, 359-60 (2d Cir. 2003).

Finally, Plaintiffs anticipate seeking limited relief under Rule 12(f). The amended pleading continues to include immaterial, prejudicial allegations and rhetoric concerning decades-old criminal proceedings, alleged "bid-rigging" propensity, "vendetta" themes, and similar inflammatory matter. Plaintiffs will seek to strike only those allegations that have no proper bearing on the elements of the counterclaims and would unnecessarily prejudice and complicate discovery and trial. *See Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976); *Reiter's Beer Distribs., Inc. v. Christian Schmidt Brewing Co.*, 657 F. Supp. 136, 144 (E.D.N.Y. 1987).

The contemplated motion would materially streamline the case. It would seek to narrow legally defective direct claims, require compliance with Rule 23.1 for derivative theories, and narrow duplicative and remedial claims that would otherwise expand discovery and motion practice without adding cognizable causes of action.

Accordingly, Plaintiffs respectfully request a pre-motion conference and leave to file the contemplated motion to dismiss and/or strike.

We thank the Court for its attention to this matter.

Respectfully submitted,

*Colleen O'Neil*

Colleen O'Neil, Esq.

cc: Counsel of Record (via ECF)