

**Matin Emouna**
*Admitted in NY, NJ & CT*
*memouna@emiklaw.com*

May 27, 2026

Honorable Orelia E. Merchant
Honorable Steven L. Tiscione
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 6C South
Brooklyn, New York 11201

Re: *AutoExpo Ent. Inc., et al. v. Elyahou, et al.,*
*Case No.: 23-cv-9249* (OEM) (ST)

Dear Judge Merchant and Judge Tiscione:

Defendants/Counterclaim Plaintiffs respectfully submit this letter in opposition to Plaintiffs' May 25, 2026 pre-motion conference request (ECF No. 102), and respectfully request that the Court schedule an immediate status and discovery conference to address the increasingly serious procedural and substantive issues presently affecting this litigation.

At the outset, Defendants wish to clarify that Plaintiffs' filing is technically timely only because Defendants, as a professional courtesy and in good faith, consented to Plaintiffs' request for additional time. Defendants routinely extend such courtesies to adversaries and did so here without objection in the interest of professionalism and efficient litigation practice. Accordingly, Defendants do not oppose Plaintiffs' application solely on timeliness grounds. That courtesy, however, does not alter the broader pattern of conduct presently before the Court.

### I. Plaintiffs' Pattern of Delay and Procedural Gamesmanship

Plaintiffs have now had Defendants' operative Answer, Affirmative Defenses, Counterclaims, Third-Party Complaint, and accompanying discovery demands for several months, following Defendants' substantial March 2, 2026 filing. Despite being represented by a well-resourced multi-attorney litigation firm, Plaintiffs did not simply interpose an Answer, engage in discovery, or proceed in the ordinary course contemplated by the Federal Rules.

Instead, Plaintiffs delayed, repeatedly allowed deadlines to approach or lapse, required follow-up communications concerning overdue responses, and ultimately returned months later with an expansive Rule 12 pre-motion application seeking to relitigate factual disputes through pleading-stage motion practice.

The issue before the Court is therefore not merely delay in the abstract. Rather, the issue is a pattern of procedural maneuvering that has had the practical effect of delaying merits discovery and joinder of issue.

Courts within this Circuit have repeatedly recognized that Rule 12 motions should not be utilized as tactical instruments to delay discovery or multiply proceedings where the disputes are predominantly factual in nature. *See Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020); *Eternity Glob. Master Fund Ltd. v. Morgan Guar. Tr. Co.*, 375 F.3d 168, 176 (2d Cir. 2004); *Kassner*

T: 516-877-9111 - F: 516-877-9112 - 100 Garden City Plaza, Suite 520, Garden City, NY 11530

*v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 238 (2d Cir. 2007). Courts in the Eastern and Southern Districts likewise routinely reject efforts to convert Rule 12 practice into premature factual adjudication. *See In re Platinum & Palladium Antitrust Litig.*, 449 F. Supp. 3d 290, 314 (S.D.N.Y. 2020); *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015).

## II. Plaintiffs' Attempt to Litigate Fact-Intensive Issues Through Rule 12 Motion Practice

Plaintiffs' contemplated motion overwhelmingly targets issues that are inherently factual and unsuitable for resolution at the pleading stage, including: (a) disputed ownership history; (b) corporate governance structures; (c) the validity and effect of historical agreements; (d) alleged fiduciary misconduct; (e) intent, reliance, and credibility determinations; (f) diversion of corporate assets; (g) corporate control; and (h) disputed operational conduct spanning multiple entities and years.

Those are not issues appropriately resolved through selective quotation, competing factual narratives, and attorney argument in a pre-answer Rule 12 motion.

Indeed, Plaintiffs' application itself underscores the fundamentally factual nature of this dispute. Plaintiffs devote substantial portions of their letter not to actual pleading deficiencies, but instead to advocating their preferred interpretation of disputed evidence, ownership history, corporate conduct, and witness credibility, all matters that necessarily require discovery and factual development. *See Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012) (courts must avoid dismissing claims merely because allegations appear improbable).

## III. Ongoing Discovery Deficiencies and Lack of Access to Corporate Records

Equally significant is the prejudice caused by Plaintiffs' simultaneous delay in discovery while material corporate and operational changes appear to be occurring in real time.

As alleged in the Counterclaims, this case involves claims concerning misuse of corporate assets, diversion of business opportunities, affiliated-entity transfers, denial of access to books and records, reserve liquidations, operational restructuring, and depletion of corporate funds. Yet while Plaintiffs delayed responding substantively to those allegations, Defendants have become increasingly aware that Plaintiffs and the current management group have undertaken significant rebranding, restructuring, operational migration, and asset-related changes concerning AutoExpo and affiliated entities.

Critically, Plaintiffs continue to maintain exclusive possession and control over the company's books and records, financial systems, banking information, lender communications, accounting materials, and operational records, while simultaneously delaying discovery responses and opposing meaningful access to those materials. Defendants remain ready and willing to proceed with discovery immediately.

In addition, Defendants have recently obtained publicly available DMV records and photographic evidence reflecting that the business location historically operated as "AutoExpo" at 60 Northern Boulevard now appears to be operating, at least in part, under the "Import Masters" branding and dealership identity. The materials presently available to Defendants include photographs depicting newly installed "Import Masters" signage at the dealership location, as well as New York State DMV records identifying "Import Masters" as a licensed retail motor vehicle dealer operating from the same address. See **Exhibit. A.**

Defendants do not presently claim to know the full extent, purpose, financial structure, or legal implications of these operational changes. However, the apparent rebranding and licensing activity occurring during the pendency of this litigation, while Plaintiffs continue to maintain exclusive control over the company's books, records, accounting systems, lender communications, and financial information, further underscores the need for prompt discovery, preservation safeguards, and judicial oversight sufficient to preserve the status quo pending factual development.

