# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**

_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

June 5, 2026

**VIA ECF**
Hon. Orelia E. Merchant, U.S.D.J.
Hon. Steven L. Tiscione, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:    **AutoExpo Ent. Inc., et al. v. Omid Elyahou et al.**
>        **Case No.: 2:23-cv-09249 (OEM) (ST)**

Dear Judge Merchant and Judge Tiscione:

Plaintiffs/Counterclaim Defendants/Third-Party Defendants ("Plaintiffs") respectfully submit this brief response to Defendants' June 5, 2026 "emergency" pre-motion letter seeking leave to proceed by Order to Show Cause for injunctive relief (ECF No. 195).

Plaintiffs oppose Defendants' request for expedited Order to Show Cause practice. Defendants' submission does not identify any "emergency" or imminent irreparable harm warranting emergency injunctive relief. Instead, they make vague references to the operations of the dealership in the name of AutoExpo Ent. Inc. ("AutoExpo") without identifying any right warranting injunctive relief. Instead, Defendants make speculative claims drawn from public advertising information and the alleged appearance of vehicle inventory under more than one dealership name. That does not establish dissipation, diversion, concealment, or transfer of assets outside the ordinary course of business, much less an emergency justifying injunctive restrictions on ongoing dealership operations.

Nor is Defendants' alleged inability to "evaluate the underlying transactions" a basis for emergency injunctive relief. At most, Defendants' letter appears to raise potential discovery issues concerning dealership records and related business information, and perhaps claims of damages, which are not matters for injunctive relief. Those issues should be addressed, if necessary, through ordinary discovery practice before Judge Tiscione, not through expedited injunctive motion practice without any showing of irreparable harm or entitlement to the sweeping relief requested.

Plaintiffs do not object to proceeding with discovery in an orderly manner, and Plaintiffs have been working to provide written responses and begin a rolling production, as agreed by the

June 5, 2026
Page 2

parties. Plaintiffs are aware of their preservation obligations, which are applicable to all parties. Defendants' request goes far beyond preservation. Rather, it seeks to impose operation restrictions that could interfere with ordinary-course dealership activity based on unsupported assumptions about routine vehicle advertising, inventory movement, and business operations.

Finally, Defendants' request is especially premature because Plaintiffs have already been granted leave to move to dismiss discrete portions of Defendants' Amended Counterclaims and Third-Party Complaint, including the derivative and injunctive theories on which Defendants' proposed application appears to depend. Defendants should not be permitted to use an "emergency" label to obtain expedited discovery and operational restraints based on counterclaims that are themselves subject to threshold pleading challenges.

Accordingly, Plaintiffs respectfully request that Defendants' request for expedited Order to Show Cause practice be denied. To the extent the Court is inclined to entertain any application for injunctive or expedited discovery relief, Plaintiffs request a reasonable opportunity to submit a full response on an appropriate schedule.

Respectfully submitted,

*Colleen O'Neil*

Colleen O'Neil, Esq.

cc: Counsel of Record (via ECF)