Defendants are additionally informed that certain SBA/EIDL obligations associated with AutoExpo and Chrome, for which Defendant Omid Elyahou allegedly remains a personal guarantor, may not presently be maintained in good standing and may be delinquent. Defendant Elyahou further represents that such alleged delinquencies may adversely affect his personal credit profile and financial exposure while he simultaneously remains without access to the underlying financial records, payment history, banking information, or accounting systems necessary to independently evaluate the status of those obligations.

Again, Defendants do not ask the Court at this stage to draw ultimate factual conclusions regarding these issues. Rather, Defendants respectfully submit that these developments further demonstrate why discovery should proceed immediately and why preservation of records, financial information, lender communications, and operational materials is critically important.

### IV. Preservation Concerns and the Need for Immediate Judicial Oversight

Defendants' concerns are not speculative. Federal courts possess broad inherent authority to preserve the integrity of proceedings and prevent litigants from engaging in conduct that risks frustration of future relief. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991); *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 106–07 (2d Cir. 2002). Courts within this Circuit have repeatedly emphasized that where there are credible concerns regarding alteration of records, movement of assets, or strategic restructuring during litigation, immediate judicial supervision of discovery and preservation obligations is appropriate. *See Treppel v. Biovail Corp.*, 233 F.R.D. 363, 372 (S.D.N.Y. 2006); *Capak v. All. Capital Mgmt. L.P.*, 2000 WL 1336487, at *13 (S.D.N.Y. Sept. 15, 2000).

The timing here is particularly troubling. Plaintiffs delayed engaging substantively with the Counterclaims while simultaneously appearing to undertake operational and branding transitions affecting the very entities and assets at issue in this litigation. Defendants respectfully submit that such conduct creates at minimum the appearance of strategic delay and procedural maneuvering designed to postpone scrutiny while the underlying business landscape materially changes.

### V. Plaintiffs' Selective Invocation of Rule 12(f)

Plaintiffs attempt to characterize Defendants' pleading as "inflammatory," while simultaneously ignoring the extraordinary breadth and tone of Plaintiffs' own pleadings throughout this litigation, which include decades-old personal narratives, allegations concerning unrelated matrimonial proceedings, inflammatory insinuations, speculative accusations, and repeated personal attacks directed at Defendant Omid Elyahou.

Plaintiffs cannot inject sensationalized allegations into the litigation record for strategic effect and then invoke Rule 12(f) as a shield when Defendants respond directly and substantively to those accusations. *See Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976) ("motions to strike are generally disfavored"); *Reiter's Beer Distribs., Inc. v. Christian Schmidt Brewing Co.*, 657 F. Supp. 136, 144 (E.D.N.Y. 1987).

## VI. Request for Immediate Status and Discovery Conference

Defendants respectfully submit that the Court should not permit Plaintiffs to: (a) delay meaningful participation in discovery; (b) postpone answering substantive allegations; (c) burden the litigation with expansive pre-motion practice targeting predominantly factual disputes; while simultaneously (d) continuing to alter operational structures, branding, corporate assets, and affiliated business relationships while discovery remains incomplete.

Defendants do not seek to preclude Plaintiffs from pursuing whatever motion practice they believe appropriate under Rule 12. Rather, Defendants respectfully submit that Plaintiffs' contemplated motion practice should not further delay discovery, preservation obligations, or judicial oversight concerning the ongoing operational and corporate issues presently affecting the entities at issue Accordingly, before entertaining further dispositive motion practice, Defendants respectfully request that the Court convene an immediate status and discovery conference addressing:

1. Plaintiffs' responsive pleading obligations and anticipated timeline for joinder of issue;
2. Outstanding discovery obligations and preservation requirements;
3. Preservation of books, records, electronically stored information, financial data, and operational communications;
4. Current and ongoing restructuring, rebranding, operational migration, or asset-transfer activity involving AutoExpo and affiliated entities;
5. Appropriate safeguards necessary to preserve the status quo during the pendency of this litigation;
6. A structured discovery schedule sufficient to prevent further prejudice arising from delay tactics and procedural maneuvering; and
7. Whether limited expedited discovery concerning asset preservation, operational restructuring, and affiliated-entity transfers is warranted.

## VII. Conclusion

Ultimately, this case should proceed on a full factual record rather than through piecemeal procedural gamesmanship. Defendants timely answered Plaintiffs' sprawling allegations through a detailed pleading exceeding 190 pages. Plaintiffs now seek to avoid straightforward joinder of issue and discovery by attempting to recast intensely factual disputes as threshold pleading defects.

Respectfully, the Federal Rules do not contemplate litigation by attrition. Defendants therefore respectfully oppose Plaintiffs' pre-motion conference request to the extent it seeks to delay discovery and merits adjudication, and respectfully request that the Court schedule an immediate conference to address the foregoing issues and preserve the integrity of these proceedings. Thank you for the Court's time, patience, and continued consideration of these matters.

Respectfully submitted,

/s/ *Matin Emouna*

Matin Emouna

Enclosure:
Exhibit A – Photos and DMV Records Concerning Rebranding Activity

T: 516-877-9111 - F: 516-877-9112 - 100 Garden City Plaza, Suite 520, Garden City, NY 11